BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, and Jane Doe 100*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ and JANE DOE 100,<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-APG-VCF<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Upon the request of the Plaintiffs in the above-captioned matter, and pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order to provide a mechanism for Plaintiff Jane Doe 100 to provide her identity to defendants.

1. Upon entry of this protective order, Plaintiff Jane Doe 100 ("Plaintiff"), through her counsel, will provide her identity to undersigned defense counsel of record.

2. The following persons may receive notice of Plaintiff's identity: (a) counsel for defendants; (b) persons regularly in the employ of counsel for defendants who have a need to know Plaintiff's identity in the performance of their duties related to this action; (c) potential witnesses for this action, provided that such persons agree to and sign the attached undertaking (Appendix A). Counsel for defendants shall maintain copies of all signed undertakings.

3. Any person who learns Plaintiff's identity pursuant to this Protective Order shall use that information only for purposes of this litigation and shall not disclose Plaintiff's identity to anyone except persons identified in Paragraph 2, absent court order.

4. This protective order does not alter the requirements of District of Nevada Local Rule 10-5, which requires that papers filed with the court under seal be accompanied by a motion for leave to file those documents under seal. If any party wishes to use any document containing Plaintiff's identity, or other personally identifying information that would lead to the discovery of Plaintiff's identity, in a court filing or proceeding in this action, they shall either (a) redact Plaintiff's name and other personally identifying information or (b) file a motion to seal pursuant to District of Nevada Local Rule 10-5.

5. Each party reserves the right to seek to modify the terms of this protective order and Plaintiff's pseudonym status at any time. Before doing so, however, the counsel for the party seeking to modify this protective order shall confer with counsel for all other parties to this action.

IT SO ORDERED.

Dated: _____, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada on [DATE] in *Humphries et. al. v. Button et. al.*, No. 2:21-cv-01412-APG-VCF.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____