Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
Email: ecf@randazza.com

Attorneys for Defendants
Mitchell Taylor Button and Dusty Button

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, and JANE DOE 100,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON<br><br>Defendants. | Case No. 2:21-cv-01412-APG-VCF<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO PROCEED ANONYMOUSLY**<br><br>**DUE: October 27, 2021** |

Defendants Mitchell and Dusty Button oppose "Jane Doe 100" proceeding anonymously in this case. Jane Doe 100 has already tried this matter in the press and used it to smear the Defendants' reputations beyond repair. Now that she has thrown her mud, she wants this Court to shield her from even using her name in this lawsuit. She should not be permitted to make a press release out of her complaint and then ask for permission to keep her name a secret.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0   INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

Defendants deny the allegations of Plaintiffs' Amended Complaint (Doc. No. 18). This Complaint was designed to be a defamation-privileged press release, not a legitimate legal document. Like its predecessor complaint, it contains unsupported allegations designed to draw in the press and enflame the passions of their readers – meanwhile, they do not even relate to the

Buttons. (*See* Amended Complaint, at ¶¶ 3-5.) It additionally contains numerous inflammatory allegations about the Buttons from anonymous, non-parties to this case, rendering it impossible for the Buttons to even respond to portions of the Amended Complaint since they cannot identify their accusers to the extent those accusers even exist. (*See id.* at ¶¶ 22-25, 107-109.)

After they filed the Amended Complaint on September 24, 2021, Plaintiffs ensured that the media received it before they even *attempted* to serve newly named Defendant Dusty Button.[1] By the time that Plaintiffs' counsel inquired as to whether Mitchell Button's counsel also represented Dusty Button on September 27, 2021, they ensured that every major news source had seen the Amended Complaint. By the time Ms. Button was actually served, on October 6, 2021, nearly every major news source in the country, and some in the U.K., had already written about the allegations against Defendants.

Plaintiffs' counsel's attempt to get this matter extensively covered by the media worked. Nearly every major media company published articles about this lawsuit, including but not limited to The Washington Post,[2] CNN,[3] NBC News,[4] the Boston Globe,[5] Business Insider,[6] The Sunday

---

[1] They did the same with the original complaint, working hand in hand with the New York Times to get the allegations published. The complaint was filed on July 28, 2021 at 3:54 PM. By 8:37 AM the following morning, the New York Times was leaving messages for the Buttons. That the New York Times was so immediately aware of a case filed in Las Vegas, and had already written an article about it, just looking for quotes before the work day began on the following day, strongly suggests that the complaint was, indeed, a press release disguised as a complaint and the New York Times had the complaint before the defendants or the court did.

[2] *See* Hawkins, Derek, "Former Boston Ballet star and her husband sexually abused young dancers, lawsuit alleges," *The Washington Post* (Oct. 1, 2021).

[3] See Alonso, Melissa, "A former Boston ballerina and her husband have been accused of sexually abusing young dancers, according to a federal lawsuit," CNN (Sept. 30, 2021).

[4] *See* Li, David K., "Lawsuit accuses former Boston Ballet star and her husband of sexually abusing dancers," *NBC News* (Sept. 30, 2021).

[5] *See* Bowker, Brittany, "Here's what we know about the sexual assault allegations filed against former Boston Ballet star Dusty Button and her husband," *The Boston Globe* (Sept. 30, 2021).

[6] *See* Zitser, Joshua, "Former Boston Ballet Star and her dance instructor husband worked together to rape and control young dancers, lawsuit alleges," *Insider* (Oct. 2, 2021).

Times,[7] The Daily Mail,[8] Boston.com,[9] Yahoo!,[10] and People.[11]

Even Plaintiff Jane Doe 100's fictitious name was designed to elicit as much attention from the media as possible. Plaintiff Jane Doe 100 is the only "Doe" Defendant in this case. Plaintiffs' counsel could have named her "Jane Doe 01" or simply "Jane Doe." However, they did not. They placed a "100" at the end of her fictitious name. While Defendants certainly cannot, on the current record, prove why Plaintiffs' counsel chose this name for a client that they wished to proceed anonymously, only one logical explanation exists. Plaintiffs wanted it to appear that there were at least one hundred Doe Defendants to further ruin Defendants' reputations and to make their claims appear stronger than they really are.

Defendants deny each and every allegation that they abused dancers under their tutelage, including "Jane Doe 100," whoever she actually is. No basis exists for her to proceed anonymously. Defendants Mitchell Button and Dusty Button respectfully request that the Court deny the instant Motion.

**2.0   LEGAL ARGUMENT**

Under FRCP 10, the "title of the Complaint must name all of the parties." Fed. R. Civ. P. 10(a). According to the U.S. Supreme Court, this is because "[a] trial is a public event. What transpires in the courtroom is public property . . . There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic self-government, to suppress, edit, or censor events which transpire in proceedings before it." *Cox Broadcasting Corp.*

---

[7] *See* Goddard, Jacqui, "Ballet star Dusty Button and husband sexually abused young dancers, lawsuit claims," *The Sunday Times* (Oct. 1, 2021).

[8] *See* Sharp, Rachel and Snejana Farberov, "Boston Ballet's former star dancer is hit by THREE new sex attack claims: Lawsuit says that ballerina pointed gun at underage girl while husband raped her in weapon-filled room," *The Daily Mail* (Sept. 28, 2021).

[9] *See* Taliesin, Julia, "Another dancer files sexual assault allegations against former Boston Ballet dancer and her husband," *Boston.com* (Sept. 28, 2021).

[10] *See* Casiano, Louis, "Former Boston ballerina and husband face new sexual assault allegations," *Yahoo!* (Sept. 30, 2021).

[11] *See* Sokmensuer, Harriet, "Former Boston Ballerina Dusty Button Accused of Sexually Assaulting Young Dance Students," *People* (Sept. 30, 2021).

*v. Cohn*, 420 U.S. 469, 492-93 (1975). There is no express or implied right to bring an action anonymously. *See Doe v. Goldman*, 169 F.R.D. 138, 139 (D. Nev. 1996).

Even though court proceedings strongly favor accurately naming each party to a case, "courts have carved out exceptions to Rule 10 if the parties have strong interests in proceeding anonymously." *See id.* When deciding whether to allow a plaintiff to proceed as a Doe plaintiff, Nevada courts employ "a balancing test to decide if the plaintiff has a substantial privacy interest outweighing the presumption of openness in the courtroom." *Id.* When employing the balancing test, Nevada courts have identified the following factors:

(1) "whether the plaintiff is challenging governmental activity";

(2) "whether the party defending the suit would be prejudiced";

(3) "whether the plaintiff is required to disclose information of the utmost intimacy";

(4) "whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution";

(5) "whether the plaintiff would risk suffering injury if identified";

(6) "whether the interests of children are at stake"; and

(7) "whether there are less drastic measures of protecting the legitimate interests of either party".

*Id.* None of these factors are dispositive. *See id.* at 140. Rather, each should be considered together. *See id.*

In the instant case, Plaintiffs are not suing the government. Plaintiff Doe will not be required to admit an intention to engage in illegal conduct. Pursuant to the allegations contained in the Amended Complaint, Plaintiff Doe is not a minor. (*See* Amended Complaint, ¶ 110.) These factors weigh heavily against Plaintiff's request to proceed anonymously.

With regard to the second factor, Defendants would be prejudiced if Plaintiff Doe is permitted to proceed anonymously. Courts have found that, when a plaintiff "'attacks the defendants' integrity and reputations … [she] cannot use [her] privacy interests as a shelter from which [s]he can safely hurl accusations without subjecting [her]self to public scrutiny, even if that

public scrutiny includes scorn and criticism." *Goldman*, 169 F.R.D. at 140 (*quoting Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)).

"Most cases allowing plaintiffs to proceed anonymously do not involve direct, personal attacks on the credibility and reputation of defendants." *Goldman*, 169 F.R.D. at 140 (*citing Indiana Black Expo*, 923 F. Supp. at 142). This is particularly the case when a plaintiff's allegations create the same humiliation risks for the defendant that the plaintiff is seeking to avoid. *See Goldman*, 169 F.R.D. at 140. Here, the humiliation risks are far greater for Defendants than for Plaintiff Doe. The Amended Complaint falsely accuses them of reprehensible behavior, while Plaintiff Doe is presented as their victim.

Finally, when a "plaintiff's credibility may well be at issue," the defendants "have an interest in responding to the plaintiff's accusations both in and out of court," and the "plaintiff's anonymity … unduly prejudices defendants." *See id.* Here, Plaintiff Doe's allegations against the Buttons are simply untrue. If Plaintiff Doe proceeds anonymously, it will make it far more difficult for them to clear their names, particularly when coupled with allegations in the Amended Complaint that concern anonymous third parties to this case.

The third (whether the plaintiff is required to disclose information of the utmost intimacy) and fifth (whether the plaintiff would risk suffering injury if identified) factors are subject to a similar analysis. With regard to those factors, Plaintiff Doe argues that she requires anonymity because disclosing her identity would lead to "emotional distress, humiliation, mental anguish, loss of dignity and self-esteem, and damage to her reputation and career." (Motion at 3.) Courts generally reject requests to proceed anonymously when the plaintiff is concerned with "economic well-being and possible embarrassment or humiliation." *Goldman*, 169 F.R.D. at 141. Here, each reason that Plaintiff Doe gives for her request equates to "economic well-being and possible embarrassment or humiliation." She is not entitled to proceed anonymously.

Moreover, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D. N.Y. 2020); *see also Doe v. Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401, 405 (S.D. N.Y. 2019); *Doe*

*v. Shakur*, 164 F.R.D. 359, 361-362 (S.D. N.Y. 1996). Specifically, when a plaintiff requests anonymity, she should provide "medical corroboration" because the court cannot "speculate" about the nature and severity of any mental injury from disclosure. *Weinstein*, 484 F. Supp. 3d at 94 (*citing Doe v. Solera Capital, LLC*, 2019 U.S. Dist. LEXIS 55860, at *4 (S.D. N.Y. Mar. 31, 2019)); *see also Skyline Automobiles*, 375 F. Supp. 3d at 406 (explaining that, because "speculative claims of … mental harms are insufficient," "courts have suggested that a plaintiff should submit medical documentation"). Without medical corroboration, a "general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support a motion to proceed anonymously." *Weinstein*, 484 F. Supp. 3d at 95 (*quoting Skyline Automobiles*, 375 F. Supp. 3d at 406). This is particularly true when someone files a "civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests," as opposed to a criminal case "where rape shield laws might provide some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws." *Shakur*, 164 F.R.D. at 361.

Finally, courts generally hold that there is "no less drastic means to protect plaintiff from any scorn [s]he might suffer than to keep her anonymous." *Id.* However, this factor is "mitigated by the fact that the individuals most likely to retaliate against plaintiff probably already know [her] identity." *Id.* Here, Plaintiff Doe acknowledges that she will have to reveal her identity to Buttons. Given the fabricated allegations against them, the Buttons certainly have the strongest reason to retaliate against Plaintiff Doe for subjecting them to this lawsuit. However, they have no intention of doing so, other than to mount a defense against her untrue allegations to restore their names and reputations.

Plaintiff Doe has already decided to try this matter in the press. She (or at least her lawyers or co-plaintiffs) made sure to spoon feed this complaint to the press in order to maximize the damage it would do to the Buttons. Even if this case is dismissed with prejudice after a full factual record is developed, even if this case is proven to be so false that the plaintiffs are sanctioned for it, everyone knows that this will be "old news." The "fresh news" was the press release in the form of a complaint – a clever device designed to evade defamation liability. Once that bomb was

dropped, the Buttons' lives as they knew them ended forever. And now Jane Doe "100" believes that she should be able to do this drive-by-shooting on the Buttons' reputations without putting her own in the pot as well?

The plaintiff may be creative defamers, but their creativity should not be rewarded further. If Jane Doe "100" is allowed to proceed anonymously, the Buttons would be severely disadvantaged, as they "would be required to defend [themselves] publicly while plaintiff could make her accusations behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361 (*citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). She has already made such accusations publicly – very much so. Perhaps had she filed this complaint under seal, and not sent it to the press, while litigating this anonymity issue, the case would be different. At least under such a procedure, her good faith would not be subject to as much question. But, she engaged in no such good faith. Her Motion should be denied.

### 3.0 CONCLUSION

For each and every reason discussed in this Opposition, Defendants Mitchell and Dusty Button respectfully request that the Court deny Plaintiff Jane Doe 100's Motion to Proceed Anonymously and for Protective Order.

Dated: October 22, 2021.   Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

Attorneys for Defendants
Mitchell Taylor Button and Dusty Button

Case No. 2:21-cv-01412-APG-VCF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Precious Carroll
Employee,
Randazza Legal Group, PLLC