BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,
Gina Menichino, RoseMarie DeAngelo,
Danielle Gutierrez, and Jane Doe 100*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ and JANE DOE 100,<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-APG-VCF<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..............................................................................................................................1

CONCLUSION ...........................................................................................................................5

CERTIFICATE OF SERVICE ...................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Al Otro Lado, Inc. v. Nielsen*,
　2017 WL 6541446 (S.D. Cal. Dec. 20, 2017) ........................................................................4

*Doe v. Goldman*,
　169 F.R.D. 138 (D. Nev. 1996) .............................................................................................2

*Doe v. Mt. Diablo Unified Sch. Dist.*,
　2018 WL 2317804 (N.D. Cal. May 22, 2018) ...................................................................1, 3

*Doe v. Penzato*,
　2011 WL 1833007 (N.D. Cal. May 13, 2011) ................................................................2, 3, 4

*Doe v. Shakur*,
　164 F.R.D. 359 (S.D.N.Y. 1996) ...........................................................................................4

*Doe v. Skyline Automobiles Inc.*,
　375 F. Supp. 3d 401 (S.D.N.Y. 2019) ...................................................................................4

*Doe v. Weinstein*,
　484 F. Supp. 3d 90 (S.D.N.Y. 2020) .....................................................................................4

*Does I thru XXIII v. Advanced Textile Corp.*,
　214 F.3d 1058 (9th Cir. 2000) ............................................................................................1, 3

*E.E.O.C. v. ABM Indus. Inc.*,
　249 F.R.D. 588 (E.D. Cal. 2008) ...........................................................................................1

*Heineke v. Santa Clara University*,
　2017 WL 6026248 (N.D. Cal. Dec. 5, 2017) .........................................................................2

Plaintiff Jane Doe 100 ("Plaintiff"), by and through her undersigned attorneys, respectfully submits this memorandum of law in further support of her motion for leave to proceed anonymously and for a protective order [ECF No. 29] and in response to Defendants' opposition to Plaintiff's motion for leave to proceed anonymously and for a protective order [ECF No. 31 ("Opp.").]

## PRELIMINARY STATEMENT

Defendants' attempt to characterize allegations of horrific sexual abuse as "throwing mud" is not only shameful but it is misplaced. The Court's review is centered on whether, in light of serious allegations of sexual violence that occurred when Plaintiff was a minor child, she should nevertheless be forced to reveal her identity to the public. More specifically, Plaintiff alleges Mitchell Taylor Button and Dusty Button (together, "the Buttons" or "Defendants") conspired to manipulate and rape Plaintiff by exploiting her age and vulnerability. [*See* ECF No. 18 ("Amended Complaint") ¶¶ 110–26.] Courts in this circuit routinely allow plaintiffs to proceed anonymously in similar circumstances. *See, e.g.*, *Doe v. Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018) (collecting cases). Plaintiff's allegations are deeply "sensitive and highly personal." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Defendants fail to identify any risk of harm to Defendants or to the public that would warrant exposing Plaintiff's identity and forever linking her to the trauma she endured. Accordingly, Plaintiff should be permitted to proceed anonymously.

## ARGUMENT

Anonymity is appropriate in this case. *First*, Plaintiff's claims center on the most degrading and painful moments of her life, and disclosure of her true identity would amplify the mental anguish for which she is seeking redress. *Id.* at *2. *Second*, Defendants' ability to "conduct meaningful discovery" and mount a defense will not be prejudiced because Plaintiff is willing to "stipulate to protective orders" and disclose her identity to Defendants. *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008). *Third*, anonymity serves the public

interest because forced disclosure of a plaintiff's identity could "deter[] other victims from coming forward." *Heineke v. Santa Clara University*, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017).

Defendants do not identify a single case where a victim of childhood sexual abuse was prohibited from proceeding anonymously. Instead, Defendants principally rely on *Doe v. Goldman*, which is entirely inapposite and does not implicate the sensitivities at issue here. 169 F.R.D. 138 (D. Nev. 1996). In that case, an adult police officer alleged a school district violated his First Amendment rights by "concoct[ing] a scheme" to force him "to undergo psychological evaluation," including by falsely accusing him of attempting suicide. *Goldman*, 169 F.R.D. 138 at 139. There, the plaintiff sought to remain anonymous because he thought the accusation he attempted suicide would "cause irreparable harm to his career." *Id.* The court found that "rumors of mental illness" do not implicate plaintiffs' "utmost privacy," and because the plaintiff was "concerned mainly with being 'stigmatized' in the employment context," his concerns about "economic well-being and possible embarrassment or humiliation" were insufficient to justify anonymity. *Id.* at 141.

By contrast, it is well established that where, as here, a case involves allegations of sexual assault, those allegations implicate serious "trauma and privacy" concerns, and a plaintiff's "fear [of] public exposure and the stigma of having been victim to such a crime" can warrant anonymity. *Doe v. Penzato*, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011). Unlike the plaintiff in *Goldman*, Plaintiff does not "mainly" fear harm in the "employment context." 169 F.R.D. 138 at 141. To the contrary, Plaintiff's principal concerns are the severe emotional distress, humiliation, mental anguish, loss of dignity and self-esteem, and reputational damage that would come as result of public exposure. Defendants boldly assert— without any support—that "the humiliation risks are far greater for Defendants than for Plaintiff Doe." Opp. at 5. But Defendants merely risk being held accountable for the sexual abuse they inflicted on the five plaintiffs to this litigation, as well as countless other victims. Much more seriously, Plaintiff risks being linked to the trauma Defendants inflicted upon her as a child in

perpetuity. "Such personal embarrassment and emotional injury outweighs any potential prejudice to Defendant." *Mt. Diablo*, 2018 WL 2317804, at *2.

Defendants suggest that the media coverage of this lawsuit dictates that Plaintiff's name be disclosed. *See* Opp. at 2–3. To the contrary, wide-spread public scrutiny of this matter heightens Plaintiff's need for anonymity. Publication of Plaintiff's name would compromise "her ability to recover from her trauma." *Penzato*, 2011 WL 1833007, at *3. Despite Defendants' unnecessary accusations and name-calling in their opposition brief, Plaintiff is not "try[ing] this matter in the press." Opp. at 6. The fact that separate plaintiffs to this litigation have chosen to respond to press inquiries in an effort to prevent further abuse has no bearing on the harm that Plaintiff would suffer due to disclosure of her identity, and does not warrant revealing her identity to the public.[1] The other plaintiffs in this matter have independently concluded that they will not suffer emotional harm by proceeding under their real names. Jane Doe 100, on the other hand, has come to a different conclusion. Disclosing Plaintiff's identity now would cause her severe emotional distress, exacerbating her trauma and inhibiting her ability to heal.

Likewise, Defendants' adverse publicity does not warrant disclosure of Plaintiff's identity because Defendants "do not explain how knowledge of plaintiff's identit[y] will enable them to counter that adverse publicity." *Advanced Textile Corp.*, 214 F.3d at 1072. Defendants contend, in a conclusory fashion, that "[i]f Plaintiff Doe proceeds anonymously, it will make it far more difficult for them to clear their names." Opp. at 5. But as Defendants themselves admit, Plaintiff's claims will not damage their reputations beyond that which has already been done. Opp. at 6–7 ("Once that bomb was dropped, the Buttons' lives as they knew them ended

---

[1] Despite extensive media coverage of this lawsuit, Plaintiff's true identity has not been publicly identified. *See, e.g.*, Julia Jacobs, *Former Dance Instructor Accused of Sexual Assault in Lawsuit*, The New York Times (July 29, 2021), https://www.nytimes.com/2021/07/29/arts/dance/mitchell-button-dusty-button-abuse.html; Good Morning America, *Women Accuse Former Ballerina and Husband of Victimizing Young Dancers* (Oct. 1, 2021), https://www.goodmorningamerica.com/news/video/women-accuse-ballerina-husband-victimizing-young-dancers-80346089.

forever."). Defendants' crimes have already been widely publicized, including their *modus operandi* of recruiting and sexually abusing young dancers through false promises of professional support and opportunity. *See* Opp. at 2 n.2–11. "Defendants face public exposure regardless of whether Plaintiff's identity is made public, and the allegations against them would remain the same." *Penzato*, 2011 WL 1833007, at *4. Further, Defendants will know Plaintiff's identity, and they will be able to fully litigate and investigate the facts underlying her claims and can directly respond to them in the media if they so choose—they simply would not be able to use her real name and will only be able to call her by the same pseudonym that the public will have.

Defendants also suggest that Plaintiff's need for privacy should be ignored absent "medical corroboration." Opp. at 6. To support this contention, Defendants cite a string of Second Circuit cases involving readily distinguishable facts. *See id.* at 5–6. For example, in *Doe v. Shakur*, the plaintiff conceded that the press had already "known her name for some time." 164 F.R.D. 359, 362 (S.D.N.Y. 1996). Additionally, *none* of Defendants' authorities involves allegations of a sexual assault occurring when the plaintiff was a minor. *See id.*; *Doe v. Weinstein*, 484 F. Supp. 3d 90, 92 (S.D.N.Y. 2020); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019). In this circuit, where anonymity is warranted to preserve privacy in a sensitive and highly personal matter, "allegations do not require substantiation of future harm." *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017). Accordingly, courts in this circuit routinely allow sexual assault victims to proceed anonymously without medical corroboration. *See, e.g.*, *id.* at *4; *Penzato*, 2011 WL 1833007.

Plaintiff has bravely come forward about her experience in order to seek redress for the harms she has suffered and to put a stop to Defendants' abusive conduct. If forced to disclose her identity, however, Plaintiff's harms will instead be intensified. Further, other victims could be deterred from speaking up, thus perpetuating Defendants' legacy of sexual exploitation and violence. Plaintiff's need for anonymity far outweighs any risk of harm to Defendants and would serve the public interest.

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to proceed anonymously and for a protective order.

Dated: October 29, 2021			Respectfully Submitted,

/s/ Lindsey Ruff
LINDSEY RUFF (*pro hac vice*)
SABINA MARIELLA (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, and Jane Doe 100*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Reply in Support of Motion for Leave to Proceed Anonymously and for a Protective Order was served on October 29, 2021 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Shilah Wisniewski
Shilah Wisniewski, an Employee of
Boies Schiller Flexner LLP