Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
Email: ecf@randazza.com

Attorneys for Defendants
Mitchell Taylor Button and Dusty Button

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, and JANE DOE 100, JULIET DOHERTY, and JANE DOE 200,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-APG-VCF<br><br>**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants Mitchell Taylor Button and Dusty Button hereby move to dismiss Plaintiffs' Second Amended Complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. This Motion is made pursuant to Rule 12 of the Federal Rules of Civil Procedure and is based upon the attached memorandum of points and authorities, the papers and pleadings on file herein, and any oral argument permitted by this Court.

## 1.0 INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Defendant Mitchell Taylor Button was a dance instructor. (*See* Declaration of Mitchell Taylor Button ("Mitch Decl."), at ¶ 4.) Mr. Button has been involved with dance instruction since 2007 and is very well-known as a premier instructor in the dance community. (*See id.*)



RANDAZZA | LEGAL GROUP

Defendant Dusty Button is a famous ballet dancer who trained at the Jacqueline Kennedy Onassis School at the American Ballet Theater in New York (*See* Declaration of Dusty Button ("Dusty Decl."), at ¶¶ 3-4.) In 2008, Ms. Button joined the Royal Ballet School in London. (*See id.*, ¶ 5.) Ms. Button is best known for her work with the Boston Ballet, which she joined in 2012. (*See id.*, ¶ 6.) The Boston Ballet promoted her to soloist in 2013 and to principal in 2014. (*See id.*, ¶ 7.) In 2015, Ms. Button married Defendant Mitchell Taylor Button. (*See id.*, ¶¶ 3-4.)

There are five named Plaintiffs and two anonymous Plaintiffs named in the Second Amended Complaint:

- Sage Humphries, who danced with Ms. Button at the Boston Ballet Productions;
- Gina Menichino, who was trained by Mr. Button at Centerstage Dance Academy in Tampa, Florida ("Centerstage");
- Rosie DeAngelo, who was trained by Mr. Button at Centerstage;
- Danielle Gutierrez, who was trained by Mr. Button at Centerstage;
- Jane Doe 200, who allegedly was trained by Mr. Button at Centerstage;
- Jane Doe 100, who allegedly danced for Urbanity Dance, which rented space from the Boston Ballet[1]; and
- Juliet Doherty, who danced with Ms. Button at the Panama Ballet Festival.

This case was originally filed on July 28, 2021, by Ms. Humphries and Ms. Menichino. However, the Second Amended Complaint (ECF No. 35), which is at issue here, was filed with the Court on December 13, 2021.

In the Second Amended Complaint, Plaintiffs accused Mitchell Taylor Button and Dusty Button of various instances of misconduct, which Mr. and Mrs. Button deny. For the Court's convenience, Defendants summarize the claims Plaintiffs have levied against them:

[1] Defendants state "allegedly" with respect to Jane Does 100 and 200 because they are not identified in the Second Amended Complaint. Since Defendants vehemently deny the allegations against them, they have no idea who these two Plaintiffs are.



RANDAZZA | LEGAL GROUP

- **Sage Humphries** asserted claims against Mitchell Button and Dusty Button for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), and involuntary servitude (18 U.S.C. §§ 1584, 1595).
- **Gina Menichino** asserted claims against Mitchell Button for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), involuntary servitude (18 U.S.C. §§ 1584, 1595), battery, assault, false imprisonment, intentional infliction of emotional distress, breach of fiduciary duty, and sexual exploitation of a minor (18 U.S.C. §§ 2255, 2252).
- **Jane Doe 100** asserted claims against Mitchell Button and Dusty Button for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), involuntary servitude (18 U.S.C. §§ 1584, 1595), battery, assault, false imprisonment, intentional infliction of emotional distress, breach of fiduciary duty, and sexual exploitation of a minor (18 U.S.C. §§ 2255, 2252).
- **Danielle Gutierrez, Rosemarie DeAngelo, and Jane Doe 200** asserted claims against Mitchell Button for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), involuntary servitude (18 U.S.C. §§ 1584, 1595), battery, assault, false imprisonment, intentional infliction of emotional distress, and breach of fiduciary duty.
- **Juliet Doherty** asserted claims against Dusty Button for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), involuntary servitude (18 U.S.C. §§ 1584, 1595), battery, assault, false imprisonment, intentional infliction of emotional distress, and breach of fiduciary duty.

As noted, Mr. and Ms. Button deny the allegations made by all Plaintiffs. However, most of the claims that they have asserted must be dismissed regardless of their truth or falsity. Most of the common law claims that they have asserted against Defendants are time-barred by the expiration of the applicable statutes of limitation. Because statutes are only tolled until the plaintiff reaches eighteen years of age, Plaintiffs attempt to avoid the statutes of limitation by failing to

RANDAZZA | LEGAL GROUP

plead when most of them reached the age of majority. In all instances where Plaintiffs' failure to plead their individual ages obscures when statutes of limitation began to run, they should be required to provide evidence of that Plaintiff's age or face dismissal of her claims.

Finally, in the event that any claims argued in this Motion survive this Motion to Dismiss, the following Paragraphs of the Second Amended Complaint must be stricken: 3, 4, 5, 24, 25, 26, 27, 140, and 141, as well as the identification of the two Doe Defendants as "Jane Doe 100" and "Jane Doe 200".[2] These Paragraphs do not contain allegations that are relevant to Plaintiffs' claims for relief. Rather, they were written to make the press and media interested in this case and to enflame the anger of anyone who reads the Second Amended Complaint. Paragraphs 3, 4, and 5 do not even involve Defendants, while the remaining Paragraphs that must be stricken recount unsupported stories purportedly from unnamed third parties to this case, rendering it impossible for the Buttons to confront their accusers and to adequately defend themselves from these anonymous allegations. Finally, Plaintiffs identified the Doe Defendants as "Jane Doe 100" and "Jane Doe 200" to make it appear as though there are hundreds of persons making accusations against them and should be required to rename them as "Jane Doe 1" and "Jane Doe 2."

**2.0 MOTION TO DISMISS STATE LAW CLAIMS UNDER RULE 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for "failure to state a claim upon which relief can be granted." For purposes of a motion brought pursuant to this Rule, "[a]ll factual allegations set forth in the Complaint 'are taken as true and construed in the light most favorable to plaintiffs.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (*quoting Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999)). Conclusory allegations of law are insufficient to defeat a motion to dismiss. *See id.*

A claim that is filed after the running of the statute of limitations may be dismissed under Rule 12(b)(6) and, by extension, Rule 12(c) if "the running of the statute is apparent from the face of the complaint." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980); *Brooks*

---

[2] Defendants maintain that Plaintiffs Jane Doe 100 and 200 should not be permitted to pursue this case anonymously. While that issue is not currently before the Court, it has not been waived.



RANDAZZA | LEGAL GROUP

*v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (noting that the practical effect of addressing a statute of limitations defense under Rule 12(c) is the same as addressing it under Rule 12(b)(6)).

In this case, Plaintiffs Menichino, Gutierrez, DeAngelo, and Jane Doe 200 have asserted claims against Mitchell Taylor Button for battery, assault, false imprisonment, intentional infliction of emotional distress, and breach of fiduciary duty. Plaintiff Doherty has asserted the same common law claims against Dusty Button, and Plaintiff Jane Doe 100 has asserted the same claims against Mitchell Taylor Button and Dusty Button.

NRS 11.190(4)(c) provides that claims for assault, battery, and false imprisonment have a 2-year statute of limitations. NRS 11.190(4)(e) provides that claims for intentional infliction of emotional distress also have a 2-year statute of limitations. Finally, claims for breach of fiduciary duty carry a 3-year statute of limitations. *See* 11.190(3)(d); *Shupe v. Ham*, 98 Nev. 61, 64, 639 P.2d 540, 542 (1982). Nevada tolls the statute of limitations until a minor has reached the age of majority. *See* NRS 11.250(1).

Regarding the Plaintiffs in this case that asserted common law claims:

- **Gina Menichino** turned 18 on July 29, 2014. (*See* SAC, ¶ 50.) Ms. Menichino alleges two occurrences that gave rise to her claims that occurred in 2010, when she was thirteen. (*See id.*, ¶¶ 36, 39.) The Second Amended Complaint's final allegation of inappropriate conduct by Mr. Button towards Ms. Menichino occurred on her fourteenth birthday. (*See id.*, ¶ 46.)
- The Second Amended Complaint does not allege when **Rosemarie DeAngelo** turned eighteen. However, the only concrete allegation Ms. DeAngelo makes against Mr. Button occurred in 2007. (*See* SAC, ¶ 60.) Moreover, the Second Amended Complaint acknowledges that Ms. DeAngelo is over eighteen and argues that all statutes of limitation on her claims must be tolled. (*See id.*, ¶¶ 68-69.) Therefore, based upon the allegations of the Second Amended Complaint, we may presume that the applicable statutes of limitation on Ms. DeAngelo's claims have expired.



RANDAZZA | LEGAL GROUP

- The Second Amended Complaint does not provide the eighteenth birthday of **Danielle Gutierrez**. However, it does acknowledge that she was seventeen in 2007. (*See* SAC, ¶ 75.) Thus, she turned eighteen in 2008. The only date provided in the Second Amended Complaint regarding Mr. Button's alleged wrongful conduct is 2007, and the Second Amended Complaint argues that the statutes of limitations should be tolled for Ms. Gutierrez. (*See id.*, ¶¶ 75, 97-98.) Therefore, the statutes of limitation have expired on all of Ms. Gutierrez's common law claims against Mr. Button.
- The Second Amended Complaint does not provide **Jane Doe 200**'s eighteenth birthday. However, it does allege that the alleged actions by Mr. Button occurred in 2006. (*See* SAC, at ¶ 108.) It also argues that the statutes of limitation should be tolled. (*See id.*, ¶¶ 129-130.) Therefore, based upon the Second Amended Complaint, all applicable statutes of limitation have expired.
- Plaintiffs do not provide **Jane Doe 100**'s eighteenth birthday. However, they allege that Defendants' conduct against her occurred in 2014, well over seven years ago. (*See* SAC, ¶ 142.) Plaintiffs do not allege that the statutes of limitation should be tolled as to Jane Doe 100.
- Plaintiffs do not allege that **Juliet Doherty** was a minor when the alleged acts were committed. Therefore, the Court should surmise that she was not. Plaintiffs do allege that the alleged conduct against her occurred in 2018 (SAC, ¶ 201) and that the statutes of limitation on her common law claims should be tolled. Therefore, it is reasonable to conclude that all of the statutes of limitations on her common law claims have expired.

Given that Plaintiffs have admitted that the statutes of limitation have expired with regard to the majority of their common law claims, they ask this Court to equitably toll the applicable statutes of limitation. Equitable tolling "operates apart from any statutory provision." *Smith v. Danis*, 953 F.3d 582, 592 (9th Cir. 2020). This Court's authority to toll an applicable statute of



RANDAZZA | LEGAL GROUP

limitations "comes not from any statute but instead from [the] exercise of '[t]he judicial Power … extending to all Cases, in Law and Equity, arising under th[e] Constitution, [and] the Laws of the United States.'" *Id.* (*quoting* U.S. Const. Art. III, § 2.). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule[.]" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

When a plaintiff asks a court to equitably toll the statute of limitations, she bears the burden of establishing two elements: (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *See Smith*, 953 F.3d at 588 (*quoting Holland v. Florida*, 560 U.S. 631, 634 (2010). With regard to the first factor, the litigant must show that she "has been reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim in federal court." *Smith*, 953 F.3d at 598-99. It "is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy [her] extraordinary circumstances, [s]he must also be diligent in actively pursuing [her] rights." *Id.* at 599. Further, the litigant "must demonstrate a causal relationship between the extraordinary circumstances and the lateness of [their] filing." *Leonard v. Gittere*, No. 2:99-cv-0360-MMD-DJA, 2020 U.S. Dist. LEXIS 84791, at *24 (D. Nev. May 14, 2020). In multiple jurisdictions, assertions of emotional trauma as the basis for equitable tolling have failed. In the Second Circuit, the court held that a litigant's "conclusory and vague claim, without a particular description of how [the litigant's] condition adversely affected [their] capacity to function generally or in relationship to the pursuit of [their] rights, is manifestly insufficient to justify any further inquiry into tolling." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

In this case, to the extent that some of the Plaintiffs were minors when the alleged conduct occurred, the applicable statutes of limitation were tolled until they reached the age of majority. When they reached eighteen, or the age of majority, the applicable statutes of limitation ceased to



RANDAZZA | LEGAL GROUP

toll and expired unless Plaintiffs can articulate a justifiable reason why the applicable statutes of limitation should have been tolled for longer. None of these Plaintiffs can do so, and their state law claims should be dismissed as follows.

**2.1 Gina Menichino**

Ms. Menichino alleges that inappropriate conduct by Mr. Button toward her occurred in 2010 and 2011. She allegedly turned 18 on July 29, 2014, which is over seven years ago. Ms. Menichino makes no allegations to suggest that she had been diligently pursuing her rights since she turned eighteen. Moreover, to the extent that she alleges that Mr. Button was the "extraordinary circumstance" that stood in her way and kept her from pursuing her claims, according to the Second Amended Complaint, Mr. Button did not do anything after 2011 to stand in her way.

Additionally, Ms. Menichino alleges that, after Mr. Button's alleged improper conduct apparently stopped, she went to therapy for it, evidencing that she knew she possessed claims against him. (*See* SAC, at ¶ 49.) Assuming the truth of her allegations (which Mr. Button vehemently denies), a reasonable person would have known that she possessed claims against him before the applicable statutes of limitation expired in 2016 and 2017. Her tardiness cannot be excused, and the Motion should be granted.

**2.2 Rosemary DeAngelo**

The Second Amended Complaint does not allege when Rosemary DeAngelo reached the age of majority. However, the only concrete allegation that Ms. DeAngelo makes against Mr. Button occurred in 2007. Moreover, the Second Amended Complaint asks that the applicable two and three year statutes of limitation be tolled. It also alleges that Ms. DeAngelo has had no contact with Mr. Button since before her senior year of high school, which had to have occurred in 2008 or 2009 at latest. (*See* SAC, at ¶ 70.)

Given that Mr. Button has not been in Ms. DeAngelo's life for a decade or more, she did not diligently pursue her claims, even though she apparently knew they existed when she allegedly entered therapy for them. (*See id.* at ¶ 71.) As such, the common law claims that she asserted, with two and three year statutes of limitation, should be dismissed.



RANDAZZA | LEGAL GROUP

### 2.3 Danielle Gutierrez

From the allegations of the Second Amended Complaint, Ms. Gutierrez allegedly turned eighteen in 2008. Moreover, she allegedly reported Mr. Button's alleged indiscretions in August of 2018. Therefore, even though no evidence exists that Ms. Gutierrez was diligent about pursuing her rights prior to 2018 or that anything stood in her way from pursuing her rights from 2008 to 2018, the two and three year statutes of limitation on her common law claims still expired even if they were tolled until August 2018.

The causes that have a two year statute of limitations (assault, battery, false imprisonment, intentional infliction of emotional distress) expired in August 2020, while the cause that has a three year statute of limitation (breach of fiduciary duty) expired in August 2021. Ms. Gutierrez did not enter this case until Plaintiffs filed their Amended Complaint (ECF No. 18) on September 23, 2021. Therefore, the statutes of limitation on all of her common law claims expired before she asserted them. Those claims should be dismissed.

### 2.4 Jane Doe 200

While the Second Amended Complaint does not allege when Jane Doe 200 turned eighteen, it does allege that Mr. Button's allegedly improper conduct occurred in 2006 and that the statute of limitations has expired. It additionally alleges that she did not report Mr. Button's alleged conduct until after the Amended Complaint was filed on September 23, 2021. (*See* SAC, at ¶ 128.)

Given that Mr. Button's allegedly improper conduct occurred in 2006, Jane Doe 200 almost certainly turned eighteen before or around 2010. To the extent that an extraordinary circumstance stood in her way and kept her from filing, that allegedly extraordinary circumstance disappeared when Mr. Button was out of her life. She does not argue that she diligently pursued her claims after Mr. Button was out of her life but does indicate that she spent time in therapy. (*See id.* at ¶ 131.) She cannot make that allegation, yet also argue that she did not realize what Mr. Button allegedly did was wrong (and which he vehemently denies). Unless Jane Doe 200 can show that her eighteenth birthday was less than two years before this lawsuit was filed, the common law claims that she asserted should be dismissed.



RANDAZZA | LEGAL GROUP

**2.5 Jane Doe 100**

Plaintiffs allege that the supposedly unlawful conduct against Jane Doe 100 occurred in 2014, which was somewhere between seven and eight years ago. Plaintiffs do not allege that the statutes of limitation should be tolled with regard to Jane Doe 100. Therefore, for each of the common law claims that she has asserted to remain valid, she must have turned eighteen less than two years before the Amended Complaint was filed on September 23, 2021. If Plaintiffs cannot disclose her birthday, her common law claims should be dismissed. If Plaintiffs disclose her birthday and it was more than three years ago, all common law claims should also be dismissed. If Plaintiffs disclose her birthday and it was more than two years ago but less than three years ago, all common law claims should be dismissed except for breach of fiduciary duty.

**2.6 Juliet Doherty**

Finally, Juliet Doherty was added as a Plaintiff in the Second Amended Complaint, which was filed on September 23, 2021. Plaintiffs do not allege that she was under eighteen years of age when the Buttons' alleged conduct occurred in 2018, so she had already reached the age of majority. However, Plaintiffs do allege that the statutes of limitation should be tolled on her claims because of the alleged conduct (which Defendants vehemently deny).

Given that Ms. Doherty does not allege any conduct past 2018, this Court should find that, by her own allegations, any deterrent keeping her from filing suit had disappeared by then. However, even after this alleged deterrent had departed her life, there are no allegations to demonstrate that she diligently pursued her claims thereafter. She did not actively pursue her rights and now asks this Court to excuse her tardiness and to let her pursue her untimely claims. It should not do so. The Motion should be granted with regard to Ms. Doherty's common law claims.

## 3.0 MOTION TO DISMISS FEDERAL CLAIMS PURSUANT TO RULE 12(b)(6)

Each Plaintiff has asserted federal claims for relief against Mitchell and/or Dusty Button. Every named Plaintiff has asserted claims against one or both of the Buttons for sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), and involuntary servitude (18 U.S.C. §§ 1584, 1595). Gina Menichino and Jane Doe 100 have additionally asserted federal



RANDAZZA | LEGAL GROUP

claims for sexual exploitation of a minor (18 U.S.C. §§ 2255, 2252). Many of these claims should be dismissed because the applicable statutes of limitation have passed or because Plaintiffs have failed to provide Defendants and this Court with enough information to determine whether the statute has expired.

Pursuant to 18 U.S.C. § 1595(c), the statute of limitations for sex trafficking, forced labor, and involuntary servitude is either 10 years after the cause of action arose or 10 years after the alleged victim turned eighteen years of age. 18 U.S.C. § 2255(b) provides that the statute of limitation for sexual exploitation of a minor is either not later than 10 years after the plaintiff reasonably discovers the basis of the violation or injury that forms the basis of her claim, or 10 years after she has reached the age of majority. The statutes of limitation are implicated in the following claims asserted by Plaintiffs:

- **Rosemarie DeAngelo**: While the Second Amended Complaint does not provide when Ms. DeAngelo turned 18, the only specific allegation she made against Mr. Button occurred in 2007, which was well over ten years ago. Plaintiffs should be required to disclose Ms. DeAngelo's age so that Defendants and this Court can determine whether her claims are time-barred by applicable statutes of limitation.
- **Danielle Gutierrez**: Ms. Gutierrez allegedly turned 18 in 2008, and all of the improper conduct she alleges occurred over ten years ago. As with the state law claims, Ms. Gutierrez was not diligent about pursuing these claims prior to the expiration of the statutes of limitation. The federal claims that she asserted should be dismissed.
- **Jane Doe 200**: The allegedly improper conduct that Jane Doe 200 asserts occurred in 2006, well over ten years ago. The Second Amended Complaint does not state when she turned eighteen, presumably to disguise that her eighteenth birthday was over ten years ago. Jane Doe 200 should be required to provide the date of her eighteenth birthday so that Defendants and this Court can conclude that the statutes of limitation have expired.

Plaintiffs have failed to disclose to this Court when virtually all of them turned eighteen years of age. Given when the conduct allegedly giving rise to Plaintiff's claims occurred, this



RANDAZZA | LEGAL GROUP

information is very important to both Defendants and this Court. While we know that the claims against Ms. Gutierrez have expired, we do not know whether the claims against Ms. DeAngelo and Jane Doe 200 are time-barred solely because Plaintiffs have declined to provide enough information to make that determination. They should be required to disclose the exact dates of their eighteenth birthdays, or their claims should be dismissed.

**4.0 MOTION TO STRIKE PURSUANT TO RULE 12(f)**

If this case survives this Motion to Dismiss, portions of the Second Amended Complaint must be stricken. Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that the "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." The Rules provide for motions to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). The grounds for a motion to strike "must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1169 (C.D. Cal. 2010).

Portions of a pleading are "immaterial" when they have "no essential or important relationship to the claim for relief or the defenses being pled." *Id.* (*quoting* 5A Charles A Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)). "Impertinent material" is language that does not "pertain, and [is] not necessary to the issues in question." *Id.* Finally, "scandalous material" must "reflect cruelly upon the defendant's moral character, use repulsive language, or detract from the dignity of the court" or be "relevant, degrading charges that have gone into unnecessary detail." *Flynn v. Love*, 2020 U.S. Dist. LEXIS 171848, at *5 (D. Nev. 2020) (*quoting Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D. N.J. 1984)); *see also Armed Forces Bank, NA v. FSG-4, LLC*, 2011 U.S. Dist. LEXIS 130636, at *9-10 (D. Nev. Nov. 10, 2011) (holding that scandalous material is any allegation that "unnecessarily reflects upon the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court").



RANDAZZA | LEGAL GROUP

Many of the allegations of Plaintiffs' Second Amended Complaint should be stricken. The Second Amended Complaint, like those that preceded it, was written for the media, not for this Court, and that is precisely how it reads. In fact, one needs to look no further than the caption for proof that this case was designed to elicit as much attention from the media as possible. There are only two "Doe" Defendants in this case, yet Plaintiffs named them "Jane Doe 100" and "Jane Doe 200" in the case caption instead of just naming them "Jane Doe 01" and "Jane Doe 02." While Defendants cannot prove why Plaintiffs chose these names for parties that wished to proceed anonymously, only one logical explanation exists. Plaintiffs wanted it to appear that there were at least 200 Doe Defendants to further ruin Defendants' reputations and to make their case and claims appear stronger than they really are. The Doe Defendants should be renamed "Jane Doe 01" and "Jane Doe 02" to correct Plaintiffs' attempt to further besmirch Defendants' reputations.

There are many additional issues with the allegations of the Second Amended Complaint. For instance, the third, fourth, and fifth paragraphs do not involve Plaintiffs or Defendants at all. Rather, those paragraphs discuss the theoretical "sexual abuse" of "young dancers." (SAC at ¶ 3.) They additionally quote other dancers discussing sexual abuse in the dance world. (*See id.* at ¶¶ 4-5.) Those dancers are not talking about Plaintiffs or Defendants, and those paragraphs are both immaterial and impertinent, in that they have no bearing on the claims for relief or Defendants' defenses. They should be stricken from the Second Amended Complaint.

Similarly, Paragraphs 24-27 of the Second Amended Complaint make scandalous assertions about Defendant Taylor Button and anonymous third parties that are solely meant to inflame the reader. Defendant Taylor Button will have no way to defend himself against these allegations, which he vigorously denies, as there is no way for him to confront or obtain discoverable information from his unnamed accuser, if one exists. Those Paragraphs should be stricken from the Second Amended Complaint as they do not relate to any of Plaintiffs' claims for relief.

Paragraphs 140 and 141 of the Second Amended Complaint make scandalous assertions about Defendants Taylor and Dusty Button regarding their alleged conduct with anonymous third



RANDAZZA | LEGAL GROUP

parties to this lawsuit. These paragraphs do not relate to Plaintiffs' claims for relief. They contain allegations concerning anonymous individuals that are not parties to this lawsuit and accuse Defendants in a manner that is intended to reflect cruelly upon their moral character.

Most egregiously, Paragraphs 140 and 141 are written in such a way that it is impossible for Defendants to defend themselves against their allegations. They do not relate to any claim for relief, and while Defendants vigorously deny the allegations of these Paragraphs, there is no way for them to confront or obtain discoverable information regarding their unnamed accuser, if one exists. These Paragraphs should also be stricken as they do not relate to Plaintiffs' claims for relief in any way.

## 5.0 CONCLUSION

For each and every reason expressed herein, Defendants Mitchell Taylor Button and Dusty Button respectfully request that the Second Amended Complaint be dismissed as requested by the argument of this Motion.

Dated: January 27, 2022.

Respectfully Submitted,

/s/ Ronald D. Green

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

Attorneys for Defendants
Mitchell Taylor Button and Dusty Button



RANDAZZA | LEGAL GROUP

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

*/s/ Ronald D. Green*
Employee,
Randazza Legal Group, PLLC



RANDAZZA | LEGAL GROUP