UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ and JANE DOE 100,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-APG-EJY<br><br>**ORDER** |

Before the Court are the Motions for Leave to Proceed Anonymously and For a Protective Order filed by the plaintiff identified as Jane Doe 100. ECF Nos. 27 and 29 respectively. The Court has reviewed the Motions, Defendants Response (ECF No. 31), and Plaintiff's Reply (ECF No. 32).

**I.   BACKGROUND**

Plaintiff Jane Doe 100 ("Plaintiff") is one of seven plaintiffs in the instant lawsuit filed against Mitchell Taylor Button and Dusty Button ("Defendants") alleging they engaged in a long-term scheme "to sexually abuse young dancers across the county." ECF No. 27 at 5. Only two of the seven plaintiffs proceed or seek to proceed using pseudonyms. ECF No. 35 at 1. Five plaintiffs use their real names. *Id.*

According to the Second Amended Complaint, Plaintiff met Defendants when she was a minor dancing with a company renting studio space from the Boston Ballet where Defendant Dusty Button ("Dusty") observed Plaintiff's classes. *Id.* at 17. Dusty, who was a ballerina with the Boston Ballet at the time, introduced Plaintiff to her husband, Defendant Mitchell Taylor Button, a dance teacher and "well-known member of the dancing community." *Id.* at 2. Defendants praised Plaintiff's dancing abilities allegedly "garnering Jane Doe 100's loyalty and trust." *Id.* at 17. Plaintiff avers that Defendants promised to support her dancing career "if she continued to spend time with them and followed their directions." *Id.*

Following their initial meeting, Plaintiff alleges that Defendants took her to their apartment, forced her to drink alcohol, and possibly drugged her. *Id.* at 18. Defendants allegedly brought Plaintiff down a hall "into a room that had a mattress on the floor and an arsenal of guns hanging on the wall" where they proceeded to sexually assault and rape her. *Id.* Plaintiff alleges that Dusty potentially filmed the rape with her phone and that, at one point, Dusty held a gun to Plaintiff's head. *Id.* Plaintiff claims that she experienced "panic attacks, suicidal thoughts, and an eating disorder" following the rape and that she "expended significant costs on therapy and suffers mental anguish, severe emotional distress, deprivation of income and benefits, damage to her reputation and career, and loss of enjoyment of life as a direct and proximate result of the Buttons' abuse." *Id.* at 19.

Plaintiff brings claims against Defendants for sex trafficking, forced labor, involuntary servitude, battery, assault, false imprisonment, intentional infliction of emotional distress, breach of fiduciary duty, and sexual exploitation of a minor. ECF No. 35 at 1. Plaintiff asks the Court to proceed anonymously and only "disclose her name to Defendants subject to a protective order preventing Defendants from publicly exposing her identity." ECF No. 27 at 5.

**II.   DISCUSSION**

    **A.**   <u>Legal Standard</u>.

Federal Rule of Civil Procedure 10(a) states that a "complaint must name all the parties." This Rule provides the basis for the general presumption that plaintiffs in a civil case must proceed under their legal names. *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit holds, however, that "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity," a plaintiff may be allowed to proceed using a pseudonym. *Id.* Scenarios in which pseudonyms may be appropriate include protecting a plaintiff from retaliation, threats to a plaintiff's safety, or preventing prosecution through the disclosure of involvement in an unlawful activity. *Id.* In addition, allowing a plaintiff to proceed anonymously may be appropriate where doing so "is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.*

District courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Id.* at 1068. The Ninth Circuit does not apply a uniform set of considerations when

evaluating a plaintiff's request to proceed anonymously, but generally "balance[s] the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants." *Doe v. JBF RAK LLC*, Case No. 2:14-cv-00979-RFB-GWF, 2014 WL 5286512, at *4 (D. Nev. Oct. 15, 2014).

There is also no uniform approach in this Circuit to anonymity requests in sexual abuse cases. For example, the Court in *Doe v. Penzato* noted that "fictitious names are allowed when necessary to protect the privacy of children, rape victims or other particularly vulnerable parties or witnesses." *Doe v. Penzato*, Case No. CV 10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). Multiple courts cite the "strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.*; *Doe v. Mt. Diablo Unified Sch. Dist.*, Case No. 18-cv-02589-JSC, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018); *Heineke v. Santa Clara University*, Case No. 17-cv-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017); *R.P. v. Seattle School Dist.*, Case No. C 13–2218–MJP, 2014 WL 639408, at *1 (W.D. Wash. Feb. 18, 2014). In *Doe v. JBF RAK LLC*, the court added that "[t]he stronger the showing that plaintiff makes regarding the psychological injury she will suffer if her identity is publicly disclosed, the more likely it is that the motion to proceed anonymously will be granted." 2014 WL 5286512, at *8. Overall, the court observed an "arguable trend of […] recent cases to grant motions to proceed anonymously in sexual assault or abuse cases." *Id.*

B.      The Parties' Arguments.

Plaintiff argues that publicly revealing her identity would cause her "severe emotional distress, humiliation, mental anguish, loss of dignity and self-esteem, and damage to her reputation and career." ECF No. 27 at 6. Plaintiff cites the sensitive and private nature of the events underlying her claims, events which she terms "the most degrading and painful moments of her life." *Id.* Plaintiff minimizes the prejudice a pseudonym would impose on Defendants, arguing that because Plaintiff will provide Defendants with her true identity, Defendants' discovery efforts will be unimpeded. *Id.* at 7. Plaintiff acknowledges that, generally, the public has an interest in the case, but that this interest does not turn on the specific identity of Plaintiff who is not a public figure and

3

whose identity is of no particular importance. *Id.* Plaintiff argues refusing her request to proceed anonymously threatens to deter sexual abuse victims from coming forward because they fear the "public scrutiny" and stigma associated with litigating a sexual assault claim. *Id.* at 7-8.

Defendants portray Plaintiffs' joint Complaint as a "defamation-privileged press release" containing meritless allegations "designed to draw in the press and enflame the passions of their readers." EC No. 31 at 1. Defendants point to the extensive media coverage the case has received, as well as Plaintiff's self-designation as "Jane Doe 100," which implies the existence of upwards of one hundred accusers in this case. *Id.* at 2-3. Defendant points out that Plaintiff chose to bring her claim and, thus, brought the allegations against Defendants into the spotlight. *Id.* at 5. According to Defendants, the risk of humiliation and stigma to Defendants is far greater than to Plaintiff; that is, the accuser should not be entitled to level serious and damaging allegations and then shield herself with a pseudonym. *Id.*

Defendants cite *Doe v. Goldman* for the proposition that Courts "generally reject requests to proceed anonymously when the plaintiff is concerned with "economic well-being and possible embarrassment or humiliation." 169 F.R.D. 138, 141 (D. Nev. 1996). Defendants further emphasize the preference for medical corroboration when requesting to proceed anonymously on the basis of psychological injury, especially when it comes to "civil suit[s] for damages, where plaintiff is seeking to vindicate primarily her own interests[.]" *Id.* at 6, *citing Doe v. Weinstein*, 484 F.Supp.3d 90, 94 (S.D. N.Y. 2020). However, the bulk of Defendants' argument relies on the claim that Plaintiffs' allegations are "simply untrue." *Id.* at 5. Thus, allowing this accuser to proceed anonymously facilitates Plaintiffs' smear campaign and makes it "far more difficult for [Defendants] to clear their names." *Id.*

C. Plaintiff's Interest in Privacy Outweighs the Prejudice to Defendants of Allowing Plaintiff to Proceed Anonymously.

The Court finds that the factual allegations against Defendants constitute "special circumstances" justifying departure from Rule 10(a). *Advanced Textile Corp.*, 214 F.3d at 1067; *JBF RAK LLC*, 2014 WL 5286512, at *4 ("fictitious names are allowed when necessary to protect the privacy of children, rape victims or other particularly vulnerable parties or witnesses"); *Penzato*,

4

2011 WL 1833007, at *5 ("[c]ourts recognize that plaintiffs may be permitted to proceed anonymously where there are allegations of sexual assault); *Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, Case No. 2:18-cv-087-10-ODW-MAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019). Plaintiff alleges that "[i]n the years following the rape, [she] has experienced panic attacks, suicidal thoughts, and an eating disorder." ECF No. 35 at 19. She further alleges expending significant sums on therapy and suffering "mental anguish, severe emotional distress, deprivation of income and benefits, damage to her reputation and career, and loss of enjoyment of life as a direct and proximate result of the Buttons' abuse." *Id*.

While Plaintiff does not provide objective medical corroboration of "substantial harm if she were to prosecute this case in her true name," *JBF RAK LLC*, 2014 WL 5286512, at *9, the inherent psychological, emotional, and reputational damage Plaintiff risks through litigating her case are sufficient to establish a privacy interest in proceeding anonymously. ECF No. 35 at 19. The allegations Plaintiff describes in the Second Amended Complaint portray events of the most intimate nature, occurring while Plaintiff was a minor, under the threat of physical violence, by two adults in her life she supposedly trusted and relied upon for professional success. *See* ECF No. 35. The sensitive nature of the allegations are such that objective medical corroboration, while preferred, is unnecessary to establish a risk of compounded harm to Plaintiff if she tells her story publicly. In addition, anonymity based on allegations of sexual assault "do not require substantiation of future harm to shield the identities of sexual assault survivors from the public because anonymity is also warranted if it "is necessary to preserve privacy in a matter of sensitive and [a] highly personal nature." *Al Otro Lado, Inc. v. Nielsen*, Case No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017).

Defendants rely on *Goldman*, 169 F.R.D. at 139, for the proposition that "Courts generally reject requests to proceed anonymously when the plaintiff is concerned with 'economic well-being and possible embarrassment or humiliation." The Court finds *Goldman* inapposite as the case does not involve allegations of sexual assault, which courts recognize as uniquely sensitive circumstances rendering anonymity appropriate. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *5. Defendants also rely upon *Weinstein*, 484 F.Supp.3d at 94, in which the court found that "in this district … allegations

5

of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." This finding is contrary to the Ninth Circuit's approach to anonymity in sexual assault cases, which again confers broad discretion on district courts to grant anonymity where allegations of sexual assault are at issue. *Pasadena Hospital Ass'n, Ltd.*, 2019 WL 1612828, at *1.

As stated above, other than *Goldman* and *Weinstein*, Defendants' primary argument against anonymity is based on attacking the truthfulness of Plaintiff's allegations. Anonymity assessments do not depend on truthfulness at this stage of proceedings, but instead focus on whether the *allegations* at issue are sufficiently sensitive as to create a risk of "humiliation, embarrassment or mental distress that [a plaintiff] will suffer by public disclosure of her identity." *JBF RAK LLC*, 2014 WL 5286512, at *4. Allowing Plaintiff to proceed using a Doe pseudonym does not presume that her allegations are true or that she will ultimately prevail on her claim. Nonetheless, Plaintiff's account is sufficiently detailed to be plausible. A review of the face of Plaintiff's portion of the Complaint does not reasonably lead the Court to infer her account of events is nothing more than a "drive-by-shooting on the Buttons' reputations" or the work of "creative defamers." ECF No. 31 at 6-7. Further, Plaintiff's allegations are supported by five other named plaintiffs who publicly accuse Defendants of similar offenses. Absent a sound basis upon which the Court may rely to doubt Plaintiff's credibility, the Court finds Plaintiff has a legitimate privacy interest in pursuing her claim "without fear of additional trauma and privacy violations." *Penzato*, 2011 WL 1833007, at *5.

While the Court recognizes Defendants' argument that allowing Plaintiff to proceed anonymously will "make it far more difficult for them to clear their names," they do not point to any concrete difficulty they anticipate if Plaintiff's identity remains anonymous. ECF No. 31 at 5. Subject to a protective order disclosing Plaintiff's identity to Defendants themselves, Defendants will be able to conduct all necessary discovery in connection with Plaintiff's claim.

Defendants assert that they risk superior public humiliation because of the allegations against them. ECF No. 31 at 5. However, Defendants "face public exposure regardless of whether Plaintiff's identity is made public, and the allegations against them would remain the same." *Penzato*, 2011 WL 1833007, at *4. Plaintiff's accusations against Defendants, as made in her

Complaint, are already in the public record, where she is joined by six other plaintiffs. Balanced against the risk of prejudice to Defendants, Plaintiff's interest prevails at this stage of proceedings.

        D.    <u>There is a Reasonable Likelihood that Requiring Plaintiff to Proceed Under her Own Name Will Deter Other Potential Accusers From Bringing Claims.</u>

Plaintiff's individual interest in maintaining privacy finds support in the collective interest, widely recognized by courts in this Circuit, which seeks to ensure sexual assault plaintiffs are not deterred from bringing claims. *Penzato*, 2011 WL 1833007, at *5 ("the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity."); *Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *2; *Heineke* 2017 WL 6026248, at *23; *JBF RAK LLC*, 2014 WL 5286512, at *4. Given that Plaintiffs are alleging Defendants engaged in a pattern of abusive conduct involving multiple victims, denying Plaintiff's anonymity request risks deterring other alleged sexual assault victims from bringing claims generally or, potentially, against Defendants. For this reason, the Court finds that the public interest in encouraging sexual assault plaintiffs to bring suits against their abusers outweighs the public interest in knowing the true identity of every plaintiff in the litigation.

**III.    ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motions for Leave to Proceed Anonymously and For a Protective Order (ECF Nos. 27 and 29) is GRANTED.

DATED THIS 11th day of March, 2022.

                                                      ELAYNA J. YOUCHAH
                                                      UNITED STATES MAGISTRATE JUDGE