BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,
Gina Menichino, RoseMarie DeAngelo,
Danielle Gutierrez, Jane Doe 100,
Juliet Doherty, and Jane Doe 200*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200,<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-ART-EJY<br><br>**UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER** |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................1

MEMORANDUM OF LAW ................................................................................................2

PRELIMINARY STATEMENT .........................................................................................2

ARGUMENT .......................................................................................................................2

    I.    Plaintiff's Need for Anonymity ...............................................................3

    II.    Lack of Prejudice to Defendants .............................................................4

    III.    Anonymity Would Serve the Public Interest .........................................4

CONCLUSION ....................................................................................................................5

CERTIFICATE OF SERVICE ............................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Al Otro Lado, Inc. v. Nielsen*,
   2017 WL 6541446 (S.D. Cal. Dec. 20, 2017) ..................................................................3, 4, 5

*Doe No. 2 v. Kolko*,
   242 F.R.D. 193 (E.D.N.Y. 2006) ..............................................................................................3

*Doe v. Mt. Diablo Unified Sch. Dist.*,
   2018 WL 2317804 (N.D. Cal. May 22, 2018) ..................................................................3, 4, 5

*Doe v. Penzato*,
   2011 WL 1833007 (N.D. Cal. May 13, 2011) .......................................................................3, 4

*Does I thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) ..................................................................................................3

*E.E.O.C. v. ABM Indus. Inc.*,
   249 F.R.D. 588 (E.D. Cal. 2008) ..............................................................................................4

*Jordan v. Gardner*,
   986 F.2d 1521 (9th Cir. 1990) ..................................................................................................3

**Rules**

Federal Rules of Civil Procedure Rule 10(a) ................................................................................2

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that upon the accompanying memorandum of law in support of Plaintiff's motion for leave to proceed anonymously and for a protective order, dated April 28, 2022, Plaintiff Jane Doe 200 will move this Court for an order granting Plaintiff's motion for leave to proceed anonymously and for a protective order in this action. Defendants indicated that they "currently have no intention to oppose" the relief requested in this motion.

Dated: May 27, 2022

BOIES SCHILLER FLEXNER LLP

/s/ Sigrid S. McCawley
SIGRID S. MCCAWLEY (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

LINDSEY RUFF (*pro hac vice*)
SABINA MARIELLA (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 100, Juliet Doherty, and Jane Doe 200*

# MEMORANDUM OF LAW

Plaintiff Jane Doe 200 ("Plaintiff"), by and through her undersigned attorneys, respectfully submits this memorandum of law in support of her motion for leave to proceed anonymously and for a protective order. Defendants indicated that they "currently have no intention to oppose" the relief requested in this motion.

# PRELIMINARY STATEMENT

This lawsuit arises out of Mitchell Taylor Button and Dusty Button's (together, "the Buttons" or "Defendants") years-long scheme to exploit their positions of power and influence in the dance world to sexually abuse young dancers across the country. [*See* ECF No. 35 ("Second Amended Complaint") ¶ 2.] Defendants' scheme included manipulating and molesting Plaintiff when Plaintiff was a minor dance student. *Id.* ¶¶ 101–131. Releasing Plaintiff's name to the public will expose the trauma she suffered as a child and will tie Plaintiff's name to some of her darkest moments in perpetuity. Using her real name in this litigation would therefore cause Plaintiff significant harm and distress and would inhibit her ability to heal.

As Magistrate Judge Youchah has already held, Plaintiff's need for privacy outweighs any risk of prejudice to Defendants. [*See* ECF No. 39 (order granting Jane Doe 100's motion for leave to proceed anonymously]. Plaintiff agrees to disclose her name to Defendants subject to a protective order preventing Defendants from publicly exposing her identity. *See* Declaration of Sigrid S. McCawley. Accordingly, Defendants' ability to investigate Plaintiff's claims and mount a defense will not be compromised. Further, allowing Plaintiff to proceed anonymously will further the public interest because forced disclosure of her identity could deter other victims of sexual assault from coming forward.

# ARGUMENT

Although Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties," the Ninth Circuit has recognized that use of a pseudonym can be appropriate under "special circumstances" to protect against "harassment,

injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). In conducting this analysis, courts balance a party's need for secrecy with (1) prejudice to the opposing party and (2) the public interest. *Id.* at 1067. Where, as here, a case involves allegations of sexual assault, "several courts" have concluded that "any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity," and "the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *Doe v. Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018).

### I.  Plaintiff's Need for Anonymity

The Ninth Circuit allows plaintiffs to use pseudonyms when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Plaintiff's allegations of sexual assault could not be more sensitive. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity"). Her claims require disclosure and examination of highly personal information, including childhood sexual abuse. *See* Second Amended Complaint ¶¶ 101–31; *Doe v. Penzato*, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously where claims involved "the emotional and psychological impact of being a victim of human trafficking and sexual battery"). Plaintiff's claims center on the most degrading and painful moments of her life, warranting anonymity in this case. *See Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy.").[1]

Public scrutiny would cause Plaintiff precisely the injuries for which she is seeking redress in this case: severe emotional distress, humiliation, mental anguish, loss of dignity and

---

[1] Unlike cases where anonymity is warranted to prevent retaliation, where, as here, anonymity is warranted to preserve privacy in a sensitive and highly personal matter, "allegations do not require substantiation of future harm." *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017).

self-esteem, and damage to her reputation and career. *See Penzato*, 2011 WL 1833007, at *5 ("Courts recognize that plaintiffs may be permitted to proceed anonymously where there are allegations of sexual assault, and they may fear public exposure and the stigma of having been victim to such a crime."). If Plaintiff is forced to reveal her true identity, the invasion of privacy and potential stigmatization she will face will only amplify the injury at the heart of this litigation. *Mt. Diablo*, 2018 WL 2317804, at *2 ("Such personal embarrassment and emotional injury outweighs any potential prejudice to Defendant."). As Magistrate Judge Youchah has already found, "the inherent psychological, emotional, and reputational damage Plaintiff risks through litigating her case are sufficient to establish a privacy interest in proceeding anonymously." [ECF No. 39 at 5].

**II.   Lack of Prejudice to Defendants**

Defendants will suffer no prejudice because Plaintiff agrees to disclose her name to Defendants subject to a protective order preventing Defendants from publicly exposing her identity. *Al Otro Lado*, 2017 WL 6541446, at *6 ("The Court finds no prejudice here because Defendants know the true identities of the Individual Plaintiffs"). As such, Defendants ability to conduct discovery and defend against Plaintiff's claims will be unaffected. *See, e.g.*, *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (granting motion to proceed anonymously where "[a]pplicants have offered to stipulate to protective orders or other mechanisms to provide Defendants an opportunity to conduct meaningful discovery"). As Magistrate Judge Youchah found previously, Defendants cannot "point to any concrete difficulty they anticipate if Plaintiff's identity remains anonymous." [ECF No. 39 at 6.].

**III.  Anonymity Would Serve the Public Interest**

Shielding Plaintiff's identity from the public will not offend the public interest because although the public has an interest in Defendants' life and crimes generally, Plaintiff is not a public figure, and her identity is of no particular public importance. The public's interest in this case is not in Plaintiff's identity, but rather, in the crimes Defendants committed against Plaintiff and countless other victims.

To the contrary, allowing Plaintiff to proceed anonymously "serves a strong public interest in protecting" the identity of sexual assault victims "so that other victims will not be deterred from reporting such crimes." *Mt. Diablo*, 2018 WL 2317804, at *2; *see Al Otro Lado*, 2017 WL 6541446, at *4 ("Anonymity for sexual assault survivors is particularly appropriate given that a rule to the contrary might deter public disclosure of such conduct."); *see also* ECF No. 39 at 7 ("the Court finds that the public interest in encouraging sexual assault plaintiffs to bring suits against their abusers outweighs the public interest in knowing the true identity of every plaintiff in the litigation."). Protecting Plaintiff's privacy will ensure that public scrutiny of her story will not have a chilling effect on other victims' willingness to share their experience.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to proceed anonymously. Defendants indicated that they "currently have no intention to oppose" the relief requested in this motion. Plaintiffs separately request that the Court so-order the attached proposed protective order. The protective order provides that Plaintiffs Jane Doe 100 and Jane Doe 200 will disclose their identities to Defendants and allows Defendants to disclose Plaintiffs' identities to the extent necessary to litigate this matter, but limits the individuals to whom Defendants may disclose Plaintiffs' identities.

Dated: May 27, 2022                                     Respectfully Submitted,

/s/ Sigrid S. McCawley
SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

LINDSEY RUFF (*pro hac vice*)
SABINA MARIELLA (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300

smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 100, Juliet Doherty, and Jane Doe 200*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion for Leave to Proceed Anonymously and for a Protective Order, Declaration of Sigrid S. McCawley in Support of Plaintiff's Motion to Proceed Anonymously and for a Protective Order, [Proposed] Order on Motion to Proceed Anonymously, and [Proposed] Protective Order was served on May 27, 2022 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

    /s/ Shilah Wisniewski
Shilah Wisniewski, an Employee of
Boies Schiller Flexner LLP