UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Sage Humphries' Motion to Seal Document. ECF No. 78. The document at issue is attached as Exhibit G to the Declaration of Sigrid McCawley filed in support of Plaintiff's Motion for Sanctions and found at ECF No. 79.[1] Exhibit G is a letter containing information that, according to Plaintiff, should not be in Defendants' possession. The information was subject to an order from a court in Massachusetts directing Defendants to surrender all personal information, including electronically stored information, regarding Plaintiff to Plaintiff's then-counsel or the Boston Police Department. *Id*. at 3.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id*., 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or

---

[1] The letter at issue was sent on July 29, 2022 by counsel for Defendants to counsel for Daryl Katz who is not a party to this action.

1

exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

Here, the Court finds the use of materials previously ordered by a court in Massachusetts to be surrendered by Defendants, while perhaps unknown to defense counsel at the time of his use, was clearly known to Defendants when provided to defense counsel. This set of facts is sufficient to support sealing Exhibit G. Whatever the motivation for maintaining possession of documents that apparently should not be in Defendants' possession—the use of those documents was improper.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal Document in Support of Motion for Sanctions (ECF No. 78) is GRANTED.

IT IS FURTHER ORDERED that Exhibit G to the Motion for Sanctions, found under seal at ECF No. 79, is and shall remain sealed.

DATED this 6th day of October, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2