UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200 | Case No. 2:21-cv-01412-ART-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| MITCHELL TAYLOR BUTTON and DUSTY BUTTON, | |
| Defendants. | |

Pending before the Court is Plaintiff Sage Humphries' Motion for Approval of Application for Attorneys' Fees (the "Fee Application").[1]   ECF No. 107.   The Court has considered the Fee Application and the Opposition thereto.   ECF No. 109.[2]

**I.     Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court will] defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)).

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Cruz v. Alhambra School Dist.,* 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).   When determining the reasonable hourly rate to be applied to an award of attorneys' fees, the Court must consider the "prevailing market rates

---

[1]     The instant litigation comprises several Plaintiffs.   For purposes of this Order, the term "Plaintiff" refers solely to Ms. Humphries.

[2]     Despite the Court's Order stating no reply may be filed in support of the request for attorney's fees (ECF No. 104), Plaintiff filed a Reply on January 5, 2023.   ECF No. 111.   The Court disregards that filing.   The Court also disregards Defendants' Second Response to Plaintiff's Motion for Attorney's Fees as a fugitive document.   ECF No. 112.

1

in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two-step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. *citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[3]

### A.     The Rates Charged.

Counsel for Plaintiff, Boies Schiller Flexner LLP ("Boies Schiller" or the "Firm"), refers the Court to prior awards of attorneys' fees by various courts across the nation to the Firm for its work on complex litigation matters such as the instant case. ECF No. 107 at 8. However, the cases cited by Counsel reference awards of attorneys' fees in jurisdictions that are much larger and have higher customary attorneys' fees—the Northern District of California and the Southern District of New York—than in the District of Nevada. A review of similar requests for attorneys' fees in this District reveals that the proposed billing rates of $1,130 per hour for Sigrid McCawley, $710 per hour for Lindsey Ruff, $670 per hour for Katherine Cassirer, and $330 for Isabelle Wilkinson (paralegal) are outside those typically charged by experienced counsel in this legal community.[4]

---

[3]     There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen,* 214 F.3d at 1045 n.2, *citing Hensley,* 461 U.S. at 430 n.3).
[4]     *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees…We agree.") (internal citations omitted).

1        In an April 2022 Order, this Court awarded fees in the amount of $500 per hour to two

2  litigators involved in a complex commercial dispute.[5]  The lawyers, both with the firm Steptoe &

3  Johnson and from large cities, had spent time on various motions that involved multiple parties and

4  complex areas of applicable law.[6]  The two litigators had thirteen and eighteen years of experience,

5  respectively.[7]  The Court also found a $125 per hour rate for a paralegal working alongside the

6  attorneys to be reasonable in accordance with her experience and work performed.[8]  Similarly, in an

7  Order issued in February 2022, the Court found a $500 per hour rate for an attorney with over thirty

8  years of experience to be reasonable in a case involving complex intellectual property

9  issues.[9]  Regarding attorneys with lesser experience, the Court previously granted an attorney with

10  nine years of experience a rate of $275 per hour.[10]

11        Ms. McCawley is a well-known national practitioner specializing in the representation of

12  survivors of sexual violence.  ECF No. 107-1.  Balancing her over twenty-five years of experience[11]

13  and the underlying nature of the Motion for Sanctions against the prevailing market rates in this

14  community leads the Court to reduce Ms. McCawley's hourly rate to $600 per hour (a downward

15  adjustment of $530).  Ms. Ruff, as an associate with three years of experience with Boies Schiller,

16  is allowed a reduced rate of $325 per hour (a downward adjustment of $385).  Ms. Cassirer, as an

17  associate with about a year-and-a-half's worth of experience with the Firm, is allowed a reduced rate

18  of $275 per hour (a downward adjustment of $395).  Finally, in keeping with the rates typically

19  permitted by this Court for paralegals, the Court allows Ms. Wilkinson a reduced rate of $125 per

20  hour (a downward adjustment of $205).

21        B.     The Time Billed by Receiver's Counsel.

22        Plaintiff's Motion for Sanctions against Defendant (ECF No. 77) is sixteen pages in length,

23  excluding exhibits, citing to law and facts relevant to the dispute between Plaintiff and Defendants.

---

[5]  *Newmark Group, Inc. v. Avison Young*, Case No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022).

[6]  *Id.* at *1.

[7]  *Id.*

[8]  *Id.*

[9]  *Leftenant v. Blackmon*, No. Case 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. Feb. 28, 2022).

[10]  *Leverty & Assoc. v. Exley*, Case No. 3:17-cv-00175-MMD-WGC, 2018 WL 6728415 (D. Nev. Nov. 5, 2018), report and recommendation adopted in 2019 WL 913096 (D. Nev. Feb. 22, 2019).

[11]  BOIES SCHILLER FLEXNER, https://www.bsfllp.com/lawyers/sigrid-s-mccawley.html (last visited Jan. 5, 2023).

1    The Fee Application demonstrates the following attorneys worked on the Motion for Sanctions: Ms.

2    McCawley (1.7 hours); Ms. Ruff (2.5 hours); Ms. Cassirer (11.8 hours); and Ms. Wilkinson (1.6

3    hours).   ECF No. 107-2 at 2.   The Court reviewed the time entries provided and finds them

4    appropriate under the Ninth Circuit's *Van Gerwen* analysis.   At the approved rates this equals: $1,020

5    for Ms. McCawley's time, $812.50 for Ms. Ruff's time, $3,245 for Ms. Cassirer's time, and $200

6    for Ms. Wilkinson's time.   Total fees and costs incurred and allowed are $5,277.50.

7    **II.      Order**

8           Accordingly, IT IS HEREBY ORDERED that Plaintiff Sage Humphries' Motion for

9    Approval of Application for Attorneys' Fees (ECF No. 107) is GRANTED in the reduced amount

10   of $5,277.50, as explained above.

11          IT IS FURTHER ORDERED that Defendants are to make payment to Plaintiff within 30

12   days of the date of this Order unless an objection is filed.

13

14          DATED this 6th day of January, 2023.

15

16   _____
     ELAYNA J. YOUCHAH
17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28