UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, JULIET DOHERTY, and JANE DOE 2,<br><br>Plaintiffs,<br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>ORDER |

At the hearing held on February 2, 2023 (ECF No. 130), the Court deferred ruling on Plaintiff Sage Humphries' Motion to Dismiss the counterclaim of defamation per se (ECF No. 69), though the Court granted the Motion with respect to the third-party claim of equitable contribution. The Court finds that dismissal of the defamation per se counterclaim is not warranted at this time and therefore denies the Motion with respect to that claim.

Regarding the anti-SLAPP statute, the Court holds as a matter of law that Sage's statements are not protected under NRS 41.637(3) as statements made in direct connection with an issue under consideration by a judicial body. To qualify for protection under this prong, a statement must be directed to persons having some interest in the litigation. *See Patin v. Ton Vinh Lee*, 134 Nev. 722, 726, 429 P.3d 1248, 1251 (2018). The parties do not dispute that Sage made the allegedly defamatory statements to the general public on Good Morning America. Because Sage's statements were directed beyond persons having some interest in the litigation to the general public, they are not protected under NRS 41.637(3).

The Court holds that factual issues preclude a finding that Sage's

statements are protected under NRS 41.637(4) as statements made in direct connection with an issue of public interest in a public forum. *See Taylor v. Colon*, 136 Nev. Adv. Op. 50, 482 P.3d 1212, 1215 (2020) (observing that Nevada's anti-SLAPP motion to dismiss functions like a summary judgment motion); *Shapiro v. Welt*, 133 Nev. 35, 39–40, 389 P.3d 262, 268 (2017) (setting forth factors for whether a statement is made in direct connection with an issue of public interest).

The Court further finds that dismissal based on the fair reporting privilege is not appropriate at this time given that there are factual issues as to whether the fair reporting privilege applies to Sage's public statements to the media about this litigation. *See* Restatement (Second) of Torts, § 611 cmt. c. (stating, "A person cannot confer [the fair reporting] privilege upon himself"); *Wynn v. Associated Press*, 136 Nev. 611, 613, 475 P.3d 44, 47 (Nev. 2020) (citing § 611 of the Second Restatement of Torts and applying summary judgment standard in deciding whether statements were privileged); *Shapiro v. Welt*, 133 Nev. at 41 (observing that the analysis of whether statements are privileged "is a case-specific, fact-intensive inquiry that must focus on and balance the underlying principles of the privilege").

Based on the above and in light of the record as a whole, the Court denies Sage Humphries' Motion to Dismiss the counterclaim of defamation per se.

DATED THIS 17th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE