UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Seal. ECF No. 181. The document at issue is attached as Exhibit A to Plaintiffs' Reply in Further Support of the Third Motion for Sanctions and is filed as ECF No. 180-2. Exhibit A is a series of text conversations between third parties. Plaintiffs request these communications be sealed to shield the identities and private information of these alleged victims of sexual abuse. ECF No. 181 at 3.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id.*, 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate

libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Additionally, the public interest in allowing alleged victims of sexual assault to remain anonymous outweighs the public policy favoring disclosure of information. *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011). There is also a compelling reason in keeping sensitive correspondence and the identities of individuals uninvolved in pending litigation out of the public eye. *Cline v. Reetz-Laiolo*, 329 F.Supp.3d 1000, 1018, n.7 (N.D. Cal. 2018).

The Court finds the documents contained in Exhibit A constitute private correspondence between nonparties to this litigation. In addition, the content of the communication involves certain allegations of misconduct that do not warrant disclosure to the public. This demonstrates compelling reasons sufficient to support sealing Exhibit A.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal in support of Plaintiffs' Reply in Further Support of the Third Motion for Sanctions (ECF No. 181) is GRANTED.

IT IS FURTHER ORDERED that Exhibit A to the Reply in Further Support of the Third Motion for Sanctions, found under seal at ECF No. 182, is and shall remain sealed.

DATED this 6th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE