UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Seal Exhibits A, E-H, and L to their Opposition to Defendants' Motion for Rule 11 Sanctions. ECF No. 195. at 3-4. Exhibits A and L are excerpts from the depositions of Jane Doe 1 and a third-party witness, respectively, containing discussions of their alleged sexual assaults. *Id.* at 3. Plaintiffs request these communications be sealed to shield the identities and private information of the alleged victims of sexual abuse. *Id.* Exhibits E, G, and H contain email communications the majority of which is among nonparties to this litigation. Exhibit F contains three posts to the social media website Twitter.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, any public interest favoring disclosure of information is outweighed by allowing victims of sexual assault to remain anonymous. *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal.

May 13, 2011).  There are also compelling reasons to keep sensitive correspondence and the identities of individuals uninvolved in pending litigation out of the public eye.  *Cline v. Reetz-Laiolo*, 329 F.Supp.3d 1000, 1018, n.7 (N.D. Cal. 2018).

The Court finds the deposition excerpts in Exhibits A and L contain accounts of sexual conduct made by alleged victims and, therefore, are properly sealed.  The Court finds Exhibit F, composed of three separate Twitter posts (one from 2013 and two from 2015) is not properly sealed because the posts are publicly available and do not contain any confidential information.  The Court's review of the email threads in Exhibits E, G, and H reveals that the contents of the emails do not contain any information that warrants sealing.  However, personal contact information and identity of third parties in those Exhibits must be redacted for public filing so that: (1) only the first name and last name initials of any nonparty names remain (*e.g.* John Smith becomes J.__ S.__); and (2) all personal telephone numbers, email addresses, and residential addresses are removed.[1]

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal in support of Plaintiffs' Opposition to Defendants' Motion for Rule 11 Sanctions (ECF No. 195) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits A, E-H, and L to the Opposition to Defendants' Motion for Rule 11 Sanctions, found under seal at ECF No. 196, are and shall remain sealed.

IT IS FURTHER ORDERED that, no later than **July 17, 2023**, Plaintiffs must file on the public docket an unredacted copy of Exhibit F and a redacted version of Exhibits E, G, and H as directed above.

DATED this 6th day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs' counsel states she reached out to counsel for Urbanity Dance to determine whether Urbanity Dance had concern regarding the emails at issue. ECF No. 195 at 3-4. However, there is nothing confidential about the content of the emails. The Court enters its order accordingly below. The Court finds Plaintiffs' request that Urbanity Dance be permitted the opportunity to weigh in on the sealing of these documents is unnecessary.