UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-ELY<br><br>ORDER |

Pending before the Court is *pro se* Defendants Mitchell Taylor Button and Dusty Button's Objection to Magistrate Judge Youchah's Order Approving Plaintiff Sage Humphries' Motion for Approval of Application for Attorneys' Fees (ECF No. 113). (ECF No. 124.) As explained further below, the Court affirms the sanction; however, in light of Defendants' *in forma pauperis* status, the Court will stay the fine until the conclusion of the litigation.

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

   **a. Humphries' Motion for Sanctions**

The Court reiterates the relevant facts for this motion. Humphries filed a Motion for Sanctions alleging Defendants violated abuse prevention orders granted to Humphries by a Boston municipal court. (ECF No. 77.) The Boston court orders required Defendants to "surrender any and all personal information to the Boston Police Department pertaining to [Humphries], including electronically stored information, and [to] not to publish such information." (ECF No. 77-3 at 2.)[1] The Boston Court explicitly warned Defendants of the

---

[1] The Boston Court explained that the Defendants could also turn the information over to Plaintiff's attorney. (ECF No. 77-2 at 65.)

1

consequences of violating the orders. (*Id.* at 65-66.)

Humphries alleged in the Motion for Sanctions that, in violation of the abuse prevention orders, Defendants "had unlawfully kept a copy of [Humphries'] entire iPhone on their computers" and then used that information against Humphries "in this case and in the media." (ECF No. 77 at 9.) Humphries specifically claimed that Defendants 1) attached text messages obtained through Humphries' iPhone backup to a Third-Party Complaint and Counterclaim; 2) sent Daryl Katz's attorney a letter with additional text messages between Katz and Humphries that Defendants admitted they obtained from the iPhone backup; 3) produced documents from the iPhone backup during discovery; and 4) improperly retained electronic information about Humphries that was published by the press. (*Id.* at 9-10.) Humphries asked this Court to "impose a sanction that requires Defendants to delete [Humphries'] iPhone backup (and any other personal data of [Humphries' that they illegally possess) and to not use such information in this litigation, including at trial." (*Id.* at 13.) Humphries also requested an award of attorneys' fees and costs related to the sanctions motion. (*Id.* at 14.)

### b. Defendants' Opposition to Motion for Sanctions

Defendants denied that they had violated the Boston court orders. They alleged that Humphries had voluntarily uploaded an iPhone backup to the Buttons' external hard drive. (ECF No. 85 at 5.) Defendants also argued that the Boston court never intended the Buttons to destroy any copies of the data because it never explicitly said to do so in the orders. (*Id.* at 6.) Defendants claimed that this Court should not interpret the Boston court orders, and instead allow the Boston Municipal Court to provide clarification. (*Id.* at 7-8.) Defendants then argued that they were simply fulfilling their responsibility to preserve evidence. (*Id.* at 8-12.) Furthermore, Defendants claimed that they never had misused the documents. (*Id.* at 13-15.)

///

### c. Humphries' Reply to Opposition to Motion for Sanctions

In her Reply, Humphries maintained that Defendants had violated the Boston court orders. Humphries emphasized that by requiring Defendants to surrender all of its documents about her, the Boston court clearly intended Defendants to no longer possess any copies of her iPhone. (ECF No. 89 at 5-6.) Humphries also argued that Defendants had violated the court orders by sharing text messages with Daryl Katz's attorney and including them in publicly available filings obtained by the media. (*Id.* at 6-7.) Humphries also denied Defendants' contention that they wanted to permanently destroy any evidence since Defendants could receive any relevant materials through the discovery process. (*Id.* at 8.) In response to Defendants' argument that this Court was not a proper forum, Humphries explained it only requested this Court to ensure the propriety of the instant litigation. (*Id.* at 11.)

### d. Sanctions Order

Judge Youchah granted the Motion for Sanctions in part and denied in part. Judge Youchah first explained that this Court has jurisdiction because "the Boston Court Orders have a direct and substantial correlation to the matters at issue in the Sanctions Moton as well as this litigation." (ECF No. 104 at 7.) The Court then held that Defendants' disclosed materials from Humphries' iPhone in willful violation of the Boston court orders because the plain language of the court orders never exempted voluntarily obtained information nor allowed Defendants to maintain any copies. (*Id.* at 7-8.) Judge Youchah also explained that Defendants' duty to preserve evidence in no way excused them from complying with the court orders. (*Id.* at 8-9.) Based on the forgoing analysis, Judge Youchah ordered Defendants to "turn over all materials in their possession, custody or control, including electronically stored information, that related in any way to the materials addressed by the Boston Court orders" within thirty days. (*Id.* at 10.) The Court further ordered Defendants to not retain any of this information, file

1  any such material publicly, or publish the documents without permission by
2  Court order. (*Id.* at 10.) The Court also awarded fees and costs associated with
3  bringing the motion. (*Id.* at 11.)

### a. Defendants' Response to Sanctions Order

Defendants, now proceeding pro se, challenged Judge Youchah's sanctions order. They accused Humphries of filing false incident reports and committing fraud on both this Court and the Boston court. (ECF No. 106 at 2-8.) They also argued that Humphries voluntarily uploaded her iPhone camera roll and did not have a backup of the entire phone. (*Id.* at 8-10.) In addition, they claimed to have always been willing to give Plaintiffs the recovered data. (*Id.* at 10-11.) They accused Plaintiffs of not providing discovery and receiving funding from Katz, who they claim also hired Anthony Pellicano to intimidate them. (*Id.* at 11-12.)

### b. Defendants' Response to Motion for Attorneys' Fees

Following Plaintiffs' Motion for Approval of Application for Attorneys' Fees (ECF No. 107), which outlined Plaintiffs' calculation of appropriate fees, Defendants filed an objection (ECF No. 109). Defendants attacked the granting of any attorneys' fees, not the calculation of fees. (*Id.*) They also argued Plaintiffs had delayed discovery and that they had sent Plaintiffs a hard drive with the camera roll data, despite the data being their property. (*Id.* at 2.) They accused Plaintiffs of misleading the Court and trying to remove the evidence they needed to prove their innocence. (*Id.* at 4.) They further alleged Plaintiff "have knowingly created a false narrative" that Defendants sexually abused seven students. (*Id.*) They also stated that their prior counsel submitted a response to Humphries' Motion for Sanctions, but "it was not the writing of the Defendants." (*Id.* at 6.) Defendants further alleged that Plaintiffs had illegally obtained a letter from Katz and his attorney subject to attorney-client privilege. (*Id.* at 5-6.)

///
///

### c. Plaintiff's Reply in Further Support of Attorneys' Fees

Plaintiffs filed a reply in further support of the attorneys' fees motion. They emphasized that "Defendants [did] not raise any new facts…nor [did] they challenge the actual amount of fees requested," and Defendants had "opposed the Motions Sanction through competent counsel." (ECF No. 111 at 5-6.) Plaintiffs also claimed that they rejected Defendants' offer to send a copy of the backup data because Defendants maintained that they could still retain and share the data. (*Id.*) They further argued that Defendants were attempting to re-litigate the merits of sanctions when Judge Youchah had already issued her order. (*Id.* at 6-8.) Plaintiffs challenged Defendants' claim that they only possessed a backup of Humphries' camera roll, which they stated contradicted Defendants' sworn declarations that they had a backup of Humphries' phone which included text messages. (*Id.* at 6-7.) Plaintiffs then asserted that Defendants' other claims were untrue and irrelevant to the Motion for Attorneys' Fees. (*Id.* at 8-9.) They denied that they had failed to fulfill any discovery obligations and argued the letter from Katz' attorney to Defendants' former attorney was not subject to attorney-client privilege and thus not illegally obtained. (*Id.* at 8-9.) They also alleged that Defendants "created a website dedicated to posting discovery from this case and disparaging [Humphries] and other Plaintiffs in this case." (*Id.* at 10.)

### d. Defendants' Second Response to Motion for Approval of Attorneys' Fees

Defendants filed an additional response in which they reiterated their claim that Plaintiffs were not complying with their discovery requests and committing fraud. (ECF No. 112 at 2.) They also alleged that Plaintiffs hired Pellicano to use physical threats to get them to drop their claims and reasserted that Pellicano had given Plaintiffs a confidential document. (*Id.* at 4-5.) They argued that Plaintiffs had stripped them of their legally obtained evidence while unlawfully

5

procuring their own evidence. (*Id.* at 5.)

### e. Order Granting Attorneys' Fees in Reduced Amount, Defendants' Objection, and Motion to Proceed *in Forma Pauperis*

Judge Youchah granted Plaintiff's Motion for Attorneys' Fees but reduced the amount. (ECF No. 113). Defendants objected to Judge Youchah's order. (ECF No. 124.) In their objection, they repeated their claim that they had never violated any court order. (*Id.* at 5.) They also argued that "ANY OTHER DATA that has been inserted in any article or docket [besides screenshots of text messages between Humphries and Katz] belongs to Defendants and HAS NEVER belonged to Plaintiff." (*Id.* at 6.) (emphasis in original) They asserted Plaintiffs repeatedly manipulated this Court and that Defendants' prior counsel "published a statement on Defendants' behalf against their wishes while simultaneously removing Mr. Katz (third party) against their wishes[.]" (*Id.* at 7-8.) Defendants also argued that they "rightfully and legal own the rights" to Humphries' backup uploaded to their hard drive. (*Id.* at 12.) Later, Defendants filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 223), which Judge Youchah granted. (ECF No. 225.)

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure, parties may file objections to any nondispositive pretrial orders issued by a magistrate judge within fourteen days after being served a copy. Fed. R. Civ. P. 72. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "A party who 'fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.'" (*Johnson v. Evans*, 473 Fed. Appx. 786, 786-87 (9th Cir. 2012) (quoting *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996)).

///

### III. DISCUSSION

#### a. Sanctions Order

This Court finds that Judge Youchah did not clearly err when ordering sanctions against Defendants. The Court agrees with Judge Youchah that the plain language of the Boston court order is clear. The Boston Court ordered Defendants to "surrender any and all personal information to the Boston Police Department pertaining to [Humphries], including electronically stored information, and [to] not to publish such information." (ECF No. 77-3 at 2.) As Judge Youchah noted, "[t]he text of the Orders demonstrates retention of Humphries' iPhone or its contents would violate these Orders." (ECF No. 104 at 8.) The Court further agrees that "[t]here is nothing in the plain text of the Orders (or that may be implied from the text) that refers to an exception for information voluntarily provided by Humphries at any time[.]" (*Id.*) By retaining a copy of the iPhone backup and publicly releasing information about Humphries (regardless if the documents come from the iPhone backup or Defendants' own phones or computers) to the media and/or the public docket, Defendants clearly violated the Boston court's order.

Defendants opposed the imposition of sanctions through counsel earlier in the proceedings and repeat those arguments in opposing the amount of attorneys' fees. While Defendants claim their prior counsel filed statements contesting the imposition of sanctions against their wishes, (ECF No. 124 at 8), the Court finds prior counsel made many of the same arguments Defendants now make, including denying Defendants violated the Boston court orders, asserting Humphries voluntarily uploaded the iPhone backup to Defendants' external hard drive, arguing Defendants were trying to preserve evidence, and claiming Defendants had never misused any documents. (ECF No. 85 at 5-15). Magistrate Judge Youchah considered those arguments before imposing sanctions and this Court will not reconsider them.

7

### b. Staying Sanctions

While this Court agrees with the imposition of sanctions, the Court will stay the sanctions in light of Defendant's *in forma pauperis* status. The Ninth Circuit has held that courts abuse their discretion "in selecting a sanction which imposed a requirement that the court was informed could not be performed." *Thomas v. Gerber Productions*, 703 F.2d 353, 357 (9th Cir. 1983). *See, e.g., Boyd v. Etchebehere*, No. 1:13-01966, 2017 WL 1278047. *1, *8 (E.D. Cal. Jan. 13, 2017) (staying monetary sanction against pro se party because "the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed") (citing *Thomas*, 703 F.2d at 357).

In light of Defendants' *in forma pauperis* status, (ECF No. 225), this Court will uphold the imposition of sanctions but stay enforcement of the sanctions.

### IV. CONCLUSION

It is ordered that Defendants' Objection to Magistrate Judge Youchah's Order Approving Plaintiff Sage Humphries' Motion for Approval of Application for Attorneys' Fees (ECF No. 124) is granted in part and denied in part.

It is further ordered that the sanctions associated with the Order for Sanctions (ECF No. 104) and the Order for Attorneys' Fees (ECF No. 113) are stayed until the completion of the litigation.

DATED THIS 18th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE