UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, AND JANE DOE 2<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No.: 2:21-cv-01412-ART-EJY<br><br>ORDER REFERRING CASE TO SETTLEMENT CONFERENCE AND APPOINTING COUNSEL |

On October 13, 2023, this Court held a status conference to discuss parties' interest in referring this case to a settlement conference. (ECF No. 282.) Both parties consented to the referral. (*Id.*) The Court grants the referral and will also appoint counsel for Defendants for the limited purpose of the settlement conference in recognition of the extraordinary circumstances meriting this action.

While a party has no right to counsel in civil actions, see *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), the Court may request an attorney for a party proceeding *in forma pauperis* in exceptional circumstances. *See* 28 U.S.C. § 1915 (e) (1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to determine whether exceptional circumstances exist, a court must consider: (1) "the likelihood of success on the merits"; and (2) "the ability of the petitioner to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive and the Court must examine them together. *Id.* (citing *Wilbur v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Defendants demonstrate exceptional circumstances justifying appointing counsel. Defendants are proceeding *pro se* and *in forma pauperis* in a complex

case involving multiple parties and multiple claims and counterclaims. In addition, parties are more likely to favorably resolve the issues in a settlement conference with the assistance of counsel familiar with the settlement process.

For these reasons, the Court finds that extraordinary circumstances exist which merit the appointment of counsel for Defendants. As such, the Court will appoint pro bono counsel to represent Defendants for the settlement conference unless Defendants declare their desire that the Court not appoint counsel.

It is therefore ordered that this case is referred to Magistrate Judge Koppe for settlement.

It is further ordered that the Clerk of Court refer this case to the Pro Bono Program for appointment of counsel for the limited purpose of the settlement conference unless Defendants notify the Court that they do not desire appointment of counsel.

It is further ordered that the Clerk of Court forward this order to the Pro Bono Liaison.

DATED THIS 20th day of October 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE