UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

**I.     Background**

Pending before the Court is Defendants' Motion for Sanctions Against Plaintiffs and Plaintiffs' Counsel. ECF Nos. 240 (sealed), 243 (redacted). In sum, Defendants' Motion is one through which they seek to defeat Plaintiffs' case in its entirety arguing the allegations made are untrue as shown by therapy records and deposition testimony. While some citations are offered by Defendants, citations are rare and non-specific. *See id*. *generally*. The legal support for Defendants' request is found at page 19 of their Motion where Defendants cite Fed. R. Civ. P. 30(c)(2) and "Case 1:15-cv-03436-JBW-CLP" in which a court is alleged to have held that when an attorney's behavior impedes the process of a case and unnecessarily extends a deposition, sanctions are merited. *Id.* at 19. Defendants also ask the Court to reverse sanctions previously entered.

Plaintiffs respond to Defendants' Motion pointing out the extraordinary burden Defendants must meet in order to obtain case terminating sanctions. ECF No. 256 at 7. Plaintiffs argue Defendants' denial of the conduct alleged by Plaintiffs does not create a basis for case terminating sanctions. Plaintiffs cite to the Court's prior Order in which it explained sanctions are not the proper vehicle for challenging the merits of the opposing parties' case. ECF No. 222 at 29-30 (Transcript of August 1, 2023 Hearing on numerous motions including, but not limited to, Defendants' Motion for Rule 11 Sanctions (ECF No. 185)). Plaintiffs point out that while a completely fabricated story

set forth in a complaint may be sanctioned, their allegations are not without any foundation whatsoever. ECF No. 256 at 9-11.

Responding to Defendants' allegations that Plaintiffs' counsel behaved inappropriately during Plaintiffs' depositions, counsel points to statements by Defendants thanking Plaintiffs' counsel and to statements made by the neutral observer, Judge Peggy A. Leen (Ret.), regarding counsel's conduct. *Id*. at 13. With respect to the failure to produce documents, Plaintiffs refute these claims explaining they do not control third party production, records were provided within the discovery period, and that Defendants fail to provide any basis for sanctions given Plaintiffs' production of documents were provided "as soon as practicable after they were received and before the discovery period ended." *Id*. at 15. Plaintiffs' counsel asks for an award of fees ands costs associated with their response to Defendants' Motion.

**II.     Discussion**

    A.    There is No Support for an Award of Case Termination Sanctions.

Defendants do not state under what rule, statute, or case law they seek sanctions; however, whether under Rule 37, the Court's inherent authority, or 28 U.S.C. § 1927, Defendants have not established a basis to grant case ending sanctions.

The Ninth Circuit uses a five-factor test to determine if case terminating sanctions are appropriate under Rule 37(b). *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted). These five factors include: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). The fifth factor has three subparts including: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F. 3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779,

788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Moreover, before the Court will order dismissal as a sanction, the party's violations of a court's orders must be willful or in bad faith. *Id*. (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

Under the Court's inherent power to sanction, dismissal is an available sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 968 (9th Cir. 2006), *citing Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The district court is required to consider the following factors before imposing the "harsh sanction" of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotations omitted). "Only willfulness, bad faith, and fault justify terminating sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotations omitted).

28 U.S.C. § 1927 states: "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of sanctions under 28 U.S.C. § 1927 requires a finding of recklessness. *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107-08 (9th Cir. 2002).

While Defendants argue for sanction, their Motion is primarily a repeat of vehement denials of accusations levied by Plaintiffs.  ECF No. 240.  The Court understands Defendants strongly believe, as Defendants have stated this many times, that the accusations made are false.  However, Defendants denials, no matter how strong, do not support the conclusion that Plaintiffs or their counsel are intentionally misrepresenting facts, have behaved recklessly, or engaged in bad faith. The Court previously explained to Defendants that "vehement, heartfelt, intense disagreement with

1  Plaintiffs' position is not a basis for sanction." ECF No. 222 at 29-30.  The Court notes that
2  Plaintiffs' claims are only sanctionable if they "completely lack a factual foundation." *Power*
3  *Analytics Corp. v. Operation Tech, Inc.*, Case No. SA CV16-01955 JAK (FFMx), 2017 WL
4  2903257, at *3 (C.D. Cal. June 7, 2017). Even weak claims are sufficient to avoid sanctions. *United*
5  *Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001).

6        There is no evidence before the Court demonstrating Plaintiffs or their counsel have been
7  deliberately deceptive in an effort to undermine the integrity of the judicial proceedings in this case.
8  Nor is there anything supporting the conclusion that the Court has been willfully deceived. Counsel
9  for Plaintiffs have represented Plaintiffs appropriately in every proceeding before the undersigned,
10 whether in writing and appearing for argument. The Court's review of deposition transcripts do not
11 lead to a contrary conclusion. Counsel's conduct is not inconsistent with the orderly administration
12 of justice.  Rather, counsel have demonstrated appropriate and consistent advocacy during the
13 prosecution of the case they brought on behalf of their clients. Plaintiffs have not filed unnecessary
14 motions or misrepresented facts to the Court. Plaintiffs have disclosed documents, perhaps not as
15 quickly as Defendants wish, but not in a manner that would support any sanctions, let alone case
16 terminating sanctions. Plaintiffs have not personally appeared, but a review of deposition testimony
17 does not evidence intentional misrepresentations; albeit, the Court understands Defendants believe
18 the allegations made by Plaintiffs are patently untrue.

19       The resolution of this case may come from dispositive motion practice, trial, or some other
20 form of resolution, each of which will serve the public's interest. Case terminating sanctions will
21 prohibit resolution of this litigation on its merits. There are no sanctions against Plaintiffs or their
22 counsel warranted at this time.

23       B.    <u>Defendants' Request that the Sanctions Award be Reversed is Denied</u>.

24       On December 1, 2022, the Court entered an Order granting sanctions based on the conclusion
25 that Defendants disclosed documents from Sage Humphries' iPhone and that disclosure was a willful
26 violation of the Boston Municipal Court Orders. ECF No. 104. The Court granted Plaintiffs' request
27 for an award of fees and costs associated with bringing the Motion for Sanctions. *Id*. at 11.
28 Defendants objected to the Order. ECF No. 124. On September 18, 2023, District Judge Anne

Traum entered an Order stating: "Defendants' Objection to Magistrate Judge Youchah's Order Approving Plaintiff Sage Humphries' Motion for Approval of Application for Attorneys' Fees (ECF No. 124) is granted in part and denied in part. It is further ordered that the sanctions associated with the Order for Sanctions (ECF No. 104) and the Order for Attorneys' Fees (ECF No. 113) are stayed until the completion of the litigation." ECF No. 254.

Defendants state they previously "filed multiple opposition stating the facts and the truth" that Plaintiff Sage Humphries voluntarily uploaded her "camera roll" to Defendants' computer. ECF No. 240 at 20 (emphasis removed). Defendants clearly disagree with the Court's decision at ECF No. 104, but this is not a basis for the Court to reconsider its original decision. Well settled law establishes that motions for reconsideration are "not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); *see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("reconsideration [is not] to be used to ask the Court to rethink what it has already thought"). The Court finds Defendants offer no reason to reconsider its prior ruling other than the presentation of the issues and arguments previously made.

C. Plaintiffs' Request for Attorneys' Fees is Denied.

As explained by Judge Traum, Ninth Circuit case law holds that courts abuse their discretion "in selecting a sanction which imposed a requirement that the court was informed could not be performed." *Thomas v. Gerber Productions*, 703 F.2d 353, 357 (9th Cir. 1983). *See also*, e.g., *Boyd v. Etchebehere*, Case No. 1:13-01966-LJO-SAB (PC), 2017 WL 1278047, at *1, *8 (E.D. Cal. Jan. 13, 2017) (staying monetary sanction against pro se party because "the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed") (citing *Thomas*, 703 F.2d at 357). The undersigned is not without an understanding of Plaintiffs' frustration, but the Court will not impose a sanction that cannot be performed. Defendants are proceeding *pro se* and *in forma pauperis* in this matter. Monetary sanctions are not likely to be fulfilled. Plaintiffs request no other sanction. The Court denies Plaintiffs' request for an award of fees and costs.

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Sanctions Against Plaintiffs and Plaintiffs['] Counsel (ECF No. 240 sealed; ECF No. 243 (redacted)) is DENIED.

DATED this 13th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE