1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    * * *

4    SAGE HUMPHRIES, GINA MENICHINO,          Case No. 2:21-cv-01412-ART-EJY
     ROSEMARIE DeANGELO, DANIELLE
5    GUTIERREZ, JANE DOE 100, JULIET
     DOHERTY, and JANE DOE 200
6                                              **ORDER**
7              Plaintiffs,

8         v.

9    MITCHELL TAYLOR BUTTON and
     DUSTY BUTTON,
10
               Defendants.
11

12        Pending before the Court is Defendants' Motion for Case Terminating Sanctions (ECF No.

13   308 sealed, 310 unsealed).[1]   The Court considered the Motion together with the Opposition (ECF

14   No. 318), and Reply (ECF No. 323).   The parties and the Court are fully familiar with the facts and

15   history of this case.   Thus, neither are repeated here.

16   **I.    Discussion**

17        A.    Law Application to a Case Terminating Sanctions Determination.

18        There are three primary sources from which the Court can draw authority to grant sanctions.

19   These include Rule 37 of the Federal Rules of Civil Procedure, the Court's inherent authority, and

20   28 U.S.C. § 1927.   The Ninth Circuit uses a five factor test to determine if case terminating sanctions

21   are available under Rule 37(b).   *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*,

22   482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).   These five factors include: "(1) the

23   public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets;

24   (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of

25   cases on their merits; and (5) the availability of less drastic sanctions."   *Id.* (citing *Jorgensen v.*

26   *Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

27   130 (9th Cir. 1987)).   The fifth factor has three subparts including: "whether the court has considered

28   _____

     [1]      Only ECF No. 308 is cited in this Order.

                                              1

lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate under Rule 37 "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Moreover, before the Court will order dismissal as a sanction, the party's violations of a court's orders must be willful or in bad faith. *Id*. (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

Under the Court's inherent power to sanction, dismissal is available when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 968 (9th Cir. 2006), *citing Anheuser-Busch, Inc. v. Natural Beverage Distribs*., 69 F.3d 337, 348 (9th Cir. 1995). "Only willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotations omitted).

28 U.S.C. § 1927 allows case terminating sanction if an attorney "multiplies the proceedings … unreasonably and vexatiously." In such a circumstance, the attorney "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of sanctions under 28 U.S.C. § 1927 requires a finding of recklessness. *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107-08 (9th Cir. 2002). Defendants do not identify the source upon which they rely to request case terminating sanction; however, because none of the standards identified above are met, the Court finds this failure without consequence to the Court's ability to rule.

B.    Defendants' Contentions.

As was true in Defendants' prior motions for sanction (*see* ECF Nos. 185, 240), their instant Motion repeats vehement denials of accusations levied by Plaintiffs. On this occasion, Defendants couch their arguments in the contention that Plaintiffs committed a fraud on the court. ECF No. 308.

2

Defendants point to transcripts of prior proceedings (*id*. at 8-9) and then list nine instances in which they contend the Court will find unconscionable misrepresentations so severe that case ending sanctions are warranted. *Id*. at 11-30. Defendants say that if the Court fails to grant such sanctions the Court will "be assisting in committing such fraud by allowing it to take place due to impartiality of the Court." *Id*. at 10. Each of the examples provided by Defendants are efforts to disprove or refute allegations, evidence, or testimony made or provided by Plaintiffs.

With respect to Defendants' first basis for seeking sanctions is Jane Doe 1's alleged misrepresentation during deposition regarding her contact with the media. However, this Plaintiff's credibility is an issue to raise before a jury at trial (or in response to a motion for summary judgment, if any, is filed by Plaintiffs). It is the jury's province to decide credibility of all witnesses, including a plaintiff's credibility. *Jelin v. San Ramon Valley Unified School District*, Case No. 16-cv-05986-EDL, 2018 WL 11234633 (N.D. Cal. Nov. 5, 2018) (internal citation omitted) (the jury makes "the ultimate determination of a witness or party's credibility").

"[A] party bears a high burden in seeking to prove fraud on the court, which must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015) (citation and internal quotation marks omitted). Jane Doe 1's misstatement regarding her contact with the press, which appears to involve one interview with Boston Magazine, provides a basis for Defendants to challenge Jane Doe's version of events. In fact, this potential flaw in Jane Doe 1's rendition of events may be well worth exploring at trial. However, there is no evidence that this interview or Jane Doe's deposition testimony was part of a plan or scheme to improperly influence any decision made by this Court as Defendants contend. ECF No. 308 at 12. The Court finds Defendants' contention that Jane Doe's deposition testimony regarding contact with the press does not support a finding of deceit, bad faith, recklessness or any other basis for imposing case terminating sanctions on Plaintiffs.

Defendants' second contention avers counsel referred Jane Doe 1 to a therapist so she could disclose information supporting her allegations against Defendants thereby ensuring her portion of the Complaint could not be challenged as fabricated. *Id*. at 12-13. Well settled law demonstrates that Jane Doe 1 did not need therapy notes in order to withstand a challenge based on fabrication.

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009) (further citations and internal quote marks omitted). In fact, all Rule 8 calls for is "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id. citing id.* at 570 (internal quote marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. citing id.* at 556. Thus, so long as a plaintiff facially states a cause of action that is plausible on its face, that plaintiff may, at least initially, proceed with her case.

Here, Jane Doe 1 did not commit a fraud on the court when she pleaded her claims but did not disclose the referral to therapy or prior mental health records. Nor did Jane Doe 1 commit fraud on the court by speaking to a therapist to whom she was referred by counsel. Instead, whether Jane Doe 1 can prove her claims is a matter left for the trier of fact to decide. Defendants may argue the facts they raise as evidence that Jane Doe 1's rendition of events is not worthy of credence in response to a summary judgment motion, in support of their own motion for summary judgment, or at trial. But Defendants' arguments regarding Jane Doe 1's therapy history does not establish by clear and convincing evidence that the supposed failure to disclose this history at the time the Complaint was filed is or was part of a scheme intended to interfere with the judicial system.[2]

Defendants' third argument addresses Jane Doe 1's deposition testimony regarding her interview by the Department of Justice (the "DOJ") in comparison to her testimony regarding whether she filed a police report alleging Defendants' wrongdoing. There is no dispute that Jane Doe 1 was interviewed by the DOJ but testified that she never filed a police report regarding Defendants. The Court finds this testimony is neither inconsistent nor evidence of fraud. Speaking with the DOJ regarding an ongoing investigation does not equate to filing a police report against

---

[2] The Court refers the parties to its prior Order in which other arguments raised by Defendants were addressed. ECF No. 305.

Defendants.  If the DOJ initiated an investigation into Defendants' alleged conduct, and if Jane Doe 1 spoke to the DOJ about her experiences, which Jane Doe 1 apparently does not deny, this does not equate to a substantive misrepresentation regarding completing a police report relating to allegations in this case.  In fact, Defendants point to no evidence of a police report filed by Jane Doe 1. Defendants' arguments regarding what they perceive as a factual inconsistency in Jane Doe 1's testimony is not conduct for which Plaintiffs or their counsel will be sanctioned.[3]

Defendants' fourth contention pertains to Plaintiff Sage Humphries and Orange County police report Defendants say they did not receive.  However, the Orange County police report was produced in September 2022 as demonstrated by ECF No. 318-4 (including the Bates number assigned to the document).  Ms. Humphries' statements represented in the report are evidence Defendants may use to challenge Ms. Humphries' rendition of events if she testifies in a manner that is inconsistent with the report.  This, again, is an issue of fact and credibility and not a basis for sanctions.  On August 1, 2023, the Court explained to Defendants:

> Disagreement, even vehement, heartfelt, intense disagreement with the other side's presentation of facts is not a basis for Rule 11 sanctions.  This happens all the time in litigation.  Big corporations sue each other spending millions and millions and millions of dollars because they vehemently disagree about facts.  And ultimately, it is either the judge or the jury who decides whose set of facts are right.  But before that, the disagreement, no matter how intense, no matter how vehement, is not sufficient to warrant Rule 11 sanctions.  A party, a lawyer, is entitled to believe their client, if they do, even if you think there's no basis for them to do so.  It's just the way the law works ... .  It appears to me that there are substantial questions of fact regarding Jane Doe's allegations.  You have raised those.  I understand it.  But that doesn't mean you win or that Jane Doe wins.  It means it goes to a jury to decide ... .  And, again, I refer you, because so much of what you argued in your motion would be more appropriately argued in the motion for summary judgment under Rule 56.  So try to focus your energy, if you will, on bringing that kind of motion, if you choose to, at the close of discovery that explains to the Court succinctly, even though it's long, you want to make each fact succinct in your evidence that supports your rendition easy for the Court to follow.

ECF No. 222 at 29-30.

Defendants' fifth argument returns to the issue of Ms. Humphries' iPhone, which Defendants maintain was voluntarily downloaded to one of their computers and consisted only of Ms.

---

[3]   The Court notes that Defendants' arguments regarding deposition testimony largely rehash contentions raised in previous filing regarding Jane Doe's deposition and counsel's objections to questions posed.  This issue was reviewed by the Court.  *See*, for example, ECF No. 240.  The deposition was taken in the presence of a third party observer (U.S. Magistrate Judge Peggy Leen, Ret.) who intervened as appropriate, but at no time suggested any party engaged in sanctionable conduct.  *See* ECF No. 305.

Humphries' "camera roll." The Court thoroughly considered whether the content of Ms. Humphries' iPhone was improperly kept and used by Defendants in its December 1, 2022 Order (ECF No. 104). Defendants present nothing new to the Court in their instant Motion. The Court finds no basis to revisit the facts or its conclusions. The Court further finds Defendants' contention that Plaintiffs' advocacy regarding the misuse of the content of Ms. Humphries' iPhone, a contention with which Defendants continue to disagree, is not a basis for sanctions.

Defendants' sixth contention alleges Plaintiffs engaged in witness tampering, a serious accusation not supported by fact. *See* ECF No. 308 at 28 and 28 n.33. This bald allegation demonstrates no basis for an award of sanctions.

Defendants' seventh contention pertains to Plaintiffs Gutierrez, DeAngelo, and Jane Doe 2 regarding the statute of limitations argument. Defendants argument is not grounded in fact, but is supposition and a misunderstanding of the law. However, even assuming there is a legal argument to make regarding whether the statute of limitations bars certain claims made by Plaintiffs, this argument is properly presented in motion practice, not as a basis for sanctions. Asserting a time-barred claim is not so "rare and exceptional" as to warrant the award of sanctions. *Jun-En Enterprise v. Lin*, Case No. CV 12-2734 PSG (SSx), 2013 WL 12126114, at *3 (C.D. Cal. Dec. 23, 2013), *rev'd in part on other grounds*, 654 Fed.Appx. 347 (Mem) (9th Cir. 2016) (internal citation omitted). At this stage of the litigation, Defendants may raise these arguments in a motion on the pleadings, a motion for summary judgment, or, potentially a motion in limine.

Defendants' eighth contention is based on subpoenas issued by Plaintiffs after a Court Order limiting the number of subpoenas that could be issued by the parties. The Court notes that Defendants make this same argument in a pending Motion to Quash upon which the Court has not yet ruled. The Court finds that in its August 1, 2023 Order (ECF No. 222), the Court made clear that Plaintiffs could conduct additional discovery seeking evidence of Defendants' relationship to or ownership of YouTube videos that were ordered removed from the Internet. *Id*. Further and finally, the Court will enter a separate order addressing Defendants' Motion to Quash either quashing the subpoenas or allowing them to proceed. That said, sanctions will not issue based upon Plaintiffs' efforts to obtain evidence the Court allowed them to obtain. *Id*.

The last issue raised by Defendants (their ninth) pertains to a statement made by counsel for Plaintiffs (Ms. Ruff) regarding setting a date for a settlement conference.  Defendants apparently find conspiracy in counsel's statement that finding an available date for all six individual Plaintiffs might be difficult because of their demanding work schedules.  The fact that Plaintiffs are currently working is not evidence of fraud on the court.  The events at issue in this case go back years.  Plaintiffs' current status as employed does not preclude the possibility that, at one time, subject to proof, they were supposedly unable to work due to Defendants' conduct.  No sanctions are warranted based on Defendants' ninth contention.

## II.     Conclusion

The above demonstrates Defendants have not satisfied the five factor test for awarding sanctions under Federal Rule of Civil Procedure 37(b), the Court's inherent powers, or 28 U.S.C. § 1927.  While awarding case ending sanctions would bring this matter to a close, doing so would prevent determination of the issues on its merits.  Case ending sanctions also create the reasonable likelihood of reversal on appeal as there is no basis for granting drastic (or any) sanctions against Plaintiffs.  Thus, the award of sanction would not be expeditious, but merely an unnecessary delay of final case resolution.

As discussed above, the Court finds Plaintiffs were not previously sanctioned nor has an award of sanctions been threatened against Plaintiffs at any time during this litigation.  The Court further finds there is no evidence that Plaintiffs were reckless, undermined the integrity of judicial proceedings, or were willfully deceitful.  The award of sanctions would prejudice both parties under these circumstances.  In sum, in the absence of a factually supported basis to award sanctions against Plaintiffs, doing so would be legal error by the Court serving no one's interest.

## III.    Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Case Ending Sanctions (ECF No. 308 sealed, 310 unsealed) is DENIED.

DATED this 22nd day of March, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE