UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Quash Third-Party Subpoenas (ECF No. 272) and Emergency Motion to Supplement the Motion to Quash (ECF No. 279). The Court considered Defendants' Motions, Plaintiffs' Consolidated Response (ECF No. 286), and Defendants' Consolidated Reply (ECF No. 290). The parties are fully familiar with the factual and legal background of this case. Only those facts pertinent to this Order are included below.

## I.      The Court's August 1, 2023 Order

On August 1, 2023, the Court held a hearing, lasting close to two hours, addressing numerous motions filed by Plaintiffs and Defendants including Motions for Sanctions, a Motion for Protective Order, a Motion to Remove Pseudonym for Jane Doe 1, a Motion to Amend Plaintiffs' Amended Complaint, a Motion for Alternative Service, and a Motion to Quash a Non-Party Subpoena. The Order entered during and at the conclusion of the hearing allowed certain discovery to proceed including subpoenas Defendants wished to serve (pared down from approximately 100 to three or four)[1] and subpoenas Plaintiffs wished to serve on Google and YouTube in an effort to further demonstrate Defendants' control (if not ownership) of harassing and intimidating videos posted on @fletcherreede (a YouTube channel) and "justiceforthebuttons.com," a website (collectively, the "Internet Sites"). After extensive discussion regarding what was posted and evidence of Defendants'

---

[1] ECF No. 222 at 80-81 (Transcript of August 1, 2023 proceedings).

involvement in, if not ownership of, the postings and Internet Sites, the Court ruled the subpoenas to Google and YouTube could proceed.[2]  The Court made clear, however, that a subsequent order could be issued if needed to allow Plaintiffs to gather additional information regarding the ownership and control of the Internet Sites.[3]  That is, because Plaintiffs sought case terminating sanctions, the Court wanted more than what it already found to be "substantial" evidence of Defendants' involvement in the videos and posting over which they repeatedly disavowed control or ownership.[4]  The Court stated it wanted to get "past … the absolute no doubt line before … entering case-terminating sanctions."[5]  The Court nonetheless understands Defendants' confusion given the Court also stated no subpoenas other than those specifically granted on August 1, 2023 could be served.[6]

## II.  Summary of the Parties' Arguments

In addition to arguing Plaintiffs' subpoenas violate the Court's August 1, 2023 Order, Defendants contend the subpoenas are untimely and violate Federal Rule of Civil Procedure 45 because inadequate notice was provided.  Plaintiffs respond that Defendants do not have standing to object to the subpoenas and explain that there was an error in one subpoena identifying Defendant Mitchell Button as Michael Button.  Plaintiffs present evidence they allege shows that Defendants' supposed on-line harassment of Plaintiffs continued after the Court ordered videos and postings be removed from the internet.  The alleged continued harassment is said to include postings on Plaintiffs' personal Instagram accounts (including on accounts held by two Plaintiffs proceeding pseudonymously).  With respect to Plaintiffs' subpoenas that are the focus of Defendants' Motions, Plaintiffs argue the subpoenas do not violate the Court's Order as the Court told Plaintiffs they could seek additional evidence regarding the alleged on-line harassment of Plaintiffs by Defendants and, after subpoenaing YouTube and Google, Plaintiffs' forensic expert recommended subpoenas be sent to four entities that may be able to identify users behind identified IP addresses.

In the Consolidated Reply, Defendants reiterate that Plaintiffs violated the Court's August 1, 2023 Order.  Defendants further argue that Jane Does 1 and 2 have disclosed their identities and, in

---

[2] *Id*. at 48-58, 82.
[3] *Id*. at 57.
[4] *Id*.
[5] *Id*.
[6] *Id*. at 82.

2

any event, the Instagram postings about which Plaintiffs complain do not disclose the identities of either Jane Doe. At the close of the Reply, Defendants argue Plaintiffs' counsel have engaged in illegal activities.

**III.    Discussion**

      A.    <u>The Subpoenas Do Not Violate the Court's August 1, 2023 Order</u>.

Most simply said, but not without understanding Defendants' confusion regarding the Court's August 1, 2023 Order, the Court finds Plaintiffs' discovery seeking to uncover direct evidence of Defendants' involvement in posting harassing videos and other content about the Plaintiffs does not violate the spirit or intent of the Court's August 1, 2023 Order. During the August 1 hearing the Court made clear that while the evidence regarding Defendants' ownership and control over the Internet Sites was "substantial," and the Court was not "discounting" that evidence, case terminating sanctions are serious and the Court wanted no doubt before recommending such sanctions.[7] The Court was clear that it would assist Plaintiffs in their permitted attempts to gather the additional evidence the Court required before serious sanctions could be recommended.[8]

      B.    <u>The Subpoenas Are Not Procedurally Flawed</u>.

Discovery closed on September 29, 2023.[9] Plaintiffs successfully served three subpoenas on September 28, 2023, which was three days after Plaintiffs' expert recommended they do so.[10] One subpoena was not served (despite an attempt on September 29, 2023—a Friday) until Tuesday October 3, 2023.[11] The Court could require briefing on reopening discovery to allow the one untimely subpoena to be served, but the Court finds doing so would be inefficient and outside the goals set in Rule 1 of the Federal Rules of Civil Procedure.[12] That the return of the subpoenas are not until after the close of discovery does not make them untimely.[13]

---

[7]   *Id*. at 57.
[8]   *Id*. at 57-58.
[9]   *Id*. at 79.
[10]  ECF No. 286 at 9-10.
[11]  *Id*. at 14.
[12]  Federal Rule of Civil Procedure 1 states, in pertinent part, that the entirety of Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."
[13]  *Liu v. Win Woo Trading LLC*, Case No. 14-cv-2693-KAW, 2016 WL 661029, at *2 (N.D. Cal. Feb. 18, 2016).

Defendants' argument regarding the failure to provide seven days notice prior to service of the subpoenas relies on inapplicable law. Specifically, the rule upon which Defendants depend is applicable to Nevada state court proceedings.[14] The Federal Rules of Civil Procedure apply in this federal court proceedings.[15] Further, Plaintiffs provided notice to Defendants of the intent to serve the subpoenas before they were served.[16]

      C.      <u>Defendants Lack Standing to Challenge the Third Party Subpoenas at Issue</u>.

Defendants have offered no argument in response to Plaintiffs' demonstration that they have no personal right or privilege associated with the information being subpoenaed. In the absence of such an argument, supported by at least some facts, Defendants lack standing to challenge the third party subpoenas at issue.[17] Further, there is nothing on the face or in the substance of the subpoenas to three internet service providers and Meta Platforms demonstrating Defendants have personal rights or privileges at stake with respect to the information sought from these subpoenaed entities.[18]

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that the Motion to Quash Third-Party Subpoenas (ECF No. 272) is DENIED.

IT IS FURTHER ORDERED that Defendants' Emergency Motion to Supplement the Motion to Quash (ECF No. 279) is DENIED as moot.

DATED this 2nd day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[14] *See* Nev. R. Civ. P. 45(a)(4)(A).
[15] *Stroud v. Cook*, 931 F.Supp. 733, 736 (D. Nev. 1996).
[16] The misidentification of Defendant Mitchell Button on one subpoena is not a basis for quashing the subpoenas at issue. *United States v. Colima-Monge*, Case No. CRIM. 96–305–FR, 1997 WL 325318, at *4 n.4 (D. Or. June 6, 1997).
[17] *First Am. Title Ins. Co. v. Com. Assocs.*, Case No. 2:15-cv-832-RFB-VCF, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017) ("[A] party lacks standing . . . to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena").
[18] Defendants' argument raised for the first time in its Consolidated Reply (ECF No. 290) is not addressed by the Court. The Court declines to consider arguments raised for the first time in reply as this practice denies the opposing party a meaningful opportunity to respond. *See, e.g.*, *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992); *Nationstar Mortg., LLC v. Williams*, Case No. 2:22-cv-05759-MCS-JPR, 2022 WL 17222268, at *2 n.1 (C.D. Cal. Sept. 21, 2022) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)); *Gile v. Dolgen Cal., LLC*, Case No. 5:20-cv-01863-MCS-SP, 2022 WL 649279, at *2 n.1 (C.D. Cal. Jan. 14, 2022) (same).