UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>    Plaintiffs,<br><br>    v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>    Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**AMENDED ORDER**[1] |

Pending before the Court is Defendant's Motion to Reconsider Order Denying Motion to Compel Plaintiffs' Production of Documents. ECF No. 320. The Court has considered the Motion, the Opposition, and Reply. ECF Nos. 331, 336.

**I.    Background**

The factual background that underlies this case is well known to the parties and the Court. It is not repeated here. In the instant Motion, Defendants assert a myriad of complaints about the undersigned not all of which relate to the Motion to Compel. *See* ECF No. 320 at 4-5. Defendants also assert, as they have repeatedly, that they have never met one of the Plaintiffs (*id.* at 6), that this Plaintiff was never a ballet dancer (*id.* at 7), and that Dusty Button has only met one Plaintiff (Sage Humphries). *Id.* at 8.

Defendants' argument starts with a discussion of civil conspiracy, argues there is no joint defense privilege applicable to Plaintiffs, attorneys representing Plaintiffs in other matters, and attorneys representing them in this matter, that Plaintiff Humphries was in a consensual relationship with Defendants, her parents' rendition of that relationship is simply wrong, and the events leading to orders issued by the Boston Municipal Court was based on are false evidence. *Id.* at 9-12.

---

[1] This Order is amended to correct the caption.

1

Defendants continue with their oft-repeated refutation of facts alleged and arguments why Plaintiffs cannot be telling the truth. *Id*. at 13-19.

At page 19 of the Motion, Defendants says they are seeking, as they have repeatedly, all communications with law enforcement by Jane Doe 2. *Id*. at 19. Defendants state they received a redacted report from Plaintiffs' counsel, and that the report includes statements by "Menichino, Gutierrez, and Doe 2 however, they [presumably Plaintiffs] are unwilling to properly retrieve the unredacted report from the department." *Id*. It is unclear what efforts to obtain the unredacted report have been made by Danielle Gutierrez, who is apparently the only person who can obtain the report without redactions. It is also unclear to the Court whether the unredacted report is appropriately disclosed in this matter.

Defendants also complain about a police report filed with the Orange County Sheriff's Department by Sage Humphries allegedly never produced. *Id*. at 21. Defendants refer to "*three* reports [filed] in Massachusetts" in 2018 and the withholding of "any and all communications with these departments" by her counsel. *Id*. at 22.

Defendants say there is a police report filed by Jane Doe 1 that was withheld as well, at least potentially, to some bodycam footage that, as described by Defendants, does not appear relevant or proportional to the needs of this case. *Id*. at 23.

Defendants seem to seek communication between Plaintiffs Humphries and Menichino that predate this litigation, reiterates a request for messages between Plaintiffs Jane Doe 1 and Humphries the Court reviewed for relevance, communications between Plaintiff Humphries and her parents, "all texts between Ms. Humphries and Defendants"—excluding what Defendants already had and seeking "her own files," communications with unidentified third parties, communications with the Boston Ballet, communications with the media (including Boston Magazine, Cosmopolitan, Pointe Magazine, and the New York Times), and communications with dismissed Plaintiff Juliet Doherty. *Id*. at 23-27.

Finally, Defendants revisit the attorney client privilege the Court found barred disclosure of communications between Jane Doe 1 and Ms. Humphries on the one hand and Ms. Malone and Ms. Melcher on the other hand. *Id*. at 27.

2

## II. Discussion

### A. The Law Regarding Reconsideration.

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). Rule 60(b) is not applicable here. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). LR 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). "Newly discovered evidence" under Rule 59 requires the party to show the evidence: "(1) is truly-newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *Sciara v. Campbell*, Case No. 2:18-cv-1700-DJA, 2020 WL 248653, at *2 (D. Nev. Jan. 15, 2020) *quoting United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130 n. 45 (E.D. Cal. 2001); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

### B. Defendants Fail to Present any Argument Supporting Reconsideration.

A review of Defendants' filing demonstrates they do not contend, let alone present, any argument supporting that there is newly discovered evidence. *See* ECF Nos. 320, 336. To the contrary, Defendants' Motion for Reconsideration is a rehash of arguments Defendants have made many times before. Defendants also do not offer any intervening change in the law. Indeed, Defendants do not cite a single case or other legal authority in support of their Motion to Reconsider.

3

It appears, therefore, that Defendants' Motion is based solely on the argument that the Court made a clear or manifest error when it denied Defendants' Motion to Compel (ECF No. 306 denying ECF No. 252).

The Court finds no basis to conclude it made an error in its prior ruling. The Court's Order (ECF No. 306) relies on law that is unrefuted and applies that law to the facts. The Court also reviewed an *in camera* submission of text communications Defendants claimed were improperly redacted (ECF No. 311) and found the redactions reflected attorney work product and attorney client communication. ECF No. 317. No clear or manifest error occurred.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider Order Denying Motion to Compel (ECF No. 320) is DENIED.

DATED this 8th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4