BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,*
*Gina Menichino, RoseMarie DeAngelo,*
*Danielle Gutierrez, Jane Doe 1,*
*and Jane Doe 2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2

　　　　　Plaintiffs,

　　vs.

MITCHELL TAYLOR BUTTON and DUSTY BUTTON,

　　　　　Defendants.

Case Number: 2:21-cv-01412-APG-EJY

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...........................................................................................................2

    I.    Defendants' Objections Are Untimely...............................................................2

    II.   Defendants Identify No Clear Error or Misapplication of Law. .......................3

    III.   Defendants Identify No Basis to Justify the Extreme Relief They Seek. ...........4

    IV.   Defendants' Mere Denials of Plaintiffs' Claims Do Not Warrant Sanctions. ....5

    V.   Defendants Fail to Prove Any Wrongdoing by Plaintiffs...................................7

        A. Defendants' First Allegation of Fraud Fails ........................................7

        B. Defendants' Second Allegation of Fraud Fails ...................................10

        C. Defendants' Third Allegation of Fraud Fails......................................12

        D. Defendants' Fourth Allegation of Fraud Fails ...................................13

        E. Defendants' Fifth Allegation of Fraud Fails.......................................15

        F. Defendants' Sixth Allegation of Fraud Fails ......................................16

        G. Defendants' Seventh Allegation of Fraud Fails...................................17

        H. Defendants' Eighth Allegation of Fraud Fails ....................................19

        I. Defendants' Ninth Allegation of Fraud Fails.......................................20

CONCLUSION.......................................................................................................21

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

# TABLE OF AUTHORITIES

**Cases**

*24-7 Grp. of Companies, Inc. v. Roberts*,
2014 WL 12707232 (D. Nev. Nov. 21, 2014) ........................................................3

*C.C. v. J.M.*,
184 N.E.3d 806 (Mass. App. Ct. 2022) ...............................................................15

*Cunningham v. City of Wenatchee*,
345 F.3d 802 (9th Cir. 2003) .............................................................................10

*D.R. v. D.C.*,
184 N.E.3d 799 (Mass. App. Ct. 2022) ...............................................................15

*Diaz v. Cnty. of Ventura*,
512 F. Supp. 3d 1030 (C.D. Cal. 2021) ...............................................................14

*Douglas v. TD Bank USA*,
2021 WL 5861558 (D. Or. Aug. 11, 2021) ............................................................6

*Douglas v. TD Bank USA, Nat'l Ass'n*,
2021 WL 4524155 (D. Or. Oct. 4, 2021) ...............................................................6

*Gibson v. Flores*,
2020 WL 223613 (D. Nev. Jan. 15, 2020) ..............................................................4

*Grimes v. City & Cnty. of San Francisco*,
951 F.2d 236 (9th Cir. 1991) ...............................................................................3

*Halaco Eng'g Co. v. Costle*,
843 F.2d 376 (9th Cir. 1988) ...............................................................................4

*Harris v. Daniels*,
2024 WL 147792 (D. Nev. Jan. 12, 2024) .............................................................3

*Hernandez v. Golightly*,
2011 WL 9312 (D. Nev. Jan. 3, 2011) .................................................................16

*Hussein v. Ersek*,
2010 WL 1427332 (D. Nev. Apr. 8, 2010) ..........................................................4, 8

*Iorio v. Nevada*,
2023 WL 7617172 (D. Nev. Nov. 13, 2023) ...........................................................2

*J.C. v. J.C.*,
167 N.E.3d 881 (Mass. App. Ct. 2021) ...............................................................14

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

*Jimenez v. Smith's Food & Drug Centers, Inc.*,
   2023 WL 6121791 (D. Nev. Sept. 18, 2023) ...............................................9

*Khan v. Zort, Inc.*,
   2023 WL 3317068 (C.D. Cal. Apr. 19, 2023) ..............................................4

*Khan v. Zort, Inc.*,
   2023 WL 3352137 (C.D. Cal. May 10, 2023) ..............................................4

*Liberty Ins. Corp. v. Brodeur*,
   41 F.4th 1185 (9th Cir. 2022) ...................................................................9

*May v. Gladstone*,
   562 F. Supp. 3d 709 (C.D. Cal. 2021) .......................................................9

*McCurdy v. Johnson*,
   2013 WL 4506432 (D. Nev. Aug. 23, 2013) .............................................14

*Raiford v. Pounds*,
   640 F.2d 944 (9th Cir. 1981) ...............................................................4, 20

*Safe–Strap Co. v. Koala Corp.*,
   270 F. Supp. 2d 407 (S.D.N.Y. 2003) ............................................6, 10, 19

*State v. Guardia*,
   135 F.3d 1326 (10th Cir. 1998) ...............................................................8

*Tamares Las Vegas Properties, LLC v. Travelers Indem. Co.*,
   2023 WL 6379614 (D. Nev. Sept. 29, 2023) .............................................14

*U.S. Commodity Futures Trading Comm'n v. Banc de Binary Ltd.*,
   2015 WL 1815579 (D. Nev. Apr. 22, 2015) ...............................................3

*United States v. Chavez*,
   2021 WL 5810298 (N.D. Cal. Dec. 7, 2021) ..............................................9

*United States v. Est. of Stonehill*,
   660 F.3d 415 (9th Cir. 2011) .............................................................9, 12

*United States v. Porter*,
   562 F. Supp. 3d 1162 (E.D. Cal. 2022) .....................................................7

*Weil v. Walmart Inc.*,
   644 F. Supp. 3d 772 (D. Nev. 2022) .........................................................9

**Other Authorities**

Kristin W. Samuelson, *Brief Report: Post-Traumatic Stress Disorder and Declarative
   Memory Functioning: A Review*, 13 Dialogues in Clinical Neuroscience (2011).............10

Linda Meyer Williams, *Recall of Childhood Trauma: A Prospective Study of Women's Memories of Child Sexual Abuse*, 62 J. Consulting and Clinical Psychology (1994)...........11

**Rules**

Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments)...........................................6, 7

Local Rule IB 3-1..................................................................................................................1, 3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

Plaintiffs respectfully submit this opposition to Defendants' objections to the March 25, 2024 order denying Defendants' Motion Sanctions.  ECF No. 350 ("Mot.").

## **PRELIMINARY STATEMENT**

On March 25, 2024, Judge Youchah denied Defendants' motion for sanctions in full. ECF No. 327.  Defendants' objections to Judge Youchah's order is the **seventh time** Defendants have requested sanctions against Plaintiffs.  *See* ECF Nos. 185, 219, 243, 308, 333, 334, 350. Each time, Defendants' motion has improperly challenged the merits of Plaintiffs' complaint. Judge Youchah has repeatedly instructed Defendants that a motion for sanctions is not the proper vehicle to address the merits of Plaintiffs' allegations, including in open court, and in several recent orders.  *See, e.g.*, 305, 327.  Defendants refuse to listen, and have instead burdened the Court and Plaintiffs' *pro bono* counsel with yet another baseless filing.

Defendants' objections must be overruled.  First, Defendants failed to file objections within 14 days after Judge Youchah's order.  *See* Local Rule IB 3-1.  Accordingly, Defendants' objections should be disregarded as untimely.

Second, a district court may reconsider the order of a magistrate judge only where that order is clearly erroneous or contrary to law.  Here, Defendants do not even attempt to identify any clear error or misapplication of law.  Instead, Defendants rehash the same baseless arguments that Judge Youchah carefully considered and squarely rejected, and they brazenly accuse Judge Youchah of being "biased" or "partisan."  Defendants' pattern of disrespect toward Judge Youchah is inappropriate and should be discountenanced by this Court.

Third, Defendants wholly fail to allege misconduct that warrants the extreme relief they seek.  Defendants argue that the Court should terminate all six Plaintiffs' fifty-three claims due to "nine instances of fraud on the court," none of which comes close to justifying sanctions, let alone case-terminating sanctions.  At best, Defendants repeat failed arguments related to

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

Plaintiffs' credibility and the veracity of Plaintiffs' claims—both of which are issues for the jury to resolve, not grounds to enter sanctions.  As Judge Youchah already explained, "[d]isagreement, even vehement, heartfelt, intense disagreement" is no basis for sanctions, because "ultimately, it is either the judge or the jury who decides whose set of facts are right." ECF No. 286-3 (Aug. 1. 2023 Hrg. Tr.) at 29:14-16.

In addition to being untimely, insufficient to justify reversing a magistrate judge's order, and insufficient to warrant case-terminating sanctions, Defendants' nine accusations of "fraud" are incoherent and wrong on the facts.  For instance, Defendants accuse Jane Doe 1 of lying to her therapist when she said that Defendants have been "reported to the police," because Jane Doe 1 did not file a police report against Defendants.  But Jane Doe 1 never said she *personally* filed a report, and it is accurate that Defendants have been reported to the police numerous times.  *See, e.g.*, ECF Nos. 194-10 (2012 police report); 194-11 (2018 police report).  In any event, it is entirely unclear how a misstatement to a *therapist* could constitute fraud on the *court*. Defendants' remaining accusations similarly mischaracterize the record, and in many instances, are flat out untrue.

Plaintiffs respectfully request that the Court overrule Defendants' objections and affirm Judge Youchah's order.

## **ARGUMENT**

### I.   **Defendants' Objections Are Untimely.**

Judge Youchah denied Defendants' motion for sanctions on March 25, 2024.  *See* ECF No. 327.  Local Rule IB 3-1 provides that "The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order."  But Defendants did not file objections until April 12, 2024 (18 days later.)  *See* ECF No. 350.  Defendants' objections should be denied on this basis alone.  *See, e.g.*, *Iorio v. Nevada, 2023 WL* 7617172, at *1 n.1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

(D. Nev. Nov. 13, 2023) ("Objections made outside of this [14-day] window are disregarded as untimely").

## II.      **Defendants Identify No Clear Error or Misapplication of Law.**

Defendants' objections should additionally be denied because they come nowhere close to meeting the heavy burden necessary to reverse a magistrate judge's order.  A district court "may reconsider any pretrial matter referred to a magistrate judge" only when it has been shown the magistrate's judge's order is "clearly erroneous or contrary to law."  LR IB 3-1; *see, e.g.*, *Harris v. Daniels*, 2024 WL 147792, at *2 (D. Nev. Jan. 12, 2024) (denying objections that "fail[ed] to show how [magistrate judge's] order was 'clearly erroneous or contrary to law'"). This standard of review is "significantly deferential to the initial ruling."  *24-7 Grp. of Companies, Inc. v. Roberts*, 2014 WL 12707232, at *2–3 (D. Nev. Nov. 21, 2014).  A decision is "clearly erroneous" only where "the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.*  A decision is "contrary to law" only if it applies an "incorrect legal standard or fails to consider an element of the applicable standard."  *Id.*  The Court "may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Banc de Binary Ltd.*, 2015 WL 1815579, at *3 (D. Nev. Apr. 22, 2015) (affirming magistrate judge's order where order was not "contrary to law or clearly erroneous").

Defendants' objections do not event attempt to identify any clear error or misapplication of the law in Judge Youchah's March 25 order.  Instead, Defendants "simply re-allege[]" arguments that "the magistrate discounted."  *Hussein v. Ersek,* 2010 WL 1427332, at *1 (D.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

Nev. Apr. 8, 2010) (overruling objections and affirming magistrate judge's order). [1] Accordingly, Defendants' objections must be overruled. *See, e.g.*, *Gibson v. Flores*, 2020 WL 223613, at *3 (D. Nev. Jan. 15, 2020) (denying objections where the court is not "left with the definite and firm conviction that a mistake has been committed.").

### III.  Defendants Identify No Basis to Justify the Extreme Relief They Seek.

In addition to being untimely and failing to identify any clear error or misapplication of law, Defendants' objections also fail because they do not identify any basis for the extreme relief Defendants seek.  Even if taken as true, each of the "[n]ine instances of fraud on the Court" that Defendants purport to identify are wholly insufficient to justify case terminating sanctions. Mot. at 3.  Because "dismissal is so harsh a penalty, it should be imposed only in extreme circumstances," which are not presented in Defendants' motion.  *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981).  Case-terminating sanctions are a "drastic substitute for the adversary process of litigation."  *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 382 (9th Cir. 1988).  Here, Defendants dispute Plaintiffs' credibility and the factual merit of Plaintiffs' claims, yet they fail to explain why the normal adversary process is insufficient to resolve those disputes.  Similarly, Defendants allege isolated instances of discovery failures (which they failed to attempt to resolve through discovery motion practice), yet they fail to explain why a less drastic sanction is an insufficient remedy.  In short, even taking Defendants' (inaccurate) accusations at face value, Defendants fail to show any "prejudice that would threaten to interfere with the rightful decision of the case on the merits," so case-terminating sanctions are nowhere near appropriate. [2]

---

[1]     Defendants additionally argue that Judge Youchah is "biased" or "partisan." Defendants' accusations are unfounded and inappropriate, and Defendants' pattern of disrespect toward Judge Youchah undermines the integrity of these proceedings.

[2]     By contrast, Plaintiffs appropriately requested case ending sanctions against Defendants for harassing Plaintiffs and other witnesses and lying about it in open court—behavior that has the potential to interfere with Plaintiffs' ability to even proceed with this case and call witnesses at trial.  *See* ECF No. 168.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

1  *Khan v. Zort, Inc.*, 2023 WL 3317068, at \*5 (C.D. Cal. Apr. 19, 2023), *report and*

2  *recommendation adopted,* 2023 WL 3352137 (C.D. Cal. May 10, 2023).

3  **IV.    Defendants' Mere Denials of Plaintiffs' Claims Do Not Warrant Sanctions.**

4      Again, Defendants' objections are untimely, fail to identify any clear error or

5  misapplication of law, and fail to identify any basis for the extraordinary relief of case-

6  terminating sanctions.  Defendants' objections also fail because the majority of the brief is

7  dedicated to disputing the factual merits of Plaintiffs' claims.  *See, e.g.*, Mot. at 9, 10, 15, 22,

8  24 (claiming Plaintiffs' claims are untrue and their complaint is therefore "deceptive").  This is

9  now the **seventh** time Defendants have requested sanctions focused on the veracity of Plaintiffs'

10  allegations.  *See* ECF Nos. 185, 219, 243, 308, 333, 334, 350.[3]  Judge Youchah has repeatedly

11  explained to Defendants that a request for sanctions is not the appropriate vehicle to challenge

12  the factual merits of Plaintiffs' claims, and that Defendants should instead focus their efforts

13  on preparing for summary judgment and trial.  For example, at an August 1, 2023 hearing,

14  Judge Youchah explained,

15

16

17      Disagreement, even vehement, heartfelt, intense disagreement with the other
18      side's presentation of facts is not a basis for Rule 11 sanctions. This happens all
19      the time in litigation. Big corporations sue each other spending millions and
20      millions and millions of dollars because they vehemently disagree about facts.
21      And ultimately, it is either the judge or the jury who decides whose set of facts
22      are right. ***But before that, the disagreement, no matter how intense, no matter***
23      ***how vehement, is not sufficient to warrant Rule 11 sanctions. A party, a lawyer,***
24      ***is entitled to believe their client, if they do, even if you think there's no basis***
25      ***for them to do so.*** It's just the way the law works. . . .It appears to me that there
26      are substantial questions of fact regarding Jane Doe's allegations. You have
27      raised those. I understand it. But that doesn't mean you win or that Jane Doe
28      wins. ***It means it goes to a jury to decide. . . .  And, again, I refer you, because***
29      ***so much of what you argued in your motion would be more appropriately***
30      ***argued in the motion for summary judgment under Rule 56.*** So try to focus
31      your energy, if you will, on bringing that kind of motion, if you choose to, at the
32      close of discovery . . ."

[3]    ECF Nos. 185, 219, 243, and 308 are motions for sanctions.  ECF Nos. 333 and 334 are
motions to reconsider orders denying Defendants' motions for sanctions, and ECF No. 350 is
an objection to an order denying Defendants' motion for sanctions.

ECF No. 286-3 (Aug. 1. 2023 Hrg. Tr.) at 29:14-30:22 (emphases added).  Despite this clear and detailed explanation as to why Defendants' seriatim sanctions motions have failed, Defendants have repeatedly disregarded the court's instructions, burdening the court and Plaintiffs' *pro bono* counsel with an onslaught of requests for sanctions.  Unsurprisingly, Judge Youchah has continued to deny Defendants' fruitless motions, explaining again and again that "Defendants denials, no matter how strong, do not support the conclusion that Plaintiffs or their counsel are intentionally misrepresenting facts, have behaved recklessly, or engaged in bad faith." ECF No. 305 at 3; *see, e.g.*, ECF No. 327 at 5 ("As was true in Defendants' prior motions for sanction . . . their instant Motion repeats vehement denials of accusations levied by Plaintiffs . . . This, again, presents issues of fact and credibility, not a basis for sanctions."). Undeterred, Defendants have once *again* ignored the court's directive, filing another baseless request for sanctions that serves no purpose other than to burden Plaintiffs and increase the costs of this case.

As has been repeatedly explained, Defendants' denials of Plaintiffs' claims merely create an issue of fact for the jury to decide.  Defendants are free to vigorously defend themselves at trial, when both sides will present their respective evidence, but a motion for sanctions is not the proper mechanism to challenge the merits of Plaintiffs' allegations against them.  *See Safe–Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 412–420 (S.D.N.Y. 2003) (denying motion for sanctions in part because the motion served, "in an improper fashion, as a surrogate for a summary judgment motion"); *Douglas v. TD Bank USA*, 2021 WL 5861558, at *3 (D. Or. Aug. 11, 2021), *report and recommendation adopted sub nom. Douglas v. TD Bank USA, Nat'l Ass'n*, 2021 WL 4524155 (D. Or. Oct. 4, 2021) ("The Court should [] reject defendants' invitation to probe the merits of plaintiff's [] claim in this [sanctions] motion and deny defendants' motion accordingly."); Fed. R. Civ. P. 11 Advisory Comm. Notes (1993

Amendments) (noting sanctions motions "should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes").

## V.    **Defendants Fail to Prove Any Wrongdoing by Plaintiffs.**

In addition to being untimely, legally insufficient to justify reversing a magistrate judge's order, and legally insufficient to justify case-terminating sanctions, Defendants' nine accusations of "fraud" are misleading, at best, and demonstrably false, at worst.   Unlike Defendants, Plaintiffs have engaged in no litigation misconduct whatsoever, much less bad faith misconduct that could give rise to sanctions.  *See* ECF No. 327 at 7 ("[T]here is no basis for granting drastic (or any) sanctions against Plaintiffs.").

### A. Defendants' First Allegation of Fraud Fails.

First, Defendants assert their oft repeated mantra that they have "never met Jane Doe 1." ECF No. 350 at 8.  As discussed *supra*, Defendants' denials of Jane Doe 1's claims—no matter how emphatic—are no basis for sanctions.  Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments) (noting sanctions motions "should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes").  In any event, as addressed more fully in opposition to Defendants' first motion for sanctions against Jane Doe 1, Defendants have wholly failed to refute the merits of Jane Doe 1's allegations, which are amply supported by, among other things, (1) witness testimony, including her own deposition testimony;[4] (2) documentary evidence; and (3) the string of credible sexual assault allegations that have been levied against Defendants in this litigation and elsewhere (which are themselves corroborated by overwhelming evidence, including police

---

[4]    At her deposition, Jane Doe 1 testified under oath that Defendant Dusty Button "held [her] down with her knees" while Defendant Taylor Button raped her, and she "said stop . . . Multiple times." She also testified that once she began to "come to terms" with the abuse she suffered, "memories of the trauma" caused her to feel suicidal – she was "cutting [herself], having panic attacks, and [felt] just very depressed." *See* ECF No. 194-1 ¶ 5.

reports, restraining orders, and findings of other courts).  *See* ECF No. 194 at 10–16; *see, e.g.*, *United States v. Porter*, 562 F. Supp. 3d 1162, 1170 (E.D. Cal. 2022) (holding evidence of prior sexual assault "will serve to corroborate [the victim's] version of the events, to which there are no direct witnesses other than [the victim] and Defendant"); *State v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998) ("[P]ropensity evidence has a unique probative value in sexual assault trials and that such trials often suffer from a lack of any relevant evidence beyond the testimony of the alleged victim and the defendant.").

It is entirely unsurprising that—like most criminals accused of sexual violence—Defendants' defense is to deny, deny, deny.  But Defendants' mere denials are wholly insufficient to show that Jane Doe 1's claims are false, let alone sanctionable.  As Judge Youchah already explained to Defendants regarding Jane Doe 1,

> The problem is that Jane Doe, of course, says something contrary to what you say. And the Court today is not prepared to nor would it be appropriate for me to rule on whether Jane Doe ever met you or didn't meet you. You emphatically say you never met her. I understand that. She says the contrary. I understand that. I have no way to judge that.

ECF No. 168-4 (Apr. 5 2024 Hr. Tr.) at 47:3–9.  Defendants' denials merely create an issue of fact to be resolved by the jury at trial, where the parties will each present their respective evidence.  In short, Defendants' bare denials do not give rise to sanctions, and Defendants do not—and cannot—identify any clear error or misapplication of law in Judge Youchah's order concluding otherwise.  *See, e.g.*, *Hussein v. Ersek*, 2010 WL 1427332, at *1 (denying objections where movant "simply re-alleges" arguments that "the magistrate discounted").

Defendants' also rehash their allegation that Jane Doe 1 "lied in her deposition stating she had 'never spoken to the media.'"  ECF No. 350 at 8.  Judge Youchah carefully and considered and squarely rejected this argument, holding that "attacks on a Plaintiffs' credibility is an issue properly raised before a jury at trial (or in response to a motion for summary judgment, if any,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

is filed by Plaintiffs)" including because it "is the jury's province to decide credibility of all witnesses, including a plaintiff's credibility."  ECF No. 327 at 3; *see, e.g.*, *United States v. Chavez*, 2021 WL 5810298, at *1 (N.D. Cal. Dec. 7, 2021) ("[T]he Ninth Circuit has repeatedly emphasized that witness credibility is the sole province of the jury") (collecting cases).

Further, as explained more fully in opposition to Defendants' original motion, Defendants' suggestion that Jane Doe 1 deliberately lied during her deposition when she stated she had never spoken to the media is unsupported.  *See* ECF No. 318 at 5–7.  Jane Doe 1 made this statement in response to an argumentative, convoluted question, and the fact that she may have misspoken, misremembered, or misunderstood the question (particularly considering the uniquely stressful context, where Jane Doe 1 was being questioned by her alleged abusers) is not grounds for case ending sanctions.  *See, e.g.*, *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (case ending sanctions available only for "willfulness, fault, or bad faith" and where "lesser sanctions" will not suffice); *Jimenez v. Smith's Food & Drug Centers, Inc.*, 2023 WL 6121791, at *2 (D. Nev. Sept. 18, 2023) (dismissal inappropriate sanction for misstatement during deposition because "the Court does not find Plaintiff's conduct was so willful and intentional that" dismissal would be warranted); *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 780 (D. Nev. 2022) (denying sanctions where record did not support finding of bad faith); *May v. Gladstone*, 562 F. Supp. 3d 709, 715 (C.D. Cal. 2021) (same); *United States v. Est. of Stonehill*, 660 F.3d 415, 448 (9th Cir. 2011) ("[P]erjury by a witness does not necessarily constitute fraud on the court.").  As Judge Youchah concluded, Defendants are free to cross-examine Jane Doe 1 with her deposition testimony "at trial," but they may not use one statement by one plaintiff (about a side issue) to terminate the lawsuit in full.  ECF No. 327 at 3. Defendants wholly fail to identify any clear error or misapplication of law in this conclusion.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

**B.  Defendants' Second Allegation of Fraud Fails.**

Second, Defendants request case-terminating sanctions because one of Jane Doe 1's therapy records reports sexual assault at age 15, but Plaintiffs' (now inoperative) Second Amended Complaint alleged that Jane Doe 1 was assaulted in 2014, when she would have been around 17 years old.  *See* Mot. at 9.  This is now the **fourth** time that Defendants have inappropriately sought sanctions based on Jane Doe 1's allegations relating to her age at the time of the rape.  *See* ECF Nos. 185, 243, 310.  Defendants' argument that the discovery record contradicts Jane Doe 1's claim is a merits-based argument that is inappropriate in the context of a sanctions motion, as discussed *supra*.  Defendants are free to cite Jane Doe 1's therapy records in a motion for summary judgment and/or cross-examine Jane Doe 1 with her therapy records at trial, but credibility issues and factual disputes are for the jury to resolve—they are not grounds for case-ending sanctions.  *See Safe–Strap Co.*, 270 F. at 412–420.[5]

Indeed, a date discrepancy in one document comes nowhere close to rendering a complaint sanctionable—particularly considering that this fact is entirely consistent with the allegations in in Plaintiffs' (operative) Third Amended Complaint, which say that "[d]ue to the adverse mental effects from the trauma and forced drugging, Jane Doe 1 does not presently recall the precise date on which the rape occurred."  ECF No. 221 ¶ 147.  Defendants suggest that the very fact that Jane Doe 1 amended her allegations to say she does not presently recall the precise date of the rape renders her allegations "deceptive."  Mot. at 9.  But Jane Doe 1's lack of precise recollection is unsurprising given the well-documented impact of trauma on memory.  *See, e.g.*, *Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003) ("It

---

[5]     Defendants have also suggested that Plaintiffs' counsel instructed Jane Doe 1 to report the rapes to a therapist solely to create a record of her allegations.  *See* Mot. at 9.  Defendants cite no evidence for this conspiracy theory, and none exists.  Even if Plaintiffs' counsel did refer Jane Doe 1 to a therapist, as Judge Youchah held, "speaking to a therapist to whom she was referred by counsel" does not amount to "fraud on the court."  ECF No. 327 at 4.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

is common for sex abuse victims to suppress memories of the assault.").[6]  Although Defendants' various motions on this issue have all failed to prove that it is impossible for the rape to have occurred in 2014, the amendment simply accounts for the unlikely possibility that Jane Doe 1 is mistaken about the exact timeline.[7]  In the Third Amended Complaint, the crux of Jane Doe 1's claims—that Defendants groomed her and raped her at gunpoint—remains exactly the same. Her straightforward, self-explanatory amendments were made in good faith and come nowhere close to exposing her to sanctions, much less case-terminating sanctions.  *See generally* ECF Nos. 207 (explaining each amendment); 220 (granting motion to amend).

As Judge Youchah held, "Defendants may argue facts as evidence that Jane Doe 1's rendition of events is not worthy of credence in response to a summary judgment motion, in support of their own motion for summary judgment, or at trial."  ECF No. 327 at 4.  But "Defendants' arguments regarding Jane Doe 1's therapy history does not establish by clear and convincing evidence that the supposed failure to disclose therapeutic history at the time the Complaint was filed is or was part of a scheme intended to interfere with the judicial system." *Id.*  Once again, Defendants do not (and cannot) identify any clear error or misapplication of law in this ruling.

_____

[6]     *See also, e.g.*, Kristin W. Samuelson, *Brief Report: Post-Traumatic Stress Disorder and Declarative Memory Functioning: A Review*, 13 Dialogues in Clinical Neuroscience, 346 (2011) (reviewing literature and finding "[m]ultiple studies have demonstrated verbal declarative memory deficits related to PTSD"); Linda Meyer Williams, *Recall of Childhood Trauma: A Prospective Study of Women's Memories of Child Sexual Abuse*, 62 J. Consulting and Clinical Psychology 1167 (1994) (study of 129 women with previously documented histories of sexual abuse, 38 percent of respondents were unable to recall the abuse that had been earlier reported, with those who were younger at the time of the abuse more likely to have no recall of the abuse).

[7]     Jane Doe 1 believes the rape occurred in 2014 for a variety of reasons, including but not limited to because as documentary evidence has confirmed, in 2014, Jane Doe 1 danced with Urbanity Dance, and Urbanity Dance routinely rented rehearsal space from the Boston Ballet, where Defendant Dusty Button was a dancer.  *See* ECF No. 194-1 ¶¶ 6–9.  Dusty Button also taught classes at Urbanity Dance during the years'-long period Jane Doe 1 was affiliated with Urbanity Dance.  *See id.*

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## C. Defendants' Third Allegation of Fraud Fails.

Third, Defendants request case-terminating sanctions because Defendants contend that Jane Doe 1 made a false statement to her therapist when she stated that Defendants had been "reported to the police." Mot. at 10. Defendants also contend she lied at her deposition when she said she spoke to someone from the U.S. Department of Justice about Defendants. *See id.* at 11. Defendants are wrong.

As a factual matter, Jane Doe 1 accurately told her therapist that Defendants had been reported to the police. *See, e.g.*, ECF Nos. 194-10 (2012 police report); 194-11 (2018 police report). The fact that Jane Doe 1's therapy records state she is aware there have been police investigations into Defendants does not mean that she *personally* filed a report. There is no dispute that Jane Doe 1 did not personally file a police report against Defendants.

Further, Jane Doe 1 accurately testified that she has spoken with a team from the U.S. Department of Justice in connection with a criminal investigation into Defendants. ECF No. 318-1 ¶ 5. Defendants' own exhibits confirm there has been a criminal investigation into Defendants involving Special Agent Evan Picariello. ECF No. 308, Ex. A at 20. Defendants nonetheless argue that by admitting that Jane Doe 1 had never filed any police report regarding Defendants, her testimony about speaking with the Department of Justice must have been perjury. *See* Mot. at 10–11. Defendants are again wrong. Jane Doe 1 accurately testified that she did not file any formal police report with the Department of Justice (or with any other police department), but she has spoken with its agents voluntarily in connection with an ongoing investigation. ECF No. 318-1 ¶ 5. The fact that there is no "police report" does not make Jane Doe 1's testimony about speaking with government agents untrue, as Judge Youchah confirmed. *See* ECF No. 327 at 4 ("Speaking with the DOJ regarding an ongoing investigation does not equate to filing a police report against Defendants").

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

Even if Jane Doe 1 were mistaken, however, a single misstatement during deposition is a tool for cross-examination—not grounds for case-ending sanctions.  Nor does making a misstatement to a *therapist* constitute fraud on the *court*.  *See, e.g.*, *Stonehill*, 660 F.3d at 444 ("Fraud on the court" applied to that "species of fraud which does or attempts to, defile the **court itself**") (emphasis added).

As Judge Youchah concluded, "Defendants' arguments regarding what they perceive as a factual inconsistency in Jane Doe 1's testimony is not conduct for which Plaintiffs or their counsel will be sanctioned."  ECF No. 327 at 4–5.  Defendants identify no clear error or misapplication of law in this ruling.

**D.  Defendants' Fourth Allegation of Fraud Fails.**

Fourth, Defendants request case-terminating sanctions because they claim Plaintiff Sage Humphries wrongfully withheld an Orange County police report from them, and that Plaintiffs' counsel lied about producing this report to Defendants in their filings.  *See* Mot. at 19–22.  In opposition to Defendants' original motion, Plaintiffs explained that Plaintiffs had produced Sage's Orange County report to them *over a year ago* on September 14, 2022 at pages bates stamped PL-0001051 through PL-0001054.  *See* ECF No. 318-1 ¶ 6.  In their objections, Defendants have no choice but to backtrack on their prior statements and *concede* that Sage's Orange County report was produced to them, thereby admitting that Plaintiffs' counsel's statements to the Court were accurate.  *See, e.g.*, Mot. at 15 ("The report provided by Plaintiffs was from July 22nd, 2017.").

Nonetheless, in their objections, Defendants now take issue with the fact that Plaintiffs did not also produce a separate Orange County report that was filed by Sage's parents.  *See* Mot. at 13 n.17 (admitting that Sage's July 22nd, 2017 "had already been provided" but complaining that a separate "May 28th, 2017 police report" had not been produced).  As Plaintiffs' counsel

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

explained to Defendants (in an email pictured in Defendants' brief), Plaintiffs submitted a FOIA request only for reports filed by Sage.  *See* Mot. at 14.  Accordingly, the Orange County police department never produced the May 2017 report to Plaintiffs because that report was filed by Sage's parents—not by Sage herself.  *See id.*  In contrast, Defendants subpoenaed all reports pertaining to "Michael or Micah Humphries" (Sage's parents), as well as all reports pertaining to Sage's parents' address, which is why they received this additional report that Plaintiffs never obtained or produced.  *See id.*  Accordingly, the May 2017 report was not in Plaintiffs' custody until Defendants produced it in this litigation.  *See id.*  Plaintiffs "cannot be compelled to produce documents" that were not in their "possession, custody, or control."  *McCurdy v. Johnson*, 2013 WL 4506432, at *3 (D. Nev. Aug. 23, 2013).

Moreover, Defendants are perfectly capable of obtaining public documents like police reports through subpoenas and/or public records requests, which they did in fact do.  *See* Mot. at 16.  Plaintiffs' purported "failure" to obtain and produce a publicly accessible document is no grounds for sanctions.  *See, e.g.*, *Tamares Las Vegas Properties, LLC v. Travelers Indem. Co.*, 2023 WL 6379614, at *15 (D. Nev. Sept. 29, 2023) (declining to find "bad faith from counsel's decision not to disclose" video that was "publicly available" and could have been found "at any time"); *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) ("[B]ecause the videos are publicly available . . . the Court finds that Plaintiffs' failure to disclose them was harmless").

Defendants also complain that the Orange County police reports were not produced in connection with Sage's 2017 abuse prevention order proceedings in Massachusetts.  Mot. at 17–19.  Discovery in those separate, seven-year-old proceedings has no relevance whatsoever to the instant dispute.  And in any event, Sage had no obligation to produce this report in the Massachusetts proceedings because those were expedited proceedings in which the court

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO**
**ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS**

imposed no specific discovery obligations on the parties.  Sage cannot be accused of wrongfully "withholding" materials in that Massachusetts proceedings that she was not obligated to disclose in the first place.  *See J.C. v. J.C.*, 167 N.E.3d 881, 881 (Mass. App. Ct. 2021) ("Discovery orders [in abuse prevention order proceedings] are within the court's discretion and should be issued only ... upon a showing that such discovery is necessary to provide specific information essential to the adjudication of the case"); *see also C.C. v. J.M.*, 184 N.E.3d 806 (Mass. App. Ct. 2022); *D.R. v. D.C.*, 184 N.E.3d 799 (Mass. App. Ct. 2022).

In short, Plaintiffs engaged in no discovery misconduct, let alone discovery misconduct that could give rise to case-terminating sanctions.  Defendants identify no clear error or misapplication of law in Judge Youchah's order rejecting Defendants' fourth allegation of "fraud."

### E.  Defendants' Fifth Allegation of Fraud Fails.

Fifth, Defendants request case-terminating sanctions because they claim, yet again, that Sage inappropriately requested sanctions against them for publicizing ESI that she voluntarily uploaded onto Defendants' hard drive.  *See* Mot. at 19–21.  Both Judge Youchah and Judge Traum have already considered and squarely rejected this argument, noting that Sage's abuse prevention orders against Defendants plainly forbid Defendants from retaining and publishing any of Sage's ESI, whether it was given to them voluntarily or not.  *See* ECF No. 104 at 8; ECF No. 254 at 7 ("The Court further agrees that '[t]here is nothing in the plain text of the Orders (or that may be implied from the text) that refers to an exception for information voluntarily provided by Humphries at any time[.]'").  As explained again and again, it is irrelevant whether Sage voluntarily uploaded her data to Defendants' devices—the Massachusetts court ordered Defendants to surrender and not publish that data regardless of how they received it.  *Id.*  When Defendants nevertheless retained Sage's data in contravention of the Massachusetts court order,

that data became stolen, and Defendants' subsequent publications of that data were properly sanctionable. *See id.* The fact that the Massachusetts court declined to hold Defendants in contempt in that court is irrelevant given the different burden of proof for contempt in that court, as this court has previously recognized. *See* ECF No. 167-4 (Apr. 5 2024 Hrg. Tr.) at 25.[8]

Accordingly, Sage properly sought and received a sanctions order against Defendants. Defendants identify no grounds for the Court to reconsider its decision. *See, e.g.*, *Hernandez v. Golightly*, 2011 WL 9312, at *1 (D. Nev. Jan. 3, 2011) ("[M]otions [for reconsideration] are not the proper vehicles for rehashing old arguments"). Moreover, even if they did, Defendants' disagreement with that order is no basis to terminate Plaintiffs' entire case. As Judge Youchah concluded, "Defendants' contention that Plaintiffs' advocacy regarding the misuse of the content of Ms. Humphries' iPhone . . . is not a basis for sanctions." ECF No. 327 at 6. Defendants identify no clear error or misapplication of law in that ruling.

**F. Defendants' Sixth Allegation of Fraud Fails.**

Sixth, Defendants request case-terminating sanctions because they claim—with zero support—that Plaintiffs engaged in "witness tampering." Mot. at 22. Once again, Defendants offer no proof whatsoever to back up this inflammatory allegation—indeed, they do not even identify the "witness" with whom Plaintiffs purportedly tampered. As Judge Youchah stated, Defendants' bald accusation that "Plaintiffs engaged in witness tampering" is "not supported

---

[8]     Further, in denying Sage's motion for contempt, the Massachusetts Court relied on Defendants' testimony that they have had zero involvement in the online harassment campaign that has been waged against Sage (and other Plaintiffs.) However, subsequent discovery in this action proved Defendants' testimony to be perjury. For example, third-party discovery proved that Defendants *personally paid* for the "justiceforthebuttons.com" domain, which Defendants used to disseminate harassing and intimidating content about Sage and others. *See generally* ECF No. 168; *see also* ECF No. 353 at 10 n.3.

16

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

by fact" and "demonstrates no basis for an award of sanctions. ECF No. 327 at 6. Defendants identify no clear error or misapplication of law in this ruling.

### G. Defendants' Seventh Allegation of Fraud Fails.

Seventh, Defendants request case-terminating sanctions because they claim Plaintiffs filed "deceptive pleadings" by alleging the statutes of limitations applicable to their claims should be tolled because they "admit in their depositions that Defendant Taylor Button *did not stop* them from coming forward prior to 2021." Mot. at 22. But as explained more fully in opposition to Defendants' motion to supplement Defendants' motion to dismiss, Plaintiffs' deposition testimony does nothing to undermine their tolling allegations, much less render their complaint sanctionable. *See* ECF No. 319 at 4–8. First and foremost, Plaintiffs' claims are statutorily timely, and as the Court already held, even if equitable estoppel or tolling were to apply, that is a "fact-intensive inquiry" for the jury to resolve. *See id.*; *see also* Feb. 2, 2023, Tr. at 49–50; *see also* ECF No. 130. Moreover, each Plaintiff specifically testified that Mr. Button's manipulation, intimidation, and threats prevented them from coming forward sooner, which directly *corroborates* their allegations relating to equitable estoppel and tolling. *See* ECF No. 319 at 4–8.

For example, in explaining how Defendant Taylor Button intimidated and manipulated them from coming forward sooner, Danielle testified that Taylor "threaten[ed] to kill [her] and [her] family" as a "threat for [her] to not tell anyone of [his] abuse." ECF No. 318-6. Jane Doe 2 testified, "You told me that it didn't matter because of the difference in our age. You also told me that it didn't matter because you knew I wasn't a virgin. You told me that people wouldn't believe me, and you also shamed me and said that it was my fault. And you also isolated me from my friend group so I had no support, and I was scared of you." ECF No. 318-5. Rosie testified, "I was a child and I was told by someone in a position of power that I trusted, i.e., you,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

1   that there was nothing illegal about what was happening. In that way I was pressured, again, by

2   a person in a position of power that I trusted to not say anything; that there was nothing to say,

3   that there was nothing to report." ECF No. 312 at 16. These allegations—that Taylor lied about

4   the legality of his conduct, that he abused his position of power and trust to scare and confuse

5   his victims, and that he resorted threats of violence—are textbook examples of the type of

6   conduct aimed at silencing victims of sexual abuse that should preclude a defendant from

7   raising any timeliness defense. *See* ECF No. 242 at 12–18.

8        Defendants also contend that Jane Doe 2's allegations are "deceptive" because her

9   complaint does not state that she "filed a police report . . . in 2018." Mot. at 22. The fact that

10  Jane Doe 2's involvement in the 2018 police investigation is not expressly discussed in the

11  complaint does not render it a "deceptive pleading." *Id.* Jane Doe 2's involvement in the 2018

12  police investigation has been discovered and disclosed through the discovery process—indeed,

13  her statement to the police is reflected in a police report that was produced to Defendants at the

14  outset of this case and has been filed on the docket. *See* ECF No. 194-11. As discussed more

15  fully in opposition to Defendants' motion to supplement, the existence of this report is irrelevant

16  to the legal sufficiency of the Third Amended Complaint. *See* ECF No. 319 at 7, n.4. If

17  anything, the fact that Jane Doe 2 disclosed her experience to law enforcement only

18  corroborates and strengthens her allegations.[9]

19       Finally, Defendants contend there was a "calculated scheme" between "Plaintiffs Gina

20  Menichino, Danielle Dominguez and Jane Doe 2" because Danielle and Jane Doe 2 cooperated

21  with a 2018 police investigation into Taylor that was initiated by Gina. Mot. at 22. Joining

---

[9]     The police report concludes there is "probable cause" to arrest Taylor, but prosecutors elected not to move forward with a criminal prosecution, including because he had "lawyered up." ECF No. 194-11 at PL-0000114. The 2012 Hillsborough report also notes that Taylor refused to make himself "available for an interview or a polygraph test" after one of his minor dance students accused him of sexual abuse. ECF No. 194-10 at PL-0000150.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

together to report a serial sexual predator to law enforcement is not some unlawful "scheme"—it is a legal right.  Mot. at 16.

Defendants' seventh allegation of "fraud" is another merits-based argument that Defendants are free to articulate through a motion for summary judgment or at trial, but it has no relevance to a motion for sanctions.  *See, e.g.*, *Safe–Strap Co.*, 270 F. at 412–420.  As Judge Youchah concluded, "even assuming there is a legal argument to make regarding whether the statute of limitations bars certain claims made by Plaintiffs, this argument is properly presented in motion practice, not as a basis for sanctions."  ECF No. 327 at 6.  Defendants identify no clear error or misapplication of law in this ruling.

**H. Defendants' Eighth Allegation of Fraud Fails.**

Eighth, Defendants request case-terminating sanctions because they claim Plaintiffs violated a court order by issuing subpoenas to certain internet providers.  *See* Mot. at 23.  Judge Youchah already carefully considered and rejected this argument when she denied Defendants' motion to quash those subpoenas.  ECF No. 332.

As explained more fully in opposition to Defendants' motion to quash (and in opposition to Defendants' objections to the denial of their motion to quash), Plaintiffs did not violate Judge Youchah's order, let alone violate that order in bad faith.  *See generally* ECF Nos. 286, 353. Judge Youchah has repeatedly, explicitly instructed Plaintiffs to obtain additional evidence of Defendants' egregious online harassment of Plaintiffs.  Consistent with that directive, at a forensic analyst's recommendation, Plaintiffs subpoenaed certain internet providers to obtain additional evidence of Defendants' online abuse.  *Id.*  Despite emphatically disclaiming involvement in the online bullying crusade, Defendants have made every effort to prevent these subpoenas.  In denying Defendants' motion to quash, Judge Youchah concluded, in pertinent part, "Plaintiffs' discovery seeking to uncover direct evidence of Defendants' involvement in

posting harassing videos and other content about the Plaintiffs **does not violate the spirit or intent of the Court's August 1, 2023 Order**." ECF No. 332 at 3 (emphasis added).[10] Judge Youchah's interpretation of her own orders should of course be accorded great deference.

In any event, even if Judge Youchah had concluded the subpoenas were improper (again, she concluded they *were* proper), Defendants fail to explain why an isolated, good faith discovery error should result in all six Plaintiffs' claims being terminated in full. *See, e.g.*, *Raiford*, 640 F.2d at 945 (case sending sanctions "should be imposed only in extreme circumstances"). As Judge Youchah held, "sanctions will not issue based upon Plaintiffs' efforts to gather evidence the Court allowed them to pursue." ECF No. 327 at 7. Defendants identify no clear error or misapplication of law in this ruling.

## I.   Defendants' Ninth Allegation of Fraud Fails.

Finally, Defendants request case-terminating sanctions because they claim Plaintiffs' counsel's statement that Plaintiffs' have "demanding careers" contradicts their allegations that Defendants' abuse damaged Plaintiffs. Mot. at 24. Yet again, this is an improper merits-based argument that has no place in a motion for sanctions. Plaintiffs have produced significant evidence of their damages, including expert reports from a trauma expert and a forensic analyst. The fact that Plaintiffs are hard-working and gainfully employed does not change that Defendants' abuse caused their careers to suffer, and that Plaintiffs would have been able to achieve even greater success but for the abuse Defendants inflicted upon them. As Judge Youchah explained, "Plaintiffs' current employment status does not preclude the possibility that, at one time, subject to proof, they were supposedly unable to work due to Defendants' conduct." ECF No. 327 at 7. Defendants are free to test the sufficiency of Plaintiffs' damages

---

[10]   Defendants filed objections to Judge Youchah's order denying their motion to quash, which remain pending with this Court, and which Plaintiffs opposed. ECF Nos. 345, 353. Defendants' argument is more appropriately addressed in the context of those objections.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

1
2
evidence at summary judgment and/or trial, but their arguments come nowhere close to the standard necessary to impose sanctions, let alone case-ending sanctions.

3
## <u>CONCLUSION</u>

4
5
For the foregoing reasons, Plaintiffs respectfully request that the Court affirm Judge Youchah's order denying Defendants' motion for sanctions.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

1  Dated:  April 26, 2024                  Respectfully Submitted,

2                                          BOIES SCHILLER FLEXNER LLP

3
                                           /s/ Sigrid McCawley
4                                          SIGRID S. MCCAWLEY (*pro hac vice*)
                                           BOIES SCHILLER FLEXNER LLP
5                                          401 E. Las Olas Blvd., Suite 1200
                                           Ft. Lauderdale, FL 33301
6                                          Telephone: 954.356.0011
                                           smccawley@bsfllp.com
7
                                           SABINA MARIELLA (*pro hac vice*)
8                                          LINDSEY RUFF (*pro hac vice*)
                                           BOIES SCHILLER FLEXNER LLP
9                                          55 Hudson Yards
                                           New York, NY 10001
10                                         Telephone: 212.446.2300
                                           smariella@bsfllp.com
11                                         lruff@bsfllp.com

12                                         RICHARD J. POCKER (NV Bar No. 3568)
                                           300 South Fourth Street, Suite 800
13                                         Las Vegas, NV 89101
                                           Telephone: 702.382.7300
14                                         Facsimile: 702.382.2755
                                           rpocker@bsfllp.com
15
                                           *Attorneys for Plaintiffs Sage Humphries,*
16                                         *Gina Menichino, RoseMarie DeAngelo,*
                                           *Danielle Gutierrez, Jane Doe 1,*
17                                         *and Jane Doe 2*

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Opposition to Defendants' Motion for Sanctions was served on April 26, 2024 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

 /s/ Lindsey Ruff
Lindsey Ruff

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER DENYING DEFENDANTS' MOTION  FOR SANCTIONS