UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court are Defendants' Motions to Reconsider ECF No. 219 and 185 (ECF Nos. 333 and 334 respectively), the Oppositions (ECF Nos. 348 and 349), and Replies (ECF No. 355 and 356.

**I.   Background**.

The factual background underlying this case is well known to the parties and the Court. It is not repeated here. The instant Motions take issue with each of the Court's prior decisions denying Defendants' requests for Rule 11 sanctions against Plaintiffs. Defendants believe it would be impossible for the Court to reject their requests for sanctions if the Court had thoroughly read the briefs and reviewed the exhibits provided. ECF Nos. 333 at 7, 355 at 8, 334 at 6-8, 356 at 5-8. However, Defendants' Motions to Reconsider fail to meet the standard applicable to a reconsideration request. Instead, Defendants remain focused on factual issues that, as previously discussed by the Court, are in dispute and will be resolved either through dispositive motion practice or at trial. Defendants' contention—based on an adamant belief—that Plaintiffs' facts are completely frivolous and, therefore, Plaintiffs' counsel would have discovered the frivolousness of Plaintiffs' stories had an appropriate pre-litigation investigation been done, is not a basis on which the Court will grant Rule 11 sanctions.

## II. Discussion

### A. The Law Regarding Reconsideration.

As explained to Defendants in prior orders, motions for reconsideration may be brought under both Rules 59(e) and 60(b); however, Rule 60(b) does not apply here. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). United States District Court for the District of Nevada Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." The Court's authority "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). "Newly discovered evidence" under Rule 59 requires the party to show the evidence: "(1) is truly-newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *Sciara v. Campbell*, Case No. 2:18-cv-1700-DJA, 2020 WL 248653, at *2 (D. Nev. Jan. 15, 2020) *quoting United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130 n. 45 (E.D. Cal. 2001); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

### B. Defendants Fail to Establish a Basis for Reconsideration.

A review of Defendants' Motions demonstrates they do not present any newly discovered evidence. *See* ECF Nos. 333, 334. To the contrary, Defendants' Motions rehash arguments and evidence Defendants previously presented, which the Court considered, discussed, and found inadequate to warrant Rule 11 sanctions. ECF Nos. 185, 219. Defendants continue to assert that

Jane Doe 1 is a total stranger (someone they never met before this lawsuit commenced) and mentally unstable. ECF No. 334. Defendants' ongoing frustration with Plaintiff Sage Humphries' pleadings, the Massachusetts Prevention Order, the content of text messages, a May 2017 police report, a July 2017 police report, and Ms. Humphries' testimony in the Massachusetts proceedings has all been briefed before. ECF No. 333. Whether Jane Doe 1 or Ms. Humphries is credible, and whether Defendants' evidence is sufficient to defeat summary judgment or ultimately prevail at trial will not be decided by the undersigned. These are issues to be raised in a motion for summary judgment or at trial, but the disagreement, even vehement disagreement, over the veracity of the allegations is not a basis for Rule 11 sanctions.

As explained by one court:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

*Strobel v. Morgan Stanley Dean Witter*, Case No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3-4 (S.D. Cal. Apr. 10, 2007). Defendants provide nothing new to the Court. Their Motions are a textbook re-presentation of arguments in which they are heavily invested. But this does not warrant reconsideration.

Defendants' argue that had Plaintiffs' counsel done an investigation into the facts before filing the original or amended complaints they would have found Plaintiffs' allegations without merit. This argument undermined by the detail in Plaintiffs' pleadings and the ongoing evidence presented in this case. Defendants' contention that they are right and Plaintiffs' are not telling the truth is not evidence that Plaintiffs' counsel committed Rule 11 violations. Defendants' argument

seeking reconsideration, as made abundantly clear in their Motions and Replies, is an alternative way to present their unwavering position that their defenses have merit whereas Plaintiffs' allegations have none.

Defendants' believe this case should never have been brought. This, however, fails as a basis to award Rule 11 sanctions. *Greenberg v. Sala,* 822 F.2d 882, 887 (9th Cir. 1987). A party seeking Rule 11 sanction has high burden—that is, the moving party must demonstrate a complaint was truly frivolous. *See Phoenix Modular Elevator, Inc. v T.L. Shield & Assoc.*, Case No. CV 14-00339-RGK (PLAx), 2014 WL 12569393, at *2 (C.D. Cal. Dec. 16, 2014). Even a lawsuit that "appears to be an extremely disproportionate response to the action of the Defendants" will not "reach the level necessary to impose the 'extraordinary remedy' of Rule 11 sanctions" when there is some evidence to support the allegations in the complaint. *Smith Enterprises Inc. v. Hammonds*, Case No. CV-13-01773-PHX-GMS, 2014 WL 887807, at *5 (D. Ariz. Mar. 6, 2014). The Court finds a thorough review of Defendants' Motions to Reconsider provide no basis for an award of Rule 11 sanctions.

For clarity, in addition to finding no new facts alleged, the Court finds Defendants offer no intervening change in the law. Indeed, Defendants do not mention a change in the law in support of their Motions to Reconsider. ECF Nos. 333, 334. To the extent Defendants, once again, based their argument on clear or manifest error by the Court, the Court finds nothing supporting this conclusion. The Court's review of its prior decisions does not support the finding that it erred when denying Defendants' previously filed motions for Rule 11 sanctions. The Court's Orders rely on unrefuted law that was applied to the facts presented. ECF Nos. 185, 219.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Reconsider (ECF Nos. 333 and 334) are DENIED.

DATED this 12th day of June, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE