UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Leave to Reopen Discovery on a Narrowed Scope. ECF No. 340. The Court considered Defendants' Motion, Plaintiffs' Opposition (ECF No. 352), and Defendants' Reply (ECF No. 358).

**I.      Background**

Defendants filed their instant Motion on April 5, 2024, more than six months after the discovery period in this matter closed on September 29, 2023. *Compare* ECF Nos. 340 and 220. Through their Motion, Defendants seek (1) to reopen Plaintiffs' depositions, and (2) permission to serve subpoenas on Madison Breshears, Hannah Stolrow, Catherine Cogliandro, and Anthony Pellicano (first identified in Defendants' Reply). Setting aside the rhetoric and hyperbolic attacks on Plaintiffs and their counsel, and claims that conduct by these individuals somehow hindered Defendants' ability to conduct discovery, Defendants state they have secured previously unavailable financial support, this support will allow them to "complete" Plaintiffs' depositions, and they are now able to serve four third party subpoenas equaling the number of additional subpoenas the Court permitted Plaintiffs to serve.

With respect to reopening Plaintiffs' depositions, Defendants identify facts unknown to them at the time Jane Doe 1 was deposed. Specifically, Defendants point to Jane Doe 1's therapy records produced after her deposition was completed. Regarding Gina Menichino, Defendants contend she

1

was "heavily drugged" during her deposition. ECF No. 340 at 9. Defendants cite Ms. Menichino's deposition transcript in support of this contention. *Id*. at 9 n.2, 3. Defendants contend Plaintiff Rosemarie DeAngelo responded to questions "with arguments rather than answers." *Id*. at 9.

With respect to subpoenas, Defendants discuss their financial disadvantages and argue they should have the right to serve the same number of subpoenas the Court allowed Plaintiffs to serve. *Id*. at 11-12. Defendants argue Plaintiffs violated a Court Order when they served subpoenas on YouTube, Google and other internet related provided. *Id*. at 12-14.

Plaintiffs oppose Defendants' Motion arguing it is untimely, Defendants failed to comply with all the provisions of the local rule regarding the extension of discovery, and Defendants fail to explain the source of the resources now available to conduct discovery. ECF No. 352. Plaintiffs also argue Defendants fail to demonstrate good cause for their subpoena requests contending the Court's Order allowing Plaintiffs to subpoena documents for purposes of demonstrating Defendants were the source of inappropriate internet posting regarding Plaintiffs is not equivalent to the subpoenaed information Defendants seek. Plaintiffs submit reopening of discovery will result in substantial prejudice because this three year old case will be further delayed by pushing out dispositive motion practice and a trial date. Plaintiffs point to the substantial investment in time they must make to prepare for reopened depositions, as well as the emotional toll a second set of depositions will cause.

Defendants' Reply (1) identifies the four individuals they seek to subpoena, (2) summarily states information they seek from each of the four individuals, and (3) argues they demonstrate good cause to reopen third party discovery. Defendants also submit there is good cause to reopen Plaintiffs' depositions, but focus on Jane Doe 1 and Ms. DeAngelo only. Defendants say the second depositions of Plaintiffs will not cause delay, but they do not explain on what basis no prejudicial delay would occur.

II. **Discussion**

Discovery is governed by Federal Rule of Civil Procedure 26(b)(1). This Rule limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." *Id*. Thus, even if information sought through discovery

is potentially relevant, discovery must be proportional to the dispute presented in light of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1). *See also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. June 20, 2018); *FDIC v. Reis*, Case No. SACV 12-02212 JLS (ANx), 2014 WL 7840283, at *1 (C.D. Cal. June 12, 2014).

To modify a scheduling order, the moving party "must show good cause …, which requires courts to consider whether trial is imminent, the request is opposed, the non-moving party would be prejudiced, and the moving party was diligent in seeking timely discovery, as well as the foreseeability of the need for additional discovery and the likelihood that the discovery will lead to relevant evidence." *Alcantara v. Bodega Latina Corp.*, Case No. 2:18-cv-00882-JAD-BNW, 2021 WL 1771870, at *1 (D. Nev. May 3, 2021) (internal quote marks and citations omitted). Here, Plaintiffs say Defendants fail to establish good cause because Defendants do not address the factor identified in *Alcantara*. However, the Court views Defendants' Motion with some measure of leniency as Defendants are proceeding *pro se* and, despite the substantial motion practice in this case, they remain far from fully familiar with all nuances of discovery motion practice.

a. <u>Defendants' Request to Depose Five Plaintiffs a Second Time</u>.

The federal rules governing depositions presumptively limit a party to one deposition of an opposing party or witness. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court may grant leave to take multiple depositions of the same party or witness "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Said plainly, "[a]lthough there is no specific limit on the number of times a person or party may be deposed, repeat depositions are disfavored …." *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989). Justification for a second deposition may exist when there is an amendment to the pleadings with new theories or claims, a new party appears, or when there is disclosure of previously unknown information. *Botell v. United States*, Case No. 2:11-cv-1545 GEB GGH, 2013 WL 360410, at *8 (E.D. Cal. Jan. 29, 2013) (collecting cases). Nonetheless, the Court has broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). And, whether to grant a request to conduct a second deposition is entrusted to the broad

discretion of the Court. *Couch v. Wan*, Case No. CV F 08-1621 LJO DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012).

Here, Defendants provide no reason, other than their financial limitations, for reopening the depositions of Jane Doe 2 or Ms. Gutierrez, and Defendants do not request the reopening of Ms. Humphries' deposition. ECF No. 340 at 8-10. In the absence of any substantive discussion, and given the history of this case, the Court finds Defendants do not establish good cause to reopen discovery for purposes of taking second depositions of Jane Doe 2 or Ms. Gutierrez.

The Court further finds Defendants' reasons for reopening Ms. DeAngelo and Ms. Menichino's depositions are not well taken. *Id.* at 9. First, the Court reviewed the evidence provided by Defendants—a short exchange during Ms. DeAngelo's deposition—in which she seeks clarification of Defendants' question. ECF No. 341-2. This exchange does not demonstrate a failure or unwillingness to answer questions asked. *Id*. Second, the Court reviewed the portion of Ms. Menichino's deposition transcript provided and finds no evidence that she was drugged. ECF No. 341-1. Ms. Menichino admitted she took medication on the morning of her deposition, a common medication she takes every morning, that she took nothing else, and that she was prepared to answer every question Defendants posed. *Id*. Ms. Menichino admitted that she needed time to answer questions because she found the deposition emotionally challenging. *Id*. The Court concludes the transcripts provided by Defendants do not support that (1) Ms. Menichino was heavily drugged or suffering from a limitation that prevented her from answering questions, or (2) Ms. DeAngelo refused to answer questions.

Moreover, the Court finds no new party has appeared in this case, the theories of the case have not changed, the last amendment to the pleadings occurred on August 2, 2023, before Jane Doe 2, Ms. Gutierrez, Ms. DeAngelo and Ms. Menichino were deposed in September 2023, and no new evidence was disclosed following their depositions. Further, the request to reopen discovery is opposed and, importantly, Defendants fail to state what evidence it is they seek to obtain from these four Plaintiffs. Defendants fail to offer information demonstrating what benefit will come from these depositions in light of the burden on Plaintiffs to prepare and appear for deposition a second time. It is also true that no trial date is set. However, when the Court weighs all factors applicable

to Defendants' request, the Court finds Defendants have not established good cause to reopen discovery so that they may take a second deposition of Jane Doe 2, Ms. Menichino, Ms. DeAngelo, or Ms. Gutierrez. *See Playup, Inc. v. Mintas*, 344 F.R.D. 429, 433-34, 436-37 (D. Nev. 2023); *Muhammad v. California*, Case No. CV 18-4017 JAK (PVC), 2020 WL 13356440, at *10 (C.D. Cal. May 26, 2020).

In some contrast, circumstances pertaining to Jane Doe 1 are such that the Court finds a limited second day of deposition may proceed. Jane Doe 1's deposition occurred before Plaintiff's Third Amended Complaint was filed and also before her therapy records were produced. The content of those records could not have been known to Defendants before receipt of the documents. While, as Plaintiffs contend, Defendants will have an opportunity to cross examine Jane Doe 1 if this matter goes to trial, Defendants were denied the opportunity to ask any questions arising from or related to the content of therapy notes at deposition. Given contentions specific to Jane Doe 1, the Court finds the benefit of a limited second day of deposition outweighs the potential burden of allowing this second deposition to proceed.

The above said, Defendants are limited to ninety (90) minutes of additional deposition time with Jane Doe 1 in which they may inquire *solely and exclusively* into information in therapy records produced after her deposition was taken. Defendants must **not** repeat subject matters covered during Jane Doe 1's first deposition. Defendants are free to ask for Judge Leen (Ret.) to attend and supervise the deposition (at their cost) or the deposition can be set on a date the Court is available to respond to any concerns raised during questioning. If Defendants seek the Court's assistance, Defendants may file, under seal, the entirety of Jane Doe 1's deposition transcript, which the Court will review so that it is fully familiar with its content. Given Defendants are not attorneys the Court emphasizes, again, that the *only* **subject matter** to be covered in the ninety minutes provided **must** relate to information they did not have until the therapy records were provided—**no other substantive topic**. The deposition transcript is to be sealed and used solely and exclusively for purposes of defending this case. Neither the transcript nor Defendants' personal recollections of the content of the second day of Jane Doe 1's deposition are to be posted on the internet in any form or forum. The content is not to be shared orally with family or any other individual unless such

individual is retained as counsel for Defendants. Defendants must not badger Jane Doe 1 through repetitive questions because Jane Doe 1 does not recall or remember information that might be responsive to a question posed. A lack of recollection or memory is an acceptable response to deposition questions. Should Jane Doe 1 later offer information not shared in deposition that is responsive to questions posed, Defendants could point that out to the Court or to a jury as potentially impacting Jane Doe 1's credibility.

        b.    <u>Defendants' Request to Reopen Discovery to Subpoena Four Witnesses</u>.

Defendants argue they should be entitled to reopen discovery for purposes of serving subpoenas on four non-parties because Plaintiffs were permitted to do the same. This argument ignores Federal Rule of Civil Procedure 26 and its limit on discovery. There is nothing in Rule 26 that require parity. Rather, the Rule requires any discovery sought to be proportional to the needs of this case. Defendants fail to recognize the Court approved Plaintiffs' request to issue subpoenas based on substantial evidence demonstrating what and why the information sought was being pursued. ECF No. 332. Moreover, the Court previously considered and rejected Defendants' argument that Plaintiffs violated the Court's Order when Plaintiffs' subpoenas were issued. *Id*.

The Court finds as follows regarding the four subpoenas Defendants seek to serve. The request to subpoena Mr. Pellicano is denied. The information Defendants state they seek from Mr. Pellicano has, at best, limited relevance to the disputed issues in this case and, therefore, is not proportional to the needs of this case. *See* ECF No. 358 at 11 n.6. Specifically, Mr. Pellicano is alleged to have some relationship to a dismissed defendant and, in the absence of any credible evidence, is said to have broken into Defendants' home. Defendants' unsupported allegations fail to demonstrate a basis to reopen discovery for purposes of allowing Mr. Pellicano to be subpoenaed.

The Court also denies the request to subpoena Ms. Cogliandro. Ms. Cogliandro is alleged to be a close associate of Ms. Menichino who supposedly participated in defaming Defendants. However, the Court's review of the docket shows Defendants have no defamation claim against Ms. Menichino. *See* ECF Nos. 67. Reopening discovery for purposes of seeking information from Ms. Cogliandro regarding a claim of defamation in which Ms. Menichino is not named is disproportionate to the needs of this case.

The Court finds Defendants' request to reopen discovery to serve subpoenas on Ms. Breshears and Ms. Stolrow is supported only by the conclusory statements that these women have information relevant and proportionate to the needs of this case. ECF No. 358 at 11 n.3, 4. Further, what information Defendants do offer was first provided in their Reply brief. *See* ECF No. 340; *compare* ECF No. 358 at 11 n.3, 4. By waiting until their Reply brief to provide any information regarding Ms. Breshears and Ms. Stolrow, Defendants deprived Plaintiffs of a meaningful opportunity to respond to Defendants' arguments. *Rose v. Beverly Health and Rehab. Servs., Inc.*, Case No. CV F 06-0067 AWI DLB, 2006 WL 3593472, at *6 (E.D. Cal. Dec. 8, 2006) *citing Pac. Coast Fed. of Fishermen's Ass'n v. U.S. Bureau of Reclamation*, 138 F.Supp.2d 1228, 1248 n.17 (N.D. Cal. 2001) ("It is well established in this circuit that courts typically do not consider arguments raised for the first time in a reply brief, as doing so may unfairly deprive … [the non-moving party] of its opportunity to make a meaningful response."). *See also In re Intuit Privacy Litig.*, 138 F.Supp.2d 1272, 1275 n.3 (C.D. Cal. 2001) (the court need not consider Defendants' arguments as the arguments were raised for the first time in reply).

Defendants accuse Plaintiffs of impeding their ability to serve subpoenas on third party witnesses. However, Defendants fail to state what Plaintiffs or their counsel did that prevented Defendants from serving Ms. Breshears or Ms. Stolrow (if in fact they were not served) during the discovery period applicable to this case. ECF No. 340 *compare* ECF No. 163 at 74-76 (discussing and denying any effort by Plaintiffs to quash 56 subpoenas served by Defendants.). Defendants also return to their argument that Plaintiffs' subpoenas were in violation of a Court Order (ECF No. 340 at 12-14), an assertion rejected by the Court. ECF No. 332.

The Court finds Defendants do not provide evidence of diligence. That is, despite alleged financial limitations, Defendants do not mention the 56 subpoenas they issued in early 2023 that included subpoenas to Ms. Breshears and Ms. Stolrow. ECF No. 163 at 75. *Seel also* ECF No. 141 at 4. Even accepting Defendants have some limited financial resources, Defendants do not explain how they prioritized discovery and whether, in doing so, how they funded the numerous subpoenas issued or why they later chose to subpoena a police department and former counsel for one of the Plaintiffs rather than Ms. Breshears and Ms. Stolrow. *See* ECF No. 268. Defendants offer limited

information in their Reply brief regarding Ms. Breshears and Ms. Stolrow's involvement in alleged defamation; and, the information offered is unsupported by any evidence. ECF No. 358 at 11 n.3, 4. Given Defendants' contentions that these women allegedly published defamatory content on social media, it is unclear why such evidence could not have been provided to the Court. *Id*.

Discovery commenced in this case in May 2022 (ECF No. 46) and was extended multiple times (ECF Nos. 66, 90, 96, 146, 220) until discovery closed on September 29, 2023. ECF No. 220. There was sixteen months during which Defendants could have pursued Ms. Breshears and Ms. Stolrow. Defendants proffer that they now have resources to conduct this third party discovery. However, in light of the evidence creating some question about their historic inability to do so, this assertion alone does not warrant reopening discovery six months after it closed.

The Court weighed all factors it must when considering a request to reopen discovery for purposes of conducting third-party discovery. After doing so, the Court finds the short conclusory sentences offered by Defendants in their Reply brief identifying the information sought does not support a finding of proportionality. ECF No. 358 at 11 n.3-6. Whether Defendants were diligent in pursuing this discovery is also questionable.

**III.    Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Leave to Reopen Discovery on a Narrowed Scope (ECF No. 340) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is reopened for a period of thirty (30) days measured from the date of this Order to allow Defendants to schedule and depose Jane Doe 1 for a second time consistent with the terms of this Order.

IT IS FURTHER ORDERED that Defendants' Motion to Reopen Discovery is denied in all other respect.

Dated this 17th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE