Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
(310)-499-8702
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
(310)-499-8930
Worldofdusty@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | Case No. 2:21-cv-01412-ART-EJY<br><br>**DEFENDANTS' REQUEST FOR A TWO-WEEK EXTENSION TO REPLY TO ECF NO. 377 (PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT)** |

  Defendants hereby file their request and motion for a two-week extension to file their reply to Plaintiffs' response, (ECF No. 377), to Defendants' Motion to Supplement (at ECF No. 371), due to the *extraordinary circumstance* pertaining to the surgery and delivery of their first-born child which will now occur on **August 8th, 2024**.

1
DEFENDANTS' REQUEST FOR AN EXTENSION TO REPLY TO ECF NO. 377
(PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT)

Defendants previously requested an extension of Jane Doe 1's deposition which was GRANTED (ECF No. 370), until September 30th, 2024 due to their pregnancy, to reduce risk to their child and to allow until after the birth of their child and recovery to schedule the deposition. Plaintiffs respectfully request a short two-week extension pursuant to the same *extraordinary circumstance* pertaining to the unforeseen difficulties regarding the procedure and delivery of their child to assure the final days before delivery come without any further risk.

To briefly address the circumstance, Plaintiffs' doctor, (who they have been with for the entirety of their pregnancy), cancelled the previously scheduled delivery and informed Plaintiffs that they would need to find a new doctor and new hospital to deliver their baby just *eighteen days* before the delivery date. Plaintiffs have found a new doctor and hospital however; the new location is hours away from Plaintiffs' home, spending the last week back and forth to familiarize themselves in preparation for the delivery. Plaintiffs are with their doctor this week and delivering on Thursday August 8th, and therefore, Plaintiffs request for a short, two-week extension to submit their reply to Plaintiffs' opposition to Defendant's Motion to Supplement to assure the final days before delivery come without any further risk.

On July 31st, 2024, Plaintiffs filed their opposition, (ECF No. 377), to Defendants' motion to supplement (at ECF No. 371), making Defendants' reply to Plaintiffs' response due on August 7th, 2024, just one day before Plaintiffs' scheduled surgery and delivery of their child on August 8th, 2024. Plaintiffs respectfully request a short two-week extension to submit their reply to ECF No. 377, given the nature of the *extraordinary circumstance*.

Plaintiffs attempted to confer via telephone call with Plaintiffs' counsel on three occasions but they refused to confer per Nevada Local Rules[1] and instead stated via email[2] that they **do not oppose** a two-week extension for Defendants to file their reply, making Defendants' reply due on the 21st of August, 2024.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request a short two-week extension to file their reply to ECF No. 377 to allow appropriate time at the hospital the day prior to the scheduled delivery of their child on August 8th, 2024 and to ensure there are no further risks regarding the procedure and delivery.

---

[1] Plaintiffs filed a motion intentionally lying to the Court stating "Plaintiffs attempted to confer with Defendants and asked them to withdraw and seal the federal case at issue, and they refused to do so." (McCawley Decl. ¶ 7). Ms. McCawley lied in her declaration (shown in exhibits attached) proving Defendants made at least seven attempts to schedule a meet and confer on their way home from a doctor's appointment as Defendants filed a lawsuit in the District Court of New Hampshire against Jane Doe 1's parents, a woman they have never met, seeking the justice they deserve. (See ECF No. 372, Plaintiffs' emergency motion for sanctions and request for an order forcing Defendants to dismiss their complaint filed in New Hampshire which Plaintiffs' counsel is not licensed to practice in, in an effort to prevent Defendants from seeking legal recourse). See case 1:24-cv-220-SM-AJ. Prior to Plaintiffs filing their emergency motion – Defendants filed an emergency motion for Judicial Reprimand against Plaintiffs' counsel after they threatened and intimidated them in an attempt to force them to dismiss their complaint in New Hampshire against Jane Doe 1's parents, therapist and previous attorney for fraud and civil conspiracy amongst other claims.

[2] Prior to Plaintiffs requesting the Court to circumvent its own local rules in order to cater to their misconduct and allow them to proceed in this litigation without conferring with Defendants at all, Plaintiffs' counsel have already chosen to disregard the local rules and refused to confer on multiple occasions including as late as August 6th, 2024 for this instant motion. While simultaneously asking the Court to force Defendants to communicate via email, Plaintiffs are also refusing to communicate via email (ECF No. 372), thus assuring their absence from this litigation would bias the case. Plaintiffs are attempting to punish us by refusing to communicate thus, abandoning their ethical obligations in Nevada following Defendants' filings of multiple Federal complaints against them in other Federal courts – see cases: 1:24-cv-5888-UA Button et al v. The New York Times Company (which includes claims against Plaintiffs' attorneys Lindsey Ruff and Sabina Mariella amongst others), case 0:24-cv-60911-DSL Button et al v McCawley; case 1:24-cv-03757-MKV Button et al v. Breshears; case 1:24-cv-05026-JPC Button et al v. Doherty et al (against former Plaintiff Juliet Doherty for sexual assault and malicious prosecution); case 1:24-cv-220-SM-AJ Button et al v. Hickle et al against Jane Doe 1's parents, her therapist and previous attorney.

Respectfully dated this 6th day of August, 2024,

_____

Mitchell Taylor Button and Dusty Button

*(Pro se)*

IT IS HEREBY ORDERED that Defendants' Request for Two-Week Extension (ECF No. 380) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Reply to their Motion to Supplement (ECF No. 371) is due August 21, 2024.

Dated this 8th day of August, 2024.

_____

U.S. Magistrate Judge