UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Emergency Motion for Sanctions and for an Order Compelling Defendants' Adherence to the Court's Protective Orders. ECF No. 372. This Motion arises from filings in the U.S. District Court for the District of New Hampshire. Also pending is Defendants' Emergency Motion and Request for Judicial Discipline Against Plaintiffs' Counsel and Motion to Supplement Defendants' Response to Plaintiffs' Emergency Motion for Sanctions. ECF Nos. 375, 381.

As a preliminary matter, and as the parties know or should know, I cannot issue an Order directing the District of New Hampshire to take any particular action. Nonetheless, it is beyond debate that I have entered several Orders regarding confidentiality requiring the non-public disclosure of Jane Doe 1's name, personal information, and materials marked as confidential or highly confidential produced in this case. A non-exclusive list of these Orders includes ECF Nos. 51 (a protective order), 53 (also another protective order), 163 at 61-62 (including that materials disclosed in discovery could be used for no purpose other than the instant litigation), and 166 (a supplemental stipulated protective order). On July 19, 2024, the Buttons filed an action in the District of New Hampshire against Jane Doe's parents, as well as an attorney and therapist associated with Jane Doe 1.[1] My review of the docket in the New Hampshire matter shows numerous

---

[1] U.S. Dist. Court for the District of New Hampshire Case No. 1:24-cv-220-SM-AJ.

1

documents were filed many of which are now sealed. Despite the filing of sealed documents Plaintiffs demonstrate that redacted versions of filings contain the names of Jane Doe's family members and other confidential information in violation of my prior Orders. Defendants say Plaintiffs misrepresent the facts. As stated, my review reveals the contrary.

The disclosure of information that could only come from confidential deposition testimony or medical records violates the Court's Order making clear that once such information is obtained it cannot be used for any purpose other than this litigation. Said plainly, this Court's Orders establish that certain information disclosed in this case cannot be used in other cases even when related and in federal court. *See Silicon Genesis Corporation v. EV Group E. Thallner GMBH*, Case No. 22-cv-04986-JSC, 2023 WL 6882749, at *3 (N.D. Cal. Oct. 18, 2023). Defendants are mistaken when they contend Plaintiffs' counsel was out of line when demanding compliance with this Court's Orders. With respect to violation of Ethics Opinion No. 1983-73, Defendants are incorrect. Defendants are in violation of this Court's numerous, well documented Orders regarding confidentiality. *See Gayler v. High Desert State Prison*, Case No. 2:17-CV-02429-JAD-EJY, 2020 WL 1149894 (D. Nev. Mar. 9, 2020).[2]

While I find Defendants' conduct in violation of the Court's Orders, I do, as I have previously, provide guidance and an opportunity for compliance. To ensure the Buttons have access to the Courts, I reiterate that **no further public filing** of any information **derived from** or **documents marked as "Confidential" or "Highly Confidential"** produced in this case may be used in **any other litigation or for any public purpose of any kind** without filing the **entirety** of the information and or document **under seal**. This includes any discussion, reference to, or display of the content of confidential or highly confidential information. The public filing of euphemisms or paraphrasing of the contents of confidential or highly confidential information violates the terms of this Order.[3] Filing a document on the publicly available docket along with a motion to seal does **not** meet the requirements of this Order.

---

[2] The Court finds no violation of the duty to meet and confer with respect to either Plaintiffs' or Defendants' Motion as the relationship between the parties, for good reason, does no portend that this process would lead to anything other than further animosity.

[3] Courts around the country allow provisional (temporary) sealing while the court considers a motion to seal.

The Court has been lenient with Defendants who proceed *pro se*, and have been given every opportunity to understand these proceedings and comply with Court Orders. Defendants **must** abide by the confidentiality requirements imposed by this Court or risk sanctions—including the striking of an answer or other case ending sanctions. **Failure to comply with this Order will result in consideration of severe sanctions**.

Finally, the Court takes this opportunity to remind Defendants that use of threatening language, pictures, and memes will not be tolerated. *See* ECF Nos. 378 at 8-9; 378-2 at 2; 378-3; 378-4; 378-5. Plaintiffs' counsel's communication does not include similar language or threats, but is direct and relevant to the litigation. Defendants must stop the personal *ad hominem* attacks on Plaintiffs' counsel or severe sanctions will be considered.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion for Sanctions and for an Order Compelling Defendants' Adherence to the Court's Protective Orders (ECF No. 372) is GRANTED to the extent Defendants must comply with this Court's Orders pertaining to confidentiality. Plaintiffs' request for sanction is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendants' Emergency Motion and Request for Judicial Discipline Against Plaintiffs' Counsel and Motion to Supplement Defendants' Response to Plaintiffs' Emergency Motion for Sanctions (ECF Nos. 375, 381) are DENIED.

Dated this 21st day of November, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE