UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Emergency Motion seeking to compel the production of the transcript from the second deposition of Jane Doe 1. Defendants admit they "previously submitted a motion requesting the Court order the Plaintiffs to provide the Defendants with Jane Doe 1's deposition transcript following her second deposition …" ECF No. 436 at 4 *citing* ECF No. 432. Thus, the Court treats the instant Motion as one for reconsideration.

Motions for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) and 60(b). Rule 60(b) is not applicable here. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). United States District Court for the District of Nevada Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank,*

1

1  *N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) *citing*
2  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

3        Plaintiffs offer no argument regarding a change in the law or newly discovered facts that
4  would warrant reconsideration of the Court's prior Order. However, Defendants argue what the
5  Court liberally interprets as a manifest injustice argument if Plaintiffs have access to the transcript,
6  but Defendants do not.

7        The federal rules also do not entitle *pro se* defendants who have been granted *in forma*
8  *pauperis* status to shift his costs of discovery or other costs of his litigation to plaintiffs. *United*
9  *States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the expenditure of public funds [on behalf of an
10 indigent litigant] is proper only when authorized by Congress); *Tedder v. Odel*, 890 F.2d 210 (9th
11 Cir. 1989) (same) (citations omitted); *Shepherd v. Neuschmid*, Case No. 2:19-cv-0084 JAM DBP,
12 2021 WL 1172915, at *7 (E.D. Cal. Mar. 29, 2021) ("Plaintiff's in forma pauperis status does not
13 entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must
14 pay the necessary deposition officer fee, court reporter fee, and costs for a transcript"); *Murray v.*
15 *Palmer*, Case No. 903-CV-1010 (DNH/GHL), 2006 WL 2516485, at *4, (N.D.N.Y. Aug. 29, 2006)
16 ("Although Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, such status
17 does not relieve him of the duty to pay his share of the cost of discovery (or somehow shift that cost
18 to either Defendants or the Court)."). In addition, the *in forma pauperis statute*, 28 U.S.C. § 1915,
19 provides for the payment of filing fee and service of process only.

20       The Court further notes that Federal Rule of Civil Procedure 30(f)(3), and a host of cases
21 relying upon the Rule, counsels against granting Defendants' request for a free copy of Jane Doe 1's
22 deposition transcript. This Rule provides that deposition transcripts are to be furnished *by the court*
23 *reporter* "[w]hen paid reasonable charges" on behalf of the requesting party. Fed. R. Civ. P. 30(f)(3).
24 *See also Roan v. United Parcel Serv., Inc.*, Case No. 3:17-1178, 2019 WL 1596736, at *5 (M.D.
25 Tenn. Apr. 15, 2019) ("[Defendants] are entitled to rely upon excerpts of Plaintiff's deposition
26 transcript and are not required to provide Plaintiff with a free copy of his full deposition transcript.");
27 *Brown v. Winman*, Case No. 5:15-CV-59-BO, 2016 WL 7335601, at *2 (E.D.N.C. Dec. 16, 2016)
28 ("Defendant has filed relevant portions of the deposition transcript as used in his motions, the Court

has not ordered that the transcript in full be filed, and plaintiff is not entitled to obtain a copy for free by circumventing the Rules of Civil Procedure and requesting a copy directly from defendant."); *Schroer v. United States*, 250 F.R.D. 531 (D. Colo. May 9, 2008) ("The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court.").

In sum, the Court finds no support in law or fact for Defendants' position. Defendants indicate the cost of the transcript at issue is $140.00, which the Court does not minimize, but also, in light of the history of this case, does not find insurmountable who have provided insufficient evidence to support the contention that this amount cannot be paid.

Accordingly, IT IS HEREBY ORDERED that Defendants' Emergency Motion seeking to compel the production of the transcript from the second deposition of Jane Doe 1 (ECF No. 436) is DENIED.

Dated this 6th day of January 2025.

                                          ELAYNA J. YOUCHAH
                                          UNITED STATES MAGISTRATE JUDGE