UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAGE HUMPHRIES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Seal (ECF No. 438) seeking to seal certain exhibits filed in support of their Motion for Summary Judgment (ECF No. 437).

**I.   Legal Standard**

Courts have recognized a general right of the public to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). The strong presumption of public access must be overcome by a party seeking to seal a judicial record. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178). Under this standard, a party must demonstrate "a compelling reason and [articulate] a factual basis ... without relying on hypothesis or conjecture" to justify sealing court records. *Ctr. for Auto Safety*, 809 F.3d at 1096–97. The "compelling reason" standard applies to any motion "more than tangentially related to the merits of a case[,]" but especially applies to dispositive motions. *Id*. at 1100–01. What constitutes a compelling reason is within the discretion of the District Court, including items that could "'gratify private spite or promote public scandal[.]'" *Id*. at 1097.

**II.   Discussion**

Plaintiffs' Motion seeks to seal twelve exhibits filed in support of their Motion for Summary Judgment including Exhibits A, B, X, Z, and AA through HH. ECF No. 438 at 2-3. Sealing Exhibits A and B is only supported by the assertion that both were designated as confidential by Defendants according to the terms of a prior Supplemental Protective Order. *Id.* (citing ECF No. 166 at ¶ 10).

1

"[C]onfidential categorization of discovery documents under ... [a] protective order ... [is] not a guarantee of confidentiality, especially in the event of a court filing." *Kamakana*, 447 F.3d at 1184. The Court therefore denies the portion of the Motion seeking to seal Exhibits A and B without prejudice.

As to the remaining ten exhibits addressed by the Motion, Plaintiffs justify the request to seal based on the personal and medical information contained within the exhibits. Plaintiffs aver that Exhibits DD through HH include personal health information of various named parties, that Exhibit BB contains the full name of Jane Doe 1, and that Exhibits X, Z, AA, and CC each contain information that could potentially lead to the identity of the Jane Doe Plaintiffs. ECF No. 438 at 3-4. Moreover, numerous Ninth Circuit cases hold that an individual's privacy interests outweigh the public interest in disclosure. *See Gary v. Unum Life Ins. Co. of Am.*, 2018 WL 1811470 (D. Or. Apr. 17, 2018) (collecting cases). The Court grants the Motion to Seal exhibits revealing the identities of Jane Doe Plaintiffs (Exhibits X, Z, and AA through CC) as well as Exhibits DD through HH relating to personal and medical information.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Seal (ECF No. 438) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits X, Z, and AA through HH, found at ECF No. 439-2 through 439-11, are and shall remain sealed.

IT IS FURTHER ORDERED that Exhibits A and B are provisionally sealed. Plaintiffs must file a motion to seal with respect to Exhibits A and B providing compelling reasons for sealing both.

Dated this 7th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE