UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No 2:21-cv-01412-ART-EJY<br><br>ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE ORDERS<br>(ECF Nos. 345, 350, 363, 364, 365) |

Before the Court are several objections by Defendants to pretrial orders issued by Magistrate Judge Elayna J. Youchah (ECF Nos 345, 350, 363, 364, and 365.) Each of these objections are addressed in turn. For the reasons discussed, the Court overrules each of Defendants' objections.

I. **Standard of Review**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting

*Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D.Cal. Mar.16, 1998)).

## II. Analysis

### A. ECF No. 345 – Defendants' Objection to ECF No. 332

Judge Youchah issued an order denying Defendants' Motion to Quash Third-Party Subpoenas (ECF No. 272) and denying Defendants' Emergency Motion to Supplement the Motion to Quash (ECF No. 279) as moot. (ECF No. 332.) Plaintiffs contended that the subpoenas at issue violated the Court's August 1, 2023 order because the order stated that no other subpoenas other than those specifically granted could be served, and that they were untimely under Fed. R. Civ. P. 45.

Judge Youchah denied the Motion to Quash because (1) the subpoenas did not violate the Court's prior August 1, 2023 order, (2) the subpoenas were not procedurally flawed, and (3) Defendants' lacked standing to challenge the third-party subpoenas at issue.

The Court's August 1, 2023 ruling from the bench stated that Plaintiffs could submit to the Court an order that would "help them in any way it can for Youtube and Google to get additional information." (ECF No. 222 at 57.) Judge Youchah thus found that "[t]he Court was clear that it would assist Plaintiffs in their permitted attempts to gather the additional evidence the Court required before serious sanctions could be recommended." (ECF No. 332 at 3.) While Judge Youchah's denial of the Motion to Quash noted that Defendants' confusion was understandable, her finding that the subpoenas at issue did not violate her August 1, 2023 ruling was therefore not clearly erroneous nor contrary to law.

Judge Youchah also found that the subpoenas at issue were not procedurally flawed. Discovery closed on Friday September 29, 2023. (ECF No. 222 at 79.) One subpoena was served a few days late, on Tuesday October 3, 2023 (after an unsuccessful attempt before the close of discovery). (ECF No. 286 at 13-14.) Judge Youchah found that "[t]he Court could require briefing on

reopening discovery to allow the one untimely subpoena to be served, but the Court finds doing so would be inefficient and outside the goals set in Rule 1 of the Federal Rules of Civil Procedure," and that "Federal Rule of Civil Procedure 1 states, in pertinent part, that the entirety of Rules are to be 'construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" (ECF No. 332 at 3.) Judge Youchah also found that Defendants' argument regarding the failure to provide seven days' notice prior to service of subpoenas relied on law applicable to Nevada state court proceedings, and not to proceedings in federal court, citing *Stroud v. Cook*, 931 F. Supp. 733, 736 (D. Nev. 1996), and Nev. R. Civ. P. 45(a)(4)(A). Finally, Judge Youchah noted that misidentification of Defendant Mitchell Button as "Michael" button on one subpoena was not a basis to quash, citing *United States v. Colima-Monge,* Case No. CRIM. 96–305–FR, 1997 WL 325318, at *4 n.3 (D. Or. June 6, 1997). Judge Youchah's determination under Fed. R. Civ. P. 1 not to require briefing to reopen discovery for one subpoena to be served just a few days late (after an attempt at service before discovery closed), as well as her findings that Defendants' arguments relied on inapplicable law and provided no basis to quash the subpoenas were not clearly erroneous or contrary to law.

Most importantly, Judge Youchah found that Defendants lacked standing to challenge the third party subpoenas at issue, citing to *First Am. Title Ins. Co. v. Com. Assocs.,* Case No. 2:15-cv-832-RFB-VCF, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017) ("[A] party lacks standing . . . to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."). Plaintiffs failed to offer any argument as to this issue and asserted no personal right or privilege associated with the information being subpoenaed. Judge Youchah's determination that Defendants lacked standing to challenge the third-party subpoenas was thus not clearly

1  erroneous nor contrary to law.

2      Additionally, Defendants argue that Judge Youchah erred in not
3  considering new arguments in their reply (ECF No. 290). It is not clear error nor
4  contrary to law to decline to consider arguments raised for the first time in a
5  reply. Such arguments are considered waived. *Autotel v. Nevada Bell Tel. Co.*, 697
6  F.3d 846, 852 n.3 (9th Cir. 2012). "It is well established in this circuit that courts
7  typically do not consider arguments raised for the first time in a reply brief, as
8  doing so may unfairly deprive [the nonmoving party] of its opportunity to make a
9  meaningful response." *Rose v. Beverly Health & Rehab. Servs., Inc.*, No. CVF06-
10 0067AWIDLB, 2006 WL 3593472, at *7 (E.D. Cal. Dec. 8, 2006), *aff'd*, 295 F.
11 App'x 142 (9th Cir. 2008) (citing *Pacific Coast Federation of Fishermen's Ass'n v.*
12 *U.S. Bureau of Reclamation,* 138 F. Supp. 2d 1228, 1248 n.17 (N.D. Cal. 2001)).

13     Because Judge Youchah's order denying Defendants' Motion to Quash
14 Third-Party Subpoenas (ECF No. 272) was not clearly erroneous or contrary to
15 law, Defendants' objection to this order (ECF No. 345) is OVERRULED.

### 1. ECF No. 371 – Defendants' Motion to Supplement ECF No. 345

18     Over three months after filing their objection, Defendants filed a Motion to
19 Supplement their objection (ECF No. 371), to which Plaintiffs objected (ECF No.
20 377). Under the District of Nevada Local Rules, "[a] party may not file
21 supplemental pleadings, briefs, authorities, or evidence without leave of court
22 granted for good cause." LR 7–2(g). Good cause exists where a party seeking to
23 supplement does so in a reasonably diligent manner, and good cause will only be
24 found if the proposed supplemental briefing will make a substantive difference.
25 *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, 2022 WL 3159324, at *3–4 (D. Nev. Aug. 6,
26 2022).

27     Defendants fail to make any argument as to why there is good cause to
28 supplement their briefing. The motion was filed over three months after the

4

original objection, with no explanation for the need to supplement. The motion states that it contains "new evidence" pertaining to the objection, however, Defendants do not explain how the evidence is new or why this evidence and these arguments were not available at the time they filed their original objection.

Defendants have failed to show good cause to supplement their objection, and the Court therefore DENIES this motion.

## B. ECF No. 350 – Defendants' Objection to ECF No. 327

Judge Youchah issued an order denying Defendants' Motion for Case-Ending Sanctions (ECF No. 308, 310), finding that there was no factually supported basis to award sanctions against Plaintiffs. (ECF No. 327.)

Judge Youchah's order noted that Defendants did not specify under which source they relied in requesting sanctions, which may be awarded under Fed. R. Civ. P. 37, the Court's inherent authority, or 28 U.S.C. § 1927. Judge Youchah then analyzed each of Defendants' nine instances that they contend show that Plaintiffs committed fraud on the Court. The order found that under any of the potential sources, Defendants failed to show that case-ending sanctions were warranted. The Court now reviews this analysis for clear error.

Defendants' first contention is that Jane Doe 1 testified falsely at a deposition regarding her contacts with the media. Judge Youchah found that this was an attack on Plaintiffs' credibility properly raised before a jury, and that Defendants failed to meet their burden of providing fraud on the Court, which requires an "unconscionable plan or scheme" to improperly influence a court's decision. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015). The Court agrees. Because there was no evidence that this testimony was part of such a scheme, this testimony was not a basis for imposing case terminating sanctions.

Defendants' second contention is that counsel referred Jane Doe 1 to a therapist so that she could disclose information about her allegations and ensure that the complaint could not be challenged as fabricated. Judge Youchah found

1 that this action was not fraud on the Court because therapy notes were not
2 necessary for Plaintiffs to successfully plead their claims in the complaint under
3 Fed. R. Civ. P. 8(a)(2). The alleged failure to disclose Jane Doe 1's therapeutic
4 history at the time of the complaint does not show a scheme or plan designed to
5 improperly influence the Court. The Court agrees that Defendants presented no
6 evidence that this alleged failure to disclose was part of a scheme to improperly
7 influence the Court.

8 Defendants' third contention is that Jane Doe 1 made a misrepresentation
9 in her deposition testimony when she stated that she had not filed a police report,
10 but had been interviewed by the Department of Justice ("DOJ"). Judge Youchah
11 found that this testimony was not inconsistent because these are different
12 actions, and thus did not equate to a substantive misrepresentation. The Court
13 agrees that this is not a substantive misrepresentation, thus, this allegation does
14 not show fraud on the Court.

15 Defendants' fourth contention revolves around a police report that
16 Defendants allege they never received. Judge Youchah's order noted that the
17 police report was produced in September 2022, and any statements in the report
18 may be used to challenge Ms. Humphries' version of events or credibility but are
19 not a basis for sanctions. Judge Youchah reminded the parties, via language from
20 a previous order, that disagreement with the other side's presentation of facts is
21 not a basis for sanctions. The Court agrees that disagreement with the substance
22 of another parties' version of events is not a basis for sanctions, and Defendants
23 presented no evidence showing that this was part of a scheme to improperly
24 influence the Court.

25 Defendants' fifth contention is regarding information from Ms. Humphries
26 iPhone. Judge Youchah found that this issue had already been thoroughly
27 considered in a previous order, and that Ms. Humphries advocacy around the
28 misuse of her iPhone is not a basis to award sanctions. The Court agrees. This

1  issue was already discussed thoroughly in a prior order and resulted in sanctions
2  against Defendants. (ECF No. 104.) The previous order found that Defendants'
3  disclosure of documents from the iPhone willfully violated the orders of another
4  court and ordered Defendants to turn over said information. (*Id.*) Defendants
5  provide no evidence that Ms. Humphries advocacy regarding the misuse of
6  information on her iPhone is part of a scheme to improperly influence the Court.

7  Defendants' sixth contention alleges that Plaintiffs engaged in witness
8  tampering. Judge Youchah found this was unsupported by any facts. The Court
9  agrees. Defendants solely stated that in September of 2023, they were told by "a
10 potential witness" that Plaintiffs had ordered them "withhold evidence from
11 Defendants and to avoid contact or questioning of any kind." (ECF No. 308 at 28.)
12 Defendants fail to present facts from which a Court could find a basis to award
13 sanctions.

14 Defendants' seventh contention raises a statute of limitations argument.
15 Judge Youchah's order found that this argument is properly presented in a
16 motion, and not as a basis for sanctions, citing *Jun-En Enter. v. Lin*, No. CV 12-
17 2734 PSG (SSX), 2013 WL 12126114, at *3 (C.D. Cal. Dec. 23, 2013), *aff'd in part,*
18 *vacated in part, remanded*, 654 F. Appx. 347 (9th Cir. 2016). The Court agrees.
19 The case law cited by Judge Youchah states that bringing a time-barred claim
20 does not warrant sanctions except in rare and exceptional circumstances. *Id.*
21 Such circumstances are not present here.

22 Defendants' eighth contention is related to subpoenas served by Plaintiffs
23 on third parties, discussed above in the section regarding ECF No. 345. Judge
24 Youchah found that this argument is identical to the argument in the then-
25 pending motion to quash and would be addressed in an order on that motion.
26 Judge Youchah also found that the Court's August 1, 2023 order permitted
27 Plaintiffs' to conduct additional discovery, which they sought through these
28 subpoenas, and sanctions would not be issued based on that effort. For the

7

reasons addressed above—namely, that the Court agrees with Judge Youchah's finding that the subpoenas did not violate her prior order—the Court agrees that this is not a basis for sanctions.

Defendants' ninth contention is regarding a statement made by Plaintiffs' counsel, that agreeing on a date for a settlement conference might be difficult because of Plaintiffs' demanding work schedules. Defendants argue that this was deceptive because Plaintiffs seek damages for loss of work due to trauma from Defendants. Judge Youchah found that "[t]he fact that Plaintiffs are currently working is not evidence of fraud on the court. The events at issue go back years. Plaintiffs' current employment status does not preclude the possibility that, at one time, subject to proof, they were supposedly unable to work due to Defendants' conduct." (ECF No. 327 at 7.) The Court agrees. This statement, like the others, does not rise to the level of fraud upon the Court.

For the foregoing reasons, the Court finds that Judge Youchah's order denying Defendants' Motion for Case-Ending Sanctions (ECF No. 327) was not clearly erroneous or contrary to law. Defendants' objections to this order (ECF No. 350) are OVERRULED.

### C. ECF No. 363 – Defendants' Objection to ECF No. 360

Judge Youchah issued an order denying two Motions to Reconsider (ECF Nos. 333; 334) her prior ruling at ECF No. 220, which denied Motions (ECF Nos. 219; 285) for Rule 11 Sanctions against Plaintiffs. (ECF No. 360.)

The standard for a motion to reconsider under Fed. R. Civ. P. 59(e), as stated by Judge Youchah's order, is as follows: "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). This Court's Local Rule 59-1 states: "The court possesses the inherent power to reconsider an

interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

Judge Youchah's order found that Defendants fail to meet the applicable standard to warrant reconsideration. Defendants did not allege any new facts or proffer any intervening change in law. Rather, Defendants seem to argue that the Court committed clear error in denying the motions for Rule 11 sanctions.

Judge Youchah's order found that Defendants' motions for reconsideration "rehash arguments and evidence Defendants previously presented, which the Court considered, discussed, and found inadequate to warrant Rule 11 sanctions." (ECF No. 360 at 2.) The order stated that Defendants' disagreement over the veracity of Plaintiffs' allegations is properly litigated in a motion for summary judgment or at trial and does not warrant Rule 11 sanctions. It further found that Defendants' argument that Plaintiffs' counsel did not properly investigate the facts before filing this case is undermined by the "the detail in Plaintiffs' pleadings and ongoing evidence in this case," and that that Defendants failed to meet the high bar for demonstrating that Rule 11 sanctions are warranted because a case is "truly frivolous," citing *Phoenix Modular Elevator, Inc. v T.L. Shield & Assoc.*, Case No. CV 14-00339-RGK (PLAX), 2014 WL 12569393, at *2 (C.D. Cal. Dec. 16, 2014). (*Id.* at 4.)

The Court agrees. Defendants' motions for reconsideration revolve around factual disputes and allegations that Defendants are right and Plaintiffs are wrong. As previously discussed, this is not a basis for sanctions. Defendants also fail to demonstrate that their case was truly frivolous in their motions for sanctions. A complaint is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Phoenix Modular Elevator*, 2014 WL

12569393, at *2. Again, Defendants' argument that this case is frivolous revolves around a dispute as to whether Plaintiffs' allegations are false—a factual question appropriate for the jury. Defendants' assertions that Plaintiffs' statements in support of their case are false does not make their claim baseless. *See Smith Enter. Inc. v. Hammonds*, No. CV-13-01773-PHX-GMS, 2014 WL 887807, at *5 (D. Ariz. Mar. 6, 2014) (Rule 11 sanctions not appropriate even where lawsuit appeared to be an "extremely disproportionate response" to the actions of the defendant); *see also Himaka v. Buddhist Churches of Am.*, 917 F. Supp. 698, 710-11 (N.D. Cal. 1995); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1330 (9th Cir. 1989).

Additionally, Defendants provide no basis for reconsideration. They fail to demonstrate that Judge Youchah committed clear error, and simply rehash the same arguments made in their original motion for sanctions. These factual arguments—which Judge Youchah has already explained are not a basis for sanctions—do not warrant reconsideration. "A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented." *Mkhitaryan v. U.S. Bank, N.A.*, No. 2:11-CV-01055-JCM, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) (citing *Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D.Cal.2001)).

Finally, Defendants contend that Judge Youchah decided their second motion for sanctions without reading it (ECF No. 219), arguing that it would have been "impossible" for the Court to review the motion because it was filed the night before the hearing. (ECF No. 333 at 5-8.) The Court heard argument on the motion at oral argument before ruling. (ECF No. 222 at 74.) Defendants' assertion that the Court did not consider the motion lacks any real basis.

The Court finds that Judge Youchah did not commit clear error in denying

10

1 Defendants Motions for Reconsideration. Defendants' objections to this order
2 (ECF No. 363) are OVERRULED.

### D. ECF No. 364 – Defendants' Objection to ECF No. 361

Judge Youchah issued an order denying Defendants' Motion for the Court to Use the Correct Caption and Examine Imperative Facts (ECF No. 329) and Motion Seeking a Court Order to Remove Juliet Doherty from the Case Caption (ECF No. 342). (ECF No. 361.)

In the order, Judge Youchah denied as moot the request in both motions to correct the case caption because Juliet Doherty's name had since been removed from the case caption. The docket reflects that Juliet Doherty was "terminated" as a Plaintiff on February 24, 2023, pursuant to her voluntary dismissal at ECF No. 132. Defendants are correct that the caption of the Court's order at ECF No. 327 did contain Ms. Doherty's name. However, the case caption of Judge Youchah's order denying this request as moot (ECF No. 364) did not include Ms. Doherty, nor have any of the Court's subsequent orders. The Court finds that Judge Youchah's decision to deny this request as moot was not clearly erroneous or contrary to law.

Judge Youchah also denied Defendants' motion as to the request to examine imperative facts, which Judge Youchah construed as a motion seeking reconsideration of prior orders. Defendants' motion discusses several disagreements with Judge Youchah's order regarding the due date for dispositive motions (ECF No. 330) and her order denying their motion for case-ending sanctions, discussed above (ECF No. 327.) The Court agrees with Judge Youchah that Defendants failed to meet the requirements for reconsideration under Rule 59(e) as they presented no new evidence nor a change in controlling law, and failed to show that the Court committed clear error. *See Orange Street*, 179 F.3d at 665. Rather, Defendants rehash factual disputes related to their arguments for case-ending sanctions which were already addressed by Judge Youchah's

11

prior order.

The Court therefore finds that Judge Youchah's decision to deny these motions was not clearly erroneous or contrary to law. Defendants' objections to this order (ECF No. 364) are OVERRULED.

### E. ECF No. 365 – Defendants' Objection to ECF No. 362

Judge Youchah issued an order granting in part and denying in part Defendants' motion to reopen discovery (ECF No. 362). Defendants motion requested to (1) depose five plaintiffs a second time, and (2) reopen discovery to serve subpoenas on four non-parties. (ECF No. 340.)

As stated in Judge Youchah's order, to modify a scheduling order, the moving party "must show good cause …, which requires courts to consider whether trial is imminent, the request is opposed, the non-moving party would be prejudiced, and the moving party was diligent in seeking timely discovery, as well as the foreseeability of the need for additional discovery and the likelihood that the discovery will lead to relevant evidence." *Alcantara v. Bodega Latina Corp.*, Case No. 2:18-cv-00882-JAD-BNW, 2021 WL 1771870, at *1 (D. Nev. May 3, 2021) (internal quote marks and citations omitted). Judge Youchah viewed Defendants' motion with some leniency as they are *pro se*. (ECF No. 362 at 3.)

### 1. Partial Denial of Motion to Reopen Depositions

Under Fed. R. Civ. P. 30(a)(2)(A)(ii), depositions are limited to one deposition of an opposing party or witness. Leave of the court is required when a party seeks to conduct a second deposition, which a court may grant consistent with Fed. R. Civ. P. 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Repeat depositions are disfavored and a party seeking a second deposition must show good cause. *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 433 (D. Nev. 2023). Good cause for a second deposition "may exist in light of amendment to the pleadings with new theories or claims, appearance of new parties, and disclosure of previously unknown information." *Id.* at 434.

12

1        Defendants requested to reopen the depositions of Jane Doe 1, Jane Doe
2   2, Ms. Gutierrez, Ms. Menichino, and Ms. DeAngelo. (ECF No. 340 at 8.) Judge
3   Youchah's order found good cause to reopen the deposition of Jane Doe 1, but
4   that no good cause existed to reopen the other four depositions.
5        First, the order found that Defendants rationale to reopen the depositions
6   of Jane Doe 2 and Ms. Gutierrez—that they have secured financial support which
7   will allow them to "complete" these depositions—did not establish good cause.
8   Next, Judge Youchah found that the evidence provided by Defendants did not
9   support Defendants' rationales for reopening the depositions of Ms. DeAngelo and
10  Ms. Menichino. As to Ms. DeAngelo, Defendants argued that she responded "with
11  arguments rather than answers." (ECF No. 340 at 9.) On review of the deposition
12  transcript portion referenced by Defendants, Judge Youchah found that the short
13  exchange referenced did not demonstrate failure to answer questions. As to Ms.
14  Menichino, Defendants argued that she was "heavily drugged" during her
15  deposition. Again, Judge Youchah found on review of the referenced portions of
16  the deposition transcript that there was no evidence that Ms. Menichino was
17  heavily drugged. The Court agrees. Upon a second review of these portions of the
18  depositions, the contention that Ms. DeAngelo refused to answer questions or
19  that Ms. Menichino was heavily drugged have no basis. Ms. Menichino stated
20  only that she had taken a routine medication that morning. (ECF No. 341-1.) The
21  portions of the transcript of Ms. DeAngelo's deposition highlighted by Defendants
22  deposition show comments made by counsel and the arbitrator; they do not show
23  Ms. DeAngelo refusing to answer questions. (ECF No. 341-2.)
24       Further, Judge Youchah found that several other factors counseled against
25  reopening these four depositions. First, no new party had appeared, there were
26  no new theories of the case, new evidence, nor any amended pleadings since the
27  last depositions. And most importantly, Defendants did not state what evidence
28  they sought to obtain from these four Plaintiffs, meaning that they failed to

13

demonstrate that they would benefit from these depositions.

"Whether to permit a second deposition is entrusted to the broad discretion of the trial court." *PlayUp*, 344 F.R.D. at 434 (citing *Couch v. Wan*, No. CV F 08-1621 LJO DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012) (denying request for reconsideration of magistrate judge's order)). The Court agrees with Judge Youchah's finding that a second deposition is not warranted as to any of these Plaintiffs. Defendants' rationales for reopening each of these four depositions was insufficient, most importantly in that Defendants failed to state what evidence they would gain. Youchah's decision analyzed this request under the correct standard, and her findings were not clearly erroneous. *See PlayUp*, 344 F.R.D. at 433–34.

Defendants also object to the narrow limit Judge Youchah placed on the second deposition of Jane Doe 1. Judge Youchah found that a second deposition was warranted because Jane Doe 1's deposition occurred before Plaintiffs' Third Amended Complaint was filed and before Jane Doe 1's therapy records were produced. Judge Youchah found that "Defendants were denied the opportunity to ask any questions arising from or related to the content of therapy notes at deposition." (ECF No. 362 at 5.) However, Judge Youchah limited the deposition of Jane Doe 1 to ninety minutes, and limited the content solely and exclusively to inquiries into the information in therapy records produced after the initial deposition was taken.

"If permitted, the second deposition is properly limited to the specific issues from which good cause has been found." *PlayUp*, 344 F.R.D. at 434 (citing *Ginena v. Alaska Airlines, Inc.*, No. 2:04-cv-01304-MMD-CWH, 2012 WL 3656488, at *1 (D. Nev. Aug. 24, 2012) (denying reconsideration of Magistrate Judge order granting second deposition but limiting scope of second depositions to newly plead claims)). Judge Youchah's order limiting the time and scope of the second deposition was therefore not clearly erroneous nor contrary to law.

14

### 2. Denial of Motion to Subpoena Four Witnesses

Defendants requested to reopen discovery and seek subpoenas of four additional non-parties: Mr. Pellicano, Ms. Cogliandro, Ms. Breshears, and Ms. Stolrow. (ECF No. 340 at 11.) Defendants' motion states that while they were previously issued these subpoenas and permitted to serve them by the Court, they ran out of funds to serve them. (*Id.* at 12.) Like the depositions, Defendants state they now have the funds to complete service of these depositions. (*Id.* at 11.) Defendants state in their reply brief that these four subpoenas "would provide information which point directly to harassment of Defendants including that each of the above witnesses will provide proof that Plaintiffs' harassed Defendants and have information which exposes Plaintiffs harassment toward Defendants." (ECF No. 358 at 12.)

Judge Youchah denied the request as to Mr. Pellicano because the information sought had limited relevance to the disputed issues in the case. Defendants alleged that Mr. Pellicano had some relationship with a dismissed defendant in this case and made several allegations of misconduct by Mr. Pellicano. Because his connection to the case is regarding a dismissed defendant[1] and their allegations against him are unsupported, Judge Youchah found that reopening discovery to subpoena Mr. Pellicano was not proportional to the needs of the case under Rule 26(b)(1). The Court agrees. Defendants' brief description of their allegations against Mr. Pellicano, as well their failure to explain precisely what relevant information would be gained by a subpoena of him, do not demonstrate that a subpoena is proportional to the needs of this case.

Judge Youchah also denied the request as to Ms. Cogliandro, finding that Defendants' proffered rationale—that Ms. Cogliandro participated in defaming Defendants as an associate of Ms. Menichino—was not proportional to the needs

---

[1] Defendants voluntarily dismissed their third-party claim against Darryl Katz on August 3, 2022. (ECF No. 64.)

15

of the case because there is no defamation claim against Ms. Menichino. The Court agrees that reopening discovery where there is no defamation claim against Ms. Menichino is not proportional to the needs of this case.

Finally, Judge Youchah denied the request as to Ms. Breshears and Ms. Storlow on the grounds that Defendants waited until their reply brief to identify and provide any information regarding them. As discussed above, it is not clear error nor contrary to law to decline to consider arguments raised for the first time in a reply as this deprives the nonmoving party of the opportunity to respond; such arguments are considered waived. *Autotel*, 697 F.3d at 852 n.3; *Rose*, 2006 WL 3593472, at *7.

The Court further agrees with Judge Youchah that Defendants' fail to support their allegation that Plaintiffs impeded their ability to serve subpoenas on third parties during the discovery period with any information about how Plaintiffs or their counsel did so.

In conclusion, Judge Youchah's determination that Defendants failed to show that they were entitled to re-open discovery to serve these third-party subpoenas was not clearly erroneous or contrary to law. The Court agrees that Defendants' very cursory explanations for these four subpoenas failed to demonstrate that these subpoenas were proportional to the needs of the case under Rule 26(b) and that they were diligent in pursuing these subpoenas during the 16-month discovery period. The Court also finds that Judge Youchah properly declined to consider new information and arguments raised in Defendants' reply brief.

The Court therefore finds that Judge Youchah's decision to deny this motion was not clearly erroneous or contrary to law. Defendants' objections to this order (ECF No. 365) are OVERRULED.

**III. Conclusion**

It is therefore ordered that the following objections by Defendants are OVERRULED: ECF Nos. 345, 350, 363, 364, 365.

It is further ordered that Defendants' motion to supplement (ECF No. 371) is DENIED.

Dated this 21st day of February 2025.

*Anne Traum*

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

17