BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,*
*Gina Menichino, RoseMarie DeAngelo,*
*Danielle Gutierrez, Jane Doe 1,*
*and Jane Doe 2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-ART-EJY<br><br>**PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

NOTICE OF MOTION AND MOTION .............................................................. 1

PRELIMINARY STATEMENT ........................................................................... 2

LEGAL STANDARD ........................................................................................... 3

ARGUMENT ........................................................................................................ 4

    I.     The Rates for the Sanctions Motion are Reasonable Given the Credentials and Expertise of Plaintiffs' Legal Team and The Complexity of The Litigation ...... 4

    II.    The Amount of Time Billed on the Sanctions Motion was Reasonable Given the Breadth of Work Required Due to Defendants' Own Conduct. ................... 6

CONCLUSION ..................................................................................................... 7

CERTIFICATE OF SERVICE ............................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Alghanim v. Alghanim,*
  2024 WL 3055692 (C.D. Cal. May 8, 2024)..................................................4

*Belton v. GE Capital Consumer Lending, Inc.,*
  2022 WL 407404 (S.D.N.Y. Feb. 10, 2022) ................................................5

*Blum v. Stetson,*
  465 U.S. 886 (1984) ................................................................................3

*Brown v. Google LLC,*
  2022 WL 2789897 (N.D. Cal. July 15, 2022) .............................................4

*City of Almaty, Kazakhstan v. Ablyazov,*
  2020 WL 2488179 (S.D.N.Y. Jan. 7, 2019) ...............................................5

*City of Almaty, Kazakhstan v. Sater,*
  2023 WL 8237115 (S.D.N.Y. Nov. 28, 2023) .............................................5

*Davis v. City & Cnty. of San Francisco,*
  976 F.2d 1536 (9th Cir. 1992) .................................................................3

*Davis v. City & Cnty. of San Francisco,*
  984 F.2d 345 (9th Cir. 1993) ...................................................................4

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ................................................................................3

*Mayorga .v. Ronaldo,*
  656 F. Supp. 3d 1218 (D. Nev. 2023) .......................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
  572 U.S. 545 (2014) ................................................................................3

*Oracle USA, Inc. v. Rimini St., Inc.,*
  209 F. Supp. 3d 1200 (D. Nev. 2016) ....................................................4, 5

*Pacquiao v. Mayweather,*
  2012 WL 4092684 (D. Nev. Sept. 17, 2012)..............................................4

*Paolini v. Alberton's Inc.,*
  2005 WL 1459640 (D. Idaho June 21, 2005)..............................................5

*Pitman v. Brinker International, Inc.,*
  216 F.R.D. 481 (D. Ariz. 2003) ...............................................................3

*Trividia Health, Inc., v. Nipro Corp.,*
  2022 WL 1744701 (S.D.N.Y. May 31, 2022) .............................................4

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

*Van Gerwen v. Guarantee Mut. Life Ins.*,
　　214 F.3d 1041 (9th Cir. 2000) ............................................................. 3

*Woodard v. Navient Sols., LLC*,
　　2024 WL 94468 (D. Neb. Jan. 9, 2024) .................................................. 5

*Yuga Labs, Inc. v. Hickman*,
　　2024 WL 2801495 (D. Nev. May 31, 2024) ........................................... 5

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

## NOTICE OF MOTION AND MOTION

Pursuant to this Court's February 14, 2025 Order awarding Plaintiffs "reasonable attorney's fees and costs associated with preparing and filing the Motion for Case-Ending Sanctions and Reply in support thereof," [ECF No. 479 at 9], Plaintiffs will and hereby do move for approval of their application for attorneys' fees against Defendants for fees and costs associated with Plaintiffs' August 27, 2024 Motion for Case-Ending Sanctions, [ECF No. 402], and September 27, 2024 reply in support thereof, [ECF No. 407].

Dated: February 28, 2025

BOIES SCHILLER FLEXNER LLP

/s/ *Sigrid S. McCawley*
SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

SABINA MARIELLA (*pro hac vice*)
LINDSEY RUFF (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,*
*Gina Menichino, RoseMarie DeAngelo,*
*Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

Pursuant to the Court's February 14, 2024, Order, [ECF No. 479], Plaintiffs, by and through their undersigned attorneys, respectfully submit this Motion for Approval of Application for Attorneys' Fees against Defendants fees and costs associated with Plaintiffs' August 27, 2024 Motion for Case-Ending Sanctions, [ECF No. 402 ("Sanctions Motion")], and September 27, 2024 Reply in support thereof, [ECF No. 407 ("Reply")].

## PRELIMINARY STATEMENT

In its February 14, 2025 Order, this Court exercised "its inherent authority to grant[] sanctions in the form of attorney's fees and costs based on Defendants' failure to obey the Court's Orders regarding the use of Humphries' ESI and other confidential disclosures." [ECF No. 479 at 8]. The Court specifically awarded Plaintiffs "reasonable attorney's fees and costs associated with preparing and filing the Motion for Case-Ending Sanctions and Reply in support thereof." [*Id.* at 9].[1]

Accordingly, Plaintiffs seek $43,754 in fees, as set forth in Exhibit 1 to the Declaration of Sigrid S. McCawley accompanying this motion ("McCawley Decl."). This request is reasonable, particularly considering that the complex Sanctions Motion would not have been necessary but for Defendants' flagrant and repeated disregard for this Court's Orders. The requested hourly rates are reasonable in light of Plaintiffs' counsels' credentials and experience litigating complex *pro bono* matters involving survivors of sexual abuse.

While Plaintiffs' counsel's actual rates are at a reasonable level that has been approved by other courts, in deference to this Court's prior ruling awarding Plaintiffs' counsel's fees at a reduced rate, in the alternative, Plaintiffs seek $17,277.50 in fees, which reflects the fees and costs Plaintiffs' counsel incurred at the reduced rates ordered by the Court in its January 6, 2023

---

[1] Defendants have since filed a baseless objection to the Court's February 14, 2025 Order. [ECF No. 480]. Plaintiffs reserve the right to seek fees and costs incurred in connection with opposing that objection.

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

order. [ECF No. 113 at 3; McCawley Decl., Ex. 1]. The Court should exercise its discretion to grant Plaintiffs' reasonable request.

## **LEGAL STANDARD**

As the Court observed in its February 14, 2025 Order, courts have inherent authority to levy sanctions for disobeying court orders. [*See* ECF No. 479 at 8 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014) (under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons."); *Pitman v. Brinker International, Inc.*, 216 F.R.D. 481, 483–84 (D. Ariz. 2003) ("The district court has inherent authority to impose sanctions when a party disobeys a court order.")].

In *Hensley v. Eckerhart*, the Supreme Court stated that the "starting point for determining the amount of a reasonable fee" is the lodestar figure, which equals the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See id.* at 437. The Supreme Court further stated in *Blum v. Stetson*, that reasonable attorney's fees "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." 465 U.S. 886, 895 (1984). Once calculated, the lodestar amount is presumptively the reasonable fee amount. *Van Gerwen v. Guarantee Mut. Life Ins.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The Ninth Circuit has stated "that [reasonable hourly rates] should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545–46 (9th Cir. 1992), *vacated in part on*

1  *other grounds*, *Davis v. City & Cnty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993). Under

2  certain circumstances, reasonable rates may be higher than those normally seen in this District,

3  "because in such complex litigation 'the parties can reasonably be expected to retain nationally

4  respected law firms and nationally respected attorneys to pursue their interest in the litigation,'

5  which will result in 'higher lodestars than normally seen in this district.'" *Oracle USA, Inc. v.

6  *Rimini St., Inc.*, 209 F. Supp. 3d 1200, 1217 (D. Nev. 2016) (quoting *Pacquiao v. Mayweather*,

7  2012 WL 4092684, at *2 (D. Nev. Sept. 17, 2012)).

8

9  ## ARGUMENT

10  **I.   The Rates for the Sanctions Motion are Reasonable Given the Credentials and
       Expertise of Plaintiffs' Legal Team and The Complexity of The Litigation.**

11

12       The hourly rates requested by Plaintiffs are reasonable because they are the same rates

13  that Boies Schiller Flexner LLP ("Boies Schiller") and its peer firms regularly charge clients

14  for work of comparable complexity. [*See* McCawley Decl. ¶ 7]. Plaintiffs seek fees for the work

15  of two partners (Sigrid S. McCawley and Sabina Mariella), one associate (Lindsey Ruff), and

16  one paralegal (Oliva McKenzie) on the Sanctions Motion and Reply. *Id*. Their professional

17  qualifications are described in support of their hourly rates in the Declaration of Sigrid S.

18  McCawley: $1,520 for Ms. McCawley; $950 for Ms. Mariella; $850 for Ms. Ruff; and $350

19  for Ms. McKenzie. [*Id.*; *see also* ¶¶ 3–6]. Boies Schiller has repeatedly been awarded attorneys'

20  fees for its counsel at rates on par with the rates requested in this motion. *See, e.g.*, *Alghanim v.

21  *Alghanim*, 2024 WL 3055692, at *2 (C.D. Cal. May 8, 2024) (awarding a $1,270 hourly rate

22  for a partner at Boies Schiller for work on a foreign arbitration); *Brown v. Google LLC*, 2022

23  WL 2789897, at *2 (N.D. Cal. July 15, 2022) (awarding attorneys' fees, including hourly rate

24  of $1,950 for a managing partner of Boies Schiller, for work on a sanctions motion due to

25  defendant's discovery misconduct); *Trividia Health, Inc., v. Nipro Corp.*, 2022 WL 1744701,

26  at *2 (S.D.N.Y. May 31, 2022) (awarding attorneys' fees, including the requested hourly rates

27

28

of $890 for Sigrid McCawley, and $650-$690 per hour for associate work on the matter); *City of Almaty, Kazakhstan v. Ablyazov*, 2020 WL 1406248, at *4 (S.D.N.Y. May 4, 2022) (awarding $221,285.31 in attorneys' fees, including hourly rate of $1,180 for a partner of Boies Schiller, and noting "there is no doubt that all of the individuals who performed work are highly competent. This Court is very familiar with the quality of advocacy in this matter and has at all times found the BSF team to be prepared and skilled advocates."); *see also Woodard v. Navient Sols., LLC*, 2024 WL 94468, at *9 (D. Neb. Jan. 9, 2024) (awarding $10,750,000 in attorneys' fees with BSF partner rates set at $1,290 and associate rates ranging from $670 to $710); *Belton v. GE Capital Consumer Lending, Inc.*, 2022 WL 407404, at *6–7 (S.D.N.Y. Feb. 10, 2022) (awarding 2,000,000 in attorneys' fees with BSF partner rates set at $1,100 and noting counsel "exhibited exemplary skill" and the hourly rates were "reasonable"); *City of Almaty, Kazakhstan v. Sater*, 2023 WL 8237115, at *1 (S.D.N.Y. Nov. 28, 2023) (awarding $794,544.39 in attorneys' fees).

Courts in this circuit have awarded fees at comparable rates. *See, e.g.*, *Yuga Labs, Inc. v. Hickman*, 2024 WL 2801495, at *3–4 (D. Nev. May 31, 2024) (approving attorneys' fees award for $47,178 with partner rates set at $1,135 and junior associate rates set at $544 based on the "prevailing market rate" in 2022); *Mayorga v. Ronaldo*, 656 F. Supp. 3d 1218, 1232 (D. Nev. 2023) (approving partner rate of $800 for local counsel in a case involving sexual assault).

Given the complexity of this litigation and its intimate subject matter, it is reasonable for Plaintiffs to have retained a nationally respected law firm and "nationally respected attorneys" to represent them. *Oracle*, 209 F. Supp. 3d at 1217; *Paolini v. Alberton's Inc.*, 2005 WL 1459640, at *4 (D. Idaho June 21, 2005) ("[H]igher rates may be justified where the issues 'are extremely complex and thus require experienced and sophisticated counsel.'") (citation omitted). Plaintiffs' retention of Boies Schiller is particularly reasonable given that this case

involves six different plaintiffs alleging dozens of claims that span over ten years in multiple jurisdictions. Boies Schiller has successfully resolved analogously complex, highly sensitive cases involving sex trafficking and child sexual abuse, including but not limited to its long-term representation of numerous victims of Jeffrey Epstein and his co-conspirators. As this Court has already recognized, "Ms. McCawley is a well-known national practitioner specializing in the representation of survivors of sexual violence." [ECF No. 113 at 3].

While Plaintiffs' counsel's actual rates are at a reasonable level that has been approved by other courts, in deference to this Court's prior rulings, in the alternative, Plaintiffs request fees at the downgraded rates set by the Court in its January 6, 2023 Order. [ECF No. 113 at 3]. In Exhibit 1 to the declaration of Sigrid S. McCawley, Plaintiffs set forth both (1) Plaintiffs' counsel's actual rates and the total fees incurred; and (2) the reduced rates that are consistent with the Court's January 6, 2023 Order, and the total fees incurred at those reduced rates. In the columns reflecting the reduced rates, Plaintiffs' counsel used the same reduced rates for Ms. McCawley, Ms. Ruff, and a paralegal that the Court ordered in its January 6, 2023 Order, even though Ms. McCawley's and Ms. Ruff's rates have increased in the last two years. Ms. Mariella's rates were not contemplated in the January 6, 2023 Order, but Plaintiffs propose a reduced rate of $450 for Ms. Mariella as a reasonable middle ground between Ms. McCawley's and Ms. Ruff's reduced rates, as she is a junior partner who is between Ms. McCawley and Ms. Ruff in seniority. [*See* McCawley Decl. ¶ 9].

## II.    The Amount of Time Billed on the Sanctions Motion was Reasonable Given the Breadth of Work Required Due to Defendants' Own Conduct.

The 44.5 hours billed on the Sanctions Motion and Reply during the six-week drafting process is a reasonable amount of time given the scope and volume of work required. [*See* McCawley Decl., Ex. 1]. The Sanctions Motion required significant work because it details Defendants' misconduct spanning multiple years, in multiple courts, and on multiple online

6

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

platforms. [*See* ECF No. 402]. Among other time-consuming work, in order to write the Sanctions Motion, Plaintiffs' counsel had to closely review Defendants' filings in seven different lawsuits across the country to identify Defendants' various violations of this Court's sanctions, protective, and anonymity orders.[2] [*See* ECF No. 402 at 3–6, 13–16]. Further, Plaintiffs' counsel had to track and review harassing material that Defendants posted online across various websites and social media accounts, sometimes anonymously. [*See id.* at 7–11]. Counsel also had to closely review Defendants' filings and the docket in this matter to identify all of Defendants' frivolous motions that have been denied, and to collect references where Defendants improperly denigrated Judge Youchah. [*Id.* at 12–13]. Counsel also had to conduct legal research regarding the sanctions available for Defendants' various forms of misconduct. [*Id.* at 17–24].

The work detailed above was allocated appropriately among members of the team, with the majority of the drafting and editing performed by a mid-level associate under the supervision of more senior lawyers. Additionally, Plaintiffs' counsel excluded all block billed time entries from the table of fees associated with filing the sanctions motion and were thus conservative in their calculation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court approve their Motion for Approval of Application for Attorneys' Fees in the amount of $43,754 for the costs and fees associated with the Sanctions Motion and Reply. [ECF Nos. 402, 407]. In the alternative, Plaintiffs respectfully request that the Court approve a reduced amount of

---

[2]    *See Button et al. v. Breshears*, 1:24-cv-03757-MKV (S.D.N.Y.); *Button et al v. Doherty et. al.*, 1:24-cv-05026-JPC (S.D.N.Y.); *Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al. v. New York Times et al.*, 1:24-cv-05888-MKV (S.D.N.Y.); *Button et al. v. Micah Humphries et al.*, 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D. N.H.); *Humphries et al. v. Button*, 2:21-cv-01412-ART-EJY (D. Nev.).

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

1 | $17,277.50. [ECF Nos. 402, 407].

Dated: February 28, 2025                    Respectfully Submitted,


                                            BOIES SCHILLER FLEXNER LLP


                                            /s/ Sigrid S. McCawley
                                            SIGRID S. MCCAWLEY (*pro hac vice*)
                                            BOIES SCHILLER FLEXNER LLP
                                            401 E. Las Olas Blvd., Suite 1200
                                            Ft. Lauderdale, FL 33301
                                            Telephone: 954.356.0011
                                            smccawley@bsfllp.com

                                            SABINA MARIELLA (*pro hac vice*)
                                            LINDSEY RUFF (*pro hac vice*)
                                            BOIES SCHILLER FLEXNER LLP
                                            55 Hudson Yards
                                            New York, NY 10001
                                            Telephone: 212.446.2300
                                            smariella@bsfllp.com
                                            lruff@bsfllp.com

                                            RICHARD J. POCKER (NV Bar No. 3568)
                                            300 South Fourth Street, Suite 800
                                            Las Vegas, NV 89101
                                            Telephone: 702.382.7300
                                            Facsimile: 702.382.2755
                                            rpocker@bsfllp.com

                                            *Attorneys for Plaintiffs Sage Humphries,*
                                            *Gina Menichino, RoseMarie DeAngelo,*
                                            *Danielle Gutierrez, Jane Doe 100,*
                                            *Juliet Doherty, and Jane Doe 200, and Third-*
                                            *Party Defendants Micah Humphries and Michael*
                                            *Humphries*

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served on February 28, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.


  */s/ Sigrid S. McCawley*
  Sigrid S. McCawley

PLAINTIFFS' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES