BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,
Gina Menichino, RoseMarie DeAngelo,
Danielle Gutierrez, Jane Doe 1,
and Jane Doe 2*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-APG-EJY<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ..........................................................................................................................2

    I.    Defendants Violations of Boston Court Orders............................................................2

    II.   Defendants' Violations of This Court's Orders............................................................4

    III.  Judge Youchah's February 14, 2025 Order.................................................................7

LEGAL STANDARD....................................................................................................................8

ARGUMENT .................................................................................................................................9

CONCLUSION ............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*24-7 Grp. of Companies, Inc. v. Roberts*,
  2014 WL 12707232 (D. Nev. Nov. 21, 2014) ................................................................8

*Ford v. Lewis*,
  2017 WL 104595 (S.D. Cal. Jan. 11, 2017) ................................................................13

*Eleanora J. Dietlein Tr. v. Am. Home Mortg. Inv. Corp.*,
  2014 WL 911121 (D. Nev. Mar. 7, 2014) ...................................................................12

*Gibson v. Flores*,
  2020 WL 223613 (D. Nev. Jan. 15, 2020) ..................................................................13

*Grimes v. City & Cnty. of San Francisco*,
  951 F.2d 236 (9th Cir. 1991) .......................................................................................8

*Harris v. Daniels*,
  2024 WL 147792 (D. Nev. Jan. 12, 2024) ...................................................................8

*Hussein v. Ersek,*
  2010 WL 1427332 (D. Nev. Apr. 8, 2010) ..................................................................9

*Magdaluyo v. MGM Grand Hotel, LLC*,
  2019 WL 102306 (9th Cir. Jan. 4, 2019) .....................................................................9

*Nguon v. Madden*,
  2023 WL 2573894 (S.D. Cal. Mar. 20, 2023) ............................................................12

*Tagle v. Nevada*,
  2017 WL 4402015 (D. Nev. Sept. 29, 2017) .............................................................12

*U.S. Commodity Futures Trading Comm'n v. Banc de Binary Ltd.*,
  2015 WL 1815579 (D. Nev. Apr. 22, 2015) ................................................................8

*United States v. Coppola*,
  2008 WL 4186253 (D. Nev. Sept. 8, 2008) ...............................................................12

*Wilson v. Nevada*,
  2022 WL 7553743 (D. Nev. Oct. 13, 2022) ...............................................................12

**Rules**

28 U.S.C. § 636(b)(1)(A) ....................................................................................................8

Fed. R. Civ. P. 72(a) ..........................................................................................................8

LR IB 3-1 ...........................................................................................................................8

Plaintiffs respectfully submit this opposition to Defendants' objections to Judge Youchah's February 14, 2025, Order granting in part and denying in part Plaintiffs' motion for case-ending sanctions. [ECF No. 480 ("Obj.")].

**PRELIMINARY STATEMENT**

On February 14, 2025, Judge Youchah granted in part and denied in part Plaintiffs' motion for case-ending sanctions. Specifically, Judge Youchah denied Plaintiffs' request for terminating sanctions but "exercise[d] its inherent authority to grant[] sanctions in the form of attorney's fees and costs based on Defendants' failure to obey the Court's Orders regarding the use of Humphries' ESI and other confidential disclosures." [ECF No. 479 at 8]. Defendants' objections to Judge Youchah's February 14, 2025, Order are without merit and come nowhere close to meeting the heavy burden necessary to reverse a magistrate judge's order.

Plaintiffs pursued case-ending sanctions against Defendants' due to a long pattern of egregious misconduct, which included Defendants filing a string of vexatious lawsuits against witnesses listed on Plaintiffs' Rule 26 disclosures and, in doing so, violating the sanctions, protective, and anonymity orders of this Court.[1] For example, Defendants recently published Sage Humphries' private text messages—which the Court already sanctioned Defendants for retaining and publishing in violation of restraining orders—in a public complaint against Sage's parents. As another example, in direct violation of this Court's protective and anonymity orders, Defendants publicized Jane Doe 1's highly sensitive deposition testimony and therapy records—including her purported medications, diagnoses, and prior traumas—in a public complaint against Jane Doe 1's parents. Defendants then republished those complaints on their

---

[1] Defendants also sustained an outrageous online harassment campaign against Plaintiffs and third-party witnesses (which continues through the present day) and then lied about it in open Court and while under oath; deliberately clogged this Court's docket with an onslaught of frivolous motions; and demonstrated extreme disrespect for Judge Youchah and Plaintiffs' *pro bono* counsel in their filings and correspondence. [*See generally* ECF No. 402].

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS

public Instagram account, which contains menacing language and imagery designed to frighten Plaintiffs and their loved ones. Defendants' disregard for this Court's orders could not be more brazen. [*See generally*, ECF No. 402].

A district court may reconsider the order of a magistrate judge only where that order is clearly erroneous or contrary to law. Here, Defendants do not even attempt to identify any clear error or misapplication of law. Indeed, Defendants do not even dispute that they repeatedly violated this Court's sanction and protective orders. Instead, Defendants rehash their repeatedly rejected arguments that the underlying sanctions and protective orders should have never been granted in the first place, so they should not be punished for violating them. Of course, Defendants' disagreement with this Court's orders does not give them license to violate them without consequence. Defendants also accuse Judge Youchah of bias and insist that she recuse herself from this case, solely because they disagree with her rulings and have concocted incoherent conspiracy theories about her. Defendants' pattern of disrespect toward Judge Youchah is inappropriate, undermines the integrity of these proceedings, and is certainly no grounds for reversal.

Plaintiffs respectfully request that the Court overrule Defendants' objections.

## BACKGROUND

I.     **Defendants Violations of Boston Court Orders.**

In 2017, a Boston court granted Plaintiff Sage Humphries abuse prevention orders against Defendants.[2] In those proceedings, Sage testified at length about Defendants' protracted pattern of abuse against her and explained that one of their many control and manipulation

---

[2]    Significantly, the Boston court stated that it "fully credited" Sage's testimony and was "**satisfied beyond a reasonable doubt**, if this were a criminal case" that Plaintiff's relationship with Defendants' "**in every regard, in every way, meets the requirements of and the definition of abuse**" under Massachusetts law. [ECF No. 77-2 (2017 Hearing Transcript) at 61:2–62:3 (emphasis added)].

tactics was to access her Electronically Stored Information ("ESI"), including her sensitive messages with third parties and intimate, personal photographs. Sage feared that Defendants would use that information to retain control over her and retaliate against her. In response to Sage's specific concern, the Boston court ordered the Buttons to both stay away from Sage and to "surrender" and "not [] publish" her ESI. [*See* ECF Nos. 77-3, 77-4]. The Boston court made a point to ensure that Defendants understood the order, specifically emphasizing the "seriousness" of the ESI provision, and that any violation of that specific provision would result in the Buttons being "back in front" of the court. [ECF No. 77-2 at 64:6–9, 65:2–5].

Despite this unambiguous directive, during this litigation, Defendants signed sworn affidavits admitting they retained Sage's ESI for years in direct violation of the Boston court's orders. [ECF 77-8 at 11, 15]. Defendants then mined Sage's data for purportedly embarrassing or scandalous information and repeatedly published Sage's ESI in the instant litigation and elsewhere. Most notably, Defendants attached Sage's sensitive text messages with third parties to their publicly available filings, including to a since-dismissed third-party complaint and counterclaim. [*See* ECF Nos. 54, 54-7, 54-18]. Defendants also directed members of the media to their filings that included Sage's ESI to facilitate further reproduction.

On December 1, 2022, Judge Youchah sanctioned Defendants, finding that their possession and publication of Sage's ESI constituted a "willful" violation of "clear" orders from the Boston court. [*Id.*, ECF 104 at 7–9]. Judge Youchah ordered Defendants to surrender Sage's ESI to Plaintiffs' counsel, not retain any copies, and not publish any of those materials unless permitted by Court order, and she awarded Sage's attorneys' fees and costs. [*Id.* at 10]. Although Judge Traum stayed the fee award until the conclusion of the litigation, Judge Traum otherwise affirmed Judge Youchah's order, explaining, "Judge Youchah did not clearly err when ordering sanctions against Defendants . . . [b]y retaining a copy of the iPhone backup and

publicly releasing information about Humphries . . . to the media and/or the public docket, Defendants clearly violated the Boston court's order." [ECF No. 254 at 7].

## II. Defendants' Violations of This Court's Orders.

Unfortunately, Defendants' misconduct did not stop there. Among a litany of other litigation abuses, in 2024 alone, Defendants filed ***seven*** frivolous lawsuits against Plaintiffs' family, friends, therapists, *pro bono* counsel, and other witnesses listed on the parties' Rule 26 disclosures.[3] [*See generally* ECF No. 402]. Defendants' campaign of vexatious litigation is a transparent attempt to retaliate against their victims and intimidate third-party witnesses. Further, several of Defendants' complaints squarely violate the orders of this Court.

For instance, in a complaint they filed against Sage's parents, Defendants publicize the very same material that got them sanctioned here—specifically, Sage's private texts with third parties that they accessed from her illicitly retained ESI. [*See Button et al. v. Micah Humphries et al.*, 8:24-cv-01730-JVS-DFM (C.D. Cal.), ECF No. 50 ¶¶ 1–10, 271, 524, 530, 542; *see also id.* ECF No. 50-1 at "Exhibit I"; *see also id.*, ECF No. 1 at "Exhibit I"]. Similarly, in a complaint they filed against former Plaintiff Juliet Doherty and her mother, Defendants again reference and describe "screenshotted text messages in [Sage's] camera roll between her" and third parties. [*Button et al. v. Doherty et al.*, 1:24-cv-05026-JPC (S.D.N.Y.), 1:24-cv-05026-JPC (S.D.N.Y.), ECF No. 1 ¶ 232]. Defendants' complaints against the Humphries and the Dohertys therefore directly violate the standing sanctions orders of this Court. [*See* ECF Nos. 104, 254].

As another example, Defendants filed a complaint in the District of New Hampshire against Jane Doe 1's parents, therapist, and former attorney which included extensive

---

[3] *See Button et al. v. Breshears*, 1:24-cv-03757-MKV (S.D.N.Y.); *Button et al. v. Doherty et. al.*, 1:24-cv-05026-JPC (S.D.N.Y.); *Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al. v. New York Times et al.*, 1:24-cv-05888-MKV (S.D.N.Y.); *Button et al. v. Micah Humphries et al.*, 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D. N.H.); *Humphries et al. v. Button*, 2:21-cv-01412-ART-EJY (D. Nev.).

quotations from and summaries of Jane Doe 1's medical records, which were designated Highly Confidential.[4] That complaint also included quotations from and summaries of Jane Doe 1's deposition transcript, which was designated Confidential.[5] Further, although the public version of their original complaint redacted Jane Doe 1's true name and words like "daughter" and "parent," it did not redact Jane Doe 1's parents' last names, which they share with Jane Doe 1.[6] Nor did it redact Jane Doe 1's highly confidential medical records and deposition testimony.

Defendants' complaint against Jane Doe 1's parents and other supporters therefore violates this Court's protective and anonymity orders in at least three ways. *First*, Defendants used Confidential and Highly Confidential material to bring a separate prosecution. But the protective order is unambiguous that "Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action." [ECF No. 51 ¶ 19]. Judge Youchah has emphasized this provision to Defendants in open court, stating, "materials disclosed [during discovery] may not be used for any purpose, whatsoever, no purpose other than this litigation, meaning the litigation in the District of Nevada[.]." [ECF No. 168-4 at 61:21–62:2].

*Second*, Defendants made Confidential and Highly Confidential material publicly accessible by including it in the public version of their complaint. This information is, of course, of the utmost sensitivity, which is why the protective order provides that "medical, mental health and/or other health care records," including "extracts and summaries" of that material, are not to be disclosed. [ECF No. 166 ¶¶ 4, 5]. In fact, the protective order provides that "medical, mental health and/or other health care records" are "hereby designated as

---

[4] *See, e.g.*, ECF No. 372-2 ¶¶ 20, 21, 24–29, 31, 34, 84, 85, 88, 91, 156, 157.
[5] *See, e.g.*, ECF No. 372-2 ¶¶ 8, 17, 19, 20 n.4, 83 n.13, 89 n.15, 91 n.17, 97 n.20, 98 n.21, 105 n.24, 107–08, 118, 125, 133, 137, 138 n.33, 147 n.34, 148–49, 158–59, 162, 173, 361.
[6] The court in that case has since ordered that Jane Doe 1's parents be referred to and John and Jane Roe on the docket and in filings.

confidential, regardless of whether [they] were previously designated as confidential, and regardless of whether they are explicitly designated as confidential in the future." [*Id.* ¶ 5(a)].

*Third*, Defendants publicly disclosed the names of Jane Doe 1's parents, which can be used to identify her. The anonymity order prohibits Defendants from divulging "personally identifying information that would lead to the discovery of [Jane Doe 1's] identity," [ECF No. 53], and the Court has already addressed this exact issue and explained to Defendants that public disclosure of Jane Doe 1's parents' identities could run afoul of that order. [*See* ECF No. 119].[7]

Plaintiffs filed an emergency motion for sanctions concerning the District of New Hampshire complaint, and in response, Judge Youchah agreed that Defendants' complaint against Jane Doe 1's parents, therapist, and attorney violates the orders of this court, concluding, "[t]he disclosure of information that could only come from confidential deposition testimony or medical records violates the Court's Order making clear that once such information is obtained it cannot be used for any purpose other than this litigation," and "Defendants are in violation of this Court's numerous, well documented Orders regarding confidentiality." [ECF No. 421 at 2].

The District of New Hampshire court likewise agreed, observing that Defendants' pleadings contained "confidential materials" that were submitted "in violation of several orders of the Nevada court." [*Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D.N.H.), ECF No. 47 at 18]. That court dismissed the Buttons' complaint as a "frivolous and vexatious attempt to intimidate friends and family of the Nevada plaintiffs," concluding that the Buttons' claims

---

[7] When Plaintiffs' counsel brought these violations to Defendants' attention, instead of sealing the complaint or proposing further redactions, Defendants doubled down. Defendants created an Instagram account called "@wethebuttons" on which they link all the complaints they have filed—including against Jane Doe 1's parents—accessible to anyone who visits the account. [*See* ECF No. 401 at 12 (admitting "Defendants have just recently created an Instagram account, owned and controlled by Defendants, which provides the public links to each lawsuit Defendants have filed")].

"lack any legal merit." [*Id.* at 6, 18].

### III. Judge Youchah's February 14, 2025 Order.

On August 27, 2024, Plaintiffs moved for case-ending sanctions against Defendants due to their long string of misconduct, which included (1) filing vexatious, retaliatory lawsuits against Plaintiff's supporters—several of which violate this Court's sanctions, anonymity, and protective orders; (2) sustaining an outrageous online harassment campaign against Plaintiffs and third-party witnesses (which continues through the present day) and then lying about it in open Court and while under oath; (3) deliberately clogging this Court's docket with an onslaught of frivolous motions; and (4) demonstrating extreme disrespect for Judge Youchah and Plaintiffs' *pro bono* counsel in their filings and correspondence. [*See* ECF No. 402]. In opposition, Defendants did not (and could not) deny the lion's share of misconduct alleged, including that they published extracts of Jane Doe 1's confidential medical records and Sage's ESI in violation of this Court's orders. [*See* ECF No. 407].

On February 14, 2025, Judge Youchah granted in part and denied in part Plaintiffs' motion for case-ending sanctions. Specifically, Judge Youchah denied Plaintiffs' request for terminating sanctions but awarded Plaintiffs' fees and costs as a sanction for Defendants' violations of this Court's orders. Judge Youchah noted that Defendants' "six lawsuits" and "bar complaint campaign" are "troubling." [ECF No. 479 at 5]. She explained that while "Defendants have the right to access the courts," they may not do so "for purposes of intimidation and harassment of current litigants, their counsel, or witnesses." [*Id.*]. Moreover, "Defendants were plainly told not to disclose [Sage's] ESI or other confidential information such as, but not limited to, medical records and confidential portions of Plaintiffs' deposition testimony," but they have "ignored these warnings and the threat of sanctions most recently in filings of various lawsuits against Plaintiffs' families, friends, and associates." [*Id.* at 6].

Judge Youchah "agree[d] that much of Defendants' failure to abide by Court orders regarding the use and disclosure of confidential information is inexcusable," and expressed "frustrat[ion] by Defendants' refusal to take seriously, and therefore comply with, what the Court has plainly stated." [*Id.* 8]. "The Court therefore exercise[d] its inherent authority to grant[] sanctions in the form of attorney's fees and costs based on Defendants' failure to obey the Court's Orders regarding the use of Humphries' ESI and other confidential disclosures." [*Id.*]. Judge Youchah warned Defendants that further violations would result in a case-ending sanctions recommendation. [*Id.* at 9].

## LEGAL STANDARD

A district court "may reconsider any pretrial matter referred to a magistrate judge" only when it has been shown the magistrate's judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a); *see, e.g.*, *Harris v. Daniels*, 2024 WL 147792, at *2 (D. Nev. Jan. 12, 2024) (denying objections that "fail[ed] to show how [magistrate judge's] order was 'clearly erroneous or contrary to law'"). This standard of review is "significantly deferential to the initial ruling." *24-7 Grp. of Companies, Inc. v. Roberts*, 2014 WL 12707232, at *2–3 (D. Nev. Nov. 21, 2014). A decision is "clearly erroneous" only where "the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* A decision is "contrary to law" only if it applies an "incorrect legal standard or fails to consider an element of the applicable standard." *Id.* The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Banc de Binary Ltd.*, 2015 WL 1815579, at *3 (D. Nev. Apr. 22, 2015) (affirming magistrate judge's order where order was not "contrary to law or clearly erroneous").

# ARGUMENT[8]

Defendants' objections come nowhere close to identifying any clear error or misapplication of the law in Judge Youchah's February 14, 2025, Order. [*See* ECF No. 484 (setting forth applicable standard and overruling Defendants' objections to several of Judge Youchah's orders)]. Critically, Defendants do not—and cannot—argue that Judge Youchah erred when concluding that they violated the sanctions, protective, and anonymity orders of this Court. [*See, e.g.*, Obj. at 36 (admitting that their complaint against Sage's parents attaches a "letter" which depicts Sage's ESI)]. Nor do Defendants dispute that Judge Youchah's award of attorneys' fees and costs was an appropriate sanction for their repeated violations of this Court's orders. Instead, Defendants "simply re-allege[]" arguments that "the magistrate discounted," by arguing that the orders that they violated should not have been granted in the first place. *Hussein v. Ersek,* 2010 WL 1427332, at *1 (D. Nev. Apr. 8, 2010) (overruling objections and affirming magistrate judge's order).

*First*, Defendants repeat their oft made argument that they "should have never been sanctioned to begin with," [Obj. at 14], because Sage uploaded her camera roll to Defendants hard drive voluntarily, [*see id.* at 21; *see also id.* at 6 n.9, 11, 15, 17]. Both Judge Youchah and Judge Traum have considered and squarely rejected this argument, noting that Sage's abuse prevention orders plainly forbid Defendants from retaining and publishing any of Sage's ESI, whether it was given to them voluntarily or not. [*See, e.g.*, ECF No. 254 at 7 ("The Court further agrees that '[t]here is nothing in the plain text of the Orders (or that may be implied from the text) that refers to an exception for information voluntarily provided by Humphries at any

---

[8] Defendants' brief is well over the 24-page limit set by Local Rule 7-3(b). The Court has discretion to disregard Defendants' overlength arguments. *See, e.g.*, *Magdaluyo v. MGM Grand Hotel, LLC*, 2019 WL 102306, at *2 (9th Cir. Jan. 4, 2019).

time[.]'") (quoting ECF No. 104 at 8)]. Regardless, Defendants' disagreement with the Court's sanctions order is no basis to violate it. Defendants' repetition of their repeatedly rejected argument falls woefully short of identifying any clear error or misapplication of law in Judge Youchah's February 14, 2025 order.

*Second*, Defendants also repeat their usual argument that this Court's sanction orders are wrong because the Boston court declined to hold Defendants in contempt for violating Sage's abuse prevention orders. [*See* Obj. at 11, 12–13, 14 n.18]. Again, Defendants' disagreement with this Court's sanction order does nothing to disprove that they violated it. In any event, Defendants insistence that this Court's sanction order is wrong is without merit. As a threshold matter, the Boston contempt proceedings are irrelevant given the different burden of proof for contempt in that court, as this Court has previously recognized. [*See* ECF No. 168-4 (Apr. 5 2024 Hrg. Tr.) at 24:22–25:10]. Moreover, the contempt proceedings are irrelevant because in declining to hold Defendants in contempt, the Boston court relied on Defendants' testimony, which subsequent discovery proved to be perjury.

For instance, in the Boston contempt proceedings, Defendants testified that they had zero involvement in the online harassment campaign that has been waged against Sage and others. [*See* ECF No. 168-2 at 46:21–48:12 (testifying that Defendants are unaware who runs the justiceforthebuttons.com website and have had no communication with the author of the website)]. However, subsequent discovery in this action proved that Defendants *personally paid* for the "justiceforthebuttons.com" domain, which Defendants previously used to disseminate harassing and intimidating content about Sage and the other Plaintiffs. [*See* ECF No. 402 at 7–11; *see also* ECF No. 168-5 at GD 000012–18].

As another example, in the Boston contempt proceedings, Defendants testified that they had no responsibility for the publication of Sage's ESI, including because they did not know

that their former attorneys would publish Sage's ESI on the docket in this case. [*See* ECF No. 168-2 at 58:22–60:24 ("[O]n his own merit, he published, because he's the lawyer and he's the one that understands how the legal system works . . . I was aware of it afterwards . . . we do not know what a docket is . . . It's his choice")]. However, subsequent discovery in this action revealed that Defendants signed a contract with their former counsel on the day of their filing that attached Sage's text messages, which explicitly acknowledged that the filing could expose them to criminal liability due to Sage's abuse prevention orders. [*See* ECF No. 402 at 13–16; *see also* ECF No. 168-3 at RLG_000083].[9] There is thus no doubt that Defendants' wrongful retention and production of Sage's ESI was knowing and voluntary, and Defendants' arguments about the Boston contempt proceedings are a textbook example of rehashed allegations that are insufficient to justify reversing a magistrate judge's order.

*Third*, Defendants also argue that they have moved to vacate Sage's abuse prevention orders on the grounds that they were procured by fraud. [Obj. at 8, 11, 12]. This argument is irrelevant because Defendants' (meritless) motion to vacate has not been granted. Further, even in the highly unlikely event it is granted, that would do nothing to change the fact that Judge Youchah's sanction order is the standing order of *this* Court, and Defendants have repeatedly, knowingly violated it. Once again, Defendants wholly fail to identify any clear error or misapplication of law in Judge Youchah's February 14, 2025 Order.

Rather than attempt to meet their burden, Defendants resort to denigrating Judge Youchah's integrity and insisting that she "recuse herself." [Obj. at 13; *see id.* at 15, 38]. Specifically, Defendants argue that Judge Youchah only ruled on Plaintiffs' motion for terminating sanctions because Defendants sued non-party Daryl Katz in another forum, and Mr.

---

[9] Strikingly, materials produced by Defendants' former counsel also reveal that Defendants attempted to sell Sage's unlawfully retained ESI to a third party for profit. [*See* ECF No. 168-3 at RLG_000009–RLG_000017].

11
PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO
ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS

Katz purportedly has some unidentified connection to "Steve Wynn," who purportedly has some unidentified connection to Judge Youchah. [Obj. at 3–4; *see id.* n.3]. Defendants' incoherent conspiracy theory is utterly baseless and certainly no grounds for recusal. *See, e.g.*, *United States v. Coppola*, 2008 WL 4186253, at *1 (D. Nev. Sept. 8, 2008) ("Coppola's conclusory allegations of bias are insufficient to warrant recusal. No reasonable person with knowledge of all the facts would conclude that this court's impartiality might reasonably be questioned."); *Nguon v. Madden*, 2023 WL 2573894, at *2 (S.D. Cal. Mar. 20, 2023) (rejecting plaintiff's objection "that the magistrate was biased against him" as "wholly unsupported by the record"); *see also, e.g.*, *Wilson v. Nevada*, 2022 WL 7553743, at *2 (D. Nev. Oct. 13, 2022); *Tagle v. Nevada*, 2017 WL 4402015, at *4 (D. Nev. Sept. 29, 2017); *Eleanora J. Dietlein Tr. v. Am. Home Mortg. Inv. Corp.*, 2014 WL 911121, at *2 (D. Nev. Mar. 7, 2014).[10]

Defendants also argue at length that the phrasing of Judge Youchah's February 14, 2025, Order is somehow unfair to them because it will allow Plaintiffs to argue in other jurisdictions that Defendants' complaints in those jurisdictions violate the orders of this Court. [*See* Obj. at 3–5, 9, 11–12, 14, 20–35]. Of course, if Defendants wanted to avoid this issue, they should have simply abided by this Court's orders and not disclosed confidential information in their publicly available complaints. Defendants' objections to the language Judge Youchah used—as opposed to the substance of her decision—comes nowhere close to meeting the clear error standard. *Cf.*

---

[10] Defendants also make a series of arguments about Mr. Katz that have nothing whatsoever to do with Judge Youchah's February 14, 2025, Order. [*See, e.g.*, Obj. at 9 ("This Court is harboring criminals"); *see also id.* at 6]. As explained more fully in Plaintiffs' opposition to Defendants' request to reopen discovery to re-depose Sage regarding Mr. Katz, Mr. Katz is irrelevant to this case. [*See* ECF No. 487]. Indeed, even if Mr. Katz did have improper sexual interactions with Sage (he did not), that would have no bearing on whether *Defendants* abused Sage or the other five Plaintiffs in this case, which is the only issue before this Court. Defendants' repeated attempts to embarrass Sage with untrue accusations about a sexual relationship with Mr. Katz are unfounded, deeply inappropriate, and run afoul of Federal Rule of Evidence 412 and the protective orders of this Court. [*See id.*]

*Ford v. Lewis*, 2017 WL 104595, at *2 (S.D. Cal. Jan. 11, 2017) (rejecting plaintiff's objections where plaintiff "made a wide range of objections in a rambling format," including vaguely "object[ing] to the R&R's wording").

Accordingly, Defendants' objections must be overruled. *See, e.g.*, *Gibson v. Flores*, 2020 WL 223613, at *3 (D. Nev. Jan. 15, 2020) (denying objections where the court is not "left with the definite and firm conviction that a mistake has been committed").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Defendants' objections to Judge Youchah's February 14, 2025 Order.

| | | |
|---|---|---|
| 1 | Dated: March 3, 2025 | Respectfully Submitted, |
| 2 | | BOIES SCHILLER FLEXNER LLP |

/s/ Sigrid S. McCawley
SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

SABINA MARIELLA (*pro hac vice*)
LINDSEY RUFF (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on March 3, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

      /s/ Sigrid S. McCawley
    Sigrid S. McCawley