UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 100, JULIET DOHERTY, and JANE DOE 200<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No. 2:21-cv-01412-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff' Motion for Approval of Application for Attorneys' Fees (the "Fee Application"). ECF No. 485. No response to this Motion was filed by Defendants.

**I.    Discussion**

As Plaintiffs' recognize, the Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court will] defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorneys' fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at \*1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two-step process. The first step requires the Court to

"calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).  The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[1]

### A. The Rates Charged.

Counsel for Plaintiffs, Boies Schiller Flexner LLP ("Boies Schiller" or the "Firm"), refers the Court to prior awards of attorneys' fees to the Firm by various courts in other jurisdictions for its work on complex litigation matters such as the instant case.  ECF No. 485 at 8-9.  However, the cases cited by Counsel, with the exception of one in Nebraska, reference attorney fees awards in New York and California, which are not similar to the Las Vegas, Nevada, legal community.  The Nevada cases cited by Plaintiffs are not sufficiently similar to the case at bar.  Incorporating the review of fees awarded in the Court's prior Order (ECF No. 113), and increasing those rates based on the passage of two years,[2] the Court finds as follows.

Ms. McCawley remains a well-known national practitioner specializing in the representation of survivors of sexual violence.  Balancing her over twenty-five years of experience[3] and the underlying nature of the Motion for Sanctions leading to the award of fees, *see* ECF No. 479, the Court finds $750 as a reasonable hourly rate for Ms. McCawley.  Ms. Mariella, also a partner with Boise Schiller with extensive experience.  She is not as senior as Ms. McCawley, but has demonstrated substantial expertise and involvement in this case.  Her credentials, as stated in the Declaration of Ms. McCawley, are impeccable.  The Court finds $600 an hour a reasonable rate for

---

[1] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n.2, citing *Hensley*, 461 U.S. at 430 n.3.

[2] *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees …We agree.") (internal citations omitted).

[3] BOIES SCHILLER FLEXNER, https://www.bsfllp.com/lawyers/sigrid-s-mccawley.html (last visited Jan. 5, 2023).

the Las Vegas legal community. The Court finds Ms. Ruff, an associate with five years of experience with Boies Schiller, is allowed a rate of $450 per hour, which is commensurate with the Las Vegas legal community. Ms. McKenzie is a paralegal with a degree from the University of Michigan and approximately three years of experience with Boise Schiller. The Las Vegas legal community supports an award of $200 an hour for Ms. McKenzie.

      B.      The Time Billed by Receiver's Counsel.

The Court is, of course, familiar with the Motion for Sanctions, the Opposition, and Reply, which were discussed in detail in the Court's February 14, 2025 Order (ECF No. 479). The Fee Application demonstrates the following hours worked by each attorney: Ms. McCawley—8.7 hours; Ms. Mariella—4.5 hours; Ms. Ruff—31.6 hours; Ms. McKenzie—.7 hours. ECF No. 485-2 at 2-5. The Court reviewed all time entries and finds them appropriate under the Ninth Circuit's *Van Gerwen* analysis. At the approved rates this equals:

- $6,525 for Ms. McCawley's time;
- $2,700 for Ms. Mariella's time;
- $14,220 for Ms. Ruff's time; and
- $140 for Ms. McKenzie's time.

Total fees incurred and allowed are $23,585.00. No costs are requested.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Approval of Application for Attorneys' Fees (ECF No. 485) is GRANTED.

IT IS FURTHER ORDERED that fees are awarded in the amount of $23,585.00.

IT IS FURTHER ORDERED that payment of these fees is stayed until thirty (30) days after the conclusion of this case.

DATED this 20th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE