UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAGE HUMPHRIES, GINA MENICHINO,
ROSEMARIE DeANGELO, DANIELLE
GUTIERREZ, JANE DOE 100, JULIET
DOHERTY, and JANE DOE 200

        Plaintiffs,

    v.

MITCHELL TAYLOR BUTTON and DUSTY
BUTTON,

        Defendants.

Case No. 2:21-cv-01412-ART-EJY

**ORDER**

Pending before the Court is Defendants' Motion and Request for a Second Deposition to Depose Sage Humphries about Daryl Katz ("Katz" or "Mr. Katz"). ECF No. 481. The Court reviewed the Motion, Opposition (ECF No. 487), and Reply (ECF No. 492).

In their Motion, Defendants quote a colloquy from an April 5, 2023 hearing in which the Court found deposition inquiries regarding any alleged relationship between Mr. Katz and Ms. Humphries (or any Plaintiff) impermissible. ECF No. 481 at 2; *see also* ECF No. 163 at 50. Defendants nevertheless argue they filed a lawsuit against Mr. Katz in the Southern District of California and Ms. Humphries is listed as a defense witness in that case. *Id*. at 2-3. Defendants proffer that cross motions for summary judgment were filed in the matter pending against Mr. Katz. *Id*. at 3. Defendants conclude Ms. Humphries' testimony is relevant to the case against Katz as well as to the instant litigation. *Id*. Plaintiffs counter Defendants' Motion explaining discovery is closed in this matter, reopening discovery would be highly prejudicial, and the information sought is not relevant to or inadmissible in the case at bar. ECF No. 487.

In addition to the above arguments, the Court notes that Federal Rule of Civil Procedure 56(d) provides Defendants with an avenue to seek discovery despite the filing of a motion for summary judgment. However, to warrant discovery under this Rule the nonmovant must "show by

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition ….” *Id*.

Here, Defendants' Motion fails to address Rule 56(d) and further fails to demonstrate good cause to reopen discovery in this matter at this late date. *Schumer v. Hughes Aircraft Co*., 63 F.3d 1512, 1526 (9th Cir. 1995). Indeed, discovery closed on September 29, 2023 (ECF No. 286-3). While discovery was reopened on June 17, 2024, the purposes was limited to allowing Defendants to complete the deposition of Jane Doe 1. ECF No. 362. Discovery remained closed for all other purposes. *Id*. Defendants also do not comply with United States District Court for the District of Nevada Local Rule 26-3 requiring a request to reset a deadline made after the expiration of that deadline to be supported by a showing of excusable neglect.

The filing of a complaint against Mr. Katz in the U.S. District Court for the Southern District of California may demonstrate a reason to take Ms. Humphries deposition in that case (albeit Defendants do not provide that reason—only a conclusion). Defendants offer nothing about that separate lawsuit demonstrating a basis to reopen discovery in this case. ECF No. 481. Defendants' Reply repeats arguments previously made before the Court regarding Ms. Humphries and Mr. Katz (*compare* ECF Nos. 492 *and* 163 at 19-20, 26-29, 35); nonetheless, Mr. Katz was voluntarily dismissed by Defendants from this lawsuit in August 2022 (ECF No. 64). Ms. Humphries' relationship with Mr. Katz and his alleged influence over this case was considered and rejected by the Court as insufficient to allow inquiry at deposition into Ms. Humphries' relationship with Katz. ECF No. 163 at 49 (“under Rule 412(a) of the Federal Rules of Evidence, generally, evidence regarding a victim's sexual relationships with other people, sexual behavior, sexual predisposition is inadmissible, meaning it cannot be admissible in a civil proceeding.”). The Court further explained that if there was a separate lawsuit against Mr. Katz, Defendants would have to seek information regarding Katz in that case. *Id*. at 52.

Finally, Motions for Summary Judgment were filed in this case by Plaintiffs and Defendants in January 2025. ECF No. 437, 443. This matter commenced in July 2021. ECF No. 1. Reopening discovery would result in substantial additional delay, which is not justified based on Defendants' proffer of what they seek to learn.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion and Request for a Second Deposition to Depose Sage Humphries (ECF No. 481) is DENIED.

DATED this 20th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGEp