BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries,
Gina Menichino, RoseMarie DeAngelo,
Danielle Gutierrez, Jane Doe 1,
and Jane Doe 2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-APG-EJY<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL STANDARD....................................................................................................................2

ARGUMENT .................................................................................................................................3

    I.       Defendants' Request is Moot........................................................................................3

    II.      Defendants Fail to Demonstrate Good Cause to Modify the Protective Order. .3

               A.      Plaintiffs' Deposition Transcripts .................................................4

               B.      Plaintiffs' Medical Records............................................................5

               C.      Sage's ESI ......................................................................................6

CONCLUSION...............................................................................................................................7

i

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

# TABLE OF AUTHORITIES

**Cases**

*Bedard v. Nevada Dep't. of Corrections*,
  2022 WL 21755696 (D. Nev. Jan. 20, 2022) ................................................................. 5

*Biovail Lab'ys, Inc. v. Anchen Pharms., Inc.*,
  463 F. Supp. 2d 1073 (C.D. Cal. 2006) ........................................................................ 4

*Button v. McCawley*,
  2025 WL 1517348 (S.D. Fla. May 28, 2025) ............................................................... 2

*Button v. Melcher*,
  2025 WL 937175 (D. Mass. Mar. 24, 2025) ................................................................. 2

*Button v. Roe*,
  2024 WL 5136694 (D.N.H. Dec. 17, 2024) .................................................................. 2

*Button v. Thonis*,
  2025 WL 1092636 (D.N.H. Apr. 11, 2025) ................................................................... 2

*Carley v. Nevem*,
  2022 WL 22836399 (D. Nev. May 24, 2022) ............................................................... 5

*Hatfield v. Naughton*,
  2022 WL 21756598 (D. Nev. Jan. 28, 2022) ................................................................. 5

*IceMOS Tech. Corp. v. Omron Corp.*,
  2019 WL 5268872 (D. Ariz. Oct. 17, 2019) .................................................................. 6

*In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. ACT Litig.*,
  2021 WL 5920086 (S.D. Cal. Dec. 15, 2021) ............................................................... 3

*Johnson v. Couturier*,
  2009 WL 3112040 (E.D. Cal. Sept. 23, 2009) .............................................................. 3

*Oasis Med., Inc. v. Biocia Inc.*,
  2022 WL 18284294 (C.D. Cal. Dec. 16, 2022) ............................................................. 4

*Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund*,
  332 F.3d 1198 (9th Cir. 2003) ...................................................................................... 3

*Tumbling v. Merced Irrigation Dist.*,
  2010 WL 144833 (E.D. Cal. Jan. 11, 2010) .................................................................. 3

*Villery v. Jones*,
  2022 WL 616806 (E.D. Cal. Mar. 2, 2022) ............................................................... 4, 5

...

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................3

Fed. R. Civ. P. 26(c)(1)..................................................................................................3

Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2 (together, "Plaintiffs"), by and through their undersigned attorneys, respectfully submit this opposition to Defendants' Emergency Motion for Court Approval to File Certain Protected Materials Under Seal in a Related Matter Pending in the Central District of California. [ECF No. 497 ("Mot.")].

## PRELIMINARY STATEMENT

In 2024, Defendants filed *seven* frivolous lawsuits against Plaintiffs' family, friends, therapists, *pro bono* counsel, and other witnesses listed on the parties' Rule 26 disclosures.[1] Defendants' campaign of vexatious litigation is an obvious attempt to intimidate witnesses, increase costs, and distract from their own egregious misconduct. Now, Defendants seek to amplify the significant harms they have already caused by weaponizing highly sensitive discovery material from this case in the other actions that they filed.

Four of the Defendants' lawsuits have already been dismissed with prejudice. Just last week, a court in the Central District of California dismissed claims that the Buttons filed against Plaintiff Sage Humphries' parents, therapist, and friend, on the grounds that their complaint violates Rule 8 and "even a cursory look . . . indicates that it cannot meet the pleading standard under Rule 12(b)(6)." [*See Button v. Humphries*, 8:24-cv-01730-JVS-DFM (C.D. Cal.) ("California Action"), ECF No. 94 at 5]. A court in the Southern District of Florida also recently dismissed the Buttons' lawsuit against Plaintiffs' undersigned counsel, Sigrid McCawley, on the grounds that all of her allegedly defamatory statements amounted to inactionable opinion.

---

[1] See *Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al. v. Humphries et al.*, 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D. N.H.); *Button et al. v. Melcher*, 1:24-cv-12632-WGY (D. Mass.); *Button et al. v. New York Times et al.*, 1:24-cv-05888-MKV (S.D.N.Y.); *Button et al. v. Breshears*, 1:24-cv-03757-MKV (S.D.N.Y.); *Button et al. v. Doherty et. al.*, 1:24-cv-05026-JPC-KHP (S.D.N.Y.).

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

*Button v. McCawley*, 2025 WL 1517348, at *4, *7 (S.D. Fla. May 28, 2025). Another court dismissed the Buttons' defamation and related claims against Sage's former attorney *sua sponte* as barred by the litigation privilege. *See Button v. Melcher*, 2025 WL 937175, at *2–3 (D. Mass. Mar. 24, 2025). Yet another court rejected the Buttons' "frivolous and vexatious attempt to intimidate friends and family of the Nevada plaintiffs" because even "charitably constru[ed]," their claims against Plaintiffs Jane Doe 1's parents, therapist, and former attorney "lack any legal merit." *Button v. Roe*, 2024 WL 5136694, at *2, *7 (D.N.H. Dec. 17, 2024); *see also Button v. Thonis*, 2025 WL 1092636 (D.N.H. Apr. 11, 2025). Motions to dismiss in the remaining three actions are fully briefed and pending, and no discovery has commenced.

Now, Defendants request that the Court modify the protective order so that they may use confidential discovery material from this case in connection with their other lawsuits. Specifically, Defendants request that they be permitted to file certain discovery material from this case in opposition to motions to dismiss filed by Sage's parents, friend, and therapist in the California Action. [*See* Mot. at 4–5].

As a threshold matter, **Defendants' request should be denied as moot because the motions to dismiss filed by Sage's parents, friend, and therapist were already granted, and the claims against them have been dismissed with prejudice.** [*See* California Action, ECF No. 94]. In any event, the Buttons wholly fail to demonstrate any justification, let alone good cause, as to why the protective order should be modified. Defendants' request is nothing more than yet another attempt to abuse the litigation process to further harm their victims. Plaintiffs respectfully request that it be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits courts to issue protective orders "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense" during the discovery process. Fed. R. Civ. P. 26(c)(1). A party seeking to modify a protective order "bears the burden to demonstrate good cause" for the modification, just as if it had sought the protective order in the first place. *Tumbling v. Merced Irrigation Dist.*, 2010 WL 144833, at *2 (E.D. Cal. Jan. 11, 2010) (denying request to modify protective order).

## ARGUMENT

### I.   Defendants' Request is Moot.

Defendants request leave to file confidential discovery material in opposition to motions to dismiss filed by Sage's parents, friend, and therapist in the California Action. [*See* Mot. at 4–5]. But those motions to dismiss were already granted with prejudice. [*See* California Action, ECF No. 94]. Accordingly, Defendants' request is moot, and it should be denied on this basis alone. *See, e.g.*, *In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. ACT Litig.*, 2021 WL 5920086, at *6 (S.D. Cal. Dec. 15, 2021) (denying the motion to amend protective order as moot); *Johnson v. Couturier*, 2009 WL 3112040, at *2 (E.D. Cal. Sept. 23, 2009) (same).

### II.   Defendants Fail to Demonstrate Good Cause to Modify the Protective Order.

Regardless, even if the Buttons' request were not moot, Defendants fail to offer any justification, let alone good cause, as to why the protective order should be modified.

As a threshold matter, all of Defendant's lawsuits—including the California Action—have either already been dismissed or are at the pleading stage. In deciding the currently pending motions to dismiss, the separate courts are confined to the four corners of the Buttons' pleadings and cannot consider extraneous discovery material from this case. *See* Fed. R. Civ. P. 12(b)(6); *see also, e.g.*, *Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) (stating that on a 12(b)(6) motion, courts "should consider only the pleadings"). Given the early stage of the litigations, discovery material from this case is totally

irrelevant to the issues before other courts, and there is no reason why the protective order should be modified.[2]

Further, the Buttons make no effort to explain why confidential discovery material is relevant to those separate lawsuits. The Buttons state, in a conclusory fashion, that these materials are "essential to Defendants' ability to defend themselves and strongly support their claims in the California litigation," but they do not explain how or why. [Mot. at 6]. They therefore fail to satisfy their burden to modify the protective order. *See, e.g.*, *Villery v. Jones*, 2022 WL 616806, at *1 (E.D. Cal. Mar. 2, 2022) (denying motion to modify protective order where movant failed to provide good cause); *Oasis Med., Inc. v. Biocia Inc.*, 2022 WL 18284294, at *4-5 (C.D. Cal. Dec. 16, 2022) (same); *Biovail Lab'ys, Inc. v. Anchen Pharms., Inc.*, 463 F. Supp. 2d 1073, 1084 (C.D. Cal. 2006) (same).

Defendants seek leave to use three categories of confidential discovery material in the California Action: (1) Plaintiffs' deposition transcripts; (2) Plaintiffs' medical records; and (3) Sage's electronically stored information ("ESI") that was uploaded onto Defendants' computer while Sage was in an abusive relationship with them. [Mot. at 5–6]. Each request is unavailing.

### A. Plaintiffs' Deposition Transcripts

As to the first category, Plaintiffs' deposition transcripts, the parties already stipulated that these transcripts could be filed in separate litigations, so long as Defendants file true and correct copies of all six transcripts in their entirety, rather than cherry-pick certain excerpts and

---

[2] In the unlikely event that any of Defendants' lawsuits survive dismissal and reach the discovery stage, the parties can revisit whether the protective orders should be modified—and to what extent—to allow reproduction of certain discovery material in separate court(s) to promote judicial economy and streamline litigation. At this stage, however, the need for any such relief is wholly speculative and unnecessary.

take them out of context. [ECF No. 489]. Accordingly, as to this category, Defendants request is unnecessary and moot, since no further modification of the protective order is required.

### B. Plaintiffs' Medical Records

Defendants' request to disclose Plaintiffs' medical records to other courts should be denied. Plaintiffs' therapy and other medical records are of the utmost sensitivity. *See, e.g.*, *Hatfield v. Naughton*, 2022 WL 21756598, at *1-2 (D. Nev. Jan. 28, 2022) (recognizing the sensitivity of medical records); *Bedard v. Nevada Dep't. of Corrections*, 2022 WL 21755696, at *1–2 (D. Nev. Jan. 20, 2022) (same); *Carley v. Nevem*, 2022 WL 22836399, at *1–2 (D. Nev. May 24, 2022) (same). That is why the protective order provides—on the strongest terms—that "medical, mental health and/or other health care records," including "extracts and summaries" of that material, are not to be disclosed. [ECF No. 166 ¶¶ 4, 5]. In fact, the protective order provides that "medical, mental health and/or other health care records" are "hereby designated as confidential, regardless of whether [they] were previously designated as confidential, and regardless of whether they are explicitly designated as confidential in the future." [*Id.* ¶ 5(a)].

Plaintiffs produced their highly sensitive medical records in reliance on the unambiguous protective orders entered in this case. [*See* ECF Nos. 53, 166]. Now, Defendants seek to pull the rug out from Plaintiffs and use those highly sensitive records against Plaintiffs' loved ones in connection with the vexatious lawsuits that Defendants filed. Defendants wholly fail to explain why they should be entitled to this extraordinary relief. In fact, they do not even explain how these records are relevant to the other litigations. Their request should therefore be denied. *See, e.g.*, *Villery*, 2022 WL 616806, at *1 (denying request to modify protective order including because party "relied upon the protective order in providing certain sensitive . . . documents"); *IceMOS Tech. Corp. v. Omron Corp.*, 2019 WL 5268872, at *3 (D. Ariz. Oct. 17, 2019) (denying request to modify protective order because party "reasonabl[y] relie[d]" on

protective order and "[w]ithout guaranteed protection of its sensitive . . . information . . . [it] likely would not have disclosed so much" and holding that party's "reliance interest vastly outweighs the unsubstantiated possibility that [movant] would have to engage in duplicative discovery").

### C. Sage's ESI

Finally, Defendants' request to disclose Sage's ESI should also be denied. As has been litigated over and over again in this case, Defendants should not have Sage's ESI in their custody in the first place.

Given Sage's (clearly well founded) concerns that the Buttons would use her ESI to retaliate against her and retain coercive control over her, a Boston court ordered Defendants to surrender and not publish that material over eight years ago. [ECF Nos. 77-3, 77-4]. The Boston court made a point to ensure that Defendants understood the order, specifically emphasizing the "seriousness" of the ESI provision, and that any violation of that specific provision would result in the Buttons being "back in front" of the court. [ECF No. 77-2 at 64:6–9, 65:2–5].

Despite this unambiguous directive, during this litigation, Defendants signed sworn affidavits admitting they retained Sage's ESI for years in direct violation of the Boston court's orders. [ECF 77-8 at 11, 15]. Defendants then mined Sage's data for purportedly embarrassing or scandalous information and repeatedly published Sage's ESI in the instant litigation and elsewhere. Most notably, Defendants attached Sage's sensitive text messages with third parties to their publicly available filings, including to a since-dismissed third-party complaint and counterclaim. [*See* ECF Nos. 54, 54-7, 54-18]. Defendants also directed members of the media to their filings that included Sage's ESI to facilitate further reproduction.

On December 1, 2022, Judge Youchah sanctioned Defendants, finding that their possession and publication of Sage's ESI constituted a "willful" violation of "clear" orders from

6
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

the Boston court. [*Id.*, ECF 104 at 7–9]. Judge Youchah ordered Defendants to surrender Sage's ESI to Plaintiffs' counsel, not retain any copies, and not publish any of those materials unless permitted by Court order, and she awarded Sage's attorneys' fees and costs. [*Id.* at 10]. Although Judge Traum stayed the fee award until the conclusion of the litigation, Judge Traum otherwise affirmed Judge Youchah's order, explaining, "Judge Youchah did not clearly err when ordering sanctions against Defendants . . . [b]y retaining a copy of the iPhone backup and publicly releasing information about Humphries . . . to the media and/or the public docket, Defendants clearly violated the Boston court's order." [ECF No. 254 at 7].

The Buttons have repeatedly disregarded that order, and in February, the Court warned the Buttons that further violations would result in a recommendation of "case terminating sanctions" against them. [ECF No. 479 at 9].

Undeterred, the Buttons have now shockingly revealed that they *still have Sage's ESI* and intend to somehow weaponize it against Sage's parents and other third parties in the California Action. [*See* Mot. at 5, 6, 7]. Of course, Defendants should not have Sage's ESI in the first place, let alone be permitted to use it in the California Action.[3] Defendants' continued misuse of Sage's ESI and disregard for Court orders could not be more brazen.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Emergency Motion for Court Approval to File Certain Protected Materials Under Seal in a Related matter Pending in the Central District of California.

---

[3] Defendants suggest that "Plaintiffs' counsel provided" the "original messages between Sage Humphries and Daryl Katz" back to Defendants "after the Defendants returned it." [Mot. at 5]. Not so. While Plaintiffs produced Sage's ESI to Defendants to the extent it was relevant to this action, Plaintiffs did not reproduce Sage's private text messages with Mr. Katz, which are irrelevant and should not be in Defendants custody.

7
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dated: June 16, 2025 | Respectfully Submitted, |
| | BOIES SCHILLER FLEXNER LLP |
| | /s/ *Sigrid S. McCawley* |
| | SIGRID S. MCCAWLEY (*pro hac vice*) |
| | BOIES SCHILLER FLEXNER LLP |
| | 401 E. Las Olas Blvd., Suite 1200 |
| | Ft. Lauderdale, FL 33301 |
| | Telephone: 954.356.0011 |
| | smccawley@bsfllp.com |
| | |
| | SABINA MARIELLA (*pro hac vice*) |
| | LINDSEY RUFF (*pro hac vice*) |
| | BOIES SCHILLER FLEXNER LLP |
| | 55 Hudson Yards |
| | New York, NY 10001 |
| | Telephone: 212.446.2300 |
| | smariella@bsfllp.com |
| | lruff@bsfllp.com |
| | |
| | RICHARD J. POCKER (NV Bar No. 3568) |
| | 300 South Fourth Street, Suite 800 |
| | Las Vegas, NV 89101 |
| | Telephone: 702.382.7300 |
| | Facsimile: 702.382.2755 |
| | rpocker@bsfllp.com |
| | |
| | *Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2* |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR COURT APPROVAL TO FILE CERTAIN PROTECTED MATERIALS UNDER SEAL IN A RELATED MATTER PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on June 16, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP