Case 2:21-cv-01412-ART-EJY    Document 499    Filed 06/16/25    Page 1 of 7

X FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON

06/16/2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
3Worldofdusty@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-EJY<br><br>DEFENDANTS' EMERGENCY MOTION TO CONTINUE JUNE 26, 2025 HEARING ON MOTIONS FOR SUMMARY JUDGMENT |

1
DEFENDANTS' EMERGNCY MOTION TO CONTINUE JUNE 26, 2025 HEARING ON
MOTIONS FOR SUMMARY JDUGMENT

Defendants respectfully move for a short continuance of the hearing currently scheduled for **June 26, 2025**, on the pending Cross Motions for Summary Judgment. Good cause exists for this request based on a convergence of serious medical crises and caregiving constraints affecting the Defendants' immediate family, as described below.

Defendants conferred with opposing counsel and their position states that "Plaintiffs' counsel is available any day in July or August, other than July 7-11, July 14, or August 1." Defendants also note that they are not available on August 7th or 8th.

I.    GOOD CAUSE FOR CONTINUANCE

This request is based on time-sensitive, extraordinary circumstances beyond Defendants' control, specifically:

1. Defendant Dusty Button's father, is undergoing **aggressive chemotherapy for cancer** and is nearing the final stage of a critical treatment cycle. His **next major scan is scheduled for June 25, 2025**, just one day before the scheduled hearing with a follow up on the 26th of July during the time of the hearing. The results of this scan are expected to determine the viability of future treatment and whether palliative care or continued intervention is appropriate. His prognosis remains uncertain.

2. Mr. Button is **unable to transport himself** or manage basic medical coordination. Defendants are the **sole caregivers**, and the emotional and physical demands of this have increased sharply as treatment has progressed.

3. Simultaneously, **Laura Button**, Dusty's mother, recently suffered a **fractured patella** and is **temporarily immobilized**, unable to bear weight or drive. She has

historically provided the only family-based childcare for Defendants' infant child, but is currently incapacitated and in recovery.

4. Defendants are now faced with a **complete breakdown of family caregiving infrastructure**, with no available childcare and no ability to afford paid assistance. The inability to secure reliable care has made travel and uninterrupted legal preparation logistically impossible.

5. Defendants are not requesting indefinite relief. They are simply asking for a modest extension—into **late July or August (at the Court's discretion)**—to allow for stabilization of their family situation and fulfillment of their litigation obligations.

II.  OPPOSITION FROM COUNSEL AND CASE CONTEXT

Defendants further note that any extensions referenced by opposing counsel in other related cases were also based on these same caregiving and medical hardships. Those requests were made transparently, supported by documentation when necessary, and never for purposes of delay or in bad faith. The Buttons have made every effort to comply with deadlines and only sought accommodations when extraordinary personal circumstances required it.

Defendants advised opposing counsel of these circumstances on **June 11, 2025**, and sought a brief stipulation. Counsel declined, citing the age of the case and a desire to avoid delay.

Despite the deeply personal nature of these medical events, Defendants notified opposing counsel in good faith.  Counsel responded: "Given Defendants' representation that

Mrs. Buttons' father is scheduled to receive treatment "during the time of" the June 26 hearing, Plaintiffs consent to a brief adjournment. Plaintiffs do not, however, consent to an indefinite delay, and respectfully request that the Court reschedule the hearing at its earliest convenience in July or August 2025. Plaintiffs' counsel is available any day in July or August, other than July 7-11, July 14, or August 1. This matter has been pending for over four years, and Plaintiffs are eager to bring this case to final resolution. We will note for the record that Defendants informed the clerk of court that they were available for the June 26 hearing over two months ago, on April 9, 2025, which should have allowed ample opportunity to make any transportation or child-care arrangements for their family, particularly since Defendants have already been given permission to appear at the hearing via Zoom. Plaintiffs also note that they have already stipulated to nine of Defendants' requests for extensions in this case. [ECF Nos. 14, 33, 41, 65, 144, 280, 302, 369, 413]. Plaintiffs' counsel have also stipulated to all seven of Defendants' requests for extensions in the related cases that the Buttons filed, all based on similar representations about medical issues. [See Button et al v. McCawley, 24-cv-60911-DSL, ECF Nos. 18, 26, 31, 34, 51; Dusty Button et al v. Micah Humphries et al, 24-cv-01730-JVS-DFM, ECF Nos. 59, 77]. While Plaintiffs sympathize with Defendants' family's medical situation, given the already extensive delays in this case and others, Plaintiffs are disinclined to consent to further extension requests absent extraordinary circumstances".

      Plaintiffs will suffer **no prejudice** if the hearing is continued. Their motion is fully briefed and would remain ripe for decision after a brief delay. Defendants also represent that this is an extraordinary circumstance and would otherwise not burden this Court with this request.

4
DEFENDANTS' EMERGNCY MOTION TO CONTINUE JUNE 26, 2025 HEARING ON MOTIONS FOR SUMMARY JDUGMENT

This Court is well aware that opposing counsel also represents other defendants in related actions filed by the Buttons, including *Button et al v. Micah Humphries*[1]; *Button et al v. McCawley*[2], *Button et al v. the New York Times*[3], *Button et al v. Doherty*[4] and *Button v. Humphries*[5]. Defendants have consistently complied with deadlines across forums and now seek a **one-time accommodation** of continuance of this hearing due to an acute and unanticipated medical crisis. The balance of equities here weighs heavily in favor of a short continuance: denial would create severe and unjustifiable hardship for the Buttons while benefitting no party and delaying no proceeding materially.

### III. REQUESTED RELIEF

Defendants respectfully request that the Court:

- **Continue the hearing currently scheduled for June 26, 2025**, on Cross Motions for Summary Judgment;
- Reschedule the hearing for a date in **late July**, **or August** at the Court's discretion;
- Continue to Permit Zoom appearance for the Defendants at the time of the hearing.

### IV. CONCLUSION

This request is made in **good faith**, not for delay, and is supported by verified, time-sensitive medical needs affecting multiple immediate family members. A brief continuance

---

[1] 8:24-cv-01730-JVS-DFM in the Southern District Court of California.
[2] 0:24-cv-60911-DSL in the Southern District Court of Florida
[3] 1:24-cv-05888-MKV in the Southern District Court of New York
[4] 1:24-cv-05026-JPC-KHP in the Southern District Court of New York
[5] 2023-P-1202 in the Massachusetts Appeals Court and No.FAR-30336 in the Supreme Judicial Court of Massachusetts

5
DEFENDANTS' EMERGNCY MOTION TO CONTINUE JUNE 26, 2025 HEARING ON MOTIONS FOR SUMMARY JDUGMENT

will allow for the stabilization of Defendants' obligations and ensure meaningful participation in this critical hearing.

Respectfully dated this 16th day of June, 2025,

_____

Mitchell Taylor Button and Dusty Button *(Pro se)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on June 16th, 2025 and served on all parties via email.

Dated this 16th day of June, 2025,

_____

Mitchell Taylor Button and Dusty Button

(*Pro se*)

DEFENDANTS' EMERGNCY MOTION TO CONTINUE JUNE 26, 2025 HEARING ON MOTIONS FOR SUMMARY JDUGMENT