Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Worldofdusty@gmail.com

X FILED    RECEIVED
ENTERED    SERVED ON
7/2/2025
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: MAM DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-EJY<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)** |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

1

Defendants Mitchell Taylor Button and Dusty Button, respectfully move for reconsideration of the Court's denial (ECF No. 505) of their Emergency Motion for Court Approval to File Certain Protected Materials Under Seal in the related matter pending in the Central District of California (Case No. 8:24-cv-01730-JVS-DFM).

This request is made pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority to revise interlocutory orders prior to final judgment. Reconsideration is warranted because the Court's order rests on a factual misunderstanding of the scope of Defendants' underlying motion and overlooks the ongoing relevance of the materials to active litigation against remaining defendants, including Daryl Katz, Robert Klieger, and Anthony Pellicano.

I. THE COURT'S ORDER IS BASED ON A CLEAR MISUNDERSTANDING OF THE MOTION'S SCOPE

The Court denied Defendants' Emergency Motion based on the premise that the materials sought to be used were relevant only to claims against individuals who have since been dismissed with prejudice (Micah and Michael Humphries, Kathryne Meyer, and Hannah Stolrow). This conclusion is demonstrably incorrect.

As expressly stated in Defendants' publicly filed Reply (ECF No. 501), the motion sought permission to use materials not only in relation to the dismissed parties, but also in connection with still-pending claims against Katz, Klieger, and Pellicano. Specifically, the Reply reads:

"Importantly, claims remain pending against Daryl Katz, Robert Klieger, and Anthony Pellicano. […] The materials at issue go far beyond Katz's communications. They

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

2

include therapy notes, medical records, and full deposition transcripts that bear directly on Plaintiffs' claims and Defendants' ability to mount a defense." (ECF No. 501 at 4–5). Accordingly, the Court's finding that "there is no reason to permit disclosure of confidential discovery materials" is factually inaccurate and warrants reconsideration.

## II. THE MATERIALS REMAIN RELEVANT AND WERE CONDITIONALLY APPROVED FOR SEALING IN THE CALIFORNIA ACTION

The Central District of California conditionally granted Defendants' request to file the relevant materials under seal, contingent on this Court's approval under the governing protective orders. The California court's order implicitly acknowledged the materials' ongoing relevance to the remaining defendants and claims.

Courts in the Ninth Circuit routinely allow cross-use of discovery when confidentiality is preserved. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131–33 (9th Cir. 2003); Olympic Refining Co. v. Carter, 332 F.2d 260, 265 (9th Cir. 1964). The continued sealing of Exhibit B would maintain confidentiality, while protecting Defendants' due process rights to rebut the serious claims pending in the related action.

Additionally, refusing to permit sealed use of discovery materials already produced in this matter — and already conditionally approved for sealed filing in the Central District of California — serves no purpose but to obstruct efficiency and foster duplication. This undermines judicial economy and inter-court comity, particularly where the relevance of the materials has been established.

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

### III. THE MATERIALS REMAIN ESSENTIAL FOR APPELLATE PURPOSES AND PRESERVING THE RECORD

Defendants have already filed a Notice of Intent to Appeal in the Central District of California, preserving their right to challenge the dismissal of claims against several defendants. The materials at issue form part of the core evidentiary basis for both that appeal and the active litigation that remains ongoing.

The Ninth Circuit has repeatedly held that sealed materials may be filed on appeal and are often essential to ensuring a complete and accurate record. See In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 425 (9th Cir. 2011); Phillips v. General Motors Corp., 307 F.3d 1206, 1212–13 (9th Cir. 2002). Moreover, Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475–76 (9th Cir. 1992), confirms that protective orders must yield where justice and due process require access to discovery in related litigation.

To deny Defendants access to these materials for use in briefing and evidentiary development related to an active appeal, and ongoing claims involving Katz, is judicially and constitutionally improper.

### IV. THE COURT'S RESPONSE TO KATZ-RELATED MATERIALS CREATES AN APPEARANCE OF SELECTIVE ENFORCEMENT

The Court's original Order (ECF No. 503) erroneously stated that the entire Reply and exhibits were filed under seal and demanded redaction of references to Exhibit B — despite no such requirement in the Protective Order or applicable rules. That directive was later reversed only after Defendants filed a motion for clarification.

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

4

Plaintiffs, meanwhile, have repeatedly referenced Katz-related messages, mental health records, and confidential discovery materials without any redaction orders or sealing restrictions. This inconsistent enforcement of procedural safeguards has resulted in a systemic disparity in how Defendants are treated when seeking to use similar material in a sealed and appropriate manner.

## V. PATTERN OF DISPARATE TREATMENT AND APPEARANCE OF JUDICIAL BIAS

Defendants respectfully submit that the Court's recent rulings are not isolated errors, but part of a pattern that increasingly undermines the appearance of impartiality in these proceedings. Plaintiffs and their counsel have repeatedly been permitted to reference confidential discovery materials, including Katz-related messages, therapy notes, and sealed deposition content, without being ordered to redact or seal their filings. Defendants, by contrast, have been met with procedural obstacles and redaction orders not grounded in any prior directive or applicable rule.

This asymmetrical enforcement of the Protective Order contributes to a record that appears skewed in favor of Plaintiffs and against Defendants. When the Court allows Plaintiffs to submit Katz-related filings without restriction while burdening Defendants' efforts to file the same categories of evidence under seal, it creates the appearance of preferential treatment.

Moreover, these decisions implicate not only procedural fairness, but also transparency and public confidence in judicial proceedings. While Defendants are not seeking

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

public dissemination of sealed materials, the selective sealing and redaction of references to Katz from public filings—despite Plaintiffs' repeated unredacted references—raises concerns under the First Amendment right of public access to judicial proceedings. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Courthouse News Serv. v. Planet, 750 F.3d 776, 786–88 (9th Cir. 2014).

In short, the sealing decisions appear designed not to protect sensitive information, but to insulate a high-profile individual from legitimate legal scrutiny. That is neither the purpose of protective orders nor consistent with the Court's duty to apply such orders equally.

The Court's inconsistent rulings — particularly where Katz is concerned — may also trigger judicial estoppel. The Supreme Court has recognized that judicial integrity is undermined when a court adopts contradictory positions. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001). This Court has previously accepted sealed submissions involving Katz-related evidence. To now deny leave to submit similar evidence under seal, without change in facts or law, reflects an unacknowledged shift in position that is not explained or justified.

Finally, Defendants stress that their inability to file relevant rebuttal materials—already produced in discovery and conditionally accepted for sealing—undermines their ability to respond to serious and ongoing allegations. The Supreme Court has long held that due process demands a meaningful opportunity to present evidence and confront adverse claims. See Goldberg v. Kelly, 397 U.S. 254, 267 (1970); Brady v.

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

Maryland, 373 U.S. 83 (1963). Denying Defendants this opportunity while allowing Plaintiffs to proceed unimpeded offends the adversarial principle on which our legal system depends.

While Defendants remain respectful of the Court's authority, the cumulative effect of mischaracterized rulings, improper redaction demands, and disproportionate scrutiny imposed when Katz is implicated raises the appearance of bias. Defendants respectfully request that, if the Court does not believe it can impartially reconsider this issue, referral to a different magistrate or a status hearing be considered to preserve public confidence in the fairness of these proceedings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its denial of the Emergency Motion (ECF No. 497) and grant leave to file certain confidential information under seal in the related California action, consistent with the California court's conditional approval and the principles of fairness, comity, and due process.

Respectfully dated this 2nd day of July, 2025,

_____

Mitchell Taylor Button and Dusty Button *(Pro se)*

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on July 2nd, 2025 and served on all parties via email.

Dated this 2nd day of July, 2025,

_____

Mitchell Taylor Button and Dusty Button

(*Pro se*)

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO FILE PROTECTED MATERIALS (ECF NO. 505)**