UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>              Plaintiffs,<br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>              Defendants. | Case No 2:21-cv-01412-ART-EJY<br><br>ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE ORDER AND MOTION TO ENFORCE TRANSCRIPT ACCESS<br>(ECF Nos. 507, 509, 518) |

Before the Court is an objection by Defendants to an order issued by Magistrate Judge Elayna J. Youchah denying Defendants' Motion to Reconsider. (ECF No. 509.) For the reasons discussed, the Court overrules Defendants' objection.

**I.    Background**

On May 31, 2022, this Court entered a Stipulated Confidentiality and Protective Order that limited the use of certain confidential discovery material to the pending action in the District of Nevada. (ECF No. 51.) A Supplemental Protective Order was entered on May 4, 2023, limiting the use of:

    (a) medical, mental health and/or other health care records;
    (b) personal records, including records reflecting social security numbers and/or personal telephone numbers;
    (c) all financial records, including tax returns, credit and banking information, and all personal records that describe income or finances or money or payment of bills or fees of any kind;
    (d) names of alleged minor victims of sexual abuse, other than those plaintiffs who have chosen to use their names in this action;
    (e) extracts and summaries of any information identified in (a)-(c);
    (f) any other category of information given confidential status by this Court after the date of this Order.

(ECF No. 166.) On August 27, 2024, Plaintiffs requested case-ending sanctions against the Defendants for violating these orders. (ECF No. 402). This Court

denied those sanctions but reiterated that no (1) medical records, (2) documents marked confidential, or (3) documents derived from Sage Humphries' electronically stored information ("ESI"), no matter in what form or format, may be used for any purpose outside of this litigation without Court approval to do so. (ECF No. 479 at 9.)

Since being sued in this case, Defendants filed six lawsuits in other districts against Plaintiffs, their counsel, and others associated with them. (ECF No. 402 at 9.) At issue here is Defendants' litigation in the Central District of California against Micah Humphries, Michael Humphries, Kathryne Meyer, Hannah Stolrow, Daryl Katz, Anthony Pellicano, and Robert Klieger. *Button et. al. v. Micah Humphries et. al.*, 8:24-cv-01730-JVS-DFM, (C.D. Cal.) (the "California Matter").

On May 27, 2025, the Defendants requested leave to file documents secured by this Court's protective order under seal in the California Matter, specifically the full deposition transcripts of the Nevada litigants and original messages between Daryl Katz and Sage Humphries as support for their Second Amended Complaint and Oppositions to pending motions to dismiss from the Humphries, Ms. Meyers, and Ms. Stolrow. (*Id.*, ECF No. 82.) That court granted the request to file the documents pending this Court's approval. (*Id.*, ECF No. 84.)

On June 2, 2025, Defendants filed the motion at issue in this order requesting approval to file materials under seal in the California Matter. (ECF No. 497.) Here, they requested the complete deposition transcripts, medical records and confidential materials previously redacted or sealed by this Court, and documents derived from the ESI Sage Humphries uploaded onto the Buttons' external hard drive in 2017. (*Id.*) Plaintiffs opposed the request.. (ECF No. 498.) Defendants replied. (ECF No. 501.) Judge Youchah denied the motion. (ECF No. 505.)

Defendants moved for reconsideration, arguing that the order

1  misunderstood that the materials were sought for the purpose of advancing
2  arguments against all litigants, not just those who had already been dismissed
3  from the California Matter, and were therefore still relevant; that the materials
4  are essential for preserving the record on appeal; and that the Court's response
5  suggested selective enforcement and judicial bias. (ECF No. 507.)
6      Judge Youcah denied the motion for reconsideration, (ECF No. 508) and
7  Defendants filed this objection and two supplements (ECF Nos. 509, 510, 527.)
8  Plaintiffs responded to the objection (ECF No. 513) and the supplement (ECF No.
9  530), and Defendants replied. (ECF No. 533.)

## II. Standard of Review

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D.Cal. Mar.16, 1998)).

## III. Analysis

### a. Objection to Motion for Reconsideration

Judge Youchah issued an order denying Defendants' Motion for Reconsideration (ECF No. 507) for lack of a manifest error, because Defendants' emergency motion made no mention of Mr. Pellicano and Mr. Klieger and only

referenced Mr. Katz in relation to a description of the evidence they sought to introduce. (ECF No. 508 at 1.)

In their objection, Defendants restated that Judge Youchah's decision is clearly erroneous because it misstated and too narrowly construed the purposes of their original emergency motion, ignored prejudice resulting from the denial, and impairs their access to due process. (ECF No. 508 at 3-4.)

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). This Court's Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

Upon examining the emergency motion, this Court agrees with Judge Youchah's conclusion.

**b. Judge Youchah's Order Did Not Misstate Facts**

Defendants argue that Judge Youchah clearly erred by concluding that Mr. Katz was not an active litigant in the California Matter and by failing to recognize that they intended to file documents in their ongoing litigation against Messers. Pellicano, Klieger, and Katz. (ECF No. 509 at 3.) The Court disagrees because Judge Youchah did not misstate facts and Defendants failed to articulate why the protected documents are relevant to these three defendants.

When Judge Youchah published her order (ECF No. 508) on July 5, 2025, Mr. Katz was not recognized as having been served in the California Matter. Case

No. 8:24-cv-01730 (ECF No. 149) (order finding that 4(d) waiver of service was transmitted on July 10, 2025, and executed on September 10, 2025.) Therefore, there is no misstatement of law or fact regarding Mr. Katz's status at the time of denial.

The Court takes judicial notice of the fact that now all of the defendants (Humphries, Stolrow, Meyers, Katz, Pellicano and Klieger) have been dismissed with prejudice from the California Matter. Since Judge Youchah's order, the court in the California Matter has dismissed the claims against Mr. Klieger, Case No. 8:24-cv-01730-JVS-DFM (C.D. Cal.) (ECF No. 138, Aug. 28, 2025.), Mr. Pellicano, *id.*, (ECF No. 148, Sept. 12, 2025.), and Mr. Katz *id.*, (ECF No. 169, Oct. 20, 2025.) It appears that currently there is no basis to permit disclosure of confidential discovery materials related to the California Matter.

### c. Defendants Have Not Shown the Relevancy of Sealed Materials to California Matter.

Even assuming those claims could be revived, Defendants have not shown—in their request in the California case or their motions or objection in this case—how the materials are relevant to their claims against Messrs. Katz, Pellicano, or Klieger. Their request in the California case was responsive to a motion to dismiss filed by four other defendants, namely, the Humphries, Ms. Meyer, and Ms. Stolrow. Case No. 8:24-cv-01730-JVS-DFM (ECF 82 (requesting permission to file documents "as exhibits to their opposition to the Defendants' Motion to Dismiss the Second Amended Complaint")); *see also* (ECF No. 497 "the materials they intended to file would be submitted . . . in response to . . . Micah and Michael Humphries, Hannah Stolrow, and Katherine Meyers' Motion to Dismiss.") There was no indication in that motion that the documents were relevant to claims against Messrs. Katz, Pellicano, or Klieger. Defendants' filing in this case also failed to explain how the documents were relevant to the claims against those defendants in the California Matter. With respect to Mr. Katz,

1    Defendants argue that they "explicitly described the ongoing relevance of those
2    materials to their claims involving Katz" in the original motion, but they fail to
3    cite anything to the record. (ECF No. 509 at 3.) Judge Youchah correctly observed
4    that Defendants mentioned Mr. Katz in the description of the material they seek
5    to admit (ECF No. 497 at 5, 6) but failed to explain the relevance of the materials
6    to claims against him.

7    Defendants argue that the Ninth Circuit permits use of confidential
8    materials under seal for fairness in related proceedings, citing *Foltz v. State Farm*
9    *Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). (ECF No. 509 at 4.) Under
10   *Foltz*, a litigant seeking to modify a protective order for a collateral action must
11   demonstrate the relevance of the protected discovery to the collateral proceedings
12   and its general discoverability therein. *Foltz*, 331 F.3d at 1132-33 (explaining that
13   the district court that issued the protective order considers the relevance of the
14   materials and the interest in maintaining the protective order). This Court finds,
15   as stated above, that Defendants have not met their burden under *Foltz* of
16   showing why they should be permitted to file materials in the California Matter,
17   i.e., why the materials are relevant to those claims. The Court thus cannot
18   determine whether their interest in seeking to admit those materials in the
19   California Matter outweighs Plaintiffs' interest in maintaining the protective
20   order. *Foltz*, 331 F.3d at 1133.

21   Defendants argue that Judge Youchah ignored the prejudice resulting from
22   denial, including the use of documents on appeal. (ECF No. 509 at 3.) Defendants
23   also argue that the judge's ruling failed to address the California court's
24   conditional approval to file the documents under seal, creating a "direct conflict"
25   that "undermines inter-district judicial comity." (ECF No. 509 at 4.) There is no
26   conflict because the California court's the approval was conditional, which
27   Defendants acknowledge. (*Id.*) Neither this, nor their arguments addressing the
28   record on appeal, cure the motion's failure to explain the relevance of the

materials to the now-dismissed claims in the California Matter.

Finally, in their Response to the Emergency Motion (ECF No. 498), Plaintiffs stipulated that Defendants may file deposition transcripts in separate litigation, so long as the Defendants file true and correct copies in their entirety. This is affirmed by the Joint Stipulation filed by Plaintiffs, allowing Defendants to file Plaintiffs' deposition transcript in the California Matter subject to the conditions they describe. (ECF No. 486.) Therefore, this Court finds that Defendants can file the six deposition transcripts in the California Matter pursuant to the modified protective order.

Therefore, for the reasons stated, the Court overrules Defendants' Objection (ECF No. 509) to Judge Youchah's order. Defendants may use the six deposition transcripts as described in the Joint Stipulation. Plaintiffs may also choose to file a new motion to modify the protective order tailored to any pending claims in other cases.

**IV.   Conclusion**

It is therefore ordered that the Defendants' objection (ECF No. 509) is OVERRULED.

It is further ordered that Defendants' motion to reconsider (ECF No. 507) is DENIED.

It is further ordered that Defendants' request for a courtesy copy of the July 31, 2025, hearing transcript is GRANTED. (ECF No. 518.)

Dated this 23rd day of October 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

7