# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sage Humphries, et al., | 2:21-cv-01412-ART-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Mitchell Taylor Button, et al., | |
| Defendant(s). | |

The plaintiffs filed a *Motion to Seal the Joint Pretrial Order* ("Motion to Seal") and the defendants filed an *Emergency Motion to Suspend the Joint Pretrial Order* ("Motion to Suspend"). *ECF Nos. 568 and 570*. The Court **DENIES** the Motion to Seal without prejudice, with leave to refile. *ECF No. 568*. The Court **DENIES** the defendants' Motion to Suspend. *ECF No. 570*.

## I.    MOTION TO SEAL (ECF NO. 568)

### A.  Legal Standard

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79. Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant

standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). This District has found that Joint Pretrial Orders are dispositive for the purposes of analyzing the presumption of public access. See *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053-GMN-NJK, 2014 U.S. Dist. LEXIS 159763, at *2 (D. Nev. Nov. 12, 2014).

**B. Analysis**

Plaintiffs do not make any showing or argue that compelling reasons exist to seal the entire proposed Joint Pretrial Order pursuant to *Kamakana*. Plaintiffs argue instead that Rule 26(c) good cause standard applies, which is the incorrect standard pursuant to *Kamakana* because the Joint Pretrial Order is dispositive. The Court thus finds that plaintiffs have not met their burden and denies the Motion to Seal without prejudice. Plaintiffs have two weeks to file a new motion advancing arguments in support of the need to seal the Joint Pretrial Order under the applicable compelling reasons standard. In the interim, this Court will maintain ECF No. 569 under seal. If the plaintiffs do not file a renewed motion by the deadline, this Court will unseal the currently sealed proposed Joint Pretrial Order at ECF No. 569.

**II.    MOTION TO SUSPEND**

**A. Legal Standard**

When a party files an emergency motion, it is in the sole discretion of the Court to "determine whether any matter submitted as an 'emergency' is, in fact, an emergency." Local Rule 7-4(c). Emergency motions are "disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015).

**B. Analysis**

The defendants argue in their Motion to Suspend that because the undersigned Magistrate Judge is new to this case, that the Court will need additional time to resolve any pending issues. *ECF No. 570.*

The defendants argue that they moved on an emergency basis given the impending trial and other deadlines. *Id*. The assignment of the undersigned Magistrate Judge after an unsuccessful mediation is a common event in this District and does not create an emergency. The Court thus denies the defendants' Motion to Suspend.

**IT IS ORDERED** that:

1.  Plaintiffs' *Motion to Seal the Joint Pretrial Order* (ECF No. 568) is **DENIED** without prejudice. Plaintiffs have until **March 27, 2026,** to file a new motion to seal ECF No. 569 consistent with this Order.

2.  The Clerk of Court is directed to maintain ECF No. 569 **UNDER SEAL** until further Order of the Court.

3.  Defendants' *Motion to Suspend* (ECF No. 570) is **DENIED.**

Dated: March 13, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**