# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sage Humphries, et al.,

              Plaintiff(s),

vs.

Mitchell Taylor Button, et al,

              Defendant(s).

2:21-cv-01412-ART-MDC

**REPORT AND RECOMMENDATION TO GRANT THE MOTION TO SEAL (ECF NO. 577)**

Plaintiffs filed a *Motion to Seal* (ECF No. 577) portions of the Joint Pretrial Order ("JPTO"). The Court **RECOMMENDS GRANTING** the Motion to Seal.

## I.      LEGAL STANDARD

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome the presumption in the context of a dispositive motion, party may request that records be filed under seal upon a showing of compelling reasons sufficient to outweigh the public's right of access. See *Kamakana v. City & Cnty. Of Honolulu*, 477 F.3d 1172, 1178 (9th Cir. 2006). Joint pretrial orders are considered dispositive for purposes of determining a motion to seal. *Aevoe Corp. v. AE Tech Co.*, 2014 WL 6065812, at *2 (D. Nev. Nov. 12, 2014) (finding "compelling reasons" existed to seal portions of the JPTO). "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)(citations omitted).

## II.     ANALYSIS

Plaintiffs argue that they only seek to seal narrowly tailored redactions to limited information

concerning sexual abuse of minor children in the JPTO. Plaintiffs requested redactions fall into two categories: (1) the names and identifying information of third-party victims of sexual abuse; and (2) the home addresses and phone numbers of third-party witnesses identified in plaintiffs' witness list. Pro se defendants argue against sealing because they allege that there has been no "judicial finding" that any of the alleged victims are actually victims. *ECF No. 578 at 6*. Plaintiffs argue in the reply that limited sealing will not prejudice the defendants because they will have full access to the pretrial documents. *Id. at 5*. The Court finds that the plaintiffs have presented compelling reasons to seal narrow portions of the JPTO because the alleged victims are third-parties and minor children. The defendants will not be prejudiced because they will have access to the JPTO. It is also close to trial and the District Judge will ultimately decide what will remain sealed at trial. The Court thus recommends that the Motion to Seal be granted.

**IT IS RECOMMENDED** that the plaintiffs' *Motion to Seal* (ECF No. 577) be **GRANTED.**

Dated: May 6, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**