**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sage Humphries, et al., | 2:21-cv-01412-ART-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Mitchell Taylor Button, et al., | |
| Defendant(s). | |

Pro se defendants filed (1) a *Motion for Leave to Issue Limited Third-Party Subpoenas* (ECF No. 546); (2) a *Motion to Preserve Status Quo* (ECF No. 548); (3) a *Motion to Stay Discovery* (ECF No. 549); and (4) a *Motion for Sanctions* (ECF No. 558). The Court **DENIES** all the Motions.

## I.    MOTION FOR LEAVE TO ISSUE LIMITED THIRD-PARTY SUBPOENAS (ECF No. 546) and

### A.  Legal Standard

Subpoenas issued under Rule 45 are "discovery tools and they must be utilized within the time period permitted for discovery in a case." *King v. Calderwood*, 2015 WL 7428552, at *2 (D. Nev. Nov. 20, 2015). Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 6(b) and Local Rule 26-3 additionally provide that a request for extension made after the expiration of the specified period shall not be granted unless the party demonstrates excusable neglect.

The Ninth Circuit explained the meaning of "good cause" under Rule 16(b) in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992):

> Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the

party seeking the extension". . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

(internal citations omitted). Where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022)(citations omitted).

## B. Analysis

Defendants moved to serve third-party subpoenas more than two years after discovery in this case closed. *See ECF No. 220.* The defendants also did not provide the information that Local Rule 26-3 requires for reopening discovery, including a statement of completed discovery, remaining discovery, reasons for delay, and a proposed schedule. While the Court understands that the defendants are proceeding pro se, they must still comply with the Court's Local Rules.

Regardless, the Court finds that the defendants have not shown the lesser good cause standard because they have not been diligent in seeking to reopen discovery for the purposes of serving the requested subpoenas. The defendants thus have not met the greater excusable neglect standard which is required for filing a motion after the deadline has passed. The defendants have not shown that any of the subpoenas could not have been served earlier. For example, regarding reporter Gretchen Voss, the defendants have known about her article about the case since she first published it a year before discovery closed in this case. *See ECF No. 437-30* (Voss Boston Magazine Article) and *ECF No. 67 at ¶ 95* (alleging plaintiff made defamatory statements to "Gretchen Voss, a journalist with the Boston Magazine"). Regarding Maura Melcher, the Court previously granted a motion to quash a subpoena to

Melcher based on attorney-client privilege and/or work product. *ECF No. 278.* Defendants argue that intervening authority from First Circuit (ECF No. 545) somehow warrants reconsideration.  The Court has reviewed ECF No. 545 and is not persuaded to reconsider its prior order at ECF No. 278.

Regarding Daryl Katz, the Court also previously found that inquiry into Katz is not relevant. *See ECF No. 163 ("Apr. 5, 2023 Hr. Tr.") at 50:7–11.* Reopening discovery would also prejudice the plaintiffs because this case is close to trial. The Court thus finds that the defendants have not been diligent in seeking discovery when discovery was opened. The defendants have not made a showing of good cause or excusable neglect to reopen discovery. The Court thus denies the Motion for Leave to Issue Limited Third-Party Subpoenas (ECF No. 546).

## II.    MOTION TO PRESERVE STATUS QUO (ECF No. 548) and MOTION TO STAY DISCOVERY (ECF No. 549)

Construing the defendants' Motion to Preserve Status Quo and Motion to Stay Discovery liberally, it appears to be a motion to stay the pretrial deadlines, including the joint pretrial order deadline. *ECF No. 548.* Defendants argue that the deadlines must be stayed because of the assignment of a new magistrate judge. *ECF No. 548 at 2.* This case has been pending for nearly five years. Summary judgment in this case has been resolved. *See ECF No. 524 (summary judgment order).* The plaintiffs already filed a joint pretrial order (ECF No. 567) which is currently pending before the Court. The Court thus finds that staying the pretrial deadlines due to the assignment of the undersigned magistrate judge is unnecessary. The district judge will determine whether to adopt the pending joint pretrial order. The Court thus denies the Motion to Preserve Status Quo (ECF No. 548) and Motion to Stay Discovery (ECF No. 549).

## III.    MOTION FOR SANCTIONS (ECF No. 558)

The defendants seek sanctions against the plaintiffs' counsel due to issues they have with attorney Bevan's pro hac vice application (that the Court previously granted). *ECF No. 554.* The

defendants argue that attorney Bevan performed unauthorized legal work before she was licensed to practice law. *Id.* at 7. The plaintiffs counter that Bevan is an attorney in good standing (ECF No. 553 at 7), and that before her admission, she was a law clerk employed by plaintiffs' law firm (ECF No. 561 at 5).

Law clerks are permitted to act under supervision of barred attorneys. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009) ("Law firms have always hired unlicensed student law clerks, paralegals and persons who have not completed their legal education but are awaiting admission to the bar . . .No one has treated this activity as the unauthorized practice of law.") (quoting *Dietrich Corp. v. King Resources, Co.*, 596 F.2d 422, 426 (10th Cir. 1979)). Plaintiffs' counsel, as officers of the Court, represent that they supervised Bevens's work at all times before she was licensed to practice law. For example, the defendants argue that Beven should not have been present at a deposition while she was a law clerk and represent that Beven made objections at Jane Doe 1 deposition. However, defendants do not provide any evidence supporting that representation. In contrast, plaintiffs offer deposition transcript excerpts (ECF Nos. 462-39 & 464-23) show that Bevan did not speak on the record at the deposition of Jane Doe 1, and objections were made by counsel of record, McCawley. *See also ECF No. 426-1 ¶ 4 (declaration of Sigrid S. McCawley stating that only she objected during Jane Doe 1's second deposition*). The Court also previously declined to grant relief based on defendants' objection to Bevan's attendance at the deposition when resolving ECF No. 418, granting an extension for reasons unrelated to that objection. *See ECF No. 429.*

Defendants also represent that Bevan wrongfully accessed confidential materials. The protective order permits disclosure of confidential information to counsel retained for this action, including paralegals, clerical staff, or other assistants assigned to the matter. See ECF No. 166, ¶ 7(b). The Court finds that Bevens, is a member of the law firm representing plaintiffs, was permitted to access this material under the express terms of the protective order when she was a law clerk.

Moreover, defendants offer no evidence to the Court in their motion that plaintiffs' counsel disclosed confidential materials on public dockets in this action. Accordingly, the Court finds no violation of the protective order by plaintiffs' counsel. The Motion for Sanctions Against Plaintiffs' Counsel is DENIED.

**IT IS ORDERED that:**

1. Defendants' *Motion for Leave to Issue Limited Third-Party Subpoenas* (ECF No. 546) is **DENIED;**

2. Defendants' *Motion to Preserve Status Quo* (ECF No. 548) is **DENIED;**

3. Defendants' *Motion to Stay Discovery* (ECF No. 549) is **DENIED;**, and

4. Defendants' *Motion for Sanctions* (ECF No. 558) is **DENIED**.

DATED:    May 29, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

*Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**