Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Worldofdusty@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-MDC<br><br>**EXHIBIT A**<br>**[PROPOSED] DEFENDANTS' MOTION FOR LIMITED JANE DOE 1 EVIDENTIARY HEARING**<br>**[REDACTED]** |

## TABLE OF CONTENTS

CERTIFICATION OF MEET AND CONFER…………………………………………..6

INTRODUCTION…………………………………………………………………6,7,8,9,10

REQUESTED RELIEF…………………………………………………………...10,11,12

RELEVANT PROCEDURAL AND RECORD BACKGROUND…...12,13,14,15,16,17,18,19

SPECIFIC TRIAL ISSUES REQUIRING A HEARING……………………………………19

CONTRADICTIONS – JANE DOE 1……………………………...19,20,21,22,23,24,25,26

ISSUE – JANE DOE 1 PRETRIAL HEARING…………………………………...26,27,28,29

ARGUMENT………………………………………………………………………………29

I. Plaintiffs' Opposition Confirms That This Motion Is About Trial Integrity, Not Summary-Judgment Reconsideration…………………………………………29,30

II. The Ordinary Objection Process Is Inadequate For Jane Doe 1 Because the Prejudice Would Occur Before Objections Could Cure It……………………….30,31

III. The Court Has Authority to Require a Rule 104 and Rule 16 Hearing Before Jane Doe 1 Evidence Is Presented to the Jury………………………………........31,32

IV. Plaintiffs Should Be Required to Identify the Exact Jane Doe 1 Trial Theory Before Trial…………………………………………………………...32,33,34

V. The Alleged Apartment, Gun-Room, Gun, Photo/Video, and Metadata Issues Require Foundation Rulings…………………………………………………...34

VI. Therapy Records and Expert Testimony Should Be Cabined Before Trial…...35,36

VII. The Pseudonym Issue Must Be Revisited for Trial Procedure, Even If the Court Does Not Remove the Pseudonym Altogether………………………………..36,37

VIII. The Hearing Should Also Address Nonprivileged Referral, Coordination, and Corroboration Evidence……………………………………………………..37

IX. Plaintiffs' Proposed Pretrial Exhibit List Confirms the Risk of Unfair Prejudice and Trial-By-Atmosphere…………………………………………………..37,38

X. The Second Deposition and Later Medical/Reporting Record Require Live Pretrial Management……………………………………………………………...38,39

XI. The Court Should Manage Jane Doe 1 Proof Now Because No Jury Trial Can Function on an Undefined 500,000-File Universe…………………………39,40,41

XII. Dismissal Is Not the First Requested Remedy, But It Should Remain an Express Consequence if Plaintiffs Cannot Make a Manageable Admissible Proffer…..41,42

CONCLUSION……………………………………………………………………42,43

CERTIFICATE OF SERVICE……………………………………………………….44

# TABLE OF AUTHORITIES

**Cases**

Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000)…….36

Luce v. United States, 469 U.S. 38, 41 n.4 (1984)……………………………………………...32

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384-88 (2008)……………………..32

United States v. Johnson, 594 F.2d 1253, 1255-57 (9th Cir. 1979)…………………………..40

**Federal Rules**

Fed. R. Civ. P. 16……………………………………………………………………………..32

Fed. R. Civ. P. 37(b)(2)……………………………………………………………………….41

Fed. R. Civ. P. 37(c)(1)……………………………………………………………………….41

Fed. R. Civ. P. 41(b)………………………………………………………………………….41

Fed. R. Civ. P. 50(a)…………………………………………………………………………..41

Fed. R. Evid. 104……………………………………………………………………...*passim*

Fed. R. Evid. 401……………………………………………………………………11,32,34

Fed. R. Evid. 403……………………………………………………………………...*passim*

Fed. R. Evid. 602……………………………………………………………….11,34

Fed. R. Evid. 611……………………………………………………………..*passim*

Fed. R. Evid. 701……………………………………………………………….11,34

Fed. R. Evid. 702……………………………………………………………….11,27

Fed. R. Evid. 703……………………………………………………………….11,27

Fed. R. Evid. 801-807……………………………………………………………...11

Fed. R. Evid. 901……………………………………………………………...*passim*

Fed. R. Evid. 1002-1004…………………………………………………………...11

Fed. R. Evid. 1006…………………………………………………………….*passim*

## CERTIFICATION OF MEET AND CONFER

Defendants certify that they conferred with Plaintiffs' counsel on August 18 and 19 by email regarding the relief requested in this motion. Plaintiffs oppose the requested relief. The meet-and-confer record confirms that Plaintiffs contend summary judgment and ordinary trial objections are sufficient, while Defendants contend a targeted Rule 104/Rule 16 pretrial procedure is necessary.

## INTRODUCTION

Defendants respectfully move for a limited evidentiary hearing and pretrial proffer concerning Plaintiff Jane Doe 1. This motion is brought under Federal Rule of Evidence 104(a)-(b), Federal Rule of Civil Procedure 16(c), the Court's authority to manage trial proof and pretrial procedure, and the Court's prior direction that specific evidentiary objections may be raised before trial through proper pretrial motions. This motion does not seek to excuse or replace any pending pretrial-order issue. Defendants have separately preserved their position regarding the pretrial-order process, including the effect of unresolved subpoena, clarification, and case-management issues. This motion addresses a narrower and independent problem: before Jane Doe 1 evidence is presented to the jury, (including through pre-trial), Plaintiffs should be *required to identify* the admissible foundation, purpose, and trial theory for that evidence.

This is not a renewed summary-judgment motion, a renewed Rule 11 motion, or a request that the Court decide ultimate credibility. The requested relief is narrower and more practical: before a jury hears testimony, expert opinions, therapy-record references, police/reporting references, gun imagery, location photographs, or pseudonym-laden trial

presentation, Plaintiffs should be required to identify the precise Jane Doe 1 proof they actually intend to use and the admissible foundation for it. If Plaintiffs cannot make that proffer, the appropriate consequence is not jury factfinding; it is preclusion, limitation, or an order to show cause why unsupported Jane Doe 1 claims should not be dismissed or resolved at the appropriate Rule 50 stage after Plaintiffs are heard.

The record already shows why this is necessary. Jane Doe 1's allegations have not remained fixed. In the Second Amended Complaint, Jane Doe "100" alleged a concrete 2014 sequence: she met Defendants as a minor through Urbanity Dance and Boston Ballet; Dusty allegedly observed her dance classes, approached her after class, told her she should meet Dusty's husband, Taylor, met her for coffee, and then instructed her to come to Defendants' apartment, where the alleged alcohol, incapacitation, assault, recording, and gun-room allegations followed. ECF No. 35, Paragraphs 142-156. After Defendants served and filed Rule 11 papers challenging Jane Doe 1's allegations, Plaintiffs sought leave to file the Third Amended Complaint, representing that the amendment corrected factual allegations as to Jane Doe 1. See ECF Nos. 185, 188-190, 194, 220-221. The resulting operative pleading preserved serious allegations, but materially reframed them: it removed the separate allegation that, after coffee, Defendants instructed Jane Doe 1 to come to their apartment; changed the alleged room from an 'arsenal of guns' to what 'appeared' to be guns; removed the prior phrase that the party occurred when Jane Doe 1 was a minor and Defendants were adults; and added that, due to trauma and alleged forced drugging, Jane Doe 1 did not presently recall the precise date, alleging only upon information and belief that the rape occurred in 2014 when she was a minor. ECF No. 221, Paragraphs 138-147.

Plaintiffs' meet-and-confer position confirms the need for this relief. Plaintiffs have stated that they oppose a Jane Doe 1 evidentiary hearing because, in their view, ECF No. 524 already rejected Defendants' arguments and left Jane Doe 1 for the jury. That response proves why the requested order must be framed precisely: Defendants do not ask the Court to reweigh credibility or reconsider summary judgment. Defendants ask the Court to perform the separate pretrial functions that ECF No. 524 did not decide: admissibility, foundation, exhibit scope, pseudonym procedure, cumulative proof, unfair prejudice, and whether Plaintiffs have a coherent trial theory that can be presented to a jury without confusion or trial-by-atmosphere.

Plaintiffs have now made their position explicit: they contend that summary judgment already resolved whether Jane Doe 1 proceeds to trial and that any evidentiary issues can be handled through ordinary objections. That position confirms the procedural dispute. Defendants do not ask the Court to decide the ultimate fact of assault. Defendants ask the Court to prevent an undefined and prejudicial Jane Doe 1 trial presentation before the jury hears it. The ordinary objection process is not a meaningful safeguard where the dispute involves date, age, location, pseudonym procedure, expert assumptions, therapy-record hearsay, gun/apartment imagery, voluminous files, and exhibit categories that must be sorted before opening statements and witness examination. ECF No. 524 is not a bar to this motion; it is one of the reasons ***this motion is necessary***. The summary-judgment order did not decide admissibility, foundation, trial sequencing, pseudonym procedure, Rule 1006 handling, or whether Plaintiffs must identify a coherent Jane Doe 1 trial theory before trial. The order denied summary judgment because factual and credibility disputes remained; it did not hold that every Jane Doe 1-related exhibit, image, therapy record, expert assumption, or

voluminous-file summary may be presented to the jury without a pretrial foundation. The Court separately identified the exact Jane Doe 1 problem requiring pretrial control. In the Jane Doe 1 section, the Court recognized a factual issue as to 'if Jane Doe was assaulted by Defendants, when that alleged assault occurred and whether she was a minor.' ECF No. 524 at 23-24. Plaintiffs cannot convert that statement into a license to present every Jane Doe 1-related record, photograph, therapy note, expert assumption, and atmospheric exhibit without first identifying the admissible purpose and foundation for each category.

Jane Doe 1's deposition testimony makes those pleading changes trial-critical. She testified she did not live in [redacted]; that her Urbanity/Boston Ballet timing was **based on** [redacted]; that she could not recall [redacted]; that Defendants' marriage certificate showed Dusty and Taylor were not married [redacted]; and that the phrase 'upon information and belief' in the operative complaint referred to [redacted], with the 'information' being her [redacted]. [redacted] Plaintiffs' own expert then described the alleged event as [redacted] the Rule 11 <u>opposition materials</u> among the records reviewed. Dr. Raghavan Report re [redacted]. The point is *not* that the Court must decide credibility now; the point is that Plaintiffs should **not be allowed** to present a shifting, anonymous, high-volume Jane Doe 1 trial theory without first committing to the *actual theory*, foundation, witnesses, exhibits, and admissible basis on which they intend to proceed.

**REQUESTED RELIEF**

1. Set a limited evidentiary hearing concerning Jane Doe 1's allegations, trial-scope issues, pseudonym procedures, and the foundation for Jane Doe 1-related trial evidence.
2. Order Plaintiffs to file a concise Jane Doe 1 proffer identifying: (a) the exact alleged date or the narrowest date range Plaintiffs will ask the jury to consider; (b) the alleged location, including whether Plaintiffs contend the relevant apartment was a specific apartment with the alleged gun room; (c) the evidence Plaintiffs contend supports Jane Doe 1's age/minor-status theory for that date range; (d) each witness with personal knowledge; (e) each exhibit, record, photograph, therapy note, expert opinion, video, metadata item, or demonstrative Plaintiffs intend to use for Jane Doe 1; (f) the specific admissible purpose for each item; and (g) whether Plaintiffs contend Jane Doe 1 can proceed if Plaintiffs cannot prove she was a minor when the alleged assault occurred.
3. Determine before trial whether Jane Doe 1 may continue to proceed by pseudonym at trial, and if so, what neutral trial procedures are required so the jury is not invited to infer truth, danger, or liability from the pseudonym itself.
    a. If anonymity is maintained, order neutral trial terminology and a limiting instruction. Defendants request that the Court consider using initials or a neutral designation such as 'Plaintiff No. 1' instead of repeatedly using 'Jane Doe' before the jury, and instruct the jury that any anonymity procedure is a legal case-management procedure only, carries no evidentiary weight, and must not be considered as proof of truth, danger, fault, or liability.

4. Determine whether any Jane Doe 1 evidence should be excluded, limited, or conditionally admitted pending foundation under Rules 104, 401, 403, 602, 701, 702, 703, 801-807, 901, and 1002-1004, as applicable.
5. Enter any further order needed to avoid unfair surprise, jury confusion, cumulative proof, or trial-by-insinuation on Jane Doe 1 issues.
6. Bar Plaintiffs from using generalized references to 'victims,' 'survivors,' 'gun rooms,' recordings, police reports, uncharged conduct, or therapy-record summaries concerning Jane Doe 1 unless Plaintiffs first establish the specific admissible purpose and foundation for the evidence outside the jury's presence.
7. Require Plaintiffs to narrow Jane Doe 1 trial proof to a manageable, identified set of exhibits and testimony, with no catch-all use of an approximately 500,000 file Jane Doe 1 universe; require any summary, chart, or demonstrative based on voluminous files to comply with Rule 1006 and identify the admissible underlying materials.
8. Require Plaintiffs to serve and file a Jane Doe 1 exhibit-purpose chart, without argument, identifying for each Jane Doe 1-related exhibit whether it is offered for date, location, age/minor status, identity, opportunity, corroboration, damages, expert basis, impeachment, state of mind, notice, or another specific purpose.
9. Require Plaintiffs to identify before trial any summary, timeline, demonstrative, or chart they intend to use for Jane Doe 1, the underlying admissible materials supporting it, and the method by which Defendants may inspect or challenge those materials under Rule 1006.
10. In the alternative, if the Court declines to hold a live evidentiary hearing, order a written Rule 104/Rule 16 proffer and response procedure before trial so the Court can

resolve Jane Doe 1 foundation, scope, pseudonym, Rule 403, Rule 611, Rule 901, Rule 1006, and limiting-instruction issues without interrupting trial in front of the jury.

11. Preclude Plaintiffs from arguing or implying that the volume of Jane Doe 1-related materials itself corroborates the allegation unless Plaintiffs first identify the admissible record evidence, witness foundation, and non-prejudicial purpose for the specific materials they intend to present.

**RELEVANT PROCEDURAL AND RECORD BACKGROUND**

1. Jane Doe 1's original allegations were "concrete" enough to require trial-management rulings before the jury hears them. In the Second Amended Complaint, Jane Doe 100 alleged that she met Defendants in 2014 while a minor, through Urbanity Dance and Boston Ballet; that Dusty Button complimented her dancing and introduced career-opportunity promises; that Jane Doe 100 met Defendants for coffee; that Defendants directed her to their apartment, insisted she drink alcohol, and later forced her to drink; that she became incapacitated and believed she was drugged; that Defendants led her into a room with a mattress on the floor and an 'arsenal of guns hanging on the wall'; that she was sexually assaulted; that Dusty Button appeared to record the assault; and that Dusty Button had a gun in her hand. ECF No. 35, Paragraphs 142-156.
2. Plaintiffs' own amendment history confirms that Jane Doe 1's allegations changed after Rule 11 pressure. Plaintiffs moved for leave to file a Third Amended Complaint after Defendants pursued Rule 11 sanctions concerning Jane Doe 1. The docket reflects that Plaintiffs described the amendment as correcting factual allegations as to Jane Doe 1 and that the Court required a comparison between the Second Amended Complaint and proposed Third Amended Complaint. See ECF Nos. 188-190. The

Court later allowed amendment without deciding truth or falsity. See ECF Nos. 220-222.

3. The changes were material, not cosmetic. The Second Amended Complaint alleged that after coffee Defendants instructed Jane Doe 100 to come to their apartment, where alcohol was allegedly supplied before a later party and assault sequence. ECF No. 35, Paragraphs 148-150. The Third Amended Complaint removed that separate post-coffee apartment allegation and moved directly from the coffee/promises narrative to 'one evening' when Defendants allegedly invited Jane Doe 1 to party with them in Boston. ECF No. 221, Paragraphs 137-138. That matters because Plaintiffs' trial proof must identify whether there was one event, multiple events, what location is claimed, and what evidence connects any alleged meeting to any alleged assault.
4. Other pleading changes make pretrial foundation rulings unavoidable. The Second Amended Complaint alleged a room with a mattress and an 'arsenal of guns' hanging on the wall. ECF No. 35, Paragraph 152. The Third Amended Complaint changed that to a room with a mattress and what 'appeared to Jane Doe 1 to be guns' hanging on the wall. ECF No. 221, Paragraph 140. The Second Amended Complaint alleged that the party occurred when Jane Doe 100 was a minor and Defendants were adults. ECF No. 35, Paragraph 150. The Third Amended Complaint removed that phrase from the party paragraph and instead added a new qualifying paragraph stating that Jane Doe 1 does not recall the precise date and alleges 2014/minor status only upon information and belief. ECF No. 221, Paragraph 147.
5. Jane Doe 1's deposition answers confirm why Plaintiffs must proffer the actual trial theory now. She testified that she did not live [redacted]

[redacted]

6. Jane Doe 1 also gave a direct explanation for the new 'upon information and belief' language. When asked why the operative complaint says she does not recall the precise date and alleges 2014/minor status upon information and belief, she testified [redacted] That answer does not eliminate the claim, but it does make the date, age, location, opportunity, and corroboration issues threshold trial-management issues rather than matters that can be left to vague opening statements or cumulative exhibit volume.

7. The Court previously recognized that Jane Doe 1's allegations had not been adjudicated for truth or falsity at the pleading stage. At the August 1, 2023 hearing, when allowing amendment, the Court stated that it was acting 'without expressing any opinion about the truth or the falsity' of the amended allegations and understood Defendants' position that they could refute allegations 'specifically about Jane Doe 1.' ECF No. 222 at 5. The Court explained that Defendants' contention that allegations

were untrue was not a basis to deny amendment, and that discovery and later Rule 56 procedure were the vehicles for evidentiary disputes. Id. at 6.

8. The prior pseudonym ruling does not make this request untimely. When denying Defendants' earlier motion to remove Jane Doe 1's pseudonym, the Court expressly treated the request as one for reconsideration and stated it was 'not untimely' because Defendants presented 'new evidence in the form of deposition testimony' that was not previously available. ECF No. 222 at 8-9. The Court denied removal at that time because the facts presented were insufficient under the applicable standard, but the Court did not hold that the pseudonym issue could never be revisited as the case moves to trial. Id.

    a. This request is ripe now because it arises from trial posture, not discovery or pleading-stage anonymity alone. Defendants could not fully frame this request until after the summary-judgment order left Jane Doe 1 for trial, Plaintiffs filed their proposed exhibit list, Plaintiffs took the position that ordinary objections are enough, and the parties reached impasse over whether Plaintiffs must provide a narrowed Jane Doe 1 trial proffer. The request therefore seeks current trial-management relief based on the present record, not reconsideration of an old ruling.

9. The summary-judgment order confirms that the present issues belong in pretrial trial-management and evidentiary procedures. ECF No. 524 did not resolve the admissibility, foundation, scope, sequencing, pseudonym, Rule 403, Rule 611, Rule 901, or Rule 1006 issues raised by Jane Doe 1's proposed trial proof. It left factual

disputes for the jury while preserving the Court's separate gatekeeping and trial-management role.

10. The Court summarized material Jane Doe 1 conflicts that remain for trial. The summary-judgment order recited that Jane Doe 1 alleges she was raped in 2014 when she was a minor, and that therapy records and interrogatory responses indicated she would have been 16 or 17 in 2014. ECF No. 524 at 7. The Court also noted evidence that Jane Doe 1 alleged a room with a mattress and what appeared to be guns hanging on the wall, deposition testimony that [redacted], [redacted] '[redacted]' and '[redacted],' and Dr. Raghavan's opinion referring to a sexual assault in '2014/2015.' Id. at 8. The Court further summarized Defendants' apartment/gun-room chronology and Defendants' declarations that they never met Jane Doe 1 and never sexually assaulted her. ECF No. 524 at 8. Defendants respectfully preserve that ECF No. 524 appears to conflate or misstate the chronology: Defendants' position is that the cited record showed the alleged gun-room condition was not built or available until 2017, while the January 2015 lease agreement is a separate fact that does not establish the alleged gun room existed in 2014.

11. The summary-judgment order left these conflicts for later proceedings, not because they were insignificant, but because summary judgment was not the procedural vehicle for weighing them. The Court wrote that Defendants argued the evidence contradicts Jane Doe 1's version of events, including Defendants' statements that they never met her and records concerning whether the alleged gun room existed at the

time of the alleged 2014 assault. ECF No. 524 at 23-24. Defendants respectfully preserve that the cited record showed the alleged gun-room condition was not built or available until 2017, notwithstanding ECF No. 524's summary reference to 2015. The Court found factual issues as to whether Jane Doe 1 was assaulted, when any alleged assault occurred, and whether she was a minor, and concluded that Defendants' contradictory evidence and testimony raised credibility issues not appropriate for summary judgment. Id. at 24.

12. Plaintiffs' own proposed pretrial exhibit list makes the need for a hearing *immediate* rather than hypothetical. ECF No. 567-3 lists broad Jane Doe 1-related and Jane Doe 1-adjacent categories, including 2014 Urbanity emails, a December 30, 2014 email from Jane Doe 1, multiple 2015 Urbanity/Jane Doe 1 emails, Boston Ballet and Urbanity acceptance materials, therapy records for Jane Doe 1, the Buttons' January 20, 2015 marriage license, a picture of a wall of "guns", a picture of Dusty Button in front of a wall of "guns", a picture of Taylor Button holding a "gun", pictures of cash and knives in the Buttons' apartment, a picture of Jane Doe 1, a picture of the Urbanity building, and a picture of the Boston Ballet building. See ECF No. 567-3, PTX Nos. 2, 4-20, 52, 54, 83, 106, 124, 129, 150, 158-159, 165, 170-171.

13. This is not a technical objection to Plaintiffs' exhibit list. It is a fairness and trial-structure problem. Without a pretrial proffer, Defendants cannot know whether Plaintiffs intend to use these materials as direct proof of the alleged assault, opportunity evidence, location evidence, age/timeline evidence, damages evidence, expert-basis evidence, corroboration, impeachment, state-of-mind evidence, or generalized background. The Court likewise cannot perform Rule 104, Rule 403, Rule

611, Rule 901, or Rule 1006 analysis without knowing the purpose and foundation for the evidence.

14. Defendants further anticipate that the Jane Doe 1-related file universe is approximately 500,000 files. Defendants do not ask the Court to review that entire universe now. The problem is that if Plaintiffs refuse to identify the specific evidence, purpose, foundation, date, location, and theory supporting Jane Doe 1's claims, Defendants will have no fair choice but to preserve and present the broader file universe necessary to rebut whatever shifting theory Plaintiffs attempt to advance at trial. That is precisely what would create an unmanageable trial-within-a-trial. A targeted Rule 104/Rule 16 procedure now would avoid that result by requiring Plaintiffs to identify the limited evidence they actually intend to use, while preserving Defendants' ability to object, respond, impeach, and defend without forcing the jury and the Court into an impossible document war.

15. Jane Doe 1's second deposition adds further foundation issues. She testified that [redacted] She further testified [redacted]

16. The suicide/self-harm evidence presents the same foundation problem. Plaintiffs' pleading alleges that, in the years following the alleged rape, Jane Doe 1 experienced panic attacks, suicidal thoughts, and an eating disorder. ECF No. 35, Paragraphs 157-158. But the summary-judgment record and later deposition testimony identify other causes and stressors, including [redacted]. Plaintiffs should therefore be required to identify before trial what suicide, self-harm, hospitalization, therapy, or mental-health evidence they intend to offer, whether it is offered for damages, causation, expert basis, state of mind, or corroboration, and what admissible foundation supports attributing that evidence to Defendants rather than other causes. These are not side issues; they bear directly on whether Plaintiffs can present therapy notes, law-enforcement references, referral history, and damages testimony as corroboration rather than hearsay or speculation.

**SPECIFIC TRIAL ISSUES REQUIRING A HEARING**

The hearing should require Plaintiffs to answer the following threshold questions before any Jane Doe 1 evidence is presented to a jury:

CONTRADICTIONS - JANE DOE 1

The following record-based contradictions and foundation gaps should be resolved before trial. Defendants identify them for Rule 104, Rule 403, Rule 611, Rule 901, Rule 1006, pseudonym-procedure, and trial-management purposes, not as a request that the Court decide ultimate credibility.

- **Residence / Boston access**

The operative theory depends on Jane Doe 1 being available in Boston in 2014 for the alleged meetings, coffee, party, apartment visit, and return home. But she testified that she did not live [redacted]. This does not require the Court to decide credibility; it requires Plaintiffs to identify the actual travel, timing, and location foundation before trial.

- **Urbanity / Boston Ballet first-contact theory**

The Second Amended Complaint alleged that Jane Doe 100 met Defendants in 2014 as a minor through Urbanity/Boston Ballet and that Dusty observed her classes. ECF No. 35, Paragraphs 142-144. The Third Amended Complaint removed the opening fixed 2014/minor sentence from that sequence. ECF No. 221, Paragraphs 131-147. At deposition, Jane Doe 1 testified [redacted]

- **Sunday class / corroborating witness problem**

Jane Doe 1 testified that [redacted] Plaintiffs should be required to identify any class rosters, witnesses, or records they will rely on before presenting this as corroboration.

- **Buttery meeting foundation**

Jane Doe 1 testified that [redacted] creates a concrete Rule 104 issue: what admissible evidence places Jane Doe 1, Dusty, and Taylor at that location on any narrowed date or date range?

- **The 'husband' allegation versus marriage date**

Both pleadings allege Dusty told Jane Doe 1 she should meet Dusty's 'husband,' Taylor. ECF No. 35, Paragraph 147; ECF No. 221, Paragraph 136. Jane Doe 1 testified [redacted] Plaintiffs should be required to elect whether the alleged invitation occurred in 2014, in 2015, or under some other theory.

- **Post-coffee apartment sequence removed or blurred**

The Second Amended Complaint alleged that after coffee, Defendants instructed Jane Doe 100 to come to their apartment, supplied alcohol, and then later brought her back to the apartment after a party. ECF No. 35, Paragraphs 148-152. The Third Amended Complaint no longer pleads the same post-coffee apartment/alcohol step and instead moves to 'one evening' before the party allegation. ECF No. 221, Paragraphs 137-140. Plaintiffs should not be allowed to shift between those versions at trial without identifying the operative theory.

- **Minor/adult party allegation changed after Rule 11 pressure**

The Second Amended Complaint alleged that 'when Jane Doe 100 was a minor and the Buttons were adults' they invited her to party. ECF No. 35, Paragraph 150. The Third Amended Complaint removed that phrase from the party paragraph and added a separate

allegation that she does not recall the precise date and alleges 2014/minor status only upon information and belief. ECF No. 221, Paragraphs 138, 147. At deposition, Jane Doe 1 explained [redacted]

- **Transportation / return-home theory**

Jane Doe 1 testified [redacted] Plaintiffs should be required to identify how the alleged travel sequence will be proved.

- **Parents' knowledge / admissions conflict**

Jane Doe 1 testified that [redacted] When confronted with admissions stating her parents were unaware of her involvement, she testified [redacted] This matters to corroboration, subpoena issues, notice, and whether Plaintiffs intend to use parent-related testimony or records at trial.

- **Failure to discuss police with parents**

Jane Doe 1 testified that [redacted] If

Plaintiffs intend to use later reporting or treatment records as corroboration, the Court should require a foundation proffer and limiting rulings.

- **Dusty class-location/timing issue**

Jane Doe 1 testified [redacted] Plaintiffs should be required to identify whether this evidence is part of the meeting theory, a later-contact theory, or only background.

- **No narrowed month, season, or immediate aftermath**

Jane Doe 1 testified [redacted] This is the central reason a pretrial proffer is necessary: the jury cannot be asked to evaluate an undefined date range supported by a pile of exhibits without threshold rulings.

- **Apartment / gun-room chronology**

Jane Doe 1 alleges a room with a mattress and guns; Defendants submitted evidence, summarized by the Court, that the apartment containing the alleged gun room was constructed in 2017 and leased in January 2015. ECF No. 524 at 23-24. Plaintiffs' own expert also framed the event as 2014/2015. A 2014 minor theory and a 2017 apartment/gun-room theory cannot be treated as interchangeable without pretrial clarification.

- **Guns / weapon foundation**

The Second Amended Complaint alleged an 'arsenal of guns'; the Third Amended Complaint changed that to what 'appeared to Jane Doe 1 to be guns.' ECF No. 35, Paragraph

152; ECF No. 221, Paragraph 140. At deposition, Jane Doe 1 testified [redacted] The Court should require foundation before any gun imagery or gun testimony is presented.

- **Therapy and expert timing conflict**

The Court identified 2013 and 2017 therapy records in which Jane Doe 1 denied sexual assault or abuse, a 2021 therapy note stating '[redacted],' and Dr. Raghavan's 2014/2015 opinion. ECF No. 524 at 7, 23-24. Dr. Raghavan's report states that [redacted]. These materials require limitation so therapy/expert repetition is not treated as independent proof of date, age, location, or assault.

- **[redacted]/ police-reporting statement**

In the second deposition, Jane Doe 1 [redacted]. Plaintiffs should be required to identify any law-enforcement witness, report, or admissible basis before referencing police/reporting evidence.

- **Attorney/referral pathway and treatment timing**

In the second deposition, Jane Doe 1 testified [redacted] If Plaintiffs use treatment records or reporting chronology as corroboration, the nonprivileged timeline should be clarified before trial.

- **Media / professional-ballerina statements**

Jane Doe 1 testified [redacted] This supports limiting instructions and pretrial rulings preventing Plaintiffs from using media-facing labels or counsel-framed descriptions as substantive proof.

1. Which pleading version controls the trial theory: the Second Amended Complaint, the Third Amended Complaint, Dr. Raghavan's 2014/2015 formulation, or another narrowed version?
2. What exact or narrowed date range will Plaintiffs offer, and what admissible evidence supports Jane Doe 1's claimed minor status for that range?
3. What witness or exhibit establishes the alleged Urbanity/Boston Ballet meeting, the alleged coffee meeting, the alleged apartment, and the alleged party sequence?
4. What admissible foundation supports references to guns, gun-wall photographs, alleged recordings, photographs, videos, and any expert or therapy-record opinions based on those allegations?

5. What changed after Defendants' Rule 11 filings, why were the allegations changed, and what testimony or records now support the operative version?

ISSUE- JANE DOE 1 PRETRIAL HEARING

- **Date / age / minor status**

**Record support:** ECF No. 35 alleges 2014 when Jane Doe 1 was a minor. ECF No. 524 notes therapy/expert materials referencing 2014/2015 and 'rape @ 15 years old,' while therapy records and interrogatory responses place her at 16 or 17 in 2014. **Requested pretrial ruling:** Require Plaintiffs to identify the actual date or narrowed date range they will present to the jury and the admissible basis for that range.

- **Apartment / gun-room foundation**

**Record support:** ECF No. 35 alleges a mattress room with an 'arsenal of guns' and a gun in Dusty Button's hand. ECF No. 524 notes Defendants' evidence that the alleged gun-room apartment was constructed in 2017 and leased in January 2015. Jane Doe 1 testified that [redacted] **Requested pretrial ruling:** Require a Rule 104 proffer and foundation for any photograph, video, metadata, room-layout testimony, gun-related testimony, or argument that the alleged room existed in the relevant period.

- **Therapy records and expert reliance**

**Record support:** ECF No. 524 notes 2013 and 2017 therapy records denying sexual assault or abuse, a 2021 therapy note stating 'rape @ 15 years old' and 'wife assisted,' and Dr. Raghavan's 2014/2015 opinion. Jane Doe 1 identified [redacted] **Requested pretrial ruling:** Require Plaintiffs to identify which therapy records and expert opinions will

be used for substantive proof, notice, state of mind, damages, or expert basis, and resolve hearsay, Rule 403, Rule 702/703, and limiting-instruction issues. Suicide/self-harm causation should be included in the same proffer. Plaintiffs should identify whether suicide, self-harm, hospitalization, or related mental-health evidence will be offered for damages, causation, corroboration, or expert basis, and what admissible foundation links that evidence to Defendants rather than preexisting or intervening causes.

- **Pseudonym at trial**

**Record support:** The Court denied ECF No. 187 but stated the motion was not untimely because new deposition evidence was presented. ECF No. 222 at 8-9. Jane Doe 1 testified she [redacted]. **Requested pretrial ruling:** Determine whether the pseudonym continues at trial and, if so, adopt neutral procedures so the jury does not infer truth, danger, or wrongdoing from pseudonym use.

- **Corroboration / witness list**

**Record support:** Jane Doe 1 testified [redacted]

**Requested pretrial ruling:** Require Plaintiffs to identify each corroborating witness or record and whether the evidence is offered for personal knowledge, authentication, timeline, damages, or truth of the alleged assault.

- **Referral / coordination / media pathway**

**Record support:** Jane Doe 1 testified [redacted]. **Requested pretrial ruling:** Require a limited proffer on any nonprivileged witness, referral, media, or coordination evidence Plaintiffs intend to use so privilege assertions do not become trial surprise or unfair shielding of admissible impeachment/foundation evidence.

- **Operative pleading changed the theory**

**Record support:** ECF No. 35 used the phrase 'arsenal of guns.' ECF No. 221 alleges what 'appeared' to be guns and adds that Jane Doe 1 does not recall the precise date, alleging 2014 only on information and belief. ECF No. 221, Paragraphs 140, 147. **Requested pretrial ruling:** Require Plaintiffs to elect the trial theory: date/date range, whether the alleged guns were real/fake/unknown, whether a gun was held, and what admissible evidence supports each claim.

- **Plaintiffs' pretrial exhibit package**

**Record support:** Plaintiffs list Urbanity emails, Jane Doe 1 therapy records, gun-wall images, a picture of Taylor Button holding a gun, apartment cash/knives photos, a Jane Doe 1 photo, Dr. Raghavan photo, and Urbanity/Boston Ballet building photos. ECF No. 567-3 at 1-3, 7-8, 11-13. **Requested pretrial ruling:** Require foundation before trial and exclude or limit exhibits that invite propensity, fear, or corroboration-by-atmosphere rather than proof tied to Jane Doe 1.

- **Second deposition / therapist / reporting record**

**Record support:** Jane Doe 1 testified [redacted] **Requested pretrial ruling:** Require Plaintiffs to identify whether [redacted], DOJ, or any law-enforcement witness will testify and bar hearsay references that substitute for live foundation.

- **Unmanageable Jane Doe 1 file universe**

**Record support:** Defendants estimate that Jane Doe 1-related materials comprise approximately 500,000 files, while Plaintiffs' pretrial list already includes broad categories of Urbanity emails, therapy records, gun/apartment imagery, and location photos. ECF No. 567-3. **Requested pretrial ruling:** Order Plaintiffs to elect the specific Jane Doe 1 exhibits and witnesses they will use, prohibit catch-all voluminous-file references, and require any Rule 1006 summary to identify admissible underlying records made available for inspection.

## ARGUMENT

### I. Plaintiffs' Opposition Confirms That This Motion is About Trial Integrity, Not Summary-Judgment Reconsideration

Plaintiffs' meet-and-confer response, (Exhibit B), repeatedly says that Jane Doe 1's credibility and factual disputes are for the jury. Defendants agree that ultimate credibility is for the jury. That agreement does not answer the present motion. A jury decides facts only after the Court decides what evidence may be presented, for what purpose, with what foundation, and through what procedures. The distinction matters because Plaintiffs' current position would allow a trial-by-atmosphere: a shifting 2014/2015 theory; a disputed minor-

status theory; a disputed apartment/gun-room chronology; therapy and expert materials repeating disputed assumptions; gun, cash, knife, apartment, Urbanity, Boston Ballet, and Jane Doe 1 photographs; and a voluminous file universe that no jury can fairly absorb. Defendants' position is that Plaintiffs must identify the actual trial proof before trial, not during trial after the jury has already heard insinuation, labels, and imagery. This is not an attempt to obtain dismissal by a different name. It is a request for the Court to protect the integrity of the trial process. If Plaintiffs have a coherent admissible Jane Doe 1 theory, a pretrial proffer will identify it. As of the date of this motion, **they do not**. If Plaintiffs cannot identify one, the jury should not be exposed to a sprawling evidentiary presentation that invites decision by confusion, sympathy, volume, or atmosphere rather than admissible proof tied to a specific claim.

## II. The Ordinary Objection Process Is Inadequate For Jane Doe 1 Because the Prejudice Would Occur Before Objections Could Cure It

Plaintiffs' suggestion that Defendants can simply object at trial ignores the nature of the problem. A contemporaneous objection cannot “unring the bell” once a jury hears that Jane Doe 1 is a pseudonymous sexual-assault plaintiff, sees gun/apartment imagery, hears therapy-record summaries or expert assumptions, and is told that hundreds of thousands of files exist around her claim without first understanding what specific evidence proves what specific disputed fact.

Rules 104, 403, 611, 901, 1006, and Rule 16 exist to avoid that problem. Rule 104 permits preliminary rulings on admissibility and conditional relevance; Rule 403 permits exclusion or limitation of evidence that risks unfair prejudice, confusion, delay, waste of time, or cumulative proof; Rule 611 directs the Court to control the mode and order of proof so

procedures are effective for determining truth and avoid wasting time; Rule 1006 requires safeguards for voluminous materials; and Rule 16 authorizes the Court to simplify issues, obtain admissions or stipulations, rule in advance on admissibility, avoid cumulative proof, identify witnesses and documents, and formulate a trial plan. The Court need not find bad faith to grant relief. It need only to find that Jane Doe 1's proof must be narrowed and founded before trial so the jury receives admissible evidence rather than an unmanaged narrative. That is especially important where Defendants deny ever meeting Jane Doe 1 and Plaintiffs' own record materials present unresolved contradictions regarding timing, age, location, travel, apartment chronology, gun imagery, reporting history, therapy records, and expert assumptions.

## III. The Court Has Authority to Require a Rule 104 and Rule 16 Hearing Before Jane Doe 1 Evidence Is Presented to the Jury.

Federal Rule of Evidence 104 authorizes the Court to decide preliminary questions about whether evidence is admissible and whether a factual foundation exists for conditionally relevant proof. Rule 16 gives the Court broad authority to formulate and simplify issues, avoid unnecessary or cumulative proof, control expert testimony, manage difficult or protracted proof problems, and facilitate a fair and efficient trial. These tools are particularly appropriate here because the Court has already held that credibility disputes prevented summary judgment while expressly preserving pretrial evidentiary objections for pretrial evidentiary motions. ECF No. 524 at 13, 21, 24. The requested hearing will not ask the Court to decide whether Jane Doe 1 is telling the truth. It asks the Court to decide what Jane Doe 1 evidence has sufficient foundation to be presented, what issues require limiting instructions, what disputed facts must be kept for the jury, and what trial procedures will avoid unfair

prejudice. Plaintiffs' anticipated opposition rests on a false equivalence between summary judgment and trial admissibility. Summary judgment asks whether a reasonable jury could find for a party when evidence is viewed in the non-movant's favor. A Rule 104/Rule 16 pretrial hearing asks different questions: what evidence may the jury hear, what foundation must be laid, what proof is cumulative or unfairly prejudicial, what limiting instructions are required, and whether a party's proposed trial presentation is manageable and tethered to the claims actually being tried.

The Supreme Court recognizes that evidentiary rulings are entrusted to the district court's broad discretion, especially under Rules 401 and 403, because admissibility and prejudice are context-specific and the trial court is best positioned to evaluate the evidence in the setting of the particular case. Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384-88 (2008). The Supreme Court has also recognized that pretrial practice developed under the district court's inherent authority to manage the course of trials. Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Rule 16 independently authorizes this relief. It permits the Court to formulate and simplify issues, obtain admissions and stipulations about documents to avoid unnecessary proof, rule in advance on admissibility, avoid cumulative evidence, identify witnesses and documents, adopt special procedures for unusual proof problems, order presentation of evidence early on a manageable issue that may support Rule 50 relief, and establish reasonable limits on trial evidence. Fed. R. Civ. P. 16(c)(2)(A), (C), (D), (G), (L), (N), (O), (P).

## IV. Plaintiffs Should be Required to Identify the Exact Jane Doe 1 Trial Theory Before Trial

The pleadings and summary-judgment record present materially different formulations of timing and age. ECF No. 35 alleges a 2014 assault when Jane Doe 1 was a minor. ECF No. 524 notes expert material referring to 2014/2015, therapy material stating '[redacted],' and therapy/interrogatory evidence indicating Jane Doe 1 would have been 16 or 17 in 2014. ECF No. 524 at 8, 23-24. Those differences matter because the alleged age, date, location, and statutory theory affect liability, damages, admissibility, impeachment, jury instructions, and trial preparation. Those differences matter because the operative theory determines the admissibility analysis. If Plaintiffs' theory is a 2014 minor assault, evidence from 2015 must be tied to opportunity, location, corroboration, or impeachment through a specific non-speculative foundation. If Plaintiffs' theory extends into 2015, Plaintiffs must confront the minor-status element and explain whether the claim, damages theory, and expert opinions depend on the allegation that Jane Doe 1 was a minor. Plaintiffs should not be permitted to shift between theories depending on which exhibit is being discussed.

The amendment history sharpens the issue. Plaintiffs should be required to state whether they will try the Second Amended Complaint's concrete chain, the Third Amended Complaint's narrowed 'one evening' theory, the expert's 2014/2015 formulation, or some other hybrid theory. They should also be required to identify what admissible evidence supports each changed allegation: the alleged Boston Ballet/Urbanity encounter, the coffee meeting, the alleged apartment entry, the alleged gun-wall room, the alleged recording or photographs, the date range, and Jane Doe 1's minor status. Without that proffer, Defendants cannot prepare a fair exhibit list, objections, impeachment designations, Rule 1006 objections, or voir dire, and the jury will be exposed to an accusation whose evidentiary boundaries have never been fixed.

The Court has already recognized that there is a factual issue as to whether Jane Doe 1 was assaulted, when any alleged assault occurred, and whether she was a minor. ECF No. 524 at 24. That makes a focused pretrial proffer necessary. Plaintiffs should not be permitted to proceed to trial with a flexible date theory that expands or shifts depending on which exhibit is being discussed. The jury can assess credibility, but Defendants are entitled to know the actual trial theory and the evidence supporting it before opening statements.

V. The Alleged Apartment, Gun-Room, Gun, Photo/Video, and Metadata Issues Require Foundation Rulings

Jane Doe 1's allegations include a room with a mattress, an 'arsenal of guns' hanging on the wall, an apparent recording by Dusty Button, and a gun in Dusty Button's hand. ECF No. 35, Paragraphs 152-156. The summary-judgment order also recites Defendants' evidence that the apartment containing the alleged gun room was constructed in 2017 and not leased until January 2015, while Jane Doe 1 alleged a 2014 assault. ECF No. 524 at 8, 23-24. At deposition, Jane Doe 1 [redacted]; when asked why the statement changed in a later pleading, she testified [redacted]. Those are not merely impeachment points. They raise threshold trial questions: which room, which apartment, what date, what physical evidence, what metadata, what witness foundation, what expert or lay testimony, and whether Plaintiffs intend to argue the existence of photos, videos, guns, or an alleged gun-to-head event without authenticated evidence. A Rule 104 hearing can identify what is admissible, what is conditional, and what should be excluded or limited under Rules 401, 403, 602, 701, 901, and the best-evidence rules.

VI. Therapy records and expert testimony should be cabined before trial.

The summary-judgment order identifies competing therapy-record evidence: 2013 and 2017 records in which Jane Doe 1 denied sexual assault or abuse; a 2021 record stating '[redacted]'; and Dr. Raghavan's opinion that an assault in 2014/2015 affected Jane Doe 1. ECF No. 524 at 8, 27. Jane Doe 1 also testified [redacted]. Defendants understand the Court declined to strike Dr. Raghavan's report at summary judgment, finding that Defendants' arguments went to weight and credibility rather than admissibility on that record. ECF No. 524 at 27. This motion does not ask the Court to reverse that ruling. It asks the Court to decide the trial boundaries: which therapy statements may be used for truth, which may be used only as expert basis or notice, which require limiting instructions, whether any expert testimony depends on inadmissible or materially incomplete facts, and whether Rule 403 requires exclusion or careful limitation to prevent the jury from treating clinical repetition of allegations as independent corroboration.

That same limitation is necessary for suicide, self-harm, and hospitalization evidence. Plaintiffs should not be permitted to present those issues as damages or corroboration unless they first identify the specific evidence, admissible purpose, expert basis, and causation foundation. Where the record identifies preexisting symptoms, [redacted], or other non-Defendant-related causes, Plaintiffs should be required to explain what portion of the evidence they attribute to Defendants and what admissible basis supports that attribution. Defendants also attempted to investigate the therapy-corroboration issue directly. Based on Defendants' good-faith investigation, including contact with the identified therapist, there is an unresolved foundation dispute as to whether

the therapist can corroborate the alleged rape disclosure, when any disclosure occurred, and what was actually reported. Defendants do not ask the Court to resolve that dispute on this motion. Defendants ask the Court to require Plaintiffs to identify whether they intend to call the therapist, use therapy records, or rely on expert repetition of therapy information, and to establish the admissible purpose and foundation before trial.

VII. The Pseudonym Issue Must be Revisited for Trial Procedure, Even If the Court Does Not Remove the Pseudonym Altogether

The Ninth Circuit permits pseudonym use *only after* balancing the need for anonymity against prejudice to the opposing party and the public interest in open judicial proceedings. See Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000). That balance is different at trial than at the pleading or discovery stage because a jury will hear the case, observe witnesses, and receive names and identity cues as part of credibility assessment. The Court previously denied ECF No. 187 but expressly held the request was not untimely when based on later deposition evidence. ECF No. 222 at 8-9. Defendants are not asking the Court to ignore that ruling. Defendants ask the Court to decide the trial-stage procedures now: whether Jane Doe 1 will testify under pseudonym, whether the jury will hear the phrase 'Jane Doe,' whether initials or another neutral convention should be used, whether the Court should instruct the jury that pseudonym use has no bearing on truth, danger, fault, or credibility, and how voir dire and public-access issues should be handled.

At deposition, Jane Doe 1 testified that she [redacted]

[redacted] Defendants do not minimize asserted trauma, but trial presentation must also protect Defendants from the juror inference that pseudonym status itself validates the allegations or signals danger from Defendants. A neutral limiting instruction could state: 'The Court has permitted a party to be referred to by a neutral designation for legal case-management reasons. That designation is not evidence. You must not infer from it that any allegation is true, that any party is dangerous, that any party is at fault, or that any claim or defense is stronger or weaker.'

## VIII. The Hearing Should Also Address Nonprivileged Referral, Coordination, and Corroboration Evidence.

Jane Doe 1 testified that [redacted] She also testified that she [redacted]. These facts may bear on nonprivileged timeline, referral, coordination, personal knowledge, and impeachment issues. Defendants are not seeking privileged communications through this motion, but Plaintiffs should have to disclose what nonprivileged witnesses, records, or communications they intend to use, and privilege should not be used at trial as both sword and shield.

## IX. Plaintiffs' Proposed Pretrial Exhibit List Confirms the Risk of Unfair Prejudice and Trial-By-Atmosphere.

Plaintiffs' proposed exhibit list is not limited to direct proof of a specific Jane Doe 1 encounter. It includes a large cluster of contextual and inflammatory material: Urbanity emails across 2014 and 2015, a Jane Doe 1 therapy-record entry, gun-wall photos, a picture of Dusty Button in front of a wall of guns, a picture of Taylor Button holding a gun, photos of cash and knives in Defendants' apartment, a picture of Jane Doe 1, a photograph of Dr. Raghavan, and building photographs. ECF No. 567-3 at 1-3, 7-8, 11-13. If Plaintiffs cannot tie each item to a specific admissible purpose, witness, date, and foundation, the evidence risks doing exactly what Rules 104 and 403 are designed to prevent: allowing a party to create a trial atmosphere of danger and corroboration without first proving the evidence actually corroborates the allegation at issue. The Court should require Plaintiffs to state, before trial, whether each item is offered to prove opportunity, identity, location, timeline, damages, expert basis, impeachment, or some other purpose. The Court should also require Plaintiffs to identify the sponsoring witness for each item and the chain of authentication. Otherwise, Defendants will be forced to object repeatedly in front of the jury while Plaintiffs obtain the prejudicial benefit of the very insinuations Defendants are trying to test outside the jury's presence.

## X. The Second Deposition and Later Medical/Reporting Record Require Live Foundation, Not Hearsay Layering

Jane Doe 1's second deposition makes clear that Plaintiffs' likely trial proof cannot be treated as self-authenticating corroboration. She testified that [redacted] She also testified that she [redacted]

[redacted] And she testified that [redacted] Those facts do not ask the Court to decide credibility now. They ask the Court to prevent Plaintiffs from stacking hearsay on hearsay and then presenting it as corroboration. If Plaintiffs intend to use [redacted], DOJ, Robin Melone, Urbanity, Boston Ballet, or any third-party/source evidence to corroborate Jane Doe 1, they should identify the witness, the exhibit, the admissible purpose, and the foundation before trial begins. If they cannot, the evidence should be excluded or tightly limited.

XI. The Court Should Manage Jane Doe 1 Proof Now Because No Jury Trial Can Fairly Absorb an Approximately 500,000 File Dispute

The Court has already identified Jane Doe 1 issues as fact and credibility questions for a jury. Defendants understand that ruling and do not ask the Court to decide those issues now. But calling something a jury issue does not mean every document, image, therapy note, email, metadata dispute, and contextual exhibit may be pushed into trial without pretrial management. Rule 16 exists so the Court can formulate and simplify issues, obtain admissions and stipulations about documents, rule in advance on admissibility, avoid unnecessary proof and cumulative evidence, identify witnesses and documents, adopt special procedures for unusual proof problems, and set reasonable limits on evidence. **That is the problem here**. Defendants estimate that the Jane Doe 1-related universe is approximately 500,000 files. No jury will be permitted, or able, to evaluate that universe. Nor can pro se Defendants meaningfully preserve objections if Plaintiffs are allowed to present a broad atmospheric narrative and then selectively pull from an enormous file universe as trial unfolds. The Court

should therefore require Plaintiffs to make a trial election: identify the specific Jane Doe 1 exhibits, witnesses, medical/therapy records, photographs, videos, metadata, communications, and summaries they will use, and identify the admissible purpose and foundation for each.

Defendants will support the file-volume issue by declaration, discovery index, exhibit list, or other competent filing record to the extent required by the Court. But the exact number is not the central point. The central point is that Plaintiffs should not be permitted to rely on a massive, poorly narrowed Jane Doe 1 universe as practical corroboration while refusing to identify which specific materials will actually be offered, for what purpose, and with what foundation. Federal Rule of Evidence 403 independently supports this narrowing because even relevant evidence may be excluded when its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative presentation. Rule 611 likewise authorizes the Court to control the mode and order of proof to make procedures effective for determining the truth, avoid wasting time, and protect witnesses from harassment or undue embarrassment. And if either side intends to use a summary, chart, or calculation for voluminous records, Rule 1006 requires that the underlying materials be admissible, identified, and made available at a reasonable time and place.

Rule 1006 is particularly important here because a voluminous-file dispute cannot be tried by dumping the file universe on the jury. The Ninth Circuit has held that the proponent of a Rule 1006 summary must establish that the underlying materials are admissible; Rule 1006 cannot be used to bypass hearsay or other admissibility restrictions. United States v. Johnson, 594 F.2d 1253, 1255-57 (9th Cir. 1979). Thus, if Plaintiffs intend to use summaries, charts, timelines, or demonstratives drawn from the Jane Doe 1 file universe, the Court should

require them to identify the underlying admissible materials and make them available in a workable manner before trial. A pretrial hearing is therefore not an attempt to take credibility away from the jury. It is the only practical way to preserve a fair jury trial. The Court should decide now what the Jane Doe 1 trial proof is, what it is not, what must be excluded or limited, and what procedures will prevent trial from becoming an unmanageable fight over hundreds of thousands of files.

XII. Dismissal is Not the First Requested Remedy, But It Should Remain an Express Alternative If Plaintiffs Cannot Make the Required Proffer or Later Fail to Carry Essential Proof

Defendants recognize that dismissal is a serious remedy. For that reason, Defendants do not ask the Court to dismiss Jane Doe 1 as the first step in this motion. The first step should be a Rule 16/FRE 104 order requiring Plaintiffs to identify the trial evidence they will actually use and the admissible foundation for each item. The second step should be exclusion or limitation of unsupported, undisclosed, cumulative, or prejudicial evidence. The third step, if Plaintiffs cannot identify admissible proof for essential elements, should be an order to show cause why Jane Doe 1's claims should proceed at all. That relief is procedurally proper. Rule 37(c)(1) bars a party from using undisclosed information or witnesses at trial unless the failure was substantially justified or harmless, and Rule 37(b)(2) authorizes sanctions including preclusion, striking pleadings, and dismissal where a party fails to obey discovery or pretrial orders. Rule 41(b) allows dismissal if a plaintiff fails to prosecute or comply with the rules or a court order. And Rule 50(a), expressly cross-referenced in Rule 16(c)(2)(N), permits judgment as a matter of law once a party has been fully heard and no reasonable jury would have a legally sufficient evidentiary basis to find for that party on an essential issue.

Accordingly, Defendants request that the Court make the consequences clear now: if Plaintiffs cannot provide a manageable, admissible Jane Doe 1 proffer, Plaintiffs should not be allowed to proceed through trial by implication, atmosphere, or volume. Unsupported evidence should be excluded, and if exclusion leaves Jane Doe 1 without admissible evidence on essential elements, dismissal, show-cause relief, or Rule 50 relief should remain available at the proper procedural stage.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant this motion, set a limited evidentiary hearing concerning Jane Doe 1, order Plaintiffs to file the proffer described above before the hearing, and enter trial-management and evidentiary rulings before Jane Doe 1 evidence is presented to the jury. The requested relief will not decide credibility for the jury; it will ensure that the jury hears only evidence that is tied to an identified claim, supported by an admissible foundation, and presented in a manner that is fair, manageable, and consistent with ECF No. 524's preservation of pretrial evidentiary objections. Defendants respectfully submit that allowing Jane Doe 1 to proceed through trial without this narrowing would not merely create impeachment issues; it would risk converting the trial process itself into a vehicle for prejudice, volume, and insinuation untethered to a fixed admissible theory.

The requested procedure is the narrowest way to preserve a fair trial: it requires Plaintiffs to identify the Jane Doe 1 claim they intend to try without asking the Court to decide whether the claim is true.

Respectfully dated this 22nd day of August, 2026

Mitchell Taylor Button and Dusty Button (pro se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on August 22nd, 2026 and served on all parties via email.

Dated this 22nd day of August, 2026,

Mitchell Taylor Button and Dusty Button (*Pro se*)