# EXHIBIT B

TRUE AND CORRECT COPY OF EMAILS BETWEEN PLAINTIFFS COUNSEL AND DEFENDANTS

**From:** **Lindsey Ruff** LRuff@bsfllp.com
**Subject:** RE: Limited Evidentiary Hearing Regarding Jane Doe 1
**Date:** August 18, 2026 at 3:16 PM
**To:** DUSTY BUTTON worldofdusty@gmail.com
**Cc:** Sabina Mariella SMariella@BSFLLP.com, Sigrid McCawley smccawley@bsfllp.com

Mr. and Mrs. Button,

Again, Plaintiffs oppose the proposed motion. There is no basis for a separate evidentiary hearing concerning Jane Doe 1.

Whether Jane Doe 1's claims should proceed to trial has already been resolved at summary judgment. The factual disputes that remain—including disputes concerning the timing and circumstances of the assault—are for the jury to resolve, not the Court through a pretrial evidentiary hearing.

Likewise, the admissibility of particular evidence will be resolved through the ordinary objection process. There is no basis to impose additional pretrial proffer requirements on Jane Doe 1 that are not required by the applicable rules or the Court's orders.

To the extent Defendants contend that Jane Doe 1's allegations are insufficiently precise or otherwise not credible, Defendants are free to make those arguments to the jury, subject to any limitations set by the Court. They do not provide a basis for a separate evidentiary hearing.

Best,
Lindsey

---

**From:** DUSTY BUTTON <worldofdusty@gmail.com>
**Sent:** Monday, August 17, 2026 10:07 PM
**To:** Lindsey Ruff <LRuff@BSFLLP.com>
**Cc:** Sabina Mariella <SMariella@BSFLLP.com>; Sigrid McCawley <smccawley@bsfllp.com>
**Subject:** Re: Limited Evidentiary Hearing Regarding Jane Doe 1

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Lindsey,

Your response mischaracterizes the relief Defendants are seeking.

Defendants are not asking Plaintiffs to agree to reconsideration of summary judgment, nor are Defendants asking the Court to decide Jane Doe 1's credibility in the abstract. Defendants are seeking a targeted pretrial evidentiary hearing and/or trial-management relief concerning Jane Doe 1 because Plaintiffs still have not identified a coherent, admissible, trial-ready theory as to the alleged date, location, evidentiary foundation, and scope of proof for her claims.

Your reliance on ECF No. 524 is misplaced. The summary judgment order did not decide the admissibility, foundation, scope, or trial-management issues raised by Jane Doe 1's shifting account. To the contrary, the Court recognized that disputes remain regarding whether the alleged assault occurred, when it allegedly occurred, and whether Jane Doe 1 was a minor at the time. The Court also made clear that specific evidentiary objections may be raised before trial. That is precisely what Defendants are addressing now.

Nor does ECF No. 567 cure the problem. Plaintiffs' exhibit list confirms the need for pretrial intervention because Plaintiffs appear prepared to offer broad categories of Jane Doe 1-related materials, including Urbanity/Boston Ballet records, therapy notes, gun-wall photographs, apartment/cash/knife photographs, marriage records, and other materials, without first identifying the specific admissible purpose, foundation, date, location, and theory tying those exhibits to Jane Doe 1's remaining claims. Defendants should not be forced to defend at trial against an amorphous evidentiary presentation untethered to a fixed factual theory.

Plaintiffs also ignore the pleading history. Jane Doe 1's allegations were materially revised after Defendants challenged them, including changes from more concrete allegations in the Second Amended Complaint to broader and more qualified allegations in the Third Amended Complaint. That history is directly relevant to notice, prejudice, admissibility, and whether Plaintiffs can present this claim to a jury without first making a threshold showing under Rules 104, 403, 611, and 16.

Your position that all of this is simply "for the jury" avoids the actual problem. A jury may decide disputed facts, but the Court controls admissibility, foundation, cumulative evidence, unfair prejudice, trial manageability, and the presentation of proof. Plaintiffs cannot use the phrase "credibility issue" to avoid every threshold evidentiary and procedural requirement.

The prior pseudonym and subpoena rulings also do not resolve this issue. Defendants are not seeking to relitigate those rulings for their own sake. Defendants are identifying the practical trial problem created by Jane Doe 1's shifting allegations, the volume and breadth of Plaintiffs' proposed exhibits, and Plaintiffs' continued failure to commit to a clear admissible theory before trial.

**Accordingly, please confirm whether Plaintiffs will oppose Defendants filing a motion seeking a targeted evidentiary hearing and/or pretrial order requiring Plaintiffs to identify, with specificity:**

1. the alleged date or date range of Jane Doe 1's alleged assault;
2. the alleged location;
3. the evidence Plaintiffs contend supports that date, location, and age theory;
4. the witnesses Plaintiffs intend to use for foundation;
5. the admissible purpose of each Jane Doe 1-related exhibit;
6. whether Plaintiffs intend to offer photographs, therapy notes, Urbanity/Boston Ballet records, gun-related materials, or apartment-related materials as substantive proof

records, gun related materials, or apartment related materials as substantive proof, corroboration, impeachment, notice, state of mind, or some other purpose; and
7. whether Plaintiffs contend Jane Doe 1's claim can proceed if they cannot establish that she was a minor at the time of the alleged assault.

Defendants reserve all rights to seek evidentiary, pretrial, limiting, exclusionary, and other appropriate relief. Plaintiffs' attempt to collapse these issues into a generic jury argument is not persuasive and does not address the prejudice, confusion, and trial-management problems created by Jane Doe 1's current evidentiary posture.

Regards,

Buttons.

> On Aug 17, 2026, at 4:37 PM, Lindsey Ruff <LRuff@bsfllp.com> wrote:
>
> Mr. and Mrs. Button,
>
> Plaintiffs oppose the requested relief. In denying Defendants' motion for summary judgment, the Court already rejected the argument that there is insufficient evidence to support Jane Doe 1's claims and held that her claims should be resolved by the jury at trial. *See* ECF No. 524.
>
> Defendants have ample notice of the evidence supporting Jane Doe 1's claims. Defendants have taken multiple depositions of Jane Doe 1, and the evidence supporting her claims has been detailed throughout this litigation. *See, e.g.*, ECF Nos. 194, 462. And Plaintiffs' portion of the JPTO —including their exhibit list—has been on the docket for months. ECF No. 567.
>
> There are no other issues raised in your email that are "unresolved." For example, the Court has already rejected Defendants' attempts to remove Jane Doe 1's pseudonym, *see, e.g.*, ECF No. 220, and to subpoena Ms. Melone, *see* ECF No. 278. The opportunity to relitigate those issues has long passed.
>
> There is therefore no basis for a pretrial evidentiary hearing concerning Jane Doe 1. The jury will resolve Jane Doe 1's claims at trial, and any arguments Defendants wish to make concerning the sufficiency or weight of her evidence can be made to the jury.
>
> Best,
> Lindsey
>
> ---
>
> **From:** DUSTY BUTTON <worldofdusty@gmail.com>
> **Sent:** Sunday, August 16, 2026 12:19 AM
> **To:** Lindsey Ruff <LRuff@BSFLLP.com>; Sabina Mariella

**To:** Lindsey Ruff <LRuff@BSFLLP.com>; Sabina Mariella <SMariella@BSFLLP.com>; Sigrid McCawley <smccawley@bsfllp.com>
**Subject:** Limited Evidentiary Hearing Regarding Jane Doe 1

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

BSF,

Defendants write to meet and confer regarding a proposed motion for a limited evidentiary hearing concerning Jane Doe 1 before trial materials and motions in limine are finalized.

Defendants believe this hearing is necessary because Jane Doe 1's trial presentation raises distinct and unresolved evidentiary issues that cannot fairly be folded into generalized pretrial disputes. Those issues include her continued pseudonymous presentation at trial, the foundation and corroboration for her allegations, the third-party/referral evidence surrounding her entry into this litigation, and the substantial burden imposed by Plaintiffs' failure to narrow the timeline, factual basis, and evidentiary support for her claims.

Defendants intend to request a hearing addressing:

1. whether Jane Doe 1 should continue to proceed under a pseudonym at trial;
2. what admissible foundation and corroboration Plaintiffs contend supports Jane Doe 1's allegations;
3. what evidence Plaintiffs intend to present regarding Jane Doe 1;
4. what third-party/referral evidence bears on Jane Doe 1's allegations, including Robin Melone/Malone and related subpoena issues;
5. whether Plaintiffs may include Jane Doe 1 in collective or generalized references to Plaintiffs' allegations where her proof and trial presentation remain disputed;
6. what limits are necessary to prevent unfair prejudice, unsupported narrative framing, and confusion of the issues at trial; and
7. the substantial volume of exhibits and third-party records implicated by Jane Doe 1's shifting or imprecise timeline, including the burden and prejudice of requiring Defendants to prepare trial evidence across multiple possible dates, locations, and factual scenarios without a narrowed evidentiary proffer from Plaintiffs.

Defendants do not agree that Plaintiffs may proceed to trial on Jane Doe 1's allegations while avoiding a specific evidentiary proffer as to the date, location, foundation, corroboration, and admissible evidence supporting those allegations. If Plaintiffs oppose this limited hearing, Defendants will present the issue to the Court and seek appropriate trial-management and evidentiary relief.

Please advise whether Plaintiffs oppose this requested relief.

Defendants reserve all rights and arguments.

Buttons.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]