UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAGE HUMPHRIES, *et al.*,

Plaintiffs,

v.

MITCHELL TAYLOR BUTTON, *et al.*,

Defendants.

Case No. 2:21-cv-01412-ART-MDC

ORDER REGARDING JOINT PRETRIAL ORDER AND RELATED MOTIONS (ECF No. 567, 569, 574, 575, 577, 586, 596, 598, 600, 601)

Since Magistrate Judge Elayna J. Youchah recused herself in this matter, Defendants have repeatedly sought to stay the case and clarify pending pretrial deadlines. (ECF Nos. 548, 549, 570, 575.) Magistrate Judge Maximiliano D. Couvillier, III, has repeatedly clarified that the pretrial deadlines will remain the same and denied a stay. (ECF Nos. 573, 586, 593.) Defendants have objected to each of these efforts. (ECF Nos. 574, 587, 596.)

In the intervening period, Plaintiffs submitted their unilateral Joint Pretrial Order ("JPTO") on February 13, 2026, pursuant to the pretrial deadlines established on December 18, 2025 (ECF No. 544) and moved to file it under seal. (ECF No. 567, 577.) Judge Couvillier issued a report and recommendation ("R&R") granting the motion to seal on May 6, 2026 (ECF No. 586), to which Defendants objected (ECF No. 587).

The Court now adopts Judge Couvillier's report and recommendation, grants the motion to seal, and denies Defendants' pending objections.

## I. Analysis

### a. Objections to Judge Couvillier's Orders

Defendants' objections to the Proposed JPTO arise out of motions they claim are still pending that will impact the scope of trial. Judge Couvillier has

since issued an order on those pending motions. (ECF No. 593.) Defendants have objected to each of his conclusions denying those orders. (ECF Nos. 596).

**i. Legal Standard: Objection to Magistrate Judge Order**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." L.R. IB 3-1(a). *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993). This standard of review "is significantly deferential" to the magistrate judge's determination. A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed," *id.*, or a relevant statute, law, or rule has been omitted or misapplied. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991). "The magistrate judge is not required to explicitly acknowledge and discuss every one of plaintiff's arguments to have properly resolved the issues before the court." *Angela D.S. v. O'Malley*, 2024 WL 4263234, at *3 (D. Nev. Sept. 20, 2024).

**ii. Objection to ECF No. 573**

Defendants object to Judge Couvillier's denying their Motion to Suspend Pretrial Deadlines. (ECF No. 574.) This objection is based on pending motions that Judge Couvillier has since resolved. The Court therefore denies as moot Defendants' objection to Judge Couvillier's order denying Defendants Motion to Suspend (ECF No. 573).

**iii. Objections to ECF No. 593**

Defendants object to Judge Couvillier's order (ECF No. 593) denying their Motions for Leave to Issue Third Party Subpoenas (ECF No. 546), to Preserve Status Quo (ECF No. 548), to Stay Discovery (ECF No. 549), and for Sanctions (ECF No. 558).

**1. Motion for Leave to Issue Limited Third-Party Subpoenas (ECF No. 546)**

Defendants object to Judge Couvillier's conclusions on their Motion for Leave to Issue Third Party Subpoenas because they claim that Judge Couvillier clearly erred by suggesting their request was a plea to reopen discovery; concluding that Defendants were not diligent in pursuing a subpoena of Gretchen Voss; failing to analyze the scope of the subpoena for Maura Melcher; relying on a 2023 relevance determination for Daryl Katz; and failing to account for the procedural circumstances surrounding the motion.

The Court finds that Judge Couvillier did not clearly err when he denied Defendants' efforts to issue third party subpoenas. Judge Couvillier found that Defendants did not comply with the good cause standard set out in Local Rule 26-3 for reopening discovery because each of Defendants' subpoena requests either could have been made during the discovery period, demonstrating a lack of diligence, foreclosed by this Court's previous holdings governing attorney/client privilege, or irrelevant. Further, Judge Couvillier found that reopening discovery would prejudice Plaintiffs because of the proximity to trial. Defendants argue that Judge Couvillier did not consider that they would use the subpoenas towards impeachment, authentication, or new significance.

Under Local Rule 26-3, a motion to extend a discovery deadline must include: 1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery. LR 26-3.

Federal Rule of Civil Procedure 16(b) allows extensions to the Court's scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). Good cause "primarily considers the diligence of the party seeking the

amendment," and the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The federal standard for reopening discovery requires also requires consideration of: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted).

As a threshold matter, the Court finds that it was ultimately sufficient that Judge Couvillier denied Defendants' request on the basis of their failure to follow Local Rule 26-3 to extend a discovery deadline. The Court will still address each of Defendants' specific objections to the denial of their subpoenas in turn.

First, Defendants seek to subpoena Gretchen Voss in order to acquire previously unknown recorded interviews with Jane Doe 1 and Sage Humphries concerning Defendants, which they claim go toward witness credibility and impeachment. Judge Couvillier found that Defendants failed to show diligence in pursuing these materials, as Ms. Voss's article was published a year before discovery closed in the case, and the parties could have interrogated the existence of further materials. (ECF No. 593 at 2.)

Defendants argue that they did not know that additional interview materials existed until November 2025 and therefore Judge Couvillier's decision based on lack of diligence is clearly erroneous. (ECF No. 596 at 15.) The Court disagrees. Defendants fail to explain why they did not earlier subpoena Ms. Voss requesting more information about the article and whether there was additional source material. Diligence is also not the only factor in determining whether it is

appropriate to grant a third-party subpoena after discovery has closed. Defendants claim that the materials will go towards witness credibility and impeachment, but do not explain how. Defendants say that they were repeatedly told that Jane Doe I had never spoken to Ms. Voss so the interviews would go towards credibility (ECF No. 546 at 3), but Defendants' defamation counterclaim against Jane Doe 1 was dismissed at summary judgment. (ECF No. 524 at 32.) Defendants also state that the materials could bear on statements made by Jane Doe 1 regarding the timing, scope, and circumstances of the allegations at issue in the case, but it is not clear to what claim or defense this information will contribute. Defendants have therefore not met the Rule 16(b) standard for reopening discovery, and the Court finds that Judge Couvillier did not clearly err.

Second, Defendants seek to subpoena Maura Melcher claiming that the First Circuit issued a decision that would allow them access to non-privileged categories of information. Judge Couvillier found that the First Circuit case cited by Defendants did not warrant reconsideration of the Court's prior order denying the subpoena based on attorney-client privilege or work product. (ECF No. 593 at 3.)

Defendants argue that Judge Couvillier failed to analyze the categories of information sought from Ms. Melcher and whether they were actually covered by any privilege. Defendants do not make this argument in their original motion, as they only argue that the First Circuit case somehow changed the possible outcome. Because the First Circuit case addresses litigation privilege, not attorney-client privilege or the work-product doctrine, the Court agrees that it would not warrant reconsideration. Additionally, although Judge Couvillier did not assess each request in his order, Defendants failed to show why they did not ask for this specific, non-privileged information while discovery was ongoing. Therefore, they have not shown that they acted diligently such that the subpoena should now be granted, and the Court finds that Judge Couvillier did not clearly

err.

Third, Defendants seek to subpoena Daryl Katz despite Judge Youchah determining that his testimony was irrelevant to this case. (ECF No. 163 at 50.) Defendants argue that Katz allegedly "actively avoided service," his counsel "falsely denied representation," and he "maintained communications with individuals central to this litigation." (ECF No. 546 at 4.) Defendants claim that these communications could aid their argument in "motive, coordination, and the initiation of claims against Defendants." (*Id.*) Judge Couvillier found that inquiry into Mr. Katz is still not relevant, citing Judge Youchah's order.

Defendants argue that the relevance determination that Judge Couvillier relies upon is from 2023 and therefore he ignored the basis upon which they renewed their efforts to subpoena him. The Court finds that Judge Couvillier did not clearly err. Defendants have been told repeatedly that inquiry into Daryl Katz is not relevant to this litigation, as he is not a party. Motive for initiating a lawsuit is also not relevant to any claim or defense in the litigation. *See Reiner v. Eringer*, 2020 WL 1172726, at *4 (C.D. Cal. Jan. 2, 2020) (citing *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary litigation . . . the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation.") To the extent that Defendants argue that Judge Couvillier "ignor[ed] intervening evidence," he is not required to address each of Defendants arguments in his order.

**2. Motion to Preserve Status Quo (ECF No. 548) and Motion Stay Discovery (ECF No. 549)**

Defendants object to Judge Couvillier's conclusion on their Motion to Preserve Status Quo because he "oversimplif[ied]" the motion, failed to address their concerns regarding the Proposed JPTO, and failed to consider that they could suffer prejudice in preparing for trial while motions were pending. They also object to Judge Couvillier's conclusion on their Motion to Stay Discovery and

Pretrial Deadlines because he failed to assess good cause at the time the motion was filed, failed to address the same concerns regarding the Proposed JPTO, and failed to consider if the motion would advance judicial economy. Defendants' request is again analyzed under the "good cause" standard described by Rule 16(b). *See Mammoth Recreations Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Defendants argue that they were not required to comply with the JPTO deadline for two reasons, namely, because Judge Youchah recused and the parties still had motions pending when the JPTO was due. "The district court is given broad discretion in supervising the pretrial phase of litigation . . ." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). By local rule, a pretrial order is generally due thirty days after a decision on pending dispositive motions, *see* LR 16-3(a). Here the court ordered that the proposed JPTO would be due 30 days after the settlement conference before Magistrate Judge Elayna J. Youchah, who ordered it due no later than February 14, 2026. (ECF No. 535, 544.) The Court finds that deadline remained in effect despite Judge Youchah's recusal and regardless of whether Plaintiffs sought to stipulate to her continued assignment. The motions that remained pending after the settlement were not dispositive motions. Defendants have not shown good cause and the requisite diligence to modify the scheduling order.

Therefore, the Court finds that Judge Couvillier did not clearly err when he denied Defendants' motions.

**3. Motion for Sanctions (ECF No. 558)**

Defendants object to Judge Couvillier's denial of their Motion for Sanctions because they claim he mischaracterized the evidentiary record and failed to address material components of their motion. Defendants ultimately do not dispute Judge Couvillier's conclusion, but whether Judge Couvillier engaged in the proper analytical process. This is not a proper argument for an objection to

the denial of sanctions. Regardless, Judge Couvillier observed that "law clerks are permitted to act under supervision of barred attorneys," citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009) ("Law firms have always hired unlicensed student law clerks, paralegals and persons who have not completed their legal education but are awaiting admission to the bar . . .No one has treated this activity as the unauthorized practice of law.") (quoting *Dietrich Corp. v. King Resources, Co.*, 596 F.2d 422, 426 (10th Cir. 1979)). The Court agrees with Judge Couvillier's conclusion that "Plaintiffs' counsel, as officers of the Court, represent that they supervised Bevens's work at all times before she was licensed to practice law," and that the protective order granted access to confidential materials to clerical staff like Bevens'. Therefore, the Court finds that Judge Couvillier did not clearly err when he denied Defendants' Motion for Sanctions.

**4. Motion for Leave to File Supplemental Brief and Supplemental Evidence (ECF No. 598) and Related Motions (ECF Nos. 598, 600, 601)**

Because the Court did not need to rely on Defendants' supplemental briefing and evidence in ruling on this objection, the Court denies as moot Defendants' Motion for Leave to File Supplemental Brief and Supplemental Evidence (ECF No. 598) and their related motions to seal that brief, and a joint declaration in support of it (ECF Nos. 600, 601).

**b. Joint Pretrial Order (ECF No. 567) and Defendants' Pretrial Obligations (ECF No. 575)**

Defendants object to Plaintiffs' JPTO because they claim it was filed amidst an "absence of a clear operative deadline" for their pretrial obligations. (ECF No. 576 at 7.) They argue that at the time the JPTO was filed, there were a number of pending motions before the Court that would impact the scope of trial. (*Id.*) Since the filing of this motion, Judge Couvillier has resolved the pending motions

that Defendants cite in their motion.

Defendants have failed to comply with the Court's order to prepare their portions of the JPTO as required by Local Rule. LR 16-3. Pursuant to Federal Rule of Procedure 16(d) and 37(c) and Local Rule 16-3(c), parties may not introduce at trial any exhibits, witnesses, or other information or to make any objections to exhibits that were not previously specified or disclosed in the Joint Final Pretrial Order. Plaintiffs properly filed those parts of the JPTO that they were able to complete absent the participation of Defendants, and repeatedly sought their input prior to the deadline. (*See* ECF No. 567-2.) Defendants are now ordered to confer with Plaintiffs on the JPTO and add their portions. Plaintiffs may amend their earlier submitted portions of JPTO prior to filing. The JPTO must be filed by September 25, 2026.

**c. Report and Recommendation (ECF No. 586) and Motion to Seal**

**i. Legal Standard: Report and Recommendation**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Defendants filed an objection to Judge Couvillier's R&R arguing that the names of third-party victims should not be sealed. (ECF No. 587.) As such, the Court reviews the issues named in the objection *de novo.*

**ii. Legal Standard: Motion to Seal**

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[T]he

strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 at 1179 (9th Cir. 2006). A joint pretrial order is considered a dispositive filing.

A party seeking to overcome this presumption with regards to a dispositive pleading or attachment thereto must "'articulate[ ] compelling reasons supported by factual findings' … that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178-79 (quotations omitted). "'[C]ompelling' reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179.

**iii. Analysis**

Plaintiffs seek to seal the "names and identifying information of third-party victims of sexual abuse" and "the home addresses and phone number of third-party witnesses identified in Plaintiffs' witness list" in the JPTO. (ECF No. 577 at 3.) In practice, this amounts to redacting names, emails, and phone numbers, and does not redact any narrative factual matter. Defendants claim that Plaintiffs' requests are sweeping and overbroad, but then say they "do not oppose narrowly tailored redactions" such as home addresses, personal telephone numbers, and personal email addresses. (ECF No. 587.) This is the exact content that the Plaintiffs seek to seal, consistent with previous orders from this Court. (*See* ECF No. 199 at 2; ECF No. 465.) *See also Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011). Because the information that Plaintiffs seek to seal is ultimately unopposed by Defendants, and there are compelling reasons to protect the identities of alleged third-party victims and witnesses, the Court adopts Judge Couvillier's report and recommendation.

//

## II. Conclusion

It is therefore ordered that parties will file their Proposed Joint Pretrial Order by September 25, 2026.

It is further ordered that Plaintiffs' Proposed Joint Pretrial Order (ECF No. 567) and Sealed Proposed Joint Pretrial Order (ECF No. 569) is DENIED WITHOUT PREJUDICE with leave to refile.

It is further ordered that Defendants' Objection to Judge Couvillier's Order denying the Motion to Suspend (ECF No. 574) is OVERRULED.

It is further ordered that Defendants' Clarification of Pretrial Obligations (ECF No. 575) is DENIED.

It is further ordered that Judge Couvillier's Report and Recommendation granting the Motion to Seal (ECF No. 586) is ADOPTED IN FULL.

It is further ordered that Plaintiffs' Motion to Seal the Proposed Joint Pretrial Order (ECF No. 577) is GRANTED.

It is further ordered that Defendants Objection to Judge Couvillier's Order (ECF No. 596) denying the Motions for Leave to Issue Limited Third-Party Subpoenas (ECF No. 546), Preserve Status Quo (ECF No. 548), Stay Discovery (ECF No. 549), and Motion for Sanctions (ECF No. 558) is OVERRULED.

It is further ordered that Defendant's Motion for Leave to File Limited Supplemental Brief and Supplemental Evidence in Support of Objection to ECF No. 593 (ECF No. 598) is DENIED.

It is further ordered that Defendant's Motion to Seal Limited Supplemental Brief, Declaration, and Exhibits Filed in Support of Objection (ECF No. 600) is DENIED.

It is further ordered that Defendant's Joint Declaration in Support of Objection to ECF No. 593 (ECF No. 601) is DENIED.

//

//

Dated this 27th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE