BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
JULIA A. BEVAN (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2

Plaintiffs,

v.

MITCHELL TAYLOR BUTTON and DUSTY BUTTON,

Defendants.

Case Number: 2:21-cv-01412-ART-MDC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

I. Jane Doe 1's Claims .......... 2

II. The Buttons' Failed Attacks on Jane Doe 1 .......... 2

III. The Pretrial Order. .......... 4

ARGUMENT .......... 4

I. The Relief Sought Is Improper. .......... 4

A. There Is No Basis for the Requested Evidentiary Hearing and Proffer. .......... 4

B. There Is No Basis to Revisit the Court's Pseudonym Ruling. .......... 7

II. The Alleged "Contradictions" Are for the Jury to Resolve. .......... 9

III. There Is No Basis for Dismissal. .......... 10

CONCLUSION .......... 11

CERTIFICATE OF SERVICE .......... 13

# TABLE OF AUTHORITIES

**Cases**

*Button v. Roe*,
2024 WL 5136694 (D. N.H. Dec. 17, 2024) ........ 4

*Button v. Roe*,
2025 WL 1826027 (1st Cir. Feb. 20, 2025) ........ 4

*Clarken v. Pritzker*,
2015 WL 1884012 (D. Ariz. Apr. 24, 2015) ........ 6

*Doe No. 1 v. Fitzgerald*,
2022 WL 425032 (C.D. Cal. Jan. 6, 2022) ........ 9

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ........ 8

*Ellington v. House*,
2019 WL 7865184 (C.D. Cal. Sept. 27, 2019) ........ 8

*Garces v. Pickett*,
2021 WL 978540 (E.D. Cal. Mar. 16, 2021) ........ 8

*Grise v. Bagus*,
2012 WL 6725816 (D. Nev. Dec. 27, 2012) ........ 7

*Guerrero v. Schomig*,
2007 WL 304702 (D. Nev. Jan. 29, 2007) ........ 10

*Gypsum Res., LLC v. Clark Cnty.*,
674 F. Supp. 3d 985 (D. Nev. 2023) ........ 6

*Line One Lab'ys Inc. USA v. Wingpow Int'l Ltd.*,
2024 WL 4600429 (C.D. Cal. Feb. 21, 2024) ........ 6

*Luce v. United States*,
469 U.S. 38 (1984) ........ 5

*Nguyen v. Do*,
2007 WL 4145151 (N.D. Cal. Nov. 19, 2007) ........ 8

*Racies v. Quincy Bioscience, LLC*,
2020 WL 43115 (N.D. Cal. Jan. 4, 2020 ........ 6

*Rhodes v. Robinson*,
621 F.3d 1002 (9th Cir. 2010) ........ 9

*Sprint/United Mgmt. Co. v. Mendelsohn*,
552 U.S. 379 (2008) ....................................................................................................5

*United States v. Johnson*,
594 F.2d 1253 (9th Cir. 1979) .....................................................................................5

*United States v. Swartz*,
2023 WL 7026934 (N.D. Cal. Oct. 25, 2023) .............................................................8

*Wadler v. Bio-Rad Laboratories, Inc.*,
212 F. Supp. 3d 829 (N.D. Cal. 2016)....................................................................5, 10

**Rules**

Fed. R. Civ. P. 11 ...........................................................................................................3

Fed. R. Civ. P. 16 ...........................................................................................................5

Fed. R. Civ. P. 37 ...........................................................................................................10

Fed. R. Civ. P. 41 ...........................................................................................................10

Fed. R. Civ. P. 50 ...........................................................................................................10

Fed. R. Civ. P. 6 .............................................................................................................9

Fed. R. Evid. 1006 ..........................................................................................................5

Fed. R. Evid. 104 ............................................................................................................5

Fed. R. Evid. 403 ............................................................................................................5

Fed. R. Evid. 611 ............................................................................................................5

Fed. R. Evid. 901 ............................................................................................................5

Local Rule 59-1(c) ..........................................................................................................9

Plaintiff Jane Doe 1, by and through her undersigned attorneys, respectfully submits this Opposition to Defendants' "Motion for Limited Jane Doe 1 Evidentiary Hearing." [ECF No. 607-1 ("Motion" or "Mot.")].

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe 1 alleges that Defendants Dusty and Taylor Button (the "Buttons") violently sexually assaulted her when she was a minor child. Based on her well-founded safety and privacy concerns, the Court granted her leave to proceed by pseudonym. Jane Doe 1's claims have survived the Buttons' motions to dismiss, for sanctions, and for summary judgment, and are now set for trial.

The Buttons nevertheless seek an "evidentiary hearing" specific to Jane Doe 1's claims, without identifying any actual evidentiary dispute that requires a bespoke hearing. Instead, they attempt to relitigate the same arguments they have repeatedly made about the weight and sufficiency of Jane Doe 1's evidence, and impose obligations on her that find no support in any applicable rule or Court order. Their request is sweeping: they demand an advance proffer of virtually every aspect of Jane Doe 1's case, and even request dismissal if she does not satisfy their invented requirements.

The Court has already considered the same arguments the Buttons make here about Jane Doe 1's allegations and held that Jane Doe 1's claims belong before the jury. [ECF No. 524 at 24]. The Buttons cannot obtain a second merits proceeding by recasting attacks on Jane Doe 1's credibility as a matter of "trial management." Subject to the applicable rules and Court orders, the Buttons may object to specific evidence, cross-examine Jane Doe 1 at trial, and challenge the weight of her evidence before the jury. What they are not entitled to is a bespoke pretrial proceeding requiring Jane Doe 1 to prove her case before the jury hears it—particularly after this Court has already held that the very factual disputes on which the Buttons rely must

be resolved at trial.

## BACKGROUND

### I. Jane Doe 1's Claims.

Jane Doe 1 alleges that in or around 2014, the Buttons raped her at gunpoint when she was a minor child. [ECF No. 462 (Plaintiffs' Opposition to Defendants' Motion for Summary Judgment) at 17–18]. Jane Doe 1's claims are amply supported by, among other evidence, her own deposition testimony, therapy records, and the testimony of Plaintiffs' psychological expert, Dr. Chitra Raghavan. [*See id.* (summarizing key evidence)]. For instance, at her first deposition, Jane Doe 1 testified under oath that Dusty held her down while Taylor raped her, and that she "said stop . . . multiple times." [ECF No. 462-38 at 145:7–8, 148:13–15, 146:19–21]. At her second deposition, she similarly testified "there was a gun held to [her] head and that [she] was raped." [ECF No. 462-39 at 78:5–8]. Jane Doe 1's claims are further corroborated by the testimony of the *five* other Plaintiffs and multiple third-party witnesses who likewise testified that the Buttons sexually assaulted them. [*See generally id.*].

Throughout this litigation, the Buttons have insisted that they never met Jane Doe 1. Documentary evidence, however, confirms that Jane Doe 1 and Dusty were affiliated with Urbanity Dance and Boston Ballet, respectively, during overlapping periods. [*See* ECF No. 462 at 17–18]. During those years, Urbanity routinely rented studio space from Boston Ballet, while Dusty taught classes at and rented studio space from Urbanity. [*See id.*]

### II. The Buttons' Failed Attacks on Jane Doe 1.

On March 11, 2022, the Court granted Jane Doe 1 leave to proceed anonymously, concluding that her privacy interests outweighed any prejudice to the Buttons. The Court emphasized that her allegations "portray events of the most intimate nature" and that the emotional distress she had suffered would be "compounded" by public disclosure. [ECF No.

39 at 5]. The Buttons later moved to lift Jane Doe 1's pseudonym, arguing that they had purportedly proven her allegations "impossible." [ECF No. 187 at 4–6]. After "carefully" considering the Buttons' evidence, the Court denied the motion. [ECF No. 222 at 8–9].

The Buttons have repeatedly challenged the merits of Jane Doe 1's claims without success. They filed multiple motions to dismiss those claims, [ECF No. 38 at 4–10; ECF No. 231 at 16–19], both of which were denied, [ECF No. 129 at 49–51; ECF No. 379 at 3–5]. They also sought Rule 11 sanctions against Jane Doe 1 and her counsel, relying on substantially the same arguments they raise here concerning the weight and sufficiency of her evidence. [ECF No. 185 at 3]. Jane Doe 1 opposed the motion and identified key evidence supporting her allegations. [ECF No. 194]. The Court denied sanctions, explaining that any "questions of fact regarding Jane Doe's allegations" must "go[] to a jury to decide." [ECF No. 222 at 30].

The Buttons then moved for summary judgment, again making their familiar arguments challenging the merits of Jane Doe 1's allegations, including identifying purported inconsistencies concerning the timing and location of the assault. [ECF No. 452 at 42–44]. The Court denied the motion, holding that whether Jane Doe 1 "was assaulted by Defendants, when that alleged assault occurred, and whether she was a minor" are questions of fact for trial. [ECF No. 524 at 24]. The Court specifically addressed and rejected the Buttons' reliance on the same purportedly "contradictory evidence and testimony" that they raise here, stating that these issues "raise credibility issues" for the jury to decide. [*Id.* at 23–24].

The Buttons' affirmative attacks on Jane Doe 1 have likewise failed. They asserted counterclaims against her, two of which were dismissed on the pleadings, [ECF No. 379 at 6–8], and the remaining counterclaim was dismissed at summary judgment, [ECF No. 524 at 32]. The Buttons have also gone to extraordinary lengths to harass Jane Doe 1, including launching a brazen online bullying campaign against her and the other Plaintiffs, [*see*, *e.g.*, ECF No. 402

at 7–11], and filing a baseless lawsuit against her parents, therapist, and former counsel, which was dismissed as a "frivolous and vexatious attempt to intimidate friends and family of the Nevada plaintiffs" that "lack[ed] any legal merit." *Button v. Roe*, 2024 WL 5136694, at *2 (D. N.H. Dec. 17, 2024), *appeal dismissed*, 2025 WL 1826027 (1st Cir. Feb. 20, 2025).

## III. The Pretrial Order.

The Joint Pretrial Order ("JPTO") was originally due on February 14, 2026. [ECF No. 544]. Despite Plaintiffs' repeated efforts to coordinate its preparation, the Buttons refused to participate. [ECF No. 567-2]. Plaintiffs therefore filed only their portions of the JPTO by the court-ordered deadline. [ECF No. 567].

On August 27, 2026, the Court found that "Defendants have failed to comply with the Court's order to prepare their portions of the JPTO" and ordered them to do so by September 25, 2026. [ECF No. 610 at 9]. The Buttons will therefore have an opportunity to identify any objections to Plaintiffs' evidence in the completed JPTO. The Buttons have nonetheless suggested that they cannot complete their portions of the JPTO unless the Court grants their instant request for an evidentiary hearing, apparently intending to use this Motion as yet another excuse to disregard their court-ordered deadlines and obligations.

# ARGUMENT

## I. The Relief Sought Is Improper.

### A. There Is No Basis for the Requested Evidentiary Hearing and Proffer.

The Buttons' motion is extraordinarily broad. Among other relief, they demand an "evidentiary hearing" concerning Jane Doe 1; that Jane Doe 1 identify every exhibit she intends to use at trial and explain its "specific purpose" and basis for admissibility; that she provide additional details about her allegations, including the precise date and location of the assault; and identify "each witness with personal knowledge" of those allegations. [Mot. at 10–12].

The Buttons already have substantial information about Jane Doe 1's allegations from, *inter alia*, her pleadings, initial disclosures, discovery responses, deposition testimony, summary judgment papers, and portions of the JPTO. Tellingly, the Buttons cite no authority to support the heightened disclosure regime they now demand.[1] The rules they do invoke—Federal Rule of Civil Procedure 16, and Federal Rules of Evidence 104, 403, 611, 901, and 1006—govern ordinary pretrial procedures and evidentiary issues. None permits the Buttons to impose a new pretrial burden of proof on one Plaintiff or requires Jane Doe 1 to preview and establish her entire case at a special evidentiary hearing.

A court in this Circuit rejected a similar request in *Wadler v. Bio-Rad Labs., Inc.*, 212 F. Supp. 3d 829, 837 (N.D. Cal. 2016). There, shortly before trial, the defendant moved to "exclude virtually all of the evidence and testimony Plaintiff might rely upon," arguing that the plaintiff should be required to "offer a detailed trial plan previewing all of the evidence he seeks to introduce and showing that evidence is not [inadmissible]." *Id.* at 833, 844. The court rejected the motion because it came after the dispositive-motion deadline and because there was "no authority to support such an approach." *Id.* at 841. Rather than demanding that the plaintiff "preview his case," the defendant should have filed "a targeted motion identifying the specific evidence [it] asks the court to preclude." *Id.* at 841, 844. The Buttons' materially similar demand is equally meritless.

The Buttons' demand that Jane Doe 1 affirmatively explain the purpose and

---

[1] The limited caselaw cited by the Buttons does not support their position. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008), stands for the uncontroversial notion that district courts have "wide discretion in determining the admissibility of evidence under the Federal Rules." Similarly, *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), recognizes "the district court's inherent authority to manage the course of trials," and *United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir. 1979), requires that "the underlying documents" supporting a summary exhibit be "admissible in evidence." None of these cases authorizes—much less requires—the searching pretrial proffer the Buttons demand.

admissibility of every exhibit is likewise baseless. Any objections to Plaintiffs' exhibits may be raised in the JPTO, through motions in limine, or at trial if and when Plaintiffs seek to admit the exhibits. *See Racies v. Quincy Bioscience, LLC*, 2020 WL 43115, at *4 (N.D. Cal. Jan. 4, 2020) (discussing the ordinary process for raising trial objections). The Buttons' assertion that trial objections cannot "unring the bell" ignores that objections raised in the JPTO and through motions in limine are resolved before the challenged evidence reaches the jury. [Mot. at 30].

Even if this motion were a proper vehicle for challenging Plaintiffs' exhibits—and it is not—the Buttons have given the Court no basis to rule because they offer no argument concerning "the substance of any of these exhibits" and instead assert only "blanket authentication objection[s] to nearly all of [the] exhibits." *Gypsum Res., LLC v. Clark Cnty.*, 674 F. Supp. 3d 985, 1003 (D. Nev. 2023); *see also Clarken v. Pritzker*, 2015 WL 1884012, at *2 (D. Ariz. Apr. 24, 2015), *aff'd,* 670 F. App'x 583 (9th Cir. 2016) ("The Court cannot consider blanket objections without analysis applied to each specific item of plaintiff's evidence to which defendants purport to object."); *Line One Lab'ys Inc. USA v. Wingpow Int'l Ltd.*, 2024 WL 4600429, at *1 (C.D. Cal. Feb. 21, 2024) (warning the parties "not to submit blanket or boilerplate objections to the opposing party's exhibits" in a JPTO). The Buttons' generalized concerns about therapy records, expert testimony, and evidence of Jane Doe 1's injuries fare no better. The Court already rejected their challenge to Dr. Raghavan's opinions, concluding that their arguments went to weight and credibility rather than admissibility. [ECF No. 524 at 25]. To the extent the Buttons object to a particular therapy record, statement, or category of damages evidence, they may identify that evidence and raise a specific objection through the ordinary pretrial process. Their speculation about evidence Plaintiffs might offer does not warrant a special hearing.

Perplexingly, the Buttons also assert that Jane Doe 1 should be required to narrow her

"proof to a manageable, identified set of exhibits" because "the Jane Doe 1-related file universe is approximately 500,000 files." [Mot. at 11, 18]. Not so. Plaintiffs designated only 175 trial exhibits for all six Plaintiffs. [ECF No. 567-3]. To the extent the Buttons suggest that they must designate half a million exhibits to defend themselves, that contention is absurd.

The Buttons further seek to police Plaintiffs' trial presentation by barring Plaintiffs from "implying that the volume of Jane Doe 1-related materials itself corroborates the allegations" or using terms such as "victims," "survivors," and "gun rooms." [Mot. at 10–12]. Once again, the Buttons offer no authority to support these requests, which are baseless. In any event, such issues should be raised through motions in limine, not used to justify a special evidentiary hearing. *See de Grise v. Bagus*, 2012 WL 6725816, at *1 (D. Nev. Dec. 27, 2012) ("*Pro se* litigants . . . must follow the same rules and procedures as everyone else.").[2]

In short, the Buttons have ample notice of Jane Doe 1's claims. If they object to particular evidence or aspects of her trial presentation, they may invoke the ordinary procedural mechanisms available to every litigant. There is no basis to impose additional obligations found nowhere in the rules, particularly after Jane Doe 1's claims already survived summary judgment and the Court held she may present them to a jury.

**B. There Is No Basis to Revisit the Court's Pseudonym Ruling.**

The Buttons' demand that the Court revoke Jane Doe 1's permission to proceed under a pseudonym is likewise meritless. [Mot. at 36]. Although the Buttons disclaim any request for reconsideration, that is precisely what they seek. Their request should be denied because they

---

[2] The Buttons' catch-all request that the Court "enter any further order needed to avoid unfair surprise, jury confusion, cumulative proof, or trial-by-insinuation on Jane Doe 1 issues" is impermissibly vague and seeks no cognizable relief. [Mot. at 11].

come nowhere close to satisfying the stringent standard for reconsideration and, in any event, waited years too long to raise it.

The Buttons disingenuously assert they are not seeking "reconsideration of an old ruling" or "asking the Court to ignore" its prior decisions. [Mot. at 15, 36]. But their characterization does not control. Courts treat requests to revisit prior rulings as motions for reconsideration, regardless of how the movant labels them. *See, e.g.*, *United States v. Swartz*, 2023 WL 7026934, at *2 (N.D. Cal. Oct. 25, 2023) (treating a "renewed motion" as a "motion for reconsideration" because the issue had "already been argued and decided on the merits"); *Nguyen v. Do*, 2007 WL 4145151, at *1 (N.D. Cal. Nov. 19, 2007) (*pro se* plaintiff's repetitive "filings will be treated as a request for reconsideration even though the filings are not labeled as such").

Motions for reconsideration "are disfavored," LR 59-1(b), and should be denied where the motion "does not provide any new facts or circumstances." *Garces v. Pickett*, 2021 WL 978540, at *8 (E.D. Cal. Mar. 16, 2021). "[D]issatisfaction with an order is not a proper ground upon which to seek reconsideration." *Ellington v. House*, 2019 WL 7865184, at *2 (C.D. Cal. Sept. 27, 2019).

That is all the Buttons offer here. The Court has repeatedly held that Jane Doe 1 may proceed under a pseudonym. [ECF Nos. 39 at 7; ECF No. 222 at 8–9].[3] The Buttons identify no new fact or circumstance that warrants revisiting those rulings. To the contrary, Jane Doe 1's privacy concerns and fear of the Buttons have only intensified because of their harassment of her and the other Plaintiffs throughout this litigation. [*See, e.g.*, ECF No. 402 at 7–12 (describing the Buttons' online harassment campaign); ECF No. 539-1 (describing their

---

[3] The Buttons' citation to *Does I thru XXIII v. Advanced Textile Corp.*, only helps Jane Doe 1's position, as that case upheld the general rights of plaintiffs to proceed anonymously and determined that "the district court abused its discretion in denying plaintiffs permission to proceed anonymously." 214 F.3d 1058, 1069 (9th Cir. 2000).

vexatious litigation campaign)]. The Buttons' continued dissatisfaction with the Court's rulings provides no basis to reopen the issue.

Their request is also years too late. A motion for reconsideration must be filed "within a reasonable time," LR 59-1(c), and in no event "more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1). Waiting four years after the Court's initial pseudonym ruling—and three years after the Court first declined to revisit it—is plainly unreasonable. *See, e.g.*, *Doe No. 1 v. Fitzgerald*, 2022 WL 425032, at *3 (C.D. Cal. Jan. 6, 2022) (denying reconsideration of an "order granting anonymity" where the defendant waited three weeks and "fail[ed] to even attempt a good cause explanation" for the delay).

Finally, the Buttons' contention that jurors might infer liability from Jane Doe 1's use of a pseudonym is speculative and, if necessary, can be addressed through a neutral jury instruction. It provides no basis for an evidentiary hearing.

## II. <u>The Alleged "Contradictions" Are for the Jury to Resolve.</u>

The Buttons devote the bulk of their brief to cataloging purported "contradictions" in Jane Doe 1's evidence and testimony, which they insist the Court must resolve before trial. [Mot. at 19–29]. In substance, they demand a mini, pretrial bench trial on only Jane Doe 1's claims, which is utterly unsupported by any legal authority, rule, or recognized practice.

The Buttons raised the substantially same arguments in their motions to dismiss, for sanctions, and for summary judgment, each of which was denied. Each alleged "contradiction" is baseless. For example, several of the Buttons' arguments address purported differences between the Second Amended Complaint and the Third Amended Complaint. [*See*, *e.g.*, Mot. at 12–13, 20–22, 28]. But "when a plaintiff files an amended complaint, the amended complaint supersedes the original," which is "treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Nor is Jane Doe 1's trial theory "undefined": she alleges that

the Buttons assaulted her in or around 2014, when she was a minor. Her inability to recall the precise date and address of the assault presents a factual and credibility dispute for the jury, not a basis to require a pretrial proffer or prevent her from testifying.

Jane Doe 1 disagrees with the Buttons' characterization of the record and respectfully submits that her claims are amply supported by the evidence, as the Court has already found. [ECF No. 524 at 24]. Because there is no basis to reevaluate the merits of her claims at this stage, Jane Doe 1 does not respond to the Buttons' purported "contradictions" point-by-point. As this Court already ruled, the purportedly "contradictory evidence and testimony" that the Buttons have identified "raise credibility issues" for the jury to decide. [*Id.*]; *see also Guerrero v. Schomig*, 2007 WL 304702, at *17 (D. Nev. Jan. 29, 2007) ("[T]he weight and credibility to give witness testimony, even when [that] testimony is conflicting, is an issue for the jury to decide.").

## III. <u>There Is No Basis for Dismissal.</u>

Finally, the Buttons contend that Jane Doe 1's claims should be dismissed if she fails to comply with their invented requirements. [Mot. at 41]. That request has no legal basis.[4] It is simply another attempt to relitigate the merits long after the deadline for dispositive motions has passed. *See Wadler*, 212 F. Supp. 3d at 844 (rejecting a motion that effectively sought dispositive relief after the dispositive-motion deadline); *see also* ECF No. 429 (setting January 6, 2025, as the dispositive-motion deadline).

---

[4] None of the Federal Rules of Civil Procedure cited by the Buttons supports dismissal. Rule 37(c)(1) restricts a party's use of information or witnesses not properly disclosed during discovery, but the Buttons identify no information or witness that Jane Doe 1 failed to disclose. Rule 37(b)(2) authorizes sanctions for violating a discovery order, and Rule 41(b) permits involuntary dismissal for failing to comply with the Federal Rules or a court order, but the Buttons identify no such violation. Finally, Rule 50(a) applies only after a party "has been fully heard on an issue during a jury trial" and is therefore facially inapplicable at this stage.

The Court has already considered and rejected the Buttons' repeated attempts to dispose of Jane Doe 1's claims through motions to dismiss, for sanctions, and for summary judgment. The Federal Rules do not authorize dismissal merely because defendants contend that a plaintiff's evidence is weak. Like every other litigant, the Buttons must present those arguments at trial, where the jury—not the Buttons—will determine the merits of Jane Doe 1's claims.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court reject Defendants' request for an evidentiary hearing and deny the Motion in its entirety.

Dated: September 7, 2026

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Sigrid S. McCawley*
SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

SABINA MARIELLA (*pro hac vice*)
LINDSEY RUFF (*pro hac vice*)
JULIA A. BEVAN (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on September 7, 2026, via the Court's CM/ECF electronic filing system, addressed to all parties on the e-service list.

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP