Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Worldofdusty@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-MDC<br><br>**DEFENDANTS' EMERGENCY MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDERS TO PERMIT LIMITED RESTRICTED USE OF SAGE HUMPHRIES MATERIALS IN MASSACHUSETTS BOSTON MUNICIPAL COURT 209A TERMINATION PROCEEDINGS** |

Defendants Dusty Button and Mitchell Taylor Button, appearing pro se, respectfully move on an emergency basis under this Court's authority to clarify or modify the Protective Order entered at ECF No. 51 and the Supplemental Protective Order entered at ECF No. 166.

This Court has already authorized limited restricted use of deposition transcripts and confidential materials outside this Nevada action in other related proceedings. See ECF No. 489. Defendants now request comparable, narrower relief for the Boston Municipal Court, Central Division, Docket Nos. 1701RO000181 and 1701RO000182, because that proceeding was not included in the prior modification and the Boston Municipal Court has now ruled that the current Protective Orders prevent it from receiving or reviewing the Nevada-protected materials.

This modification is necessary because Plaintiffs have relied on the Massachusetts abuse prevention orders and the factual narrative underlying those orders throughout this Nevada litigation. Defendants now seek to present later sworn testimony and related protected materials to the Massachusetts court responsible for deciding whether those same orders remain necessary. The Boston Municipal Court proceeding is therefore not an unrelated collateral use of discovery; it is the proceeding directly concerning the continued existence of orders Plaintiffs have placed at issue in this case. Defendants request a limited order permitting them to submit and use Plaintiff Sage Humphries's deposition transcript, deposition excerpts, and related Sage Humphries-specific protected discovery materials solely for purposes of the pending Massachusetts 209A termination proceedings, and only under seal, impoundment, in camera review, or another restricted-access procedure directed by the Boston Municipal Court.

Defendants do not seek public disclosure. Defendants do not seek internet publication. Defendants do not seek unrestricted use of discovery. Defendants seek only limited, court-controlled authorization so they may comply with this Court's Protective Orders while allowing the Massachusetts court to decide for itself what evidence it may consider in the pending termination proceedings. Defendants are attaching only the Boston Municipal Court's September 1, 2026 order and Plaintiffs' September 4, 2026 opposition email. Defendants are not attaching the Nevada Protective Orders or prior modification order as exhibits because ECF Nos. 51, 166, and 489 are already on this Court's docket and are cited by docket number in this motion. If the Court determines that emergency treatment is not warranted, Defendants respectfully request that the Court treat this filing as a motion for expedited clarification or modification and rule as promptly as possible.

## I. NATURE OF THE EMERGENCY

On September 1, 2026, the Boston Municipal Court denied Defendants' motion to impound the exhibits submitted with Defendants' Motion to Terminate permanent Massachusetts abuse prevention orders. A copy of the September 1, 2026 order is attached as Exhibit 1. The Boston Municipal Court did not deny impoundment because the materials were irrelevant. It denied impoundment because it interpreted this Court's Protective Orders to prohibit disclosure and use of Nevada discovery materials in the Massachusetts proceeding. The Massachusetts court specifically relied on Paragraphs 10 and 19 of the Nevada Protective Order.

The September 1, 2026 order states that Paragraph 10 limits who may receive protected materials and that the Boston Municipal Court and Plaintiff's counsel in the Massachusetts litigation are not included as potential recipients. The order further states that

Paragraph 19 limits use of confidential discovery material to the prosecution and defense of this Nevada action, appeals, and alternate dispute resolution proceedings intended to resolve this Nevada action, and prohibits use in other litigation proceedings. Defendants are therefore in an urgent procedural conflict. The Massachusetts court has identified this Court's Protective Orders as the barrier preventing review of evidence Defendants contend is central to their pending termination motion. Defendants cannot safely submit or use those materials in Massachusetts without clarification or modification from this Court. On September 4, 2026, after Defendants notified Plaintiffs' Nevada counsel of the requested limited modification, Plaintiffs' counsel responded: "Plaintiffs oppose Defendants' request to use Nevada discovery material to move to terminate Sage's abuse prevention orders in Massachusetts. We will oppose your forthcoming motion accordingly." A copy of that email is attached as Exhibit 2.

Plaintiffs' opposition confirms that the issue is ripe and requires this Court's immediate clarification. Plaintiffs have previously participated in or did not oppose modifications allowing restricted use of deposition materials outside this Nevada action, including the modification reflected at ECF No. 489. Yet Plaintiffs now oppose restricted use in the Massachusetts proceeding involving Sage Humphries's abuse prevention orders, even though those orders are directly connected to the factual history placed at issue in this Nevada litigation. Defendants respectfully submit that the Protective Orders should not be used to prevent a court from receiving relevant materials through a restricted-access procedure in a proceeding involving the same Plaintiff, the same Defendants, and the continued existence of the Massachusetts abuse prevention orders. Defendants have already faxed notice to the Boston Municipal Court advising that they are seeking emergency clarification from this Court and asking the Massachusetts court to hold the termination motion open pending this

Court's ruling. The Boston Municipal Court clerk advised Defendants that the notice is being docketed and that Judge Key is expected to return next week.

## II. RELIEF REQUESTED

Defendants respectfully request an order:

1. clarifying or modifying ECF Nos. 51 and 166, consistent with the Court's prior modification at ECF No. 489, to permit Defendants to submit Plaintiff Sage Humphries's deposition transcript, deposition excerpts, and related Sage Humphries-specific protected discovery materials to the Boston Municipal Court, Central Division, Docket Nos. 1701RO000181 and 1701RO000182;
2. authorizing the Boston Municipal Court, its judges, clerk's office, and authorized court personnel to receive and review those materials solely for purposes of the Massachusetts 209A termination proceedings;
3. authorizing Plaintiff Sage Humphries, Plaintiff's counsel in the Massachusetts 209A proceedings, and Plaintiff's counsel of record in this Nevada action to receive and review those materials solely for purposes of the Massachusetts 209A termination proceedings;
4. requiring that any such materials be submitted only under seal, impoundment, in camera review, or another restricted-access procedure directed by the Boston Municipal Court;
5. confirming that this limited authorization does not waive confidentiality, does not authorize public disclosure, does not authorize internet publication, and does not

otherwise modify the Protective Orders except as necessary to permit the restricted use described in this Order;

6. confirming that nothing in the Protective Orders prevents the Boston Municipal Court from deciding, under Massachusetts law, whether the materials are relevant, admissible, impounded, sealed, reviewed in camera, or otherwise considered in the Massachusetts 209A termination proceedings once this Court authorizes restricted submission; and
7. granting any other relief the Court deems appropriate.

In the alternative, if the Court believes the prior modification structure requires submission of complete deposition transcripts rather than excerpts, or requires submission of all six deposition transcripts rather than Sage Humphries-specific materials only, Defendants respectfully request that the Court provide that clarification and authorize the minimum restricted submission necessary for the Boston Municipal Court to consider the Massachusetts termination proceedings without violating the Protective Orders.

## III. BACKGROUND

This Court entered a Protective Order at ECF No. 51 and a Supplemental Protective Order at ECF No. 166 governing confidential discovery material in this Nevada action.

Plaintiff Sage Humphries was later deposed in this Nevada action. Defendants contend that Plaintiff's deposition testimony and related Sage Humphries-specific discovery materials are directly relevant to Defendants' pending Massachusetts motion to terminate permanent abuse prevention orders entered by the Boston Municipal Court.

Defendants filed a Motion to Terminate in Boston Municipal Court, Central Division, Docket Nos. 1701RO000181 and 1701RO000182. Because portions of the supporting materials are subject to this Court's Protective Orders, Defendants sought impoundment in Massachusetts.

On September 1, 2026, the Boston Municipal Court denied impoundment. The Massachusetts court's order relied on the Nevada Protective Orders and found that the materials could not be disclosed to or used by that court or Plaintiff's counsel in that proceeding under the current language of the Protective Orders.

Defendants now seek limited clarification or modification so the Massachusetts court may receive and review the materials, if it chooses, through a restricted-access process.

Attorney Maura Melcher's counsel has advised Defendants that Attorney Melcher no longer represents Plaintiff Sage Humphries. Defendants have provided notice of this motion to Plaintiff's Nevada counsel of record, including Attorney Sabina Mariella of Boies Schiller Flexner LLP, who represents Plaintiff in connection with the Nevada materials and previously appeared for Plaintiff in related Massachusetts proceedings. Defendants request that any clarification or modification expressly authorize restricted disclosure to Plaintiff, Plaintiff's Nevada counsel of record, any counsel appearing or accepting service for Plaintiff in the Massachusetts 209A proceedings, and the Boston Municipal Court.

## IV. PLAINTIFFS' OPPOSITION IS INCONSISTENT WITH PRIOR MODIFICATIONS AND CREATES AN UNFAIR PROCEDURAL BARRIER

Defendants respectfully submit that Plaintiffs' opposition is not based on any meaningful confidentiality distinction between the Boston Municipal Court proceeding and the other proceedings in which restricted use of deposition materials has already been permitted.

This Court previously modified the Protective Orders to allow restricted use of deposition materials in other proceedings. See ECF No. 489. The Boston Municipal Court proceeding was not excluded because this Court found the proceeding improper, irrelevant, or undeserving of restricted access. It was not included because Defendants did not understand at that time that they would need to separately identify the Massachusetts 209A termination proceedings as an authorized proceeding under the Nevada Protective Orders. The need for that clarification became concrete only after the Boston Municipal Court's September 1, 2026 order. Judge Key expressly relied on Paragraphs 10 and 19 of the Nevada Protective Order and concluded that the Boston Municipal Court and Plaintiff's counsel in the Massachusetts litigation were not authorized recipients or users of Nevada discovery material. That ruling now prevents Defendants from presenting materials they contend are central to the pending Massachusetts termination motion.

Plaintiffs now oppose adding the Boston Municipal Court as an authorized restricted-use proceeding, even though Plaintiffs previously permitted or did not oppose restricted use of deposition materials in other courts. Defendants respectfully submit that there is no legitimate confidentiality reason to permit restricted use of deposition materials in other litigation while opposing restricted use in the one proceeding where Sage Humphries's own Massachusetts abuse prevention orders are directly at issue. The practical effect of Plaintiffs' position is substantial. Plaintiffs would be able to rely on the existence and consequences of the

Massachusetts abuse prevention orders in broader litigation, while preventing Defendants from presenting later sworn deposition testimony and related protected materials to the Massachusetts court that is being asked to decide whether those same orders remain necessary.

Defendants do not ask this Court to decide whether the Massachusetts orders should terminate. That issue belongs to the Boston Municipal Court. Defendants ask only that this Court prevent the Protective Orders from being used as a procedural shield against restricted court review in a directly related proceeding involving the same Plaintiff, the same Defendants, and the continued existence of the same Massachusetts orders. The requested relief is narrow. It would not authorize public filing. It would not authorize internet publication. It would not authorize unrestricted use. It would authorize only restricted, court-controlled submission to the Boston Municipal Court, subject to whatever seal, impoundment, in camera review, or access limitations that court directs.

## V. GOOD CAUSE EXISTS FOR LIMITED MODIFICATION

Good cause exists because the requested modification is narrow, court-controlled, and necessary to avoid substantial unfairness.

Defendants are not asking this Court to decide the Massachusetts termination motion. Defendants are asking only for permission to submit Sage Humphries's deposition transcript, deposition excerpts, and related Sage-specific protected discovery materials to the Boston Municipal Court so that the Massachusetts court can decide for itself what evidence it will consider. Plaintiffs oppose even that limited restricted use. Their opposition is significant because this Court has previously modified the Protective Orders to permit restricted use of

deposition materials outside this Nevada action. See ECF No. 489. Defendants seek comparable but narrower relief here: permission to use Sage Humphries-specific materials in one identified Massachusetts 209A termination proceeding, under restricted access only.

The requested modification would not prejudice Plaintiff. Plaintiff Sage Humphries and her Nevada counsel already possess or have access to the materials. The requested order would not permit public disclosure. It would not permit internet publication. It would not permit use for harassment, publicity, or any purpose unrelated to the Massachusetts termination proceedings. By contrast, denial would substantially prejudice Defendants. The Boston Municipal Court has already ruled that the Nevada Protective Orders prevent the court from receiving or reviewing the materials as submitted. If this Court does not clarify or modify the Protective Orders, Defendants may be prevented from presenting later sworn testimony and related protected discovery in the very proceeding where the continued necessity of Sage Humphries's Massachusetts abuse prevention orders is at issue. The requested relief is also consistent with the purpose of protective orders. Protective orders are intended to prevent improper disclosure and misuse of discovery. They should not be used as a shield to prevent a court from reviewing relevant evidence in a restricted, court-controlled proceeding involving the same parties and directly related subject matter.

Good cause is especially strong here because Plaintiffs have relied on the Massachusetts abuse prevention orders in this Nevada litigation, but now oppose Defendants' restricted use of later Nevada discovery materials in the Massachusetts proceeding where those same orders are being tested. The Protective Orders should not operate asymmetrically: permitting Plaintiffs to rely on the orders and their consequences in this case while preventing

Defendants from presenting later sworn testimony to the court that decides whether those orders should remain in force.

Accordingly, Defendants respectfully request limited modification allowing restricted use in Boston Municipal Court, Central Division, Docket Nos. 1701RO000181 and 1701RO000182.

## VI. EMERGENCY TREATMENT IS WARRANTED

Emergency treatment is warranted because the Boston Municipal Court has already issued an order denying impoundment based on this Court's Protective Orders. Defendants have already filed their Massachusetts termination motion, and the Massachusetts court has now identified the Nevada Protective Orders as the procedural obstacle to reviewing the protected materials. Defendants must act quickly to avoid either violating this Court's Protective Orders or losing the ability to have the Massachusetts court consider materials Defendants contend are central to the pending termination motion. Defendants are proceeding pro se and are attempting to comply with both courts' orders. The emergency was created by the September 1, 2026 Boston Municipal Court order interpreting this Court's Protective Orders as barring use in the Massachusetts proceeding.

## VII. NOTICE AND MEET-AND-CONFER

On September 4, 2026, Defendants emailed Plaintiffs' Nevada counsel and advised counsel that Defendants intended to file this emergency motion. Defendants asked whether Plaintiffs would oppose a limited modification authorizing restricted use of Sage Humphries-specific materials in the Boston Municipal Court 209A termination proceedings. Plaintiffs' counsel responded by email: "Plaintiffs oppose Defendants' request to use Nevada discovery

material to move to terminate Sage's abuse prevention orders in Massachusetts. We will oppose your forthcoming motion accordingly." See Exhibit 2. Defendants therefore certify that the requested relief is opposed.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court clarify or modify ECF Nos. 51 and 166 to permit Defendants to submit Plaintiff Sage Humphries's deposition transcript, deposition excerpts, and related Sage Humphries-specific protected discovery materials to the Boston Municipal Court, Central Division, Docket Nos. 1701RO000181 and 1701RO000182, solely for purposes of the Massachusetts 209A termination proceedings and only under seal, impoundment, in camera review, or another restricted-access procedure directed by that court. Defendants respectfully submit that the Boston Municipal Court should not be the only related court barred from restricted review of the Nevada deposition materials, particularly where that court is the court responsible for deciding whether Sage Humphries's Massachusetts abuse prevention orders remain necessary.

Respectfully dated this 4th day of September, 2026

Mitchell Taylor Button and Dusty Button (pro se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on September 4th, 2026 and served on all parties via email.

Dated this 4th day of September, 2026,

Mitchell Taylor Button and Dusty Button (*Pro se*)