Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Worldofdusty@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-MDC<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LIMITED JANE DOE 1 EVIDENTIARY HEARING |

Defendants respectfully submit this Reply in support of their Motion for a limited evidentiary hearing concerning Jane Doe 1.

Plaintiffs' opposition confirms the very problem Defendants asked the Court to address. Plaintiffs frame Defendants' motion as a disguised request for reconsideration of summary judgment. It is not. Defendants do not ask the Court to weigh Jane Doe 1's credibility, decide disputed facts, or enter judgment now. Defendants ask the Court to exercise its trial-management authority before trial begins so that one uniquely amorphous, pseudonymous, highly prejudicial claim is not presented to a jury without defined boundaries.

The issue is not whether Jane Doe 1 may testify. The issue is whether Plaintiffs must identify, before trial, the actual theory they intend to try: the alleged date range, location, minor-status basis, witnesses, exhibits, foundation, and admissible evidence they contend supports Jane Doe 1's claim. Plaintiffs' opposition does not answer that problem. It instead says Defendants can object later, during the JPTO process, motions in limine, or trial. That response proves why intervention is necessary. Without a defined theory, Defendants cannot meaningfully narrow exhibits, prepare focused objections, make targeted motions in limine, prepare cross-examination, or avoid forcing the Court into repeated trial interruptions.

## I. SUMMARY JUDGMENT DID NOT RESOLVE THE TRIAL-MANAGEMENT PROBLEM

Plaintiffs rely heavily on the Court's summary judgment order, ECF No. 524, but that order did not decide admissibility, foundation, trial scope, pseudonym procedures, or the

mechanics of presenting Jane Doe 1's claim to a jury. Summary judgment asks whether factual disputes exist. Trial management asks how those disputes can be tried fairly, efficiently, and without undue prejudice.

Those are different questions.

The Court's conclusion that factual disputes remain for trial does not give Plaintiffs permission to proceed without identifying the facts and evidence they will actually try. Nor does it prevent the Court from requiring a pretrial proffer under Rules 16, 104, 403, 611, 901, and related authority. Defendants' motion accepts the procedural posture after summary judgment. It asks for the framework necessary because of that posture.

Plaintiffs repeatedly say the jury must decide Jane Doe 1's credibility. Defendants agree that credibility belongs to the jury once admissible evidence is properly presented. But credibility cannot be used as a shield against all pretrial management. The Court still must control the mode and order of proof, determine preliminary questions of admissibility and foundation, prevent unfair prejudice and confusion, and simplify issues for trial.

## II. PLAINTIFFS' OPPOSITION CONFIRMS THAT JANE DOE 1'S TRIAL THEORY REMAINS UNDEFINED

Plaintiffs state that Jane Doe 1 alleges she was assaulted "in or around 2014" and that she was a minor. But Plaintiffs still do not identify the actual trial theory with sufficient precision: the date range, exact location, route of contact, witness foundation, minor-status basis, exhibits, or admissible proof connecting Defendants to Jane Doe 1.

That matters because Defendants maintain they never met Jane Doe 1. This is not a normal credibility dispute between people who admit they knew each other and disagree about what happened. It is a claim by a pseudonymous plaintiff whom Defendants contend they have never met, tied to allegations that have shifted across pleadings, discovery, expert materials, and summary judgment briefing.

Plaintiffs' opposition also states that Jane Doe 1's claims are "corroborated" by other Plaintiffs and third parties. That statement heightens the need for a hearing. If Plaintiffs intend to support Jane Doe 1 through other accusers, third-party statements, therapy records, expert narrative, or generalized pattern evidence, the Court should require Plaintiffs to identify the precise admissible evidence before trial. Otherwise, the jury risks hearing highly prejudicial material before the Court has resolved foundation, hearsay, Rule 403, Rule 404, and Rule 702 issues.

## III. THE "175 EXHIBITS" ARGUMENT MISSES THE POINT

Plaintiffs argue that they have designated only 175 exhibits, so Defendants' concern about approximately 500,000 Jane Doe 1-related files is "absurd." That misstates Defendants' point.

Defendants do not want to present 500,000 files. Defendants seek the opposite. Defendants seek a pretrial order requiring Plaintiffs to identify the limited Jane Doe 1 evidence they actually intend to use so Defendants are not forced to prepare against every

possible date, location, file, photograph, video, metadata point, apartment condition, travel record, or alleged circumstance Plaintiffs might invoke at trial.

If Plaintiffs will not identify the date range, location, and exhibits supporting Jane Doe 1's claim, Defendants cannot responsibly narrow their rebuttal evidence. Plaintiffs cannot leave the allegation broad and undefined, then criticize Defendants for needing a broad defense universe. The lack of narrowing is the problem.

## IV. DEFENDANTS ARE NOT REQUESTING A PRETRIAL TRIAL

Plaintiffs cite Wadler to argue that Defendants seek an improper preview of Plaintiffs' entire case. Defendants do not. Defendants seek a limited hearing and proffer as to one plaintiff, Jane Doe 1, because her claim presents unusual trial-management problems: anonymity, disputed identity/contact, disputed date and location, alleged minor status, disputed apartment/foundation issues, expert testimony, therapy records, and a large defense evidence universe created by Plaintiffs' refusal to narrow. A limited Rule 16/FRE 104 hearing would not require Jane Doe 1 to "prove her case twice." It would require Plaintiffs to commit to the specific claim they intend to try and identify the evidence they contend is admissible to support it. That is not unfair. It is basic trial management.

## V. ORDINARY OBJECTIONS ARE NOT ENOUGH WHERE THE PROBLEM IS STRUCTURAL

Plaintiffs repeatedly say Defendants may object in the JPTO, motions in limine, or at trial. But objections require a defined target. Plaintiffs cannot refuse to identify the actual Jane

Doe 1 trial theory and then argue that Defendants should simply object later. Without pretrial narrowing, each Jane Doe 1 exhibit or testimony segment risks triggering disputes over relevance, foundation, authenticity, hearsay, prejudice, pseudonym procedure, expert reliance, and whether the evidence matches the theory being tried. That is exactly the kind of trial disruption Rules 16 and 611 are designed to avoid.

## VI. THE PSEUDONYM ISSUE IS ALSO A TRIAL-PROCEDURE ISSUE

Plaintiffs argue that the Court has already permitted Jane Doe 1 to proceed pseudonymously. Defendants understand the prior rulings. But trial presents different prejudice than pleadings or discovery. A pseudonym before a jury can create an unintended inference that Jane Doe 1 is more vulnerable, more credible, or in danger from Defendants. At minimum, the Court should set neutral trial procedures so that anonymity does not become substantive evidence. If the Court declines to revisit pseudonym status, Defendants request alternative relief: neutral terminology, limiting instructions, and procedures preventing Plaintiffs from using anonymity as an emotional or credibility-enhancing device.

## VII. PLAINTIFFS' REFUSAL TO ADDRESS THE CONTRADICTIONS POINT-BY-POINT SUPPORTS A LIMITED HEARING

Plaintiffs decline to respond to Defendants' identified contradictions point-by-point and instead say these are jury issues. Defendants are not asking the Court to decide every contradiction. Defendants are showing why the Court should require Plaintiffs to identify the precise claim and supporting evidence before trial. The contradictions matter now because

they affect trial scope, foundation, admissibility, prejudice, and manageability. If Plaintiffs contend the operative theory is different from prior pleadings, discovery responses, deposition testimony, therapy records, or expert assumptions, the Court and Defendants need to know that before trial begins.

REQUESTED RELIEF

Defendants respectfully ask the Court to grant a limited evidentiary hearing or, at minimum, enter a pretrial management order requiring Plaintiffs to provide a Jane Doe 1 proffer identifying:

1. the specific date range Plaintiffs intend to try;
2. the specific location or locations Plaintiffs contend are at issue;
3. the factual basis for alleged minor status;
4. the witnesses Plaintiffs intend to use for Jane Doe 1;
5. the specific exhibits Plaintiffs contend support Jane Doe 1's claim;
6. the foundation for each Jane Doe 1 exhibit;
7. the purpose for which Plaintiffs intend to offer therapy records, expert opinions, third-party statements, photographs, videos, metadata, or other corroboration evidence;
8. the proposed pseudonym procedures and jury instruction;
9. any evidence Plaintiffs contend links Jane Doe 1 to Defendants before or at the time of the alleged assault.

In the alternative, Defendants request that the Court set an expedited status conference to establish these procedures before the JPTO and trial deadlines create waiver, confusion, or unnecessary prejudice.

This requested relief is narrow, practical, and necessary. Plaintiffs should not be permitted to take an undefined, pseudonymous, highly prejudicial allegation to trial while refusing to identify the actual theory and admissible evidence supporting it. Defendants respectfully request that the Court grant the motion.

Respectfully dated this 8th day of September, 2026

Mitchell Taylor Button and Dusty Button (pro se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on September 8th, 2026 and served on all parties via email.

Dated this 8th day of September, 2026,

Mitchell Taylor Button and Dusty Button (*Pro se*)