BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
JULIA A. BEVAN (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com
jbevan@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-ART-MDC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDERS** |

Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2 (together, "Plaintiffs"), by and through their undersigned attorneys, respectfully submit this opposition to Defendants' (the "Buttons") "Emergency Motion to Clarify or Modify Protective Orders to Permit Limited Restricted Use of Sage Humphries Materials in Massachusetts Boston Municipal Court 209A Termination Proceedings." [ECF No. 612 ("Motion" or "Mot.")].[1]

**PRELIMINARY STATEMENT**

In 2017, a Massachusetts court "fully credited," "beyond a reasonable doubt," Plaintiff Sage Humphries' allegations that the Buttons abused her and granted her abuse prevention orders against them, and in 2018, those orders were made permanent (the "APOs"). Since then, the Buttons have repeatedly sought to overturn the APOs, in an obvious attempt to intimidate Sage, burden Plaintiffs' *pro bono* counsel, and distract from the serious allegations levied against them in this action. They now seek to amplify the harms they have already caused Sage by weaponizing sensitive discovery material from this case against her in Massachusetts, in yet another baseless attack on her APOs.

Nearly five years after they were made permanent, the Buttons moved to vacate the APOs. That motion was denied. That denial was affirmed on appeal, and the Buttons' application for further appellate review was denied. Undeterred, the Buttons recently moved yet again to terminate the APOs, advancing substantially the same arguments that have been rejected at nearly every level of the Massachusetts court system.

In support of that motion, they filed confidential discovery from this action under

[1] On September 8, 2026, the Court issued an order holding that the Buttons "fail[ed] to establish the existence of an emergency," and that the Court would therefore resolve the Motion in "the ordinary course." [ECF No. 613]. Plaintiffs accordingly do not address the emergency nature of the Buttons' motion.

"impoundment"—the Massachusetts equivalent of filing under seal—in blatant violation of this Court's protective orders, which permits confidential discovery material to be used only in the prosecution or defense of this action. The Massachusetts court denied the Buttons' motion to impound, holding that the confidential discovery material had been filed in violation of this Court's protective orders and should not have been placed before the Massachusetts court in the first place. [*See* ECF No. 612-1 at 3–4].

The Buttons now retroactively ask this Court to modify the protective order so that they may use confidential discovery material from this case in their motion to terminate the APOs. The Buttons fail to demonstrate any justification, let alone good cause, as to why the protective order should be modified. Sage provided confidential testimony and documents in the instant case in reliance on this Court's protective order, and its protections should not be retroactively withdrawn to aid the Buttons' crusade to strip Sage of critical safeguards against them.

If anything, the Buttons should be sanctioned for again violating this Court's protective orders. In fact, Judge Youchah expressly warned them that any "further violation of this Court's order requiring no use or disclosure" of "confidential documents and information outside of this case without prior Court approval will result in a recommendation that the Court enter case terminating sanctions." [ECF No. 479 at 6–7]. The Buttons' recent filing in Massachusetts constitutes precisely such a violation.

## BACKGROUND

### I. The Buttons' Unsuccessful Attacks on the APOs

In 2017, a Boston court granted Plaintiff Sage Humphries abuse prevention orders against the Buttons, which were made permanent in 2018. [*See* ECF No. 462-61 at 1–2]. Significantly, the court "fully credited" Sage's testimony and was "**satisfied beyond a reasonable doubt**, if this were a criminal case" that Sage's relationship with the Buttons "**in every regard, in every way, meets the requirements of and the definition of abuse**" under

Massachusetts law. [ECF No. 77-2 (2017 Hearing Transcript) at 61:2–62:3 (emphasis added)].

Nearly five years later, the Buttons filed a motion to vacate the abuse prevention orders. [*See* ECF No. 462-61 at 1]. The Boston court denied the motion in its entirety, stating that the Buttons' "fraud on the court allegation would be more intriguing if there were credible evidence that there was fraud." [*Id.* at 4]. The Massachusetts Appeals Court affirmed, [*see* Declaration of Sigrid S. McCawley ("McCawley Decl.") ¶ 4], and the Supreme Judicial Court of Massachusetts denied the Buttons' application for further appellate review, [*see id.* ¶ 5].

Undeterred, the Buttons recently filed yet another motion to terminate the APOs, only one year after their prior challenge was finally resolved.

## II. The Buttons' Violations of the APOs

In the original APO proceedings, Sage testified at length about the Buttons' pattern of abuse, including their practice of accessing her Electronically Stored Information ("ESI"), such as sensitive messages with third parties and intimate photographs, to control and manipulate her. Sage feared that the Buttons would use that information to retaliate against her. In response, the Massachusetts court ordered the Buttons to stay away from Sage and to "surrender" and "not [] publish" her ESI. [*See* ECF Nos. 77-3, 77-4].

Yet during this litigation, the Buttons admitted in sworn affidavits that they retained Sage's ESI for years in direct violation of the APOs. [ECF No. 77-8 at 12, 16]. They then mined that data for purportedly embarrassing or scandalous information and repeatedly published Sage's ESI in the instant litigation and elsewhere. On December 1, 2022, Judge Youchah sanctioned the Buttons, finding their retention and publication of Sage's ESI "willful[ly]" violated the Massachusetts court's "clear" orders. [*Id.*, ECF No. 104 at 7–9; *see also* ECF No. 254 at 7 (affirming sanctions)].

Despite this clear directive, the Buttons continued to file confidential discovery, including but not limited to Sage's ESI, on public dockets across the country, as discussed further below. [*See* ECF No. 479 at 6–7 (describing the Buttons' violations)]. Judge Youchah accordingly "expressly warned" the Buttons "that a finding of a further violation of this Court's order requiring no use or disclosure of Sage Humphries' ESI or other confidential documents and information outside of this case without prior Court approval will result in a recommendation that the Court enter case terminating sanctions." [*Id.* at 9].

**III. The Buttons' Vexatious Litigation Campaign**

At the same time, the Buttons have filed baseless lawsuits against Plaintiffs' family, friends, therapists, attorneys, and other supporters in courts across the country, in a transparent attempt to retaliate against their victims and intimidate third-party witnesses. [*See* ECF No. 539-1 at 6–13 (detailing the Buttons' vexatious litigation campaign)]. Eight of those lawsuits have already been dismissed, including a Central District of California action against Sage's parents, therapist, and friend.[2]

Courts across the country have chastised the Buttons for, among other things, "repeating grievances," "bringing wholly unsupported causes of action," *Button v. Humphries*, 2025 WL 1820116, at *2, and raising frivolous claims that "even charitably constru[ed] … lack any legal merit," *Button v. Roe*, 2024 WL 5136694, at *7. This Court has likewise raised concerns

---

[2] *See Button v. Doherty*, 2026 WL 2364618, at *5 (S.D.N.Y. Aug. 14, 2026) (dismissing with prejudice); *Button v. Jimison*, 2026 WL 149016, at *9, *10 (W.D. Wash. Jan. 20, 2026) (dismissing case and awarding fees pursuant to Washington's Uniform Public Expression Protection Act); *Button v. Breshears*, 2025 WL 2771663, at *13-14 (S.D.N.Y. Sept. 26, 2025) (dismissing with prejudice); *Button v. New York Times Co.*, 2025 WL 2643674, at *22 (S.D.N.Y. Sept. 15, 2025) (dismissing with prejudice); *Button v. Humphries*, 2025 WL 1820116, at *4 (C.D. Cal. June 9, 2025) (dismissing with prejudice); *Button v. McCawley*, 2025 WL 1517348, at *6-7 (S.D. Fla. May 28, 2025) (dismissing with prejudice); *Button v. Melcher*, 771 F. Supp. 3d 76, 80 (D. Mass. 2025), *aff'd in part and remanded*, 2025 WL 3703677 (1st Cir. Dec. 16, 2025) (affirming dismissal but remanding to allow the Buttons "an opportunity to amend" after the original complaint was dismissed with prejudice *sua sponte* prior to service); *Button v. Roe*, 2024 WL 5136694, at *7 (D.N.H. Dec. 17, 2024) (dismissing with prejudice).

regarding the Buttons' "troubling" attempts to "intimidat[e] and harass[]" Plaintiffs' supporters through baseless litigation, including through the "use of confidential information disclosed in the course of this litigation . . . in other cases outside of the District of Nevada." [ECF No. 479 at 5].

## IV. The Buttons' Sanctionable Attempts to Use Discovery from This Action in Other Proceedings

The protective order in this action provides that recipients of confidential discovery material may use it "solely for the prosecution and defense of this action . . . and not for any other purpose or in any other litigation proceeding." [ECF No. 51 ¶ 19]. The Buttons have nevertheless repeatedly attempted to use Plaintiffs' confidential medical records, deposition testimony, and other sensitive materials in their retaliatory litigation campaign against Plaintiffs' loved ones and other supporters.

The Buttons have already been sanctioned for this conduct: as referenced above, on February 14, 2025, Judge Youchah sanctioned the Buttons for violating both the APOs and this Court's protective orders in connection with their retaliatory litigation campaign, and she warned them that further violations would result in a recommendation of "case terminating sanctions." [ECF No. 479 at 9].

The Buttons later sought permission to use confidential discovery material in another proceeding. The Court denied the motion, finding "no reason to permit disclosure." [ECF No. 505]. It likewise denied the Buttons' motion for reconsideration, [*see* ECF No. 508], and overruled their objections to that denial, [*see* ECF No. 534].

In March 2025, Plaintiffs entered a limited stipulation permitting the Buttons to use Plaintiffs' deposition transcripts in a discrete set of other proceedings, provided they filed "true and correct copies of all six Plaintiffs' deposition transcripts in their entirety, rather than select transcripts or excerpts," and did so "under seal." [ECF No. 489 at 2]. Plaintiffs otherwise

maintained their objection to the use of confidential discovery in other proceedings, and the stipulation does not encompass the Massachusetts APO proceedings.

**V. The Instant Motion**

The Buttons again disregarded this Court's restrictions on using confidential discovery in other proceedings by filing Sage's confidential deposition transcript in Massachusetts court in their latest attempt to attack her APOs. [*See* Mot. at 7].

The Buttons attempted to "impound" the material, but the Massachusetts court denied that request, explaining that the Buttons had violated this Court's protective orders, which "expressly prohibit[]" the use of confidential discovery material in the APO proceedings. [*See* ECF No. 612-1 at 3].

The Buttons now seek retroactive permission from this Court to use Sage's confidential discovery material in Massachusetts. Yet, the Buttons fail to explain why that material is relevant, let alone necessary. Nor do they clearly define the scope of their request, identifying only Sage's deposition transcript and unspecified "related Sage Humphries-specific protected discovery materials." [Mot. at 12]. That open-ended language could encompass confidential materials beyond those already filed, including Sage's ESI. Given the Buttons' history of improperly misusing Sage's ESI, the ambiguity of their request is particularly concerning.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits courts, for good cause, to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party seeking to modify a protective order "bears the burden to demonstrate good cause" for the modification, just as if it had sought the protective order in the first instance. *Tumbling v. Merced Irrigation Dist.*, 2010 WL 144833, at *2 (E.D. Cal. Jan. 11, 2010) (denying request to modify protective order).

## ARGUMENT

The Buttons wholly fail to meet their burden to establish good cause to modify the protective order. They do not specify the materials they intend to use, demonstrate their relevance to the APO proceedings, or make any effort to address Sage's reliance on the protective order and the substantial prejudice modification would cause—particularly given the Buttons' repeated violations of this Court's confidentiality restrictions.

Instead, the Buttons dismiss their proposed use of confidential discovery in Massachusetts as inconsequential because Plaintiffs previously stipulated to the limited use of confidential deposition transcripts in certain other, specifically identified proceedings. [Mot. at 7–9]. But Plaintiffs' voluntary agreement to a narrow exception in specified civil actions neither extends to the APO proceedings nor obligates Plaintiffs to consent to further disclosure. The Buttons' campaign against Sage's APOs is also fundamentally different from the baseless civil actions covered by the parties' stipulation. Although both have inflicted substantial financial and emotional harms, the APO proceedings uniquely threaten Sage's safety: she lives in fear of the Buttons and relies on the APOs for protection. She has no obligation to assist the Buttons in their meritless campaign to strip that protection away.

The Buttons also fail to establish that the protected discovery is relevant to the APO proceedings. [*See generally* Mot.]. They neither clearly identify the materials they seek to use, nor explain how those materials could satisfy their heavy burden to show by "clear and convincing evidence that [Sage] no longer has a reasonable fear of imminent serious physical harm" and that continuing the orders would be no longer equitable, as would be required for the Massachusetts court to grant their motion to terminate. *MacDonald v. Caruso*, 467 Mass. 382, 389 (2014).

The Buttons' apparent purpose is instead to attack Sage's prior testimony and relitigate

the evidence underlying the APOs. But a termination motion "is not a motion to reconsider the entry of a final order," and affords no opportunity "to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal." *Id.* at 388. Massachusetts trial and appellate courts have accordingly already rejected the Buttons' attacks on Sage's credibility. [*See* ECF No. 462-61 at 5; McCawley Decl. ¶¶ 3–5]. Repackaging those arguments yet again does not establish relevance; it merely subjects Sage to further harassment.

Finally, Sage relied on the protective order when testifying and producing confidential information in this action. Courts routinely deny requests to modify protective orders where, as here, a party produced sensitive material in reasonable reliance on an existing protective order. *See, e.g.*, *Villery v. Jones*, 2022 WL 616806, at *1 (E.D. Cal. Mar. 2, 2022) (denying request to modify protective order in part because the party "relied upon the protective order in providing certain sensitive . . . documents"); *IceMOS Tech. Corp. v. Omron Corp.*, 2019 WL 5268872, at *3 (D. Ariz. Oct. 17, 2019) (denying request to modify protective order because the party reasonably relied on the order and holding that its "reliance interest vastly outweigh[ed]" the movant's unsubstantiated concerns about duplicative discovery). It would be fundamentally unfair to pull the rug out from under Sage by allowing the Buttons to weaponize sensitive discovery material against her in their effort to invalidate the very orders protecting her from them.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Buttons' motion to modify the protective orders.

Dated: September 18, 2026

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

/s/ *Sigrid S. McCawley*
SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

SABINA MARIELLA (*pro hac vice*)
LINDSEY RUFF (*pro hac vice*)
JULIA A. BEVAN (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com
jbevan@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on September 18, 2026 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Sigrid S. McCawley*
Sigrid S. McCawley