BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
JULIA A. BEVAN (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case Number: 2:21-cv-01412-ART-MDC<br><br>**MOTION TO LIMIT DEFENDANTS' TRIAL EXHIBITS AND EXTEND THE JOINT PRETRIAL ORDER DEADLINE** |

Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2 ("Plaintiffs"), by and through their undersigned attorneys, respectfully submit this Motion to Limit Defendants' Trial Exhibits and Extend the Joint Pretrial Order ("JPTO") Deadline.

## PRELIMINARY STATEMENT

Ten days before the new JPTO deadline, Defendants designated 2,110 trial exhibits. That list cannot plausibly reflect a good-faith identification of the exhibits Defendants expect to introduce at trial. By contrast, Plaintiffs provided Defendants with their list of only 175 exhibits more than eight months ago. [ECF Nos. 567, 567-2]. Compounding the problem, the descriptions on Defendants' list do not match the exhibits themselves. Defendants also transmitted 25,111 additional files that are neither Bates-stamped nor included on their exhibit list, while purporting to reserve the right to use them at trial.

Plaintiffs cannot reasonably review and object to more than 2,000 inadequately identified exhibits in ten days. Nor should the Court be burdened with resolving objections to thousands of exhibits that Defendants cannot possibly offer in the anticipated time allotted for trial. In comparable circumstances, courts have exercised their inherent case management authority to limit the number of exhibits parties may designate.

Plaintiffs therefore respectfully request that the Court limit the number of exhibits Defendants may designate, require Defendants to provide a narrowed and accurate exhibit list by a date certain, and extend the JPTO deadline to afford Plaintiffs sufficient time to prepare objections.[1]

---

[1] Defendants have indicated that they consent to an extension of the JPTO deadline, but they will not agree to narrow their exhibit list. *See* Ex. A at 1–3. They have also agreed to provide a revised chart updating their exhibit descriptions, but have not provided an anticipated time for doing so. *Id*.

**BACKGROUND**

The JPTO was originally due February 14, 2026. [ECF No. 544]. Despite Plaintiffs' repeated efforts to coordinate preparation of the JPTO, Defendants refused to participate. [ECF No. 567-2]. Plaintiffs therefore filed their portions by the Court-ordered deadline. [ECF No. 567]. Plaintiffs designated 175 exhibits total. [ECF No. 567-3].

On August 27, 2026, the Court found that "Defendants have failed to comply with the Court's order to prepare their portions of the JPTO" and ordered them to do so by September 25, 2026. [ECF No. 610 at 9].

On August 31, 2026, Plaintiffs again sent Defendants their exhibit list and a link to the underlying exhibits so Defendants could review them and prepare objections. [*See* Declaration of Sigrid S. McCawley ("McCawley Decl."), Ex. A at 21–22]. That same list had already been publicly filed for months. Defendants thus had ample time to review Plaintiffs' exhibits and prepare objections.

By contrast, Defendants did not send Plaintiffs their exhibit list until September 16, 2026, or the complete set of underlying exhibits until the following day. [*Id.* at 6–11]. Defendants' list designates 2,110 exhibits. [*Id.* at 7]. Defendants also transmitted multiple folders containing 25,111 files of so-called "2014 materials." [*Id.* at 7]. Although those files are neither Bates-stamped nor included on the exhibit list, Defendants purport to "preserve the right to use" them at trial. [*Id.*].

Making things worse, the descriptions on Defendants' exhibit list do not match the exhibits themselves. As one of hundreds of examples, the document Bates-stamped as BUTTON001 is a communication produced by Plaintiff Danielle Gutierrez, but the chart describes it as "Boston Magazine article/material concerning Sage Humphries allegations and Defendants." [McCawley Decl. ¶ 2].

This conduct follows Defendants' longstanding pattern of burdening Plaintiffs' *pro bono* counsel and driving up litigation costs. [*See, e.g.*, ECF No. 402 (detailing Defendants' misconduct)]. As one of many examples, the Court previously required Defendants to reduce their Rule 26 disclosures from 209 witnesses to 75. [ECF No. 163 at 77:1–17]. The Court also offered to limit Defendants' hundreds of burdensome and irrelevant requests for admission and production, although Plaintiffs declined because they had already incurred the burden and expense of responding. [*See id.* 55:11–19].

## **ARGUMENT**

Defendants' exhibit list is a document dump, not a good-faith identification of exhibits they reasonably anticipate introducing at trial. Although Defendants had Plaintiffs' list of 175 exhibits for more than eight months, they gave Plaintiffs approximately ten days to review and object to 2,110 inaccurately described exhibits, while reserving the right to use thousands of additional, undesignated files. Their approach is manifestly unfair to Plaintiffs and would impose an unreasonable burden on the Court.

Courts have the "inherent powers" to "manage their cases and courtrooms effectively." *United States v. W.R. Grace*, 526 F.3d 499, 509, 514 (9th Cir. 2008) (limiting number of witnesses government could designate after its list became "unwieldy"). Courts have exercised that authority to require parties to narrow excessive witness lists and exhibit lists and identify only materials they genuinely intend to use. *See, e.g.*, *id.*; *Brin v. Hartwick*, 2025 WL 2958443, at *4 (W.D. Wash. Oct. 16, 2025) (ordering *pro se* plaintiff to reformulate his exhibit list and setting a limit of "approximately 70" exhibits); *In re Engle*, 2012 WL 12905602, at *2 (M.D. Fla. Sept. 14, 2012) (instructing parties to "only list those exhibits that are actually to be utilized" at trial).

Courts have described even a combined list exceeding 1,000 exhibits as "clearly an unnecessary and unworkable number." *McCarthy v. Fuller*, 2015 WL 13864697, at *8 (S.D. Ind. Mar. 20, 2015). Excessive exhibit lists defeat the notice and fairness purposes of pretrial disclosures and force courts to resolve hypothetical objections to documents that will never be offered. *See United States v. Kubini*, 304 F.R.D. 208, 216 (W.D. Pa. 2015) ("This Court is not in the business of resolving hypothetical disputes as to exhibits . . . that the parties have no real intent to actually offer at trial and in fact could not actually be presented as a practical matter given the time restrictions."). They also threaten to transform trial into "a confusing, lengthy, and hence potentially unjust proceeding" that wastes the parties', Court's, and jury's time. *See, e.g.*, *United States v. Hildebrand*, 928 F. Supp. 841, 843 (N.D. Iowa 1996).

Plaintiffs therefore respectfully request that the Court:

1. Limit the number of exhibits Defendants may designate for trial;
2. Require Defendants, by a date certain, to provide a revised list that accurately identifies each exhibit; and
3. Extend the JPTO deadline so Plaintiffs have at least two weeks after receiving the revised list to prepare objections.

Plaintiffs defer to the Court regarding the appropriate limit but respectfully suggest that Defendants be permitted to designate no more than 525 exhibits—three times the number that Plaintiffs have designated.

Defendants consent to an extension of the JPTO deadline, but they do not agree to narrow their exhibit list. *See* Ex. A at 1–3. Defendants have also agreed to provide a revised chart updating their exhibit descriptions, but have not provided an anticipated time for doing so. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court limit the number of exhibits Defendants may designate and extend the JPTO deadline accordingly.

Dated: September 18, 2026

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Sigrid S. McCawley*

SIGRID S. MCCAWLEY (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

SABINA MARIELLA (*pro hac vice*)
LINDSEY RUFF (*pro hac vice*)
JULIA A. BEVAN (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on September 18, 2026, via the Court's CM/ECF electronic filing system, addressed to all parties on the e-service list.

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP