Mitchell Taylor Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Desmodynamica@gmail.com

Dusty Button
(*Pro se*)
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Worldofdusty@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DEANGELO, DANIELLE GUTIERREZ, JANE DOE 1 AND JANE DOE 2<br><br>PLAINTIFFS,<br><br>V.<br><br>MITCHELL TAYLOR BUTTON AND DUSTY BUTTON<br><br>DEFENDANTS | CASE: 2:21-CV-01412-ART-MDC<br><br>DEFENDANT'S MOTION TO SEAL |

Defendants Mitchell Taylor Button and Dusty Button, appearing pro se, respectfully move under LR IA 10-5 for leave to file under seal an unredacted version of their Reply in Support of Emergency Motion to Clarify or Modify Protective Orders. Defendants are filing a redacted version of the Reply on the public docket. The requested seal is limited to the unredacted counterpart, which contains direct quotations and specific page-and-line descriptions of Sage Humphries's deposition testimony governed by the Protective Order at ECF No. 51 and Supplemental Protective Order at ECF No. 166.

This request is deliberately narrow. Defendants do not seek to seal the Motion to Seal, the public redacted Reply, the legal authorities, or the general description of the relief requested. The public filing preserves access to the arguments and procedural history while withholding only protected deposition material pending the Court's decision on whether that material may be used in the Boston Municipal Court proceedings.

ARGUMENT

I. The Requested Seal Is Necessary to Preserve the Existing Protective Orders

LR IA 10-5 requires papers filed under seal to be accompanied by a motion for leave unless sealing is otherwise authorized. The Ninth Circuit recognizes a strong presumption of public access, but permits sealing upon an adequate showing under the standard applicable to the underlying filing. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016). The requested relief satisfies either good cause or the more demanding compelling-reasons standard because disclosure would defeat the precise confidentiality interests presently before the Court, while the public redacted version preserves meaningful public access.

The underlying Motion asks whether this Court should permit restricted use of Humphries's protected deposition transcript and corresponding video in two Boston Municipal Court termination proceedings. Until that issue is decided, publicly reproducing the protected testimony in the Reply would circumvent ECF Nos. 51 and 166, disclose material presently restricted by those Orders, and effectively grant public access broader than the court-controlled use Defendants request. Defendants should not be forced to violate or nullify the Protective Orders in order to explain why limited modification is warranted.

The unredacted passages also concern sensitive testimony connected to abuse-prevention-order proceedings and private communications. The requested seal protects the confidentiality and privacy interests already recognized by the governing Protective Orders while permitting the Court and all parties to review the complete argument. This is not a request to conceal an adverse fact, avoid embarrassment, or shield the basis of the Court's decision. It is a temporary and targeted means of complying with existing court orders while the scope of authorized use is adjudicated.

## II. The Public Redacted Reply Is the Least Restrictive Alternative

Defendants have filed, or will contemporaneously file, a public version redacting the protected deposition quotations and corresponding protected details. All unredacted legal argument, procedural history, authorities, and requested relief remain publicly available. Because the protected passages appear throughout the Reply, the unredacted counterpart must be uploaded as a sealed document, but the public redacted version ensures that only the specific protected content is withheld from public view.

No broader seal is requested. Defendants do not seek to seal the docket entry, the existence of the deposition, the existence of the Boston proceedings, or the fact that

modification is sought. They request only that the unredacted Reply remain sealed unless and until the Court orders otherwise. If the Court determines that any additional portion can be publicly filed, Defendants request a reasonable opportunity to submit a revised redacted version consistent with the Court's direction.

III. Filing the Unredacted Reply Under Seal Preserves Adversarial Review

The unredacted Reply will be served on Plaintiffs through the Court's filing system or by the method required for sealed submissions. Plaintiffs therefore retain complete access to the quotations and arguments and may respond to them as permitted by the Court. Sealing affects only public access; it does not impair notice, service, or Plaintiffs' ability to address the filing. See LR IA 10-5(c).

## CONCLUSION

Defendants respectfully request that the Court grant leave to file the unredacted Reply under seal, maintain the publicly filed redacted Reply on the docket, and keep the unredacted version sealed unless further ordered. This limited procedure preserves public access to the maximum extent possible while preventing disclosure of deposition material that remains subject to ECF Nos. 51 and 166.

Respectfully dated this 20th day of September, 2026,

Mitchell Taylor Button and Dusty Button (pro se)

AI DISCLOSURE AND CERTIFICATION

In accordance with the Court’s Standing Order and Chambers Practices, Defendants hereby certify the following regarding the preparation of this filing:

1. Use of AI: Defendants utilized search engines and legal research tools, including Google Scholar, to identify relevant case law and statutes. The legal arguments, factual summaries, and the structure of this filing were drafted by the Defendants.
2. Verification: Defendants certify that they have independently reviewed all legal citations, case law, and factual assertions contained in this filing to ensure their accuracy and existence. No "hallucinated" or fictitious authorities have been included.

Respectfully submitted this 23rd day of September, 2026,

Mitchell Taylor Button and Dusty Button

*(pro se)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with LV_public_docketing@nvdcourts.gov on September 23rd, 2026 and served on all parties email. via

Dated this 23rd day of September, 2026,

Mitchell Taylor Button and Dusty Button

(*Pro se*)