BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
JULIA A. BEVAN (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com
jbevan@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

DUSTY BUTTON
MITCHELL TAYLOR BUTTON
101 Ocean Sands Ct
Myrtle Beach, SC 29579
Telephone: 310-499-8930
worldofdusty@gmail.com

*Pro Se Defendants Mitchell Taylor Button and Dusty Button*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAGE HUMPHRIES, GINA MENICHINO, ROSEMARIE DeANGELO, DANIELLE GUTIERREZ, JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>vs.<br><br>MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Defendants. | Case No.: 2:21-cv-01412-ART-MDC<br><br>**[PROPOSED] JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case,

IT IS ORDERED:

## I. NATURE OF THE ACTION AND THE PARTIES' CONTENTIONS

*Plaintiffs' Statement and Contentions*

Plaintiffs Sage Humphries, Gina Menichino, Rosemarie ("Rosie") DeAngelo, Danielle Gutiérrez, Jane Doe 1, and Jane Doe 2 bring this case against Defendants Mitchell Taylor Button (née Moore) ("Taylor") and Dusty Button ("Dusty") (together the "Buttons") for (1) sex trafficking, (2) forced labor, (3) involuntary servitude, (4) assault, (5) battery, (6) false imprisonment, (7) intentional infliction of emotional distress, (8) breach of fiduciary duty, and (9) sexual exploitation of a minor. [ECF No. 221 ("TAC") ¶¶ 190–601]. Plaintiffs Gina Menichino, Rosemarie DeAngelo, Danielle Gutiérrez, and Jane Doe 2 bring claims only against Taylor.

In sum and substance, Plaintiffs allege that the Buttons used their influence and power in the dance industry to sexually abuse young dancers. Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosemarie DeAngelo, and Jane Doe 2 allege that as early as 2007, Taylor, as their dance teacher, groomed and sexually abused them. [TAC ¶¶ 18–122]. Plaintiffs Sage Humphries and Jane Doe 1 allege that the Buttons both manipulated them through, among other things, false promises of professional support, and forced them to engage in sexual acts against their will. [TAC ¶¶ 131–189]. Plaintiffs' claims are corroborated by witness testimony, contemporaneous communications, police reports, therapy records, and other evidence. [See, e.g., ECF No. 462 (Plaintiffs' opposition to the Buttons' motion for summary judgment)].

The Buttons brought counterclaims against Plaintiffs for defamation, abuse of process, and civil conspiracy. [ECF No. 234 ¶¶ 168–317]. The Court dismissed the Buttons' abuse of process and civil conspiracy claims. [ECF No. 379 (dismissal order) at 6–8]. The Court

dismissed the Buttons' defamation claims against all Plaintiffs except with respect to one statement made by Sage to Boston Magazine. [ECF No. 524 (summary judgment order) at 36–44]. The Court held as a matter of law that the Buttons are public figures and, therefore, they must prove at trial that Sage's statements were made with actual malice. [Id.] Plaintiffs argue, among other defenses, that the remaining defamation claim fails because (1) Sage's statements were not made with actual malice and (2) Sage's statements were true.

*Defendants' Statement and Contentions*

Defendants deny Plaintiffs' allegations in full. This case is not what Plaintiffs say it is. Defendants contend that Plaintiffs' claims are false, litigation-driven, and unsupported by the contemporaneous record. The evidence will show that Plaintiffs' allegations were shaped years after the events at issue through counsel, coordinated communications, selective use of documents, and inflammatory narratives that are contradicted by sworn testimony, police records, therapy records, messages, videos, photographs, and witness testimony.

As to Sage Humphries, Defendants contend the evidence shows an adult, consensual relationship, not coercion, trafficking, forced labor, or abuse. Defendants contend Sage initiated the sexual encounter at issue, described the encounter afterward as consensual, and had prior experience with similar adult sexual conduct before any relationship with Defendants. Defendants further contend that Sage later recast the relationship after a dispute arose involving electronic data, Daryl Katz-related materials, and the Massachusetts proceedings.

The evidence will show that Sage voluntarily uploaded or caused personal electronic materials to be placed on Defendants' hard drive and later claimed fear that Defendants would "blackmail" her. Defendants contend that the data issue, including Sage's relationship with Daryl Katz and her efforts to control or suppress information connected to that relationship, became a central reason for the Massachusetts abuse-prevention proceeding and later this lawsuit. Defendants deny stealing, hacking, or misusing Sage's data and contend Plaintiffs' contrary narrative is contradicted by Sage's own testimony and the surrounding record.

As to Jane Doe 1, Defendants contend they never met her, never communicated with her, never groomed her, never drugged her, never assaulted her, and never had any sexual contact with her. Defendants contend Jane Doe 1's claim is unsupported by reliable, admissible evidence and has shifted through materially inconsistent timeframes and theories. Defendants further contend that the Jane Doe 1 allegations were influenced by information, imagery, and narratives supplied through others, including individuals and attorneys connected to Sage Humphries and the Massachusetts proceedings.

As to Gina Menichino, Danielle Gutiérrez, Rosemarie DeAngelo, and Jane Doe 2, Taylor denies all allegations of sexual abuse, assault, coercion, trafficking, forced labor, involuntary servitude, false imprisonment, and fiduciary misconduct. Defendants contend these claims are contradicted by the plaintiffs' own testimony, prior statements, police records, third-party communications, timing evidence, and the absence of reliable contemporaneous

corroboration. Defendants further contend that several accusations were first asserted or substantially reshaped only after contact with Plaintiffs' counsel or other claimants.

Defendants also contend Plaintiffs' expert opinions are not independent proof. Plaintiffs' experts were retained by Plaintiffs' counsel, supplied with litigation-selected materials, and not provided with the full defense record, including contrary messages, photographs, videos, audio recordings, relationship evidence, impeachment evidence, police-report contradictions, and other materials that would have limited or changed their assumptions. Defendants contend the experts improperly accept disputed allegations as true, repeat hearsay narratives, and offer opinions that risk becoming attorney-shaped credibility endorsements rather than reliable expert analysis.

Defendants further object to Plaintiffs' attempt to use inflammatory third-party accusations, collateral narratives, and sensationalized "pattern" evidence to prove the claims of the six remaining Plaintiffs. The Court previously struck contested inflammatory allegations from the pleadings after the February 2, 2023 hearing. Defendants contend Plaintiffs should not be permitted to reintroduce those same themes through witness testimony, expert testimony, exhibits, or "background" evidence in a way that unfairly prejudices Defendants and distracts the jury from the actual claims to be tried.

Defendants contend this lawsuit was not brought to uncover the truth, but to validate a public narrative that had already destroyed Defendants' reputations, careers, livelihood, and family stability before any jury heard evidence. Defendants will show that Plaintiffs' claims cannot withstand the full record, that Plaintiffs' witnesses have serious credibility and foundation problems, and that the contemporaneous evidence tells a materially different story than the one Plaintiffs intend to present at trial.

## II. STATEMENT OF JURISDICTION

*Plaintiffs' Statement of Jurisdiction*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiffs' rights under 18 U.S.C. §§ 1591, 1595, et seq. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state law pursuant to 28 U.S.C § 1367(a). This Court also has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiffs are residents and domiciliaries of Massachusetts, New Jersey, New York, Florida, and New Hampshire. The Buttons are residents and domiciliaries of South Carolina, but when this action commenced in July 2021, the Buttons were residents of the state of Nevada. [See ECF No. 67 ¶ 2 (the Buttons

admitting "Venue is proper in this district because [the Buttons] reside in this judicial district")]. The Buttons have never raised any challenges to the Court's subject matter jurisdiction, and the Court denied the Buttons' motion to dismiss for lack of personal jurisdiction or improper venue. [See ECF No. 379 at 4–5; see also ECF No. 242 at 20–22 (explaining that venue is proper in this District because any venue objection has been waived, the Buttons resided in Nevada when the action was filed, and transfer is inappropriate because this case has no connection to South Carolina, other than the Buttons' choice to move there after this action was filed)].

*Defendants' Statement of Jurisdiction*

Defendants do not dispute that Plaintiffs have pleaded federal claims and that the Court has subject-matter jurisdiction over those federal claims under 28 U.S.C. § 1331, with supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Defendants do not concede the merits of any federal or state claim.

Defendants disagree with Plaintiffs' characterization that Defendants "never raised" jurisdictional challenges. Defendants expressly challenged personal jurisdiction and improper venue in their Motion to Dismiss the Third Amended Complaint, filed under seal at ECF No. 231 and publicly/redacted at ECF No. 234, denied Plaintiffs' jurisdictional and venue allegations in their Answer at ECF No. 406, and again raised Nevada forum and trial-burden issues in their Motion for Summary Judgment at ECF No. 452. The Court denied Defendants' motion to dismiss for lack of personal jurisdiction and improper venue at ECF No. 379. Defendants acknowledge that ruling for purposes of this Joint Pretrial Order, but do not waive any jurisdictional, venue, forum, transfer, appellate, or preservation arguments.

Defendants further preserve their position that Nevada is not the appropriate forum for trial and reserve all rights to seek transfer of venue, including to South Carolina, where Defendants reside. Defendants contend that transfer is warranted because Defendants cannot afford a Las Vegas trial, would be prejudiced without in person appearance, were never Nevada residents, and nearly all parties, counsel, witnesses, records, and relevant events are located on the East Coast or outside Nevada. Plaintiffs themselves identify Massachusetts, New Jersey, New York, Florida, and New Hampshire as the Plaintiffs' states of residence or domicile, while Defendants reside in South Carolina. Defendants further state that they were never residents of Nevada.

## III. UNCONTESTED FACTS

The following facts are admitted by the parties and require no proof:

1. Taylor taught dance at Centerstage Dance Academy and went by his legal name at the time, Mitchell Taylor Moore. [Answer ¶ 18].

2. While Taylor was teaching at Centerstage Dance Academy he traveled out of state with regard to his position as a dance instructor. [Answer ¶ 49].

3. Rosemarie DeAngelo took dance lessons from Taylor at Centerstage Dance Academy. [Answer ¶ 42].

4. Gina Menichino took dance lessons from Taylor at Centerstage Dance Academy. [Answer ¶ 19].

5. Danielle Gutiérrez took dance lessons from Taylor at Centerstage Dance Academy. [Answer ¶ 63].

6. Danielle Gutiérrez and Taylor Button traveled to California in connection with dance instruction. [Answer ¶ 83].

7. Jane Doe 2 took dance lessons from Taylor at Centerstage Dance Academy. [Answer ¶ 92].

8. Dusty Button was a professional dancer with the Boston Ballet. [Answer ¶ 148].

9. Dusty Button met Sage Humphries through the Boston Ballet. [*Id.*].

10. Taylor photographed Sage Humphries during the period in which the parties knew each other. [Answer ¶ 158].

11. Defendants and Sage Humphries traveled to California in or around April 2017. [Answer ¶ 164].

12. Between approximately April 2017 and July 2017, the Buttons were in a personal relationship with Sage. [Answer ¶ 166].

*The Buttons also submit the following items for inclusion in this section. Plaintiffs do not join because the following does not constitute "uncontested facts" for the purposes of trial.*

1. Plaintiffs Gina Menichino, Rosemarie DeAngelo, Danielle Gutiérrez, and Jane Doe 2 assert claims only against Taylor.

2. Plaintiffs Sage Humphries and Jane Doe 1 assert claims against both Defendants.

3. Defendants filed counterclaims against Plaintiffs, including a defamation counterclaim against Sage Humphries.

4. Following summary judgment, Defendants' remaining counterclaim is a defamation claim against Sage Humphries based on one statement to Boston Magazine.

5. Defendants reside in South Carolina.

6. Plaintiffs identify their states of residence or domicile as Massachusetts, New Jersey, New York, Florida, and New Hampshire.

7. The Court denied Defendants' Motion to Dismiss the Third Amended Complaint.

8. The Court denied Defendants' Motion for Summary Judgment.

9. The Court granted in part and denied in part Plaintiffs' Motion for Summary Judgment.

## IV. CONTESTED ISSUES OF FACT

*Plaintiffs' Statement of Contested Facts*

The following facts are the issues of fact to be tried and determined upon trial:

**A. Plaintiffs' Claims:**

1. Did Taylor groom Gina, including by isolating her from her friends and family and singling her out for special attention?

2. Did Taylor have non-consensual sexual contact with Gina in 2010 when she was 13, including but not limited to coercing Gina into sexual contact through intimidation, emotional abuse, and by exploiting their unequal power dynamic?

3. Did Taylor send explicit photos to Gina while he was out of state, and she was a minor?

4. Did Taylor groom Rosie, including by singling her out for special attention?

5. Around 2007, did Taylor have non-consensual sexual contact with Rosie, including but not limited to coercing Rosie into sexual contact through intimidation, emotional abuse, and by exploiting their unequal power dynamic?

6. Did Taylor lie to Rosie about the applicable law governing his conduct?

7. Did Taylor coerce Danielle into sexual intercourse through intimidation, emotional abuse, and by exploiting their unequal power dynamic?

8. Did Taylor continue to mentally abuse Danielle by sending abusive messages while traveling out of state?

9. Did Taylor physically abuse Danielle?

10. Did Taylor tell Danielle that his conduct toward her was not illegal?

11. Did Taylor threaten to kill Danielle and her family if she ever came forward about his conduct?

12. Did Taylor groom Jane Doe 2, including by singling her out for special attention?

13. Did Taylor send Jane Doe 2 flirtatious text messages while traveling out of state?

14. Around 2006, did Taylor have non-consensual sexual contact with Jane Doe 2, including but not limited to coercing Jane Doe 2 into sexual contact through intimidation, emotional abuse, and by exploiting their unequal power dynamic?

15. Did Taylor tell Jane Doe 2 that his conduct was not illegal?

16. Did the Buttons groom Jane Doe 1, including by promising her professional success?

17. Did the Buttons have non-consensual sexual contact with Jane Doe 1, including but not limited to coercing Jane Doe 1 into sexual contact through intimidation, emotional abuse, drugging, and by exploiting their unequal power dynamic?

18. Did the Buttons groom Sage, including by isolating her from her loved ones and promising professional success?

19. Did the Buttons have non-consensual sexual contact with Sage, including but not limited to coercing Sage into sexual contact through intimidation, emotional abuse, and by exploiting their unequal power dynamic?

20. Have Plaintiffs experienced severe emotional distress and loss of enjoyment of life as a direct result of the Buttons' abuse?

21. Whether the Buttons violated 18 U.S.C. §§ 1591, 1595(a)?

22. Whether the Buttons violated 18 U.S.C. §§ 1589, 1595(a)?

23. Whether the Buttons violated 18 U.S.C. §§ 1584, 1595(a)?

24. Whether the Buttons violated 18 U.S.C. §§ 2255, 2252?

25. Whether Taylor committed batteries against Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosie DeAngelo, and Jane Doe 2?

26. Whether Taylor committed assaults against Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosie DeAngelo, and Jane Doe 2?

27. Whether Taylor falsely imprisoned Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosie DeAngelo, and Jane Doe 2?

28. Whether Taylor committed intentional infliction of emotional distress against Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosie DeAngelo, and Jane Doe 2?

29. Whether Taylor committed breach of fiduciary duty against Plaintiffs Gina Menichino, Danielle Gutiérrez, Rosie DeAngelo, and Jane Doe 2?

30. Whether the Buttons committed battery against Plaintiff Jane Doe 1?

31. Whether the Buttons committed assault against Plaintiff Jane Doe 1?

32. Whether the Buttons falsely imprisoned Jane Doe 1?

33. Whether the Buttons committed intentional infliction of emotional distress against Jane Doe 1?

34. Whether the Buttons' conduct caused damages, including but not limited to physical injury, severe mental and emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life?

35. Whether equitable estoppel/tolling applies to Danielle, Rosie, and Jane Doe 2's federal claims?

**B. Defendants' Counterclaims:**

1. Whether Sage's statement to Boston Magazine on August 2, 2022 constitutes defamation?

2. Whether Sage's statement to Boston Magazine on August 2, 2022 was false?

3. Whether Sage's statement to Boston Magazine on August 2, 2022 was made with actual malice?

*Defendants' Statement of Contested Facts*

Defendants dispute Plaintiffs' framing of the facts to be tried. Plaintiffs' list assumes the truth of allegations Defendants deny in full. Defendants contend the central factual issues are whether Plaintiffs can prove their allegations through reliable, admissible evidence, and whether those allegations survive comparison with the contemporaneous record, sworn testimony, police records, therapy records, electronic communications, photographs, videos, audio recordings, witness testimony, metadata, and the full chronology developed in discovery.

The following facts are contested and must be tried:

**A. Plaintiffs' Claims**

Whether any Plaintiff can prove that Defendants committed sex trafficking, forced labor, involuntary servitude, sexual exploitation, assault, battery, false imprisonment, intentional infliction of emotional distress, breach of fiduciary duty, or any other actionable misconduct.

Whether Plaintiffs can prove the required elements of their claims, including force, fraud, coercion, threats, intimidation, causation, damages, and, where applicable, lack of consent, minor status, interstate conduct, and timeliness.

Whether Plaintiffs' allegations are contradicted, impeached, or materially weakened by contemporaneous records, police reports, therapy records, deposition testimony, text messages,

Snapchat communications, photographs, videos, audio recordings, metadata, third-party statements, and other discovery.

Whether Plaintiffs' claims were materially shaped, coordinated, expanded, or repackaged after the fact through counsel involvement, media publications, communications among Plaintiffs and third parties, group meetings, attorney referrals, expert preparation, and selective presentation of evidence.

Whether Plaintiffs' alleged corroboration is genuine independent corroboration or instead repetition of claims developed after Plaintiffs were connected through counsel, media coverage, other Plaintiffs, third parties, therapists, experts, police reports, and litigation filings.

Whether Plaintiffs or their counsel supplied witnesses, experts, law enforcement, media, or other third parties with incomplete, misleading, one-sided, or attorney-selected information that affected the development, presentation, or perceived corroboration of Plaintiffs' allegations.

Whether the timing and manner in which Plaintiffs came into contact with Plaintiffs' counsel, other Plaintiffs, media reports, and third-party witnesses bears on credibility, bias, memory, motive, coordination, and the reliability of Plaintiffs' allegations.

Whether Plaintiffs' experts were given a materially one-sided record by Plaintiffs' counsel and whether their opinions improperly assume disputed facts, repeat hearsay narratives, vouch for credibility, or attribute causation without a reliable foundation.

Whether Plaintiffs can rely on expert opinions or therapy records as corroboration where those records were created from Plaintiffs' self-reports, attorney-selected materials, or incomplete information, rather than independent verification of the alleged events.

Whether Plaintiffs' therapy records establish causation or merely record Plaintiffs' self-reported narratives, symptoms, assumptions, and statements made for treatment or litigation-related purposes.

Whether police reports relied upon by Plaintiffs prove the truth of Plaintiffs' allegations or merely document accusations, interviews, unverified statements, investigative steps, or reports made by Plaintiffs and third parties.

Whether Plaintiffs may use inflammatory third-party accusations, collateral allegations, or sensationalized "pattern" evidence where the Court previously struck contested inflammatory allegations from the pleadings following the February 2, 2023 hearing.

Whether Plaintiffs may present third-party accusations, police reports, therapy records, social-media materials, or media-related evidence for the truth of the matters asserted without satisfying the Federal Rules of Evidence, including hearsay, foundation, authentication, relevance, unfair prejudice, and improper character/propensity restrictions.

Whether Plaintiffs' claims are undermined by omitted facts, changed accounts, memory failures, inability to authenticate communications, inconsistent timeframes, contradictory records, and selective reliance on evidence favorable to Plaintiffs while ignoring contemporaneous evidence favorable to Defendants.

Whether Plaintiffs can establish the foundation, authenticity, completeness, attribution, relevance, and admissibility of their screenshots, text messages, social-media materials, photographs, videos, police records, therapy records, and third-party communications.

Whether Plaintiffs can prove that any alleged damages were caused by Defendants rather than unrelated life events, preexisting conditions, family conflict, prior relationships, career issues, litigation, publicity, third-party conduct, or other causes.

Whether Plaintiffs can prove that their claims are timely or that equitable tolling or estoppel applies.

Whether Gina Menichino can prove that Taylor groomed, isolated, coerced, assaulted, battered, falsely imprisoned, abused, or exploited her.

Whether Gina Menichino can prove that any alleged sexual contact occurred, occurred when she claims it occurred, was non-consensual, or resulted from intimidation, emotional abuse, coercion, or exploitation of a power dynamic.

Whether Gina Menichino can prove that any explicit photograph, text message, screenshot, or communication attributed to Taylor is authentic, complete, accurately attributed, admissible, and probative of any claim.

Whether Gina Menichino's allegations are contradicted or undermined by her deposition testimony, police-report evidence, third-party communications, text-message evidence, and her inability or failure to authenticate certain communications attributed to her.

Whether Rosemarie DeAngelo can prove that Taylor groomed, isolated, coerced, assaulted, battered, falsely imprisoned, abused, or exploited her.

Whether Rosemarie DeAngelo can prove that any alleged sexual contact occurred, occurred when she claims it occurred, was non-consensual, or resulted from intimidation, emotional abuse, coercion, or exploitation of a power dynamic.

Whether Rosemarie DeAngelo can prove that Taylor made any false statement to her about the law or that any alleged statement caused any legally cognizable injury.

Whether Danielle Gutiérrez can prove that Taylor coerced her into sexual intercourse, physically abused her, mentally abused her, threatened her or her family, falsely imprisoned her, or caused her claimed damages.

Whether Danielle Gutiérrez's allegations are contradicted or undermined by her relationship with Taylor, her communications, police-report evidence, third-party statements, deposition testimony, timing issues, and contemporaneous records.

Whether Jane Doe 2 can prove that Taylor groomed, isolated, coerced, assaulted, battered, falsely imprisoned, exploited, or abused her.

Whether Jane Doe 2 can prove that Taylor sent flirtatious text messages while traveling out of state, that any such messages are authentic and admissible, or that they establish any element of Plaintiffs' claims.

Whether Jane Doe 2 can prove that any alleged sexual contact occurred in or around 2006, was non-consensual, or resulted from intimidation, emotional abuse, coercion, or exploitation of a power dynamic.

Whether Jane Doe 1 can prove that Defendants ever met her.

Whether Jane Doe 1 can prove that Defendants communicated with her, groomed her, promised her professional success, drugged her, touched her, assaulted her, battered her, falsely imprisoned her, or had any sexual contact with her.

Whether Jane Doe 1 can identify a reliable date, location, factual theory, foundation witness, and admissible evidence supporting her allegation.

Whether Jane Doe 1's materially inconsistent timeframes, including references to 2012, 2014, and 2015, prevent Plaintiffs from presenting a fair, specific, and manageable trial theory without further narrowing.

Whether Jane Doe 1's claim is based on reliable personal memory or was influenced by outside information, third-party narratives, attorney-supplied materials, media, images, or facts connected to Sage Humphries and the Massachusetts proceedings.

Whether Sage Humphries can prove that Defendants groomed, isolated, coerced, trafficked, forced, assaulted, battered, falsely imprisoned, exploited, or abused her.

Whether Sage Humphries's relationship with Defendants was consensual, adult, voluntary, and materially different from the coercive narrative Plaintiffs intend to present.

Whether Sage Humphries initiated or voluntarily participated in the sexual relationship at issue, including the encounter Plaintiffs now characterize as coercive.

Whether Sage Humphries's prior statements, conduct, communications, photographs, videos, police reports, deposition testimony, and witness testimony contradict her current allegations.

Whether Sage Humphries voluntarily uploaded, provided, or caused electronic information, including iPhone/camera-roll or other ESI materials, to be placed on Defendants' hard drive.

Whether Sage Humphries's later claims concerning electronic information, "stolen" data, blackmail, Paragraph 14 of the Massachusetts abuse-prevention order, and Daryl Katz-related materials are credible, accurate, admissible, or contradicted by the record.

Whether Plaintiffs and their counsel may characterize Defendants as having stolen, hacked, misused, or controlled Sage Humphries's electronic information absent competent foundation and admissible proof.

Whether Plaintiffs have suffered physical injury, severe mental or emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, or any other legally recoverable damages caused by Defendants.

Whether Plaintiffs' claims and defenses are barred or limited by statutes of limitation, lack of causation, lack of damages, consent, truth, privilege, failure of proof, evidentiary rules, or any other defense available under federal or state law.

**B. Defendants' Counterclaim**

Whether Sage Humphries made the Boston Magazine statement at issue in Defendants' remaining counterclaim.

Whether Sage Humphries's Boston Magazine statement was false.

Whether Sage Humphries knew the Boston Magazine statement was false or acted with reckless disregard for whether it was false.

Whether Sage Humphries made the Boston Magazine statement with actual malice.

Whether Sage Humphries's Boston Magazine statement caused Defendants reputational, professional, economic, emotional, and other damages.

Whether Sage Humphries's Boston Magazine statement was privileged, substantially true, opinion, or otherwise protected.

Whether Defendants are entitled to judgment on their remaining defamation counterclaim against Sage Humphries.

Defendants acknowledge the Court's summary-judgment rulings for purposes of this Joint Pretrial Order but do not waive any objections, defenses, motions in limine, evidentiary objections, reconsideration rights, appellate rights, or arguments concerning the admissibility, foundation, authentication, hearsay status, relevance, unfair prejudice, expert reliability, causation, damages, or permissible trial use of any evidence referenced in the summary-judgment record. Defendants further preserve their position that evidence considered at summary judgment is not automatically admissible at trial and that Plaintiffs must establish each element of each remaining claim through competent, admissible evidence at trial.

### C. <u>CONTESTED ISSUES OF LAW</u>

*Plaintiffs' Statement*

Plaintiffs note that there will likely be a number of discrete points of law in dispute at or before trial, including for example, a number of legal disputes as to the admissibility of certain evidence. In accordance with Local Rule 16-3, the parties intend on bringing motions in limine regarding any such disputes 30 days before trial. Plaintiffs respectfully submit that the evidentiary disputes that the Buttons raise herein will be more appropriately resolved through motions *in limine*.

Plaintiffs will oppose any motion by the Buttons for separate or phased trials. Several of the claims arise from the same events and depend on overlapping witnesses and evidence. Separate trials would require repeated testimony and evidence, burden the parties and witnesses, and waste judicial resources. Any potential prejudice or jury confusion can be adequately addressed through limiting instructions, appropriate verdict forms, and other less burdensome

measures.

*Defendants' Statement*

The following contested issues of law remain for trial or pretrial determination:

Whether Plaintiffs can establish every element of each remaining federal and state claim under the governing statutes and common law, including the required standards for force, fraud, coercion, causation, damages, consent, and timeliness.

Whether any claim is barred or limited by the applicable statute of limitations, and whether Plaintiffs can establish equitable tolling, equitable estoppel, delayed accrual, or any other basis for avoiding a limitations defense.

Whether evidence concerning separate Plaintiffs, non-parties, unpleaded accusations, or alleged other acts is admissible for a proper non-propensity purpose under Federal Rules of Evidence 401, 402, 403, and 404, and whether limiting instructions, severance, bifurcation, or trial phasing are required.

Whether Plaintiffs' police reports, therapy records, media publications, social-media materials, screenshots, electronic communications, photographs, videos, audio recordings, and third-party statements satisfy the requirements of relevance, personal knowledge, authentication, completeness, hearsay, the original-writing rules, and unfair-prejudice balancing under the Federal Rules of Evidence.

Whether Plaintiffs' expert opinions satisfy Federal Rule of Evidence 702 and the governing reliability requirements, remain within the experts' disclosed opinions and qualifications, avoid impermissible credibility determinations or legal conclusions, and rest on sufficient facts and reliable methods applied reliably to the facts.

Whether deposition testimony may be used at trial under Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence, including whether the requirements for use of non-party depositions have been established and whether counter-designated portions are required for completeness.

Whether Plaintiffs may refer to any claimant or non-party as a "victim," "third-party victim," or by another label that assumes a disputed fact before the jury has decided the claims.

Whether the claims should be tried separately, severed, bifurcated, or phased under Federal Rules of Civil Procedure 16, 20(b), 21, and 42(b), and Federal Rules of Evidence 403 and 611, to prevent unfair spillover prejudice, jury confusion, cumulative proof, and collateral mini-trials.

Whether Sage Humphries's challenged Boston Magazine statement is actionable defamation, including whether it was a statement of fact, false, published by Sage Humphries, made with the requisite degree of fault or actual malice, unprivileged, and a legal and factual cause of recoverable damages.

Whether any asserted privilege, confidentiality restriction, protective order, sealing requirement, or privacy interest limits the presentation, publication, or use of particular evidence at trial, and what procedures are required for protected or sealed material.

Whether evidence or theories not timely disclosed in discovery, pretrial disclosures, the parties' exhibit and witness lists, or this Joint Pretrial Order may be offered at trial, and whether exclusion or other relief is required under the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders.

### D. PLAINTIFFS' STATEMENT OF ANY OTHER ISSUES OF FACT OR LAW DEEMED TO BE MATERIAL

Plaintiffs contend the following facts are material to their causes of action. Plaintiffs reserve the right to present further material issues of fact and law pending future evidence and testimony offered by the Buttons.

1. Taylor engaged in non-consensual sexual contact with [redacted] ("Third-Party Victim 1").

2. Taylor engaged in non-consensual sexual contact with [redacted] ("Third-Party Victim 2") when she was his 14-year old dance student.

3. The Buttons engaged in non-consensual sexual contact with Juliet Doherty.

Evidence that the Buttons engaged in other acts of sexual assault or child molestation are admissible under, *inter alia*, Federal Rule of Evidence 415.

### E. DEFENDANTS' STATEMENT OF ANY OTHER ISSUES OF FACT OR LAW DEEMED TO BE MATERIAL

Defendants object to Plaintiffs' inclusion of non-party allegations concerning [redacted] and Juliet Doherty as "material" trial issues. Defendants deny these allegations. These individuals are not remaining Plaintiffs in this action, and Plaintiffs should not be permitted to expand trial into collateral accusations by non-parties in order to suggest propensity, bad character, or a generalized pattern of misconduct.

Defendants further object to Plaintiffs' use of the term "Third-Party Victim." That label assumes the truth of disputed allegations, unfairly prejudices Defendants, and invades the role of the jury. At most, these individuals are non-party witnesses or third parties whose allegations, if Plaintiffs attempt to offer them, remain subject to all objections under the Federal Rules of Evidence and the Court's prior orders.

Defendants contend these non-party allegations are inadmissible or substantially limited under Federal Rules of Evidence 401, 402, 403, 404, 608, 801, 802, 805, 901, and 1002. Defendants further contend that allowing Plaintiffs to present these allegations would create unfair prejudice, confuse the issues, mislead the jury, waste time, and require multiple collateral trials concerning persons who are not parties and whose claims are not being tried.

Defendants also preserve their position that Plaintiffs may not use expert testimony, therapy records, police reports, media publications, screenshots, attorney-selected materials, or third-party statements to backdoor these collateral allegations for the truth of the matters asserted. Plaintiffs must establish a proper non-propensity purpose, foundation, authentication, and admissible evidentiary basis before any such evidence is presented to the jury.

Defendants further note that the Court previously struck contested inflammatory allegations from the pleadings following the February 2, 2023 hearing. Defendants contend Plaintiffs should not be permitted to reintroduce stricken, inflammatory, or sensationalized third-party narratives through this section of the Joint Pretrial Order, through motions in limine, through expert testimony, or through trial testimony.

Accordingly, Defendants dispute Plaintiffs' proposed Issues 52 through 54 and contend the following issues are material:

Whether Plaintiffs may present allegations by non-party witnesses [redacted], Gianna Zinovoy, or Juliet Doherty for any permissible non-propensity purpose.

Whether any alleged testimony, documents, police reports, screenshots, communications, photographs, or other materials concerning [redacted], or Juliet Doherty are relevant, authentic, complete, non-hearsay, admissible, and not substantially outweighed by unfair prejudice, confusion, delay, waste of time, or the risk of mini-trials.

Whether Plaintiffs' proposed use of non-party allegations is an improper attempt to prove character, propensity, or pattern rather than the specific claims of the remaining Plaintiffs.

Whether Plaintiffs may refer to non-parties as "victims," "third-party victims," or similar labels before any factual determination has been made.

Whether Plaintiffs may present expert opinions or other testimony that assumes the truth of non-party allegations, repeats those allegations as fact, or relies upon those allegations to bolster Plaintiffs' claims.

Whether Plaintiffs may rely on allegations or narratives previously stricken from the pleadings, or on substantially similar inflammatory allegations, as purported background, pattern, corroboration, or context evidence at trial.

Whether introduction of non-party allegations would unfairly prejudice Defendants and deprive Defendants of a fair trial by forcing Defendants to defend multiple untried collateral accusations in addition to the claims actually remaining in this case.

Defendants object to Plaintiffs' blanket reservation of unidentified future issues of fact or law. The Joint Pretrial Order is intended to define and narrow the issues for trial, not preserve open-ended trial theories. Defendants reserve all objections to any issue, evidence, theory, witness, exhibit, or damages claim not timely and specifically disclosed in accordance with the

Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, and the Court's orders.

Defendants also preserve their right to seek separate trials, trial phasing, or other trial-management procedures under Federal Rules of Civil Procedure 16, 20(b), 21, and 42(b), and Federal Rules of Evidence 403 and 611. Defendants further preserve their right to request procedures for two self-represented co-defendants, including seating, consultation during trial, witness examination, objections, opening statements, closing arguments, use of shared exhibits, and coordinated presentation of evidence.

Defendants also contend that separate trials, trial phasing, or specific trial-management procedures are necessary to avoid unfair prejudice, jury confusion, cumulative proof problems, and collateral mini-trials. Plaintiffs' claims involve different Plaintiffs, different time periods, different alleged conduct, different witnesses, different locations, different asserted Defendants, and materially different evidentiary records. Gina Menichino, Rosemarie DeAngelo, Danielle Gutiérrez, and Jane Doe 2 assert claims only against Taylor, while Sage Humphries and Jane Doe 1 assert claims against both Defendants. A single aggregated trial risks treating Defendants as interchangeable and allowing the number of accusations to substitute for proof of any individual claim.

Defendants further contend that trial-management procedures are necessary because both Defendants are self-represented and have litigated this case jointly for more than five years. Defendants understand that each pro se Defendant may represent only himself or herself and do not seek to act as counsel for one another. However, Plaintiffs plead and present many allegations collectively against "the Buttons," Defendants have been required to litigate discovery, depositions, motions, exhibits, and hearings jointly, and much of the evidence overlaps both Defendants.

If the claims are not tried separately or phased, Defendants request trial-management procedures under Federal Rule of Civil Procedure 16 and Federal Rule of Evidence 611 permitting Defendants to sit together, consult quietly during trial, coordinate the presentation of shared exhibits, avoid duplicative questioning, and participate meaningfully in their respective defenses. Defendants further request that the Court clarify before trial the procedure for opening statements, closing arguments, witness examination, objections, use of exhibits, and presentation of evidence where the evidence concerns both Defendants or where the claims are asserted collectively against "the Buttons."

## F. EXHIBITS

Plaintiffs' Exhibit List along with the Buttons' corresponding objections is attached hereto as **Exhibit A**.

Defendants' Exhibit List along with Plaintiffs' corresponding objections is attached hereto as **Exhibit B.**

*Plaintiffs' Position on Exhibit Lists:*

As set forth in more detail in Plaintiffs' extension requests at ECF Nos. 616 and 617, Plaintiffs did not receive the corrected list of Defendants' hundreds of exhibits until three days before this Joint Pretrial Order was due, while Defendants have had Plaintiffs' list of only 175 exhibits for months. Because Plaintiffs' extension requests have not yet been resolved, Plaintiffs have endeavored to review and prepare objections to Defendants' exhibits to the best of their ability.

If the Court grants the requested extension, however, each Party reserves the right to amend or supplement its respective portions, objections, designations, and attachments within the extended period, subject to the Court's orders.

Plaintiffs hereby include a blanket objection to the Buttons' exhibits to the extent they are irrelevant, unduly prejudicial, selectively excerpted, contain improper annotations, constitute inadmissible hearsay, are prohibited by the "rape shield" Rule 412, and/or were not produced during discovery in this case.

**G. <u>ELECTRONIC EVIDENCE</u>**

*Plaintiffs' Position.*

Plaintiffs intend to present electronic evidence at trial.

*Defendants' Position.*

Defendants intend to present electronic evidence at trial and, where admitted, for purposes of jury deliberations, including documents, photographs, videos, audio recordings, recorded calls, voicemails, text messages, social-media materials, screenshots, metadata, and other electronically stored information.

Defendants reserve all objections to Plaintiffs' electronic evidence, including objections based on relevance, unfair prejudice, hearsay, authentication, foundation, completeness, attribution, alteration, metadata, chain of custody, improper character or propensity use, and compliance with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Local Rules, and the Court's prior orders.

Defendants further request that the parties meet and confer before trial regarding the format, labeling, playback, publication, redaction, sealing, and jury-deliberation access for electronic evidence, including any audio/video exhibits, screenshots, native files, and confidential materials.

**H. DEPOSITION DESIGNATIONS**

Plaintiffs' Deposition Designations along with the Buttons' corresponding objections are attached hereto as **Exhibit C**. Plaintiffs reserve the right to cut any of their deposition designations in order to reduce the length of the deposition videos as Plaintiffs continue to prepare for trial and will inform Defendants of any such cuts. The Buttons' conditional counter-designations are attached as **Exhibit D.**

Defendants' Deposition Designations along with Plaintiffs' corresponding objections are attached hereto as **Exhibit E**. If Plaintiffs' extension request at ECF No. 617 is granted, Plaintiffs reserve the right to amend their objections.

**I. WITNESSES**

**Plaintiffs' Witness List**

Plaintiffs respectfully submit this list of witnesses that they may call to testify at trial either live or by deposition.

Plaintiffs further reserve the right to call additional witnesses to testify at trial either live or by deposition to provide foundation testimony should any party contest the authenticity or admissibility of any material proffered at trial. After the parties exchange objections to such materials, Plaintiffs will address this issue with the Buttons and/or the Court, and will provide notice of any additional witnesses it will or may call to establish the authenticity and admissibility of materials to be proffered at trial.

Plaintiffs further incorporate by reference and reserve the right to call all witnesses the Buttons' list on their witness list. Plaintiffs also reserve the right to call rebuttal witnesses or

impeachment witnesses as may be necessary upon reasonable notice. Plaintiffs' list of potential witnesses does not waive Plaintiffs' right to object to certain categories of evidence as irrelevant or otherwise inadmissible and does not waive their right to pursue motions in limine.

The inclusion of a witness on Plaintiffs' witness list does not represent or otherwise require that Plaintiffs call that witness to testify, does not constitute a representation that Plaintiffs will bring an identified potential witness to trial, and does not mean that Plaintiffs have the power to compel the attendance or live testimony of that witness.

Plaintiffs' listing of potential witnesses and designations of deposition testimony is also made based on Plaintiffs' present understanding of the potential trial dates, the availability of potential witnesses, and the issues. In the event that an individual whom Plaintiffs identified as a potential witness is not available for trial or otherwise cannot testify live, Plaintiffs may designate a replacement witness to testify either live or by deposition and will provide reasonable notice to the Buttons.

Subject to the foregoing, Plaintiffs current list of witnesses that it may call to testify at trial either live or by deposition is set forth below.

| Witness Name | Address |
|---|---|
| Hannah Bettis | [redacted] |
| Yvette Breheney | [redacted] |
| Dusty Button | 101 Ocean Sand Ct.<br>Myrtle Bach, SC 29579 |
| Mitchell Taylor Button | 101 Ocean Sand Ct.<br>Myrtle Bach, SC 29579 |
| Carol DeAngelo | [redacted] |
| Rosemarie DeAngelo | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301 |

| | |
|---|---|
| | 954-356-0011<br>smccawley@bsfllp.com |
| Julio Delcid | ([redacted] |
| Danielle Gutiérrez f/k/a Dominguez | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Liza Dominguez | [redacted] |
| Dr. Christina Donaldson | [redacted] |
| Juliet Doherty | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Alex Foley | [redacted] |
| Courtney Guerin | [redacted] |
| [redacted] | [redacted] |
| Lauren Herfindahl | c/o Seth Berman<br>Nutter McClennen & Fish LLP<br>155 Seaport Blvd<br>Boston, MA 02210<br>617-439-2338<br>SBerman@nutter.com |
| Johanna Hernandez | [redacted] |
| [redacted] | [redacted] |
| Desiree Ortiz Hilgers | [redacted] |
| Malaika Hollis | [redacted] |

| | |
|---|---|
| Sage Humphries | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Michael Humphries | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Micah Humphries | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Angela Menichino | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Gina Menichino | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Katherine Menichino | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Thomas Menichino | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Stephie Miller | [redacted] |
| Clay Murray | [redacted] |

| | |
|---|---|
| Elizabeth Olds | c/o Seth Berman<br>Nutter McClennen & Fish LLP<br>155 Seaport Blvd<br>Boston, MA 02210<br>617-439-2338<br>SBerman@nutter.com |
| Danielle Porupski | [redacted] |
| Kathy Porupski | [redacted] |
| Richard Porupski | [redacted] |
| Erised Quintas | ([redacted] |
| Sammi Radar | [redacted] |
| Tana Wenkman | [redacted] |
| Tia Wenkman | [redacted] |
| University of South Florida Counseling Center | [redacted] |
| Leslie Zanovitch | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| Jane Doe 1 | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301<br>954-356-0011<br>smccawley@bsfllp.com |
| Jane Doe 2 | c/o Sigrid S. McCawley<br>401 E. Las Olas Blvd., Ste. 1200<br>Ft. Lauderdale, FL 33301 |

| | |
|---|---|
| | 954-356-0011<br>smccawley@bsfllp.com |
| Dr. Chitra Raghavan | Department of Psychology<br>John Jay College of Criminal Justice<br>524 West 59th Street<br>New York, NY 10019<br>[redacted] |
| Marianne L. Demario | Spectrum Consulting Partners LLC<br>2 Tower Place<br>Albany, NY 12203<br>[redacted] |
| Custodial Witness from Hillsborough County Sheriff's Department | (813) 247-8000 |
| Custodial Witness from Somerville Police Department | (617)-625-1600 |
| Custodial Witness from Boston Police Department | (617) 343-4200 |

**Defendants' Witness List**

Defendants respectfully submit this list of witnesses that they may call to testify at trial either live or by deposition.

Defendants further reserve the right to call additional witnesses to testify at trial either live or by deposition to provide foundation testimony should any party contest the authenticity or admissibility of any material proffered at trial. After the parties exchange objections to such materials, Defendants will address this issue with Plaintiffs and/or the Court, and will provide notice of any additional witnesses they will or may call to establish the authenticity and admissibility of materials to be proffered at trial.

Defendants further incorporate by reference and reserve the right to call all witnesses Plaintiffs list on their witness list. Defendants also reserve the right to call rebuttal witnesses or impeachment witnesses as may be necessary upon reasonable notice. Defendants' list of potential witnesses does not waive Defendants' right to object to certain categories of evidence as irrelevant or otherwise inadmissible and does not waive their right to pursue motions in limine.

The inclusion of a witness on Defendants' witness list does not represent or otherwise require that Defendants call that witness to testify, does not constitute a representation that Defendants will bring an identified potential witness to trial, and does not mean that Defendants have the power to compel the attendance or live testimony of that witness.

Defendants' listing of potential witnesses and designations of deposition testimony is also made based on Defendants' present understanding of the potential trial dates, the availability of potential witnesses, and the issues. In the event that an individual whom Defendants identified as a potential witness is not available for trial or otherwise cannot testify

live, Defendants may designate a replacement witness to testify either live or by deposition and will provide reasonable notice to Plaintiffs.

Defendants will supplement available witness addresses and contact information as obtained and as permitted by the Court's orders and applicable protective orders

Subject to the foregoing, Defendants' current list of witnesses that they may call to testify at trial either live or by deposition is set forth below.

| **Witness Name** | Address / Last-Known Contact Information |
|---|---|
| Mitchell Taylor Button | 101 Ocean Sands Ct.<br>Myrtle Beach, SC 29579 |
| Dusty Button | 101 Ocean Sands Ct.<br>Myrtle Beach, SC 29579 |
| Sage Humphries | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Gina Menichino | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Rosemarie DeAngelo | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Danielle Gutierrez | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Jane Doe 1 | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Jane Doe 2 | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Juliet Doherty | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Rich Costa | Last-known address presently unavailable;<br>contact: [redacted] |
| Eric Cheney | Last-known address presently unavailable;<br>contact: [redacted] |
| Taylor Mosher | Last-known address presently unavailable;<br>contact: [redacted] |
| Josh Esfahani | Last-known address presently unavailable;<br>contact: [redacted] |
| Jenner Richard | Last-known address presently unavailable;<br>contact: [redacted] |

| | |
|---|---|
| Laura Button | Last-known address presently unavailable; contact: [redacted] |
| Celso Enrique | Last-known address presently unavailable; contact: [redacted] |
| Dawn Nicole Atkins | Last-known address presently unavailable; contact: [redacted] |
| Hannah Marie Christian | Last-known address presently unavailable; contact: [redacted] |
| Krista King Doherty | Last-known address presently unavailable; contact: [redacted] |
| [redacted] | Last-known address presently unavailable; to be supplemented upon location. |
| Micah Humphries | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Michael Humphries | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Russell Kaiser | Last-known address presently unavailable; contact: (917) 318-1252 |
| Mikko Nissinen | Last-known address presently unavailable; contact: (617) 417-2380 |
| Elizabeth Olds | c/o Nutter McClennen & Fish LLP<br>155 Seaport Blvd.<br>Boston, MA 02210 |
| Tony Randazzo | Last-known address presently unavailable; to be supplemented upon location. |
| Lawrence Rines Munro | Last-known address presently unavailable; contact: [redacted] |
| Peter Stark | Last-known address presently unavailable; contact: [redacted] |
| Tana Wenkman | Last-known address presently unavailable; contact: [redacted] |
| Tia Wenkman | Last-known address presently unavailable; contact: [redacted] |
| Gabriela Schiefer | Last-known address presently unavailable; contact: [redacted] |
| Edsall Hilty Jr. | Last-known address presently unavailable; contact: [redacted] |
| [redacted] | Last-known address presently unavailable; contact: [redacted] |
| [redacted] | Last-known address presently unavailable; contact: [redacted] |
| [redacted] | Last-known address presently unavailable; contact: [redacted] |

| | |
|---|---|
| Julia Jacobs | Last-known address presently unavailable; contact: ([redacted] |
| Emily Anna Heide | Last-known address presently unavailable; contact: [redacted] |
| Anthony Giovanni Deane | Last-known address presently unavailable; contact: [redacted] |
| Anthony Pellicano | Last-known address presently unavailable; contact: [redacted] |
| Daryl Allen Katz | Last-known address presently unavailable; contact: ([redacted] |
| Bryce Jackson Lee | Last-known address presently unavailable; contact: [redacted] |
| Hannah Stolrow | Last-known address presently unavailable; contact: [redacted] |
| Madison Jane Breshears | Last-known address presently unavailable; contact: [redacted] |
| Michael Humphries Jr. | Last-known address presently unavailable; to be supplemented upon location. |
| Suzanne Kesten | Last-known address presently unavailable; contact: [redacted] |
| Peter Mazurowski | Last-known address presently unavailable; contact: [redacted] |
| Zack Page | Last-known address presently unavailable; contact: [redacted] |
| Scout Forsythe | Last-known address presently unavailable; contact: [redacted] |
| Derek Drilon | Last-known address presently unavailable; contact: [redacted] |
| Whitney Jensen | Last-known address presently unavailable; contact: [redacted] |
| Kathryne Meyer | Last-known address presently unavailable; contact: [redacted] |
| Dustienne Miller | Last-known address presently unavailable; contact: ([redacted] |
| Kathrine Thonis | Last-known address presently unavailable; contact: [redacted] |
| Catherine Cogliandro | Last-known address presently unavailable; contact: [redacted] |
| Special Agent Evan Picariello | Last-known address presently unavailable; contact: [redacted] |
| Detective Vincent Difazio | Last-known address presently unavailable; contact: [redacted] |
| Max Hodges | Last-known address presently unavailable; contact: [redacted] |
| Olivia Camfield | Last-known address presently unavailable; contact: [redacted] |

| | |
|---|---|
| Jessie Wheeler Watson | Last-known address presently unavailable; contact: [redacted] |
| Jackie Colon | c/o Boies Schiller Flexner LLP |
| Slawomir Wozniak | Last-known address presently unavailable; contact: [redacted] |
| Slawek Wozniak | Last-known address presently unavailable; contact: [redacted] |
| Maureen Dipaolo | Last-known address presently unavailable; contact: [redacted] |
| Supervisor John Wright | Last-known address presently unavailable; contact: [redacted] |
| Lt. Mike Perrone | Last-known address presently unavailable; to be supplemented upon location. |
| Robin Melone | Last-known address presently unavailable; contact: [redacted] |
| Maura Melcher | Last-known address presently unavailable; contact: [redacted] |
| Kim Comelek | Last-known address presently unavailable; contact: [redacted] |
| RJ Higton | Last-known address presently unavailable; contact: [redacted] |
| Nicole Ishimaru | Last-known address presently unavailable; contact: [redacted] |
| Betsi Graves | Last-known address presently unavailable; contact: [redacted] |
| Nigel Lythgoe | Last-known address presently unavailable; to be supplemented upon location. |
| Abby Corrigan | Last-known address presently unavailable; contact: [redacted] |
| James W. DeAngelo Jr. | Last-known address presently unavailable; contact: [redacted] |
| Lissa Curtis | Last-known address presently unavailable; to be supplemented upon location. |
| Jack Humphries | Last-known address presently unavailable; to be supplemented upon location. |
| Lex Ishimoto | Last-known address presently unavailable; contact: [redacted] |
| Dmitri Kulev | Last-known address presently unavailable; contact: [redacted] |
| Dr. Santharam Yadati | Last-known address presently unavailable; to be supplemented upon location. |
| Greice Santo | Last-known address presently unavailable; contact: [redacted] |
| Robert Cipriani | Last-known address presently unavailable; contact: [redacted] |
| Lena Matthews | [redacted] |

| | |
|---|---|
| Brian Drogosh | [redacted] |
| Debbie Roberts | |
| Kennedy Brown | |
| Jordyn Brown | |
| Lindsey Ruff | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001 |
| Sabina Mariella | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001 |
| Sigrid McCawley | c/o Boies Schiller Flexner LLP<br>401 E. Las Olas Blvd., Suite 1200<br>Ft. Lauderdale, FL 33301 |
| Gretchen Voss | Last-known address presently unavailable;<br>contact: [redacted] |
| Marc Randazza | Last-known address presently unavailable;<br>contact: [redacted] |

## V. MOTIONS IN LIMINE

No motions in limine have currently been filed. The Parties plan on filing motions in limine 30 days before trial pursuant to Local Rule 16-3. Both Parties intend to submit motions in limine.

*Defendants' Position*

Defendants agree that motions in limine should be filed pursuant to Local Rule 16-3 and any schedule set by the Court. Defendants anticipate filing motions in limine and/or other pretrial motions addressing, among other issues, severance or trial phasing, unfair spillover prejudice, improper aggregation of separate plaintiffs and separate claims, hearsay, authentication, expert foundation and scope, attorney-client/work-product limitations, improper use of third-party allegations, improper use of media materials, improper character or propensity evidence, cumulative evidence, and any evidence whose probative value is substantially outweighed by unfair prejudice, confusion, delay, or waste of time under Federal Rule of Evidence 403.

Defendants also reserve the right to oppose Plaintiffs' motions in limine and to raise additional evidentiary objections at trial as necessary.

## VI. TRIAL DATES

The Parties offer these three trial dates:

- May 3-14, 2027

- August 16-27, 2027
- August 23-September 3, 2027

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the above dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

## VII. TRIAL LENGTH

*Plaintiffs' Position*

Plaintiffs estimate that the trial will take a total of 10 days.

*Defendants' Position*

Defendants do not agree that 10 trial days is a realistic estimate for a single consolidated trial involving six Plaintiffs, two pro se Defendants, multiple alleged time periods, multiple locations, extensive electronic evidence, police reports, deposition testimony, expert testimony, third-party allegations, damages evidence, and Defendants' remaining defamation counterclaim.

Defendants estimate that, if tried as one consolidated trial, trial will likely require at least 20 to 25 trial days, depending on the Court's rulings on severance, trial phasing, motions in limine, deposition designations, expert testimony, and the admissibility of Plaintiffs' third-party allegations.

Defendants have advised Plaintiffs that they intend to raise trial-management issues concerning separate trials, severance, bifurcation, or trial phasing under Federal Rules of Civil Procedure 16, 20(b), 21, and 42(b), and Federal Rules of Evidence 403 and 611. Defendants maintain that separate trials, trial phasing, or other trial-management procedures may substantially reduce jury confusion, unfair spillover prejudice, and unnecessary duplication.

APPROVED AS TO FORM AND CONTENT:

BOIES SCHILLER FLEXNER LLP

/s/ Sigrid S. McCawley
SIGRID S. MCCAWLEY (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
smccawley@bsfllp.com

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
SABINA MARIELLA (admitted *pro hac vice*)
LINDSEY RUFF (admitted *pro hac vice*)
JULIA A. BEVAN (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
smariella@bsfllp.com
lruff@bsfllp.com
jbevan@bsfllp.com

*Attorneys for Plaintiffs Sage Humphries, Gina Menichino, RoseMarie DeAngelo, Danielle Gutierrez, Jane Doe 1, and Jane Doe 2*

PRO SE DEFENDANTS

/s/ Dusty Button
DUSTY BUTTON
MITCHELL TAYLOR BUTTON
101 Ocean Sands Ct
Myrtle Beach, SC 29579
Telephone: 310-499-8930
worldofdusty@gmail.com

*Pro Se Defendants Mitchell Taylor Button and Dusty Button*

## VIII. ACTION BY THE COURT

This case is set for jury trial on the fixed/stacked calendar on ________. Calendar call will be held on _______.

DATED: ____________________________

______________________________________

UNITED STATES DISTRICT JUDGE