# EXHIBIT A

## Plaintiffs' Exhibit List and Defendants' Objections

Redacted

# Exhibit A: Plaintiffs' Exhibit List and Defendants' Objections

**Draft objection attachment.** Defendants object to Plaintiffs' proposed trial exhibits as set forth below. These objections are based on Plaintiffs' own descriptions, Bates identifiers, and the files presently provided. Defendants reserve the right to supplement or narrow objections after Plaintiffs identify exact trial versions, excerpts, redactions, foundation witnesses, and asserted purposes. Defendants do not concede admissibility, authenticity, completeness, waiver, hearsay exception, expert foundation, or Rule 403 admissibility as to any exhibit.

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 1 | Email (5/16/2019 4 PM) \| From: [redacted] \| To: [redacted] \| re: Hey Again… | 5/16/2019 PL-0002217 | Defendants object because this appears to be a redacted email with little visible context from the first extracted pages; Plaintiffs must identify who sent/received it and why it proves a disputed trial fact. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 2 | Emails (2014) \| From: Various (Urbanity) \| To: Various \| re: Last minute company teacher | 01/2014–09/2014 URBANITY000044 | Defendants object because this appears to be a set of Urbanity emails for 2014, not a communication with Defendants proving any meeting or assault; Plaintiffs must identify the specific page and fact at issue. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 3 | Email (9/19/2014 3:32 PM) \| From: Urbanity Dance \| To: Various \| re: Sun Queen Casting! | 9/19/2014 PL-0001622 | Defendants object because this is an Urbanity casting/group email; on its face it does not show Defendants met or contacted Jane Doe 1. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 4 | Email (12/30/2014 11:10 AM) \| From: Jane Doe 1 \| To: DR \| re: First Night Boston (IMPORTANT) | 12/30/2014 PL-0000313 | Defendants object because this is a December 30, 2014 email from [redacted] to Danielle Robbins about First Night Boston; on its face it does not establish Defendants met, contacted, recruited, drugged, or assaulted her. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 5 | Email (1/8/2015 3:30 PM) \| From: AL \| To: Jane Doe 1 \| re: Jane Doe 1 rehearsal time | 1/8/2015 PL-0001631 | Defendants object because this is a January 2015 rehearsal-time email involving [redacted] and Urbanity personnel; it does not on its face identify Defendants or prove contact with them. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 6 | Email (1/12/2015 3:42 PM) \| From: AL \| To: Jane Doe 1 \| re: Jane Doe 1 rehearsal time | 1/12/2015 PL-0001633 | Defendants object because this is another January 2015 rehearsal-time email involving Urbanity personnel, not Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 7 | Email (1/22/2015 12:27 AM) \| From: BG \| To: Jane Doe 1 \| re: Congratulations from Urbanity's Summer Intensive! | 1/22/2015 PL-0001636 | Defendants object because this is an Urbanity summer intensive acceptance email to [redacted]; acceptance into a program is not evidence of contact with Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 8 | Email (2/6/2015 5:05PM) \| From: AL \| To: Various \| re: Company Update 2/6 | 2/6/2015 PL-0001637 | Defendants object because this is a general Urbanity company update email; Plaintiffs must show what particular fact it proves and why it is not cumulative. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 9 | Email (3/24/2015 4:30 PM) \| From: Urbanity Dance \| To: Jane Doe 1 \| re: First Payment Reminder! | 3/24/2015 PL-0001638 | Defendants object because this is an Urbanity payment reminder to [redacted]; payment/attendance logistics do not prove contact with Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 10 | Email (4/1/2015 12:13 AM) \| From: BG \| To: Various \| re: Spring Time Classes: Hop On Over!!! | 4/1/2015 PL-0001639 | Defendants object because this is a general Urbanity spring classes email; it is facially remote from the alleged assault/contact issue. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 11 | Email (5/22/2015 4:27 PM) \| From: BG \| To: BG \| bcc: Jane Doe 1 \| re: Summer Intensive Packet | 4/22/2015 PL-0001642 | Defendants object because this is a summer intensive packet email with attachments; Plaintiffs must identify which attachment and page is supposedly relevant. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 12 | Email (6/03/2015 1:07PM) \| From: BG \| To: AL \| Cc: Jane Doe 1 \| re: Schedule Reminder for Tech and Dress! | 6/3/2015 PL-0001672 | Defendants object because this is a schedule/tech/dress email involving Urbanity staff; it does not facially show Defendants' involvement with Jane Doe 1. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 13 | Email (6/09/2015 5:33PM) \| From: BG \| To: AL \| Cc: Jane Doe 1 \| re: CONGRATS URBANITY FRIENDS! | 6/9/2015 PL-0001677 | Defendants object because this is a group congratulations email; Plaintiffs must avoid using group-list membership as speculation of contact with Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 14 | Email (8/31/2015 5:32PM) \| From: BG \| To: Jane Doe 1 \| re: Summer 2015 Wrap-Up | 8/31/2015 PL-0001680 | Defendants object because this is a 2015 wrap-up email to undisclosed/bcc recipients; it is not proof of any specific interaction with Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 15 | Email (9/16/2015 5:03PM) \| From: BG \| To: Jane Doe 1 \| re: Summer 2015 Wrap-Up | 9/16/2015 PL-0001682 | Defendants object because this is a follow-up 2015 wrap-up email to undisclosed/bcc recipients; it is cumulative and not proof of any alleged assault. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 16 | Email (3/17/2016 2:52 PM) \| From: Urbanity Dance \| To: Jane Doe 1 \| re: Thank you for joining the 2016 Summer Intensive! | 3/17/2016 PL-0001684 | Defendants object because this is a 2016 Urbanity summer intensive email; it relates to a different year than the pleaded "in or around 2014" allegation. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 17 | Email (3/17/2016 2:53 PM) \| From: ACTIVE.com \| To: Jane Doe 1 \| re: Your transfer order receipt from Urbanity Dance | 3/17/2016 PL-0001685 | Defendants object because this is a 2016 ACTIVE.com registration/receipt record; it is administrative, not proof of Defendants' contact or misconduct. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 18 | Email (4/05/2016 3:15 PM) \| From: AD \| To: Jane Doe 1 \| re: Urbanity SI Residential Student Update | 4/5/2016 PL-0001687 | Defendants object because this is a 2016 Urbanity residential student update; Plaintiffs must explain relevance to the alleged 2014 incident. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 19 | Email (4/18/2016 12:34 PM) \| From: Jane Doe 1 \| To: Jane Doe 1's Relative \| re: Fwd: Congratulations from Urbanity's Summer Intensive! | 4/18/2016 PL-0001688 | Defendants object because this is a 2016 forwarded Urbanity acceptance email from [redacted] to a relative; it is not a Defendant communication. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 20 | Email (1/12/2016 12:13 PM) \| From: AD \| To: Jane Doe 1 \| re: Fwd: Important Summer Intensive Information \| | 1/12/2016 PL-0000315 | Defendants object because this is a January 2016 forwarded Urbanity information email with forms; administrative program paperwork is not proof of contact or assault. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 21 | Email (1/12/2016 3:17PM) \| From: BG \| To: Jane Doe 1 \| re: Fwd: Important Summer Intensive Information | 1/12/2016 PL-0000345 | Defendants object because this is a January 2016 Urbanity information email; it appears cumulative of PTX 20 and not tied to Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |
| 22 | Email (2/5/2009 2:43 PM) \| From: Taylor Button \| To: Third-Party Victim 1 \| re: cuts | 2/5/2009 PL-0001512 | Defendants object because this is an old Yahoo/email screenshot involving Third-Party Victim 1 and alleged "cuts"; it risks a collateral mini-trial and improper character inference. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. | FRE 401, 402, 403, 404 |
| 23 | Email (2/12/2011 6:22 AM) \| From: Facebook \| To: Third-Party Victim 1 \| re: Dusty Button posted on your wall | 2/12/2011 PL-0001504 | Defendants object because this is a Facebook notification that Dusty posted on Third-Party Victim 1's wall; it is not proof of any Plaintiff's claim and risks irrelevant association evidence. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. | FRE 401, 402, 403, 404 |
| 24 | Email (8/10-15/2011) \| From: Danielle Gutierrez \| To: Third Party Victim 1 \| re: I'm Sorry | 8/10–15/2011 PL-0001510; PL-0001511; PL-0001506; PL-0001507; PL-0001513 | Defendants object because this is Danielle-to-Third-Party-Victim-1 email material; it is third-party narrative and hearsay, not direct proof of liability. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. | FRE 401, 402, 403, 404 |
| 25 | Email (2/11/2012 1:47 AM) \| From: Third-Party Victim 1 \| To: PF \| re: Thank you | 2/11/2012 PL-0001596 | Defendants object because this appears to be mostly confidentiality/Bates pages on extraction; Plaintiffs must identify the actual statement and admissible purpose. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. | FRE 401, 402, 403, 404 |
| 26 | Email \| From: PF \| To: Third-Party Victim 1 \| re: controlling choreographer | 2/11/2012 PL-0001508 | Defendants object because this appears to be a screenshot/email concerning a "controlling choreographer"; it is collateral third-party opinion/narrative. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. | FRE 401, 402, 403, 404 |
| 27 | Email (7/30/2016 9:59 PM) \| From: AD \| To: Dusty Button \| re: Urbanity Confirmation | 7/30/2016 URBANITY000013 | Defendants object because this appears to be a filed court-document copy of an Urbanity confirmation email; Plaintiffs must identify why a litigation-filed copy is admissible instead of the original email. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 28 | Email (12/8/2016 12:30AM) \| From: Dusty Button \| To: AD \| re: Studio Time | 12/8/2016 URBANITY000016 | Defendants object because this appears to be a filed court-document copy of a studio-time email; Plaintiffs must identify the non-hearsay relevance. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 29 | Emails from Urbanity Dance | 2016–2018 URBANITY000001 | Defendants object because this appears to include subpoena/production cover material for Urbanity emails, not a single clean trial exhibit; Plaintiffs must identify the exact pages and purpose. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 30 | Facebook Messages between Danielle Gutierrez and CG | 10/20–21/2010 PL-0000072-75; PL-00001615 | Defendants object because this is Danielle messaging a third party about Taylor; it is out-of-court narrative and opinion about alleged events. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 31 | Facebook messages between Danielle Dominguez and AH | 10/21/2010 PL-0001617 | Defendants object because this is Danielle messaging Allison Holker after dating Taylor; it includes emotional narrative and third-party context that risks unfair prejudice. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 32 | Facebook messages between Danielle Gutierrez and AH | 10/21/2010 PL-0001619 | Defendants object because this is additional Danielle/Allison messaging; it is hearsay narrative and cumulative of PTX 31. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 33 | Facebook messages between Danielle Gutierrez and CG | 11/17/2010 PL-0001616 | Defendants object because this is Danielle/third-party Facebook messaging containing allegations about abuse; it risks hearsay and unfair bolstering. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 34 | Facebook message between AH and Danielle Gutierrez | PL-0001618 | Defendants object because this is Allison Holker responding that Taylor was not abusive with her but unhealthy; Plaintiffs must identify relevance and cannot use it for character/propensity. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 35 | Messages between Gina Menichino and Third-Party Victim 1 | 10/17/2012 PL-0001501 | Defendants object because this is Gina messaging Third-Party Victim 1 about reports/detectives; it is third-party coordination hearsay and not proof of the alleged acts. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 36 | Messages between Gina Menichino and Third-Party Victim 2 | 12/1/2012 PL-0001416 | Defendants object because this is Gina messaging Third-Party Victim 2 about a detective/report; it is coordination/reporting evidence, not proof of truth. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 37 | Screenshot of Instagram notifications from Jane Doe 2 | PL-0002948 | Defendants object because this is a screenshot of Instagram notifications/comments; it is not facially tied to any element of the claims. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 38 | Text chain between Dusty Button, Taylor Button, Micah Humphries, and Sage Humphries | 5/2017 PL-0000480 | Defendants object because this is a May 2017 four-person text chain involving Sage, Defendants, and Micah; Plaintiffs must designate specific excerpts and context rather than the entire chain. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 39 | Text chain between Sage Humphries, Dusty, and Taylor | 5/10/2017 PL-0000654 | Defendants object because this is a 398-message Sage/Defendants text chain; completeness and selective excerpting are central concerns. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 40 | \| Text chain between Sage Humphries, Dusty Button, and Taylor Button \| | 5/19/2017 PL-0000731 | Defendants object because this is a 758-message Sage/Defendants text chain; Plaintiffs must identify specific pages/messages and cannot present an undifferentiated mass of texts. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 41 | Text chain between Third-Party Victim 1 and Third-Party Victim 2 | 11/23/2012 PL-0001432 | Defendants object because this is a Third-Party Victim 1/2 message chain discussing regret/truth; it is classic collateral bolstering/hearsay. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 42 | Text chain between Third-Party Victim 1 and Third-Party Victim 2 | 11/26/2012<br>PL-0001463 | Defendants object because this is additional third-party victim messaging about CDA/Gina; it is not direct evidence of Plaintiffs' claims. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 43 | Text chain between Third-Party Victim 1 and Third-Party Victim 2 | 11/26/2012<br>PL-0001464 | Defendants object because this is additional third-party victim messaging commenting on CDA/Danielle/Gina; it risks coordinated-narrative bolstering. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 44 | Text chain between Third-Party Victim 1 and Third-Party Victim 2 | 11/26/2012<br>PL-0001444 | Defendants object because this is third-party victim messaging about alleged communication issues and ruining life; it is collateral, prejudicial, and hearsay. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 45 | Text chain between Third-Party Victim 2 and MH | 12/14/2010<br>PL-0001423 | Defendants object because this is Third-Party Victim 2 messaging MH about Taylor; it is collateral reporting/rumor evidence. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 46 | Facebook messages between NL and Danielle Gutierrez | 9/2011<br>PL-0000116 | Defendants object because this appears to be Facebook messages between NL and Danielle; Plaintiffs must identify the speaker, context, and trial purpose. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 403, 602, 801, 802, 805, 901, 1002 |
| 47 | Text between Third-Party Victims | 6/2012<br>PL-0001419 | Defendants object because this is text between third-party victims only; it does not involve Defendants and risks improper corroboration by repetition. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 48 | Instagram messages between Third-Party Victim 1 and Third-Party Victim 2 | 11/22–29/2012<br>PL-0001431 | Defendants object because this is Instagram messaging between third-party victims about Taylor; it is third-party narrative/coordination evidence. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 49 | Urbanity Dance Tweets | 7/20/2015<br>URBANITY000040 | Defendants object because this appears to be Urbanity tweets filed in the summary judgment record; Plaintiffs must identify which tweet proves which trial fact. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 50 | Instagram messages between Juliet Doherty and LP | 7/12/2018<br>PL-0000273 | Defendants object because this is Juliet Doherty Instagram messages with a photographer; Juliet is not a Plaintiff and the messages are collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 51 | Instagram messages between Juliet Doherty and DS | 7/13/2018<br>PL-0001476 | Defendants object because this is Juliet Doherty messaging with Diego Sepulveda about unrelated activity/photos; it appears facially irrelevant to remaining claims. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 52 | Instagram messages between Juliet Doherty and SW | 3/2019<br>PL-0000277 | Defendants object because this is Juliet Doherty messaging with Slawek Wozniak; it appears unrelated to any remaining Plaintiff's claim. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 53 | Messages between Juliet Doherty and the Cancun Int'l Ballet Festival | 3/11/2020<br>PL-0001479 | Defendants object because this is Juliet Doherty messaging Cancun International Ballet Festival about travel/logistics; it appears unrelated to liability. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 54 | Facebook messages between Third-Party Victim 2 and Dusty Button | 8/27–28/2010<br>PL-0001426 | Defendants object because this is Dusty [redacted] Facebook messaging; Third-Party Victim 2 is not a Plaintiff and the exhibit risks spillover against Dusty. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 55 | Instagram messages Juliet Doherty and IS | PL-0000274 | Defendants object because this is Juliet Doherty messaging Ivan Sepulveda with vague statements that "they are not good people"; it is hearsay/opinion and highly prejudicial. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 56 | Text chain between Dusty Button and Randazza | RLG_000001 | Defendants object because this is Dusty/Randazza text-chain material involving sanctions/phone issues; Plaintiffs must avoid privileged/legal-conclusion insinuations. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 57 | Letter from the Boston Ballet to Dusty Button | 5/22/2017<br>BB-BUTTONS-SUBPOENA-000132 | Defendants object because this is a Boston Ballet letter to Dusty; Plaintiffs must identify the exact fact it proves and avoid hearsay/legal conclusions. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 58 | Letter from the Director to summer dancers re congratulations on their acceptance to Urbanity Dance | 5/26/2014<br>PL-0000352 | Defendants object because this is a 2014 Urbanity acceptance/congratulations letter to summer dancers; it does not establish Jane Doe 1 ever met Defendants. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. | FRE 401, 402, 403, 602, 701, 901 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 59 | Hillsborough County Police Report for Danielle Gutierrez | 5/15/2018<br>PL-0000076 | Defendants object because this is Danielle's Hillsborough police report material; police narratives and embedded statements cannot prove the truth of allegations. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 60 | Hillsborough County Sheriff's Office Report for Gina Menchino | 5/15/2018<br>PL-0000178 | Defendants object because this is Gina's Hillsborough Sheriff report material; police narratives and embedded statements cannot prove the truth of allegations. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 61 | Hillsborough Police Report for Gina, Statement | 5/4/2018<br>PL-0000123 | Defendants object because this is Gina's police-report statement; it is Plaintiff's own out-of-court narrative and should not be used to bolster live testimony. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 62 | Hillsborough Police Report for Gina, REDACTED Statement | 5/4/2018<br>PL-0000109 | Defendants object because this is a redacted Gina police-report statement; redaction, completeness, and hearsay-within-hearsay are central issues. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 63 | Hillsborough Police Report, Jane Doe 2's Statement | 8/1/2018<br>PL-0000095 | Defendants object because this is Jane Doe 2's police-report statement; it is an out-of-court narrative, not independent proof of the allegation. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 64 | Boston Incident Report for Sage Humphries | 8/14/2017<br>PL-0001123 | Defendants object because this is a Boston incident report for Sage; it contains report/narrative material rather than adjudicated facts. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 65 | Sommerville Police Department Incident Report for Sage Humphries | 8/23/2018<br>PL-0003276 | Defendants object because this is a Somerville police incident report for Sage; extraction appears garbled, increasing reliability/authentication concerns. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 66 | Sommerville Incident Report for Sage Humphries, Narrative | 8/23/2018<br>PL-0003279 | Defendants object because this is the Somerville narrative for Sage; embedded narrative statements are hearsay and may confuse reporting with proof. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 67 | Melrose Police Department Incident Report filed by Sage Humphries | 12/4/2020<br>PL-0001047 | Defendants object because this is a Melrose incident report; reports/no-crime/no-charge context requires careful limitation if admitted at all. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 403, 602, 701, 801, 802, 805, 901 |
| 68 | Hillsborough Police Report for Third-Party Victim 1 | 5/15/2018<br>PL-0000217 | Defendants object because this is Third-Party Victim 1's police report; she is not a Plaintiff and the report risks a collateral mini-trial. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 401, 402, 403, 404, 602, 701, 801, 802, 805, 901 |
| 69 | Police notes for Third-Party Victim 1 | PL-0001514 | Defendants object because this appears to be police notes/handwritten or image material for Third-Party Victim 1; legibility, foundation, and hearsay are significant problems. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 401, 402, 403, 404, 602, 701, 801, 802, 805, 901 |
| 70 | Hillsborough County Police Report for Third-Party Victim 2 | 6/19/2012<br>PL-0000127 | Defendants object because this is Third-Party Victim 2's Hillsborough police report; she is not a Plaintiff and the report risks propensity/spillover prejudice. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 401, 402, 403, 404, 602, 701, 801, 802, 805, 901 |
| 71 | Hillsborough Police Report for Third-Party Victim 2, Statement | 2012<br>PL-0000154 | Defendants object because this is Third-Party Victim 2's police statement; it is out-of-court narrative and collateral to the remaining Plaintiffs' claims. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 401, 402, 403, 404, 602, 701, 801, 802, 805, 901 |
| 72 | Hillsborough Police Report for Third-Party Victim 2, Love Letter | 2012<br>PL-0000160 | Defendants object because this is a police-report "love letter" attachment for Third-Party Victim 2; Plaintiffs must show a non-propensity purpose. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to police narratives, witness statements, summaries, accusations, and conclusions as hearsay within hearsay and improper bolstering. Reporting an allegation is not proof the allegation is true. | FRE 401, 402, 403, 404, 602, 701, 801, 802, 805, 901 |
| 73 | Therapy Records of Danielle Gutierrez | 1/14/2011<br>PL-0002925 | Defendants object because this appears to be only highly confidential Danielle therapy Bates pages/excerpts; Plaintiffs must identify actual admissible portions. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 74 | Therapy notes for Danielle Gutierrez | 5/1/2022–9/21/2022<br>PL-0002520 | Defendants object because this is Danielle therapy/progress-note material from 2022; treatment notes may contain hearsay allegations and causation assumptions. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 75 | Therapy Notes for Gina Menichino | 12/15/2017<br>PL-0002774 | Defendants object because this is Gina therapy-note material; Plaintiffs must not use therapy notes to vouch for credibility or repeat allegations as truth. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 76 | Therapy Records for Gina Menichino | 11/8/2019<br>PL-0002066 | Defendants object because this is Gina highly confidential therapy-record material; privacy, hearsay, and causation-foundation issues require limitation. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 77 | Therapy Records for Gina Menichino | 6/12/2021<br>PL-0002257 | Defendants object because this is Gina psychotherapy progress note with diagnosis; diagnosis does not prove causation or truth of alleged abuse. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 78 | Lukin Center Progress Note for Gina Menichino | 7/13/2021<br>PL-0002267 | Defendants object because this is Gina Lukin Center progress note; same foundation/causation/hearsay limitations apply. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 79 | Therapy Records for Gina Menichino | 7/20/2021<br>PL-0002251 | Defendants object because this is Gina therapy record with adjustment-disorder diagnosis; Plaintiffs need expert foundation for causation. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 80 | Lukin Center Progress Note for Gina Menichino | 8/4/2021<br>PL-0002261 | Defendants object because this is Gina Lukin Center progress note; cumulative treatment evidence should be limited. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 81 | Lukin Center Progress Note for Gina Menichino | 10/5/2021<br>PL-0002232 | Defendants object because this is Gina Lukin Center progress note; cumulative treatment evidence should be limited. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 82 | Therapy Records for Gina Menichino | 10/19/2021<br>PL-0002253 | Defendants object because this is Gina therapy record; Plaintiffs must identify specific admissible portions and avoid bolstering. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 83 | Therapy Records for Jane Doe 1 | 08/2021<br>PL-0002524 | Defendants object because this is Jane Doe 1 therapy records; the records are central to disputed timeframe issues and cannot substitute for non-speculative date proof. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 401, 402, 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 84 | Therapy Notes for Jane Doe 2 | 1/4/2018<br>PL-0002768 | Defendants object because this is Jane Doe 2 therapy-note material; therapy notes do not prove the alleged conduct occurred. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 85 | Therapy Records for Jane Doe 2 | 4/27/2021<br>PL-0002199 | Defendants object because this is Jane Doe 2 therapy/medical material with broad health issues; relevance and causation are disputed. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 86 | Handwritten therapy notes for Jane Doe 2 | PL-0002770 | Defendants object because this is handwritten Jane Doe 2 therapy-note material; legibility/authentication and hearsay issues are significant. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 87 | Handwritten therapy notes for Jane Doe 2 | PL-0002769 | Defendants object because this appears to be confidential handwritten Jane Doe 2 notes with minimal extractable text; Plaintiffs must identify the exact content. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 88 | Handwritten therapy notes for Jane Doe 2 | PL-0002772 | Defendants object because this appears to be handwritten therapy notes with garbled extraction; reliability and legibility are disputed. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 89 | Handwritten therapy notes for Jane Doe 2 | PL-0002771 | Defendants object because this appears to be confidential handwritten Jane Doe 2 notes with minimal extractable text; Plaintiffs must identify the exact content. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 90 | Handwritten therapy notes for Jane Doe 2 | PL-0002773 | Defendants object because this appears to be handwritten therapy notes with garbled extraction; reliability and legibility are disputed. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 91 | Flourish Physical Therapy LLC, Chart, Sage Humphries | 01/22/2020<br>PL-0002206 | Defendants object because this is Flourish Physical Therapy chart material for Sage, not a mental-health causation opinion; relevance must be narrowed. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 403, 602, 701, 702, 703, 801, 802, 805, 901 |
| 92 | Therapy Notes for Third-Party Victim 1 | 6/18/2018<br>PL-0002776 | Defendants object because this is therapy-note material for Third-Party Victim 1; she is not a Plaintiff and the exhibit risks collateral bolstering. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object to embedded patient narratives, diagnosis/causation assumptions, and credibility bolstering through treatment records; any admissible treatment fact must be redacted and limited. | FRE 401, 402, 403, 404, 602, 701, 702, 703, 801, 802, 805, 901 |
| 93 | Affidavit of Sage Humphries | 8/1/2017<br>PL-0001392 | Defendants object because this is Sage's Massachusetts APO affidavit; it is an accusation, not an adjudication of truth. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 94 | Abuse Prevention Order for Sage Humphries against Taylor Button | 8/1/2017<br>PL-0001587 | Defendants object because this is Sage's Massachusetts abuse-prevention order against Taylor; the order itself is not proof that alleged conduct occurred. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 95 | Abuse Prevention Order for Sage Humphries against Dusty Button | 8/1/2017<br>PL-0001589 | Defendants object because this is Sage's Massachusetts abuse-prevention order against Dusty; the order risks severe prejudice if used as liability proof. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 96 | Sage Humphries Affidavit in Support of APO Renewal | 8/14/2018<br>PL-0001382 | Defendants object because this is Sage's affidavit supporting APO renewal; it is out-of-court narrative and collateral Massachusetts proceeding material. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 97 | Declaration of Dusty Button | 9/9/2021 | Defendants object because this is Dusty's declaration filed by prior counsel; Plaintiffs must identify admissible purpose and avoid using litigation papers as evidence. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 901, 1002; LR 16-3 |
| 98 | Proof of Service re Abuse Prevention Order served to Taylor Button | 8/1/2017<br>PL-0001265 | Defendants object because this is proof of service for the APO; service mechanics do not prove the truth of allegations. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 99 | 2017 Abuse Prevention Order Hearing Transcript | 8/15/2017<br>PL-0001162 | Defendants object because this is the 2017 APO hearing transcript; Plaintiffs must identify page/line excerpts and cannot use the proceeding as propensity/liability proof. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 100 | Affidavit of Service of Abuse Prevention Order | 10/3/2018<br>PL-0002757 | Defendants object because this is affidavit of service involving Kostas & Melcher; service documentation does not prove alleged misconduct. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 101 | 2018 Abuse Prevention Order Hearing Transcript | 8/14/2018<br>PL-0001141 | Defendants object because this is the 2018 APO hearing transcript; Plaintiffs must identify page/line excerpts and permissible use. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or transcript must not be used as proof of liability or propensity. | FRE 403, 404, 801, 802, 805, 901 |
| 102 | Letter to the Buttons from Randazza Legal Group | 7/8/2022<br>RLG_000082 | Defendants object because this is Randazza Legal Group correspondence; Plaintiffs must avoid privileged context and legal-conclusion insinuations. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 103 | Motion to Vacate Abuse Prevention Order Hearing Transcript | 3/27/2023 | Defendants object because this is the 2023 motion-to-vacate APO hearing transcript; Plaintiffs must identify page/line excerpts and purpose. Defendants object to Massachusetts APO materials as collateral proceeding evidence; any order, affidavit, service paper, or | FRE 403, 404, 801, 802, 805, 901, 1002; LR 16-3 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| | | | transcript must not be used as proof of liability or propensity. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | |
| 104 | 1099-MISC form for Taylor Button from Centerstage Dance Academy | 2006<br>MA0000410 | Defendants object because this is a 2006 1099 from Centerstage to Taylor; it may show employment/payment only, not misconduct. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 105 | Checks from Centerstage Dance Academy to Taylor Button | 2006–2010<br>MA0000327 | Defendants object because this is Centerstage checks to Taylor from 2006-2010; payment records may show work relationship only, not liability. | FRE 401, 402, 403, 602, 801, 802, 901, 1002 |
| 106 | Buttons' Marriage License | 1/20/2015 | Defendants object because this is Defendants' marriage license; relevance is limited and should not be used for character/sympathy framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 901, 1002; LR 16-3 |
| 107 | Picture of Taylor Button and Gina Menichino | PL-0000260 | Defendants object because this is a photograph of Taylor and Gina; a photo of association does not prove non-consent, coercion, or abuse. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 108 | Picture of Taylor Button and Gina Menichino | PL-0000272 | Defendants object because this is another photograph of Taylor and Gina; it appears cumulative of PTX 107. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 109 | Picture of Taylor with Centerstage Dancers on Boat | PL-0000262 | Defendants object because this is a group boat photo with Centerstage dancers; association/group setting is not proof of any pleaded misconduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 110 | Picture of Taylor with Centerstage Dancers on Beach | PL-0000256 | Defendants object because this is a group beach photo with Centerstage dancers; association/group setting is not proof of any pleaded misconduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 111 | Video of Gina Menichino dancing | PL-0000267 | Defendants object because this is a video of Gina dancing; Plaintiffs must identify why performance footage proves a disputed element. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 602, 901, 1002 |
| 112 | Picture of Taylor Button with Centerstage Dancers | 3/30/2010<br>PL-0000268 | Defendants object because this is a photo of Taylor with Centerstage dancers; it risks general association/teacher-propensity use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 113 | Pictures of Taylor Button with Centerstage Dancers | 2007–2008<br>PL-0001608 | Defendants object because this appears to contain older social-media photos of Taylor with dancers; social-media context/captions need authentication and are not proof of misconduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 114 | Picture of Taylor Buton with Centerstage Dancers on Dock | PL-0000258 | Defendants object because this is a dock photo with Centerstage dancers; association in a group photo is not proof of liability. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 115 | Picture of Taylor Button with HOF competition group | 07/2010<br>PL-0000261 | Defendants object because this is a HOF competition group photo; it may show attendance/group association only. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 116 | Picture of Taylor Button with Centerstage Dancers. | PL-0000263 | Defendants object because this is another Centerstage dancers photo; likely cumulative of other group photos. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 117 | Video of Rosie DeAngelo dancing | 2008<br>PL-0001552 | Defendants object because this is a video of Rosie dancing; performance footage does not itself prove abuse, coercion, or damages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 602, 901, 1002 |
| 118 | Picture of Dusty Button and TW | PL-0001610 | Defendants object because this is a picture/screenshot involving Dusty and TW; TW is not a Plaintiff and the exhibit risks spillover prejudice against Dusty. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 119 | Picture of Dusty Button and Taylor Button with minors at arcade | PL-0001875 | Defendants object because this is a photo of Dusty/Taylor with minors at an arcade; it invites improper character inference from presence around minors. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 120 | Picture of Dusty Button and Taylor Button with TW | PL-0001881 | Defendants object because this is a phone/photo screenshot involving TW; TW is not a Plaintiff and the exhibit is collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 121 | Video of Dusty teaching dance to young students | 5/14/2017<br>PL-0001850 | Defendants object because this is video of Dusty teaching young students; teaching students is not proof of the alleged misconduct and risks propensity framing. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 602, 901, 1002 |
| 122 | Picture of Taylor Button with TW | 5/14/2017<br>PL-0001855 | Defendants object because this is a photo of Taylor with TW; TW is not a Plaintiff and the exhibit is collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 123 | Picture of Taylor Button and WW | PL-0001876 | Defendants object because this is a photo of Taylor and WW; WW is not a Plaintiff and the exhibit is collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 124 | Picture of wall of guns | PL-0001533 | Defendants object because this exhibit depicts a wall of airsoft guns, not firearms, and Plaintiffs' description is misleading. The image has no apparent connection to any element of Plaintiffs' claims and would invite unfair prejudice, confusion, and improper character reasoning. Defendants further object absent source, date, location, original file, chain of custody, metadata where available, and proof the image is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 125 | Picture of Dusty Button with young dancers | PL-0001858 | Defendants object because this is a photo of Dusty with young dancers; it risks improper association/propensity evidence. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 126 | Picture of Taylor Button and TW | PL-0001871 | Defendants object because this is a photo of Taylor and TW; TW is collateral and not a Plaintiff. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 127 | Picture of Taylor Button with Dancers Winter Showcase Facebook Picture | 12/16/2007<br>PL-0001607 | Defendants object because this is a winter showcase Facebook picture; social-media foundation and relevance are limited. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 128 | Picture of Dusty Buton with TW | 5/14/2017<br>PL-0001869 | Defendants object because this is a photo of Dusty with TW; TW is collateral and the exhibit risks spillover prejudice. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 129 | Picture of Dusty Button in front of wall of guns | PL-0001403 | Defendants object because this exhibit appears to show Dusty Button in front of airsoft guns, not firearms, and Plaintiffs' description is misleading. The image is not probative of any pleaded claim and creates a substantial risk of unfair prejudice, confusion, and improper character/propensity inference. Defendants further object absent source, date, location, original file, chain of custody, metadata where available, and proof the image is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 130 | Picture of Dusty Button hugging TW at dance competition | PL-0001860 | Defendants object because this is a photo of Dusty hugging TW at a dance competition; TW is collateral and the photo risks improper insinuation. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 131 | Video of Dusty Button spinning TW | PL-0001865 | Defendants object because this is a video of Dusty spinning TW; TW is collateral and Plaintiffs must identify any exact clip/purpose. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 132 | Picture of Dusty Button teaching young dancers | PL-0001862 | Defendants object because this is a photo of Dusty teaching young dancers; teaching imagery alone is not probative of alleged abuse. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 133 | Picture of Dusty Button with TW | PL-0001885 | Defendants object because this is a photo of Dusty with TW; extraction is unclear and the exhibit is collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 134 | Picture of Dusty Button with TW on her back | PL-0001863 | Defendants object because this is a photo of Dusty with TW on her back; it is collateral and risks inflammatory insinuation. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 135 | Picture of Dusty Button and TW doing dance pose | PL-0001884 | Defendants object because this is a photo of Dusty and TW in a dance pose; dance pose evidence risks improper insinuation without direct relevance. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 136 | Video of Dusty Button teaching ballet to tw | PL-0001861 | Defendants object because this is a video of Dusty teaching ballet to TW; TW is collateral and exact clip/context must be identified. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 137 | Video of Taylor Button with TW | 5/14/2017<br>PL-0001864 | Defendants object because this is a video of Taylor with TW; TW is collateral and exact clip/context must be identified. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 138 | Picture of Taylor Button with TW | 5/14/2017<br>PL-0001870 | Defendants object because this is a photo of Taylor with TW; TW is collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 139 | Video of Taylor Button throwing TW in the air | PL-0001864 | Defendants object because this is a video of Taylor throwing TW in the air; dance/acrobatics context must not be used as inflammatory insinuation. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 140 | Picture of Dusty Button with WW | PL-0001873 | Defendants object because this is a photo of Dusty with WW; WW is collateral and not a Plaintiff. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 141 | Picture of TW on Taylor Button's shoulders with stuffed animal | PL-0001876 | Defendants object because this is a photo of TW on Taylor's shoulders with a stuffed animal; it is collateral and risks emotional/proximity insinuation. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 142 | Instagram post of TW | 9/4/2015 | Defendants object because this is a TW Instagram post thanking/tagging Dusty/Taylor; social-media praise/tagging is not proof of any Plaintiff's claim. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002; LR 16-3 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| 143 | Note from TW | PL-0001849 | Defendants object because this is a note from TW; TW is not a Plaintiff and the handwritten note raises foundation/hearsay concerns. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 144 | Pictures of Taylor Button with minor dance students | PL-0000271 | Defendants object because this is pictures of Taylor with minor dance students; group/minor association is not proof of misconduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 145 | Picture of Taylor Button with minor holding camera | PL-0001854 | Defendants object because this is a photo of Taylor with a minor holding a camera; the image is collateral and risks unfair insinuation. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 404, 602, 901, 1002 |
| 146 | Video of Taylor Button and minor playing game | PL-0001867 | Defendants object because this is a video of Taylor and a minor playing a game; it is collateral and requires exact clip/context. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 147 | Video of Taylor Button and minor playing game | PL-0001868 | Defendants object because this is another video of Taylor and a minor playing a game; cumulative and collateral. Defendants object because this is collateral third-party or non-party material; any use should require a pretrial proffer outside the jury's presence and exclusion of propensity/spillover use. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object unless Plaintiffs identify in advance the exact clip/time stamps they intend to play, rather than offering an undefined video file. | FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 148 | Picture of Taylor Buton at table with dancers | PL-0000270 | Defendants object because this is a photo of Taylor at a table with dancers; association/group presence is not proof of liability. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 149 | Picture of Taylor Buton with group of dancers | PL-0001522 | Defendants object because this is a group photo of Taylor with dancers; likely cumulative association evidence. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 150 | Picture of Taylor Buton holding a gun | | Defendants object because this exhibit depicts Taylor Button holding an airsoft gun, not a firearm, and Plaintiffs' description is misleading. The image has minimal, if any, probative value and creates a substantial risk that the jury will treat unrelated airsoft imagery as evidence of dangerousness, bad character, or propensity. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 404, 602, 901, 1002; LR 16-3 |
| 151 | Picture of Facebook Page for Baambaam Moore | PL-0001600 | Defendants object because this is a Facebook page for Baambaam Moore; profile/page evidence risks character evidence and requires account/authorship foundation. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002 |
| 152 | Picture of two girls kissing teddy bear | PL-0001601 | Defendants object because this is a picture of two girls kissing a teddy bear; Plaintiffs must show relevance to any disputed element. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002 |
| 153 | Picture of teddy bear | PL-0001602 | Defendants object because this is a picture of a teddy bear; facially irrelevant absent specific foundation and purpose. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 154 | Picture of Facebook messages posted by Baambaam Moore | PL-0001603 | Defendants object because this is a screenshot of Facebook messages posted by Baambaam Moore; authorship/account and completeness are disputed. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002 |
| 155 | Picture of Facebook messages from YB to Baambaam Moore | PL-0001604 | Defendants object because this is Facebook messages from YB to Baambaam Moore; sender identity, completeness, and hearsay are disputed. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002 |
| 156 | Picture of Baambaam Moore updating Facebook profile picture | PL-0001605 | Defendants object because this is a Facebook profile-picture update; profile activity is not proof of alleged misconduct. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002 |
| 157 | Picture of Teddy Bear | PL-0001606 | Defendants object because this is another teddy bear picture; likely cumulative and facially irrelevant. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. | FRE 401, 402, 403, 602, 901, 1002 |
| 158 | Picture of cash in Buttons' Apartment | | Defendants object because this is a picture of cash in Defendants' apartment; it is inflammatory/suggestive and not tied to any claim element. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that airsoft equipment/cash imagery is misleading and unfairly prejudicial character evidence and substantially more prejudicial than probative unless tied to a specific admissible claim element. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 404, 602, 901, 1002; LR 16-3 |
| 159 | Picture of Knives in Buttons' Apartment | | Defendants object because this is a picture of knives in Defendants' apartment; it is inflammatory and not tied to any claim element. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that airsoft equipment/cash imagery is misleading and unfairly prejudicial character evidence and substantially more prejudicial than probative unless tied to a specific admissible claim element. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 404, 602, 901, 1002; LR 16-3 |
| 160 | Instagram profile of @formerlyknownasbuttonbuilt | | Defendants object because this is an Instagram profile screenshot, not a specific admissible post or statement; it risks character/framing evidence. Defendants object absent the original complete thread/account export, metadata or equivalent proof, sender/recipient authentication, date/time foundation, and completeness/context for surrounding messages. Defendants object absent | FRE 106, 401, 402, 403, 602, 801, 802, 805, 901, 1002; LR 16-3 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| | | | source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | |
| 161 | Picture of Gina Menichino | | Defendants object because this is a headshot/portrait of Gina; identity can be established live and the image is not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 162 | Picture of Rosie DeAngelo | | Defendants object because this is a headshot/portrait of Rosie; identity can be established live and the image is not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 163 | Picture of Third-Party Victim 2 | | Defendants object because this is a headshot/portrait of Third-Party Victim 2; she is not a Plaintiff and the photo risks improper personalization of collateral allegations. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 164 | Picture of Jane Doe 2 | | Defendants object because this is a headshot/portrait of Jane Doe 2; identity can be established live and the image is not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 165 | Picture of Jane Doe 1 | | Defendants object because this is a headshot/portrait of Jane Doe 1; it does not prove Defendants ever met her or had contact with her. Defendants object to any inference that program attendance, group emails, administrative records, or therapy notes establish contact with Defendants or satisfy Plaintiffs' burden to prove a specific non-speculative timeframe for Jane Doe 1. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 701, 901, 1002; LR 16-3 |
| 166 | Picture of Sage Humphries | | Defendants object because this is a headshot/portrait of Sage; identity can be established live and the image is not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 167 | Picture of Third-Party Victim 1 | | Defendants object because this is a headshot/portrait of Third-Party Victim 1; she is not a Plaintiff and the photo risks improper personalization of collateral allegations. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 168 | Picture of Danielle Gutierrez | | Defendants object because this is a headshot/portrait of Danielle; identity can be established live and the image is not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 169 | Photograph of C. Raghavan | | Defendants object because this is a photograph of Plaintiffs' expert C. Raghavan; it is not substantive expert opinion and risks improper credibility/prestige bolstering. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 170 | Picture of Urbanity Building | | Defendants object because this is a photo of the Urbanity building; a building photo is demonstrative/background at most and not proof of alleged conduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 171 | Picture of Boston Ballet Building | | Defendants object because this is a photo of the Boston Ballet building; a building photo is demonstrative/background at most and not proof of alleged conduct. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 172 | Picture of Dusty and Taylor Button | | Defendants object because this is a posed photo of Dusty and Taylor; it is current/staged character imagery, not substantive proof. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |

| PTX No. | Description | Date / Bates | Specific Defendants Objection | Basis |
|---|---|---|---|---|
| | | | Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | |
| 173 | Picture of Taylor Button | | Defendants object because this is a cropped photo of Taylor from the posed Defendants image; cropping makes it potentially misleading and non-substantive. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 174 | Picture of Dusty Button | | Defendants object because this is a cropped photo of Dusty from the posed Defendants image; cropping makes it potentially misleading and non-substantive. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |
| 175 | Picture of DeMario | | Defendants object because this is a portrait of DeMario; Plaintiffs must establish who this is, why he matters, and why the photo itself is admissible. Defendants object absent source, date, location, original file, chain of custody, metadata where available, and proof the image/video is complete, unedited, and fairly contextualized. Defendants object that portraits, headshots, and building photographs are cumulative demonstrative or identity evidence, are not substantive proof of a disputed fact, and risk unfair sympathy or character framing. Defendants further object because no Bates number is identified, preventing confirmation of the exact trial version, source, production history, and completeness. | FRE 401, 402, 403, 602, 901, 1002; LR 16-3 |