# EXHIBIT C

## Plaintiffs' Deposition Designations and Defendants' Objections

Redacted

# Exhibit C: Plaintiffs' Deposition Designations and Defendants' Objections

Defendants object to Plaintiffs' proposed third-party deposition designations as set forth below. The objections correspond to the page-and-line ranges in Plaintiffs' designation chart. Defendants preserve all objections stated for each designated range and conditionally counter-designate the portions identified in Attachment C if the corresponding testimony is admitted.

**Deposition of [redacted] (June 14, 2023)**

| Start Page:Line | End Page:Line | Ex. No. Discussed | Defendants Objection | Basis |
|---|---|---|---|---|
| 4:12 | 6:5 | | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt is counsel's procedural narrative about notice and Defendants' absence, not admissible witness testimony on a disputed fact. If admitted, Defendants counter-designate the accompanying context identified in Attachment C. | FRCP 32(a)(1); FRCP 32(a)(4); FRE 401, 402, 403, 602 |
| 6:16 | 46:18 | | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because this broad excerpt presents Caitlin's background and alleged non-party narrative as collateral other-acts evidence. The designation risks a mini-trial on a non-party allegation and improper propensity/spillover prejudice. | FRCP 32; FRE 401, 402, 403, 404, 602, 801, 802 |
| 47:4 | 60:20 | PX 26 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt concerns post-high-school communications, email material, and non-party narrative. Plaintiffs may not use Caitlin's testimony to prove other Plaintiffs' allegations by association or propensity. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 801, 802, 901, 1002 |
| 60:23 | 62:20 | PX 25 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the testimony concerns a screenshot of an email response and contains out-of-court statements. Plaintiffs must establish source, completeness, and a non-hearsay purpose. | FRCP 32; FRE 106, 401, 403, 602, 801, 802, 805, 901, 1002 |
| 62:23 | 82:18 | PX 35 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because [redacted] offers observations and assumptions about Gina, class placement, and perceived closeness. This is non-party corroboration by opinion/association, not direct proof of Gina's claims. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802, 901 |
| 82:21 | 100:16 | PX 48 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because [redacted] discusses [redacted] based on "public knowledge," beliefs, and third-party communications. The excerpt contains speculation, hearsay risk, collateral allegations, and improper bolstering of another non-party. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 701, 801, 802, 805, 901, 1002 |
| 101:2 | 107:12 | PX 24 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt concerns Danielle relationship/history narrative from a non-party witness and risks cumulative storytelling and collateral prejudice. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802, 901 |
| 107:15 | 113:18 | PX 69 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt identifies Alexia/Jane Doe 2/Rosie and offers class, sleepover, and relationship association testimony. It risks proving Plaintiffs' claims by association rather than admissible direct evidence. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802 |
| 113:21 | 114:16 | PX 22 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt concerns a 2009 email screenshot about music editing, not a Plaintiff's claim. It requires source, completeness, and authentication foundation and risks collateral character inference. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 801, 802, 901, 1002 |
| 114:17 | 117:7 | PX 23 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt concerns a Facebook birthday-wall notification from Dusty to [redacted] It is not probative of any claim and risks irrelevant association evidence. | FRCP 32; FRE 401, 402, 403, 404, 602, 801, 802, 901, 1002 |
| 117:10 | 119:19 | PX 110 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses a group beach photograph to identify people and imply association. Group-photo identification is not proof of non-consent, coercion, trafficking, or abuse. | FRCP 32; FRE 401, 402, 403, 404, 602, 901, 1002 |
| 120:5 | 120:15 | PX 110 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because [redacted] admits she does not know for sure and cannot say with certainty whether the photograph was taken on the same day as the alleged hand-holding. | FRCP 32; FRE 401, 402, 403, 602, 701, 901 |
| 120:16 | 122:14 | PX 112 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt again uses a group photograph for identification and association, including uncertain visual identification. The testimony is cumulative and not direct proof of any pleaded element. | FRCP 32; FRE 401, 402, 403, 602, 901, 1002 |
| 122:15 | 124:6 | PX 148 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses another group photograph to identify dancers and Taylor. The testimony is cumulative, collateral, and risks unfair association/propensity inferences. | FRCP 32; FRE 401, 402, 403, 404, 602, 901, 1002 |
| 124:7 | 128:19 | PX 149 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses a group photograph to identify multiple dancers and Taylor's position within the group. The testimony is cumulative visual association evidence, not proof of misconduct. | FRCP 32; FRE 401, 402, 403, 404, 602, 901, 1002 |

**Deposition of Gianna Zinovoy (June 20, 2023)**

| Start Page:Line | End Page:Line | Ex. No. Discussed | Defendants Objection | Basis |
|---|---|---|---|---|
| 5:4 | 6:19 | | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt is counsel's procedural narrative about notice and Defendants' absence, not admissible witness testimony on a disputed fact. | FRCP 32(a)(1); FRCP 32(a)(4); FRE 401, 402, 403, 602 |
| 7:5 | 28:13 | PX 54 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because this broad background excerpt concerns a non-party witness and collateral alleged events not asserted as Gianna's claim in this case. | FRCP 32; FRE 401, 402, 403, 404, 602, 801, 802 |
| 28:16 | 58:7 | PX 48 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt contains Gianna's opinions about favoritism, special attention, living arrangements, and alleged conduct. It is collateral other-acts evidence and lay opinion offered to imply propensity. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802 |
| 58:18 | 73:15 | PX 48 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt walks through messages about therapy, parents, police reporting, recorded calls, and allegations. It is hearsay-heavy collateral narrative and improper bolstering. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 73:18 | 80:6 | PX 47 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt authenticates and discusses Facebook messages between [redacted] and her sister/third party. The messages require account/source/completeness foundation and risk corroboration by repetition. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 80:9 | 97:17 | PX 70; PX 71 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt concerns police reporting, parents, therapy, and reasons for reporting. Police-report statements and witness narratives are hearsay within hearsay and should not prove non-party allegations. | FRCP 32; FRE 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |
| 97:20 | 105:17 | PX 45 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt includes narrative about Taylor leaving Florida, Dusty, continued contact, and collateral relationship history, risking unfair spillover against both Defendants. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802, 901 |
| 106:4 | 113:12 | PX 36 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt offers Gianna's lay opinions about Gina, favoritism, perceived "Taylor's girls," and closeness, offered to bolster another Plaintiff's allegations. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802 |
| 113:15 | 118:12 | PX 116 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt shifts through Alexia/Jane Doe 2/Rosie and other dancers, including sleepover/class relationship testimony. This is collateral association evidence and risks confusing separate claims and time periods. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802 |
| 118:13 | 120:18 | PX 149 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses a group photograph for identification and association. Visual placement in a group photograph is not proof of abuse, coercion, trafficking, or non-consent. | FRCP 32; FRE 401, 402, 403, 602, 901, 1002 |
| 120:19 | 122:9 | PX 150 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses another group photograph and asks whether Taylor was the only man/adult, inviting prejudicial insinuation from a group setting rather than proving a disputed element. | FRCP 32; FRE 401, 402, 403, 404, 602, 901, 1002 |
| 122:10 | 130:10 | PX 113; PX 127 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt uses Facebook posts/photographs for visual identification and association. It is cumulative, requires social-media authentication, and risks improper character/propensity framing. | FRCP 32; FRE 106, 401, 402, 403, 404, 602, 901, 1002 |
| 130:13 | 137:21 | | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt includes lay opinion that Taylor is "dangerous," references stories about other girls, and urges accountability. This is highly prejudicial lay opinion, hearsay, and improper character/propensity evidence. | FRCP 32; FRE 401, 402, 403, 404, 602, 701, 801, 802, 805 |
| 139:2 | 140:8 | PX 72 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt authenticates a purported letter while the witness states she only "thinks" the PDF reflects the full letter. Plaintiffs must establish completeness, original/source foundation, and a non-propensity purpose. | FRCP 32; FRE 106, 401, 402, 403, 602, 901, 1002 |
| 140:9 | 142:6 | PX 71 | Defendants object because Plaintiffs have not established that this non-party deposition may be used at trial under FRCP 32(a)(1) and 32(a)(4), including witness unavailability or another authorized basis. Defendants further object because the excerpt authenticates Gianna's police statement. The statement is an out-of-court narrative in a police file and cannot be used to prove the truth of non-party allegations or bolster testimony by repetition. | FRCP 32; FRE 401, 402, 403, 404, 602, 801, 802, 805, 901, 1002 |